Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    Case No. 09-44979 (ESS)

In Re:    Involuntary Chapter 7 Proceeding

LESSNO, LLC,

                Alleged Debtor.

-----------------------------------------------------------X

## MOTION FOR APPOINTMENT OF INTERIM CHAPTER 7 TRUSTEE

SMART TRAVEL NETWORK, INC. and MARIO SOTIROV (hereinafter referred to individually as "Smart Travel" and "Sotirov", or collectively as "Movants"), by and through their undersigned counsel, move for Appointment of an Interim Chapter 7 Trustee, pursuant to 11 U.S.C. §§ 303(g), and Federal Rule of Bankruptcy Procedure 2001 (a), and state in support thereof as follows:

The appointment of a Chapter 7 Trustee is necessary prior to an Order for Relief, to preserve assets and prevent the loss of estate property of Lessno, LLC (hereinafter the "Alleged Debtor"). Unless an interim Chapter 7 Trustee is appointed, there will be a continuing and material risk of loss, dissipation and/or destruction of the Alleged Debtor's assets resulting in direct, immediate, and substantial harm to the Alleged Debtor and the ultimate bankruptcy estate.

## MOTION

1. The Alleged Debtor is a start-up, internet travel agency that has its registered place of business in this District. Affidavit of Sotirov at ¶7-8.

2. The underlying involuntary petition was filed on June 12, 2009 under Chapter 7 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code") against the Alleged Debtor with the Clerk of this Court. See the petition attached to the Affidavit of Sotirov as Exhibit "1".

3. The Alleged Debtor filed an answer generally denying the petition on July 31, 2009. See the answer attached to the Affidavit of Sotirov as Exhibit "2".

4. This petition was filed by three creditors of the Alleged Debtor after the Alleged Debtor defaulted in its payment to at least three (3) of its creditors: Mario Sotirov, Smart Travel Network, Inc., and TransAm Travel, Inc.

5. Mario Sotirov served as the former CEO of the Alleged Debtor. Its primary expenses were on average 75% to employee wages and 25% to office expense, reservation system access and ticketing fees, including fees owed to petitioning creditor Smart Travel Networks, Inc., etc. Affidavit of Sotirov at ¶8-10.

6. The Alleged Debtor is said to currently support approximately 30 employees with total monthly costs of approximately $120,000. Affidavit of Sotirov at ¶14.

7. Since the date the petition was filed, the Alleged Debtor has closed or abandoned its website www.lessno.com. Affidavit of Sotirov at ¶15 and Exhibit "3" thereof.

8. The Alleged Debtor's employee count has not significantly decreased, although a large portion of its business has ceased. Affidavit of Sotirov at ¶16.

9. Upon information and belief, the Alleged Debtor has also failed to take the necessary steps to respond to USPTO requests and pursue a pending patent application putting at risk the patent application and the intellectual property rights associated with it.

10. Upon information and belief[1], the only assets of the Alleged Debtor are funds on deposit with its bank and intellectual property, both of which will be further and materially dissipated before the adjudication of the rights of the respective parties to the bankruptcy proceeding.

---

[1] Although discovery demands were served upon counsel for the Alleged Debtor on December 1, 2009, as of the date hereof, no responses have been received.

11. In a meeting with Petrova on December 15, Mr. Atanas Hristov, introducing himself as the new CEO of Lessno LLC, made a statement that the Alleged Debtor had already spent most of the venture financing it received in June 2009 and had no money to pay the full amount due to Smart Travel Network. Affidavit of Petrova at ¶4.

12. Pursuant to 11 U.S.C.S. § 303(f), unless the court orders otherwise, the Alleged Debtor would be free to continue to operate his business and use, acquire and dispose of its property free from the constraints imposed by 11 U.S.C.S. § 363, as if the involuntary petition was not filed.

13. Pursuant to § 303(g), on the request of a party in interest, and after notice and hearing, the court may appoint an interim trustee if that relief is "necessary to preserve the property of the estate or to prevent loss to the estate." 11 U.S.C. § 303(g).

14. Interim trustees have been installed in instances where the court has found that it would protect and preserve property of the estate, see In re Alpine Lumber & Nursery, 13 Bankr. 977, 979 (Bankr. S.D. Cal. 1981); In re Reed, 11 Bankr. 755, 757 (Bankr. S.D.W. Va. 1981); to prevent concealment, waste or loss of assets by the Alleged Debtor, In re Alpine Lumber & Nursery, 13 Bankr. at 979; In re Rush, 10 Bankr. 518, 523 (Bankr. N.D. Ala. 1980); and to prevent irreparable harm which would likely result between the time of the filing of the petition and the scheduled hearing, In re Reed, 11 Bankr. at 757. See also 2 Collier on Bankruptcy, P 303.35[3], at p. 303-122-125 (15th ed. 1992) (the court may appoint interim trustees to preserve property of the estate or prevent loss, concealment, or conversion of assets.)

15. The Promissory Notes issued to the Alleged Debtor by both Sotirov and Smart Travel Network specifically cited that the purpose of the loans was to "maintain essential operations and activities of Borrower and its subsidiaries and to reduce the currently existing risk of involuntary bankruptcy…" while awaiting venture capital financing. See the Notes attached to the Affidavits of Sotirov and Petrova as Exhibit "4".

16. The affidavits of Sotirov – himself the former CEO, and Petrova make clear that Lessno has in fact ceased its income-generating operations, but continues to support costly and excessive payroll.

17. The affidavits of Sotirov and Petrova also make clear that while venture capital financing was received, no payments have been made on the promissory notes whose

only purpose was to keep the company solvent until such financing was received. Moreover, the financing seems to have already been used in non-income generating activities to an extent that would make it impossible to fully satisfy the debt obligations of Lessno LLC to Sotirov and Smart Travel Network Inc.

18. Perhaps these expenditures would be justified were the Alleged Debtor engaged in income-generating business, but their internet site has been closed for over seven months.

19. The present management of the Alleged Debtor has elected to cease all income-generating operations. This could not bode well for the future of the Alleged Debtor, or indicate any serious ability to reorganize.

20. Undoubtedly, the Alleged Debtor's "burn rate" has only accelerated since the filing of the petition and the closure of its internet business.

21. The Movants seek to install an interim trustee to manage the Alleged Debtor's assets – primarily monies to which they have a claim – before its funds are completely dissipated.

**WHEREFORE**, the Movants respectfully request that this Honorable Court enter an Order appointing an Interim Chapter 7 Trustee pursuant to 11 U.S.C. §§ 303(g), and the Federal Rules of Bankruptcy Procedure, Rule 2001 (a) to operate the Alleged Debtor's business, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

LAW OFFICE OF JOSEPH SANCHEZ, P.C.
*Attorney for Movants*
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
Telephone: (516) 417-8525
Telecopier: (516) 977-3020

JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X  Case No. 09-44979 (ESS)

In Re:                                                       **AFFIDAVIT OF**
                                                             **MARIO SOTIROV**
LESSNO, LLC,

                                Alleged Debtor.

-----------------------------------------------------------X

STATE OF NEW YORK }
                          } ss.
COUNTY OF QUEENS }

MARIO SOTIROV, being duly sworn, deposes and says:

1. I am one of the petitioning creditors herein, and am thus fully familiar with the facts and circumstances set forth herein.

2. From October 2008 to June 11, 2009, I served as the CEO of Lessno, LLC.

3. In this capacity, I became familiar with the business of Lessno, along with the income and expenses for Lessno.

4. On May 12, 2009, I loaned to the Alleged Debtor the equivalent $89,333 in various currencies, evidenced by a Promissory Note executed by the Alleged Debtor. See the Note at Exhibit "4."

5. Lessno failed to pay me any part of that Promissory Note, despite due demand, and together with two (2) other creditors, we commenced an involuntary Chapter 7 petition against the company in this Court.

6. I have attached a copy of the petition, and the Alleged Debtor's answer, as Exhibits "1" and "2", respectively.

7. Lessno is an internet travel agency that has its principal place of business in this District, and has a wholly owned subsidiary that employs operational staff and rented facilities in Bulgaria.

8. As the former CEO of Lessno, I became well aware that prior to the filing, the company was not profitable, and that all of its income was derived entirely from only two sources: travel agency sales via the internet, and venture capital financing.

9. Specifically, as of May, 2009, Lessno's revenue from sales covered approximately half of its operating expenses.

10. Its primary expenses were distributed roughly 75% to employee wages and 25% to office expense, reservation system access and ticketing fees, including fees owed to Smart Travel Networks, Inc., and Trans Am Travel, etc.

11. In early May 2009, the shareholders of the Alleged Debtor agreed to borrow emergency funds totaling approximately $140,000 from myself, Assen Vassilev and Smart Travel to meet payroll for the month of April and pay essential suppliers in anticipation of a new tranche of venture capital funding.

12. Lessno LLC did secure the venture capital funding on June 11, 2009 but refused to pay back the emergency loans.

13. I understand that Lessno and its subsidiaries currently employ approximately 30 staff members.

14. I further understand that the monthly "burn rate" of Lessno LLC, including its subsidiaries is approximately $120,000.

15. Since the date the petition was filed, Lessno has closed or abandoned its website, and has no other source of revenue. I have attached a copy of the front page of the Lessno website as Exhibit "3".

16. Despite the precipitous decline in business income when it closed its website, Lessno continues to fully staff its offices.

17. Based on the foregoing, I respectfully request that this Court grant the motion of the petitioning creditors for the appointment of an interim trustee.

_____
MARIO SOTIROV

Sworn to before me this 27th day of January, 2010:

_____
Notary Public

GEORGE J MOUSOURIS
Notary Public - State of New York
NO. 01MO6027540
Qualified in Queens County
My Commission Expires _____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X      Case No. 09-44979 (ESS)

In Re:                                                                            **AFFIDAVIT OF**
                                                                                        **ANI PETROVA-SOTIROVA**
LESSNO, LLC,

                                    Alleged Debtor.

-----------------------------------------------------------X

STATE OF NEW YORK  }
                                        } ss.
COUNTY OF QUEENS  }

ANI PETROVA-SOTIROVA, being duly sworn, deposes and says:

1. I am the president and majority shareholder of Smart Travel Network, Inc., one of the petitioning creditors herein, and am thus fully familiar with the facts and circumstances set forth herein.

2. Smart Travel was a close business partner of Lessno LLC since its inception in 2004. The business relationship was formalized in a Ticketing Agreement dated November 11, 2006, attached herein as Exhibit "5".

3. The ticketing agreement extended extremely favorable terms to Lessno LLC. Under the terms of the agreement, Smart Travel would provide access to the Worldspan GDS under Smart Travel's account and all charges from the Worldspan GDS pertaining to Lessno would be passed through without any markup. I have attached a Technical Note describing the arrangement and explaining how it is reflected on the Worldspan invoices as Exhibit "6"

4. I met with Atanas Hristov on December 15, 2009 in an attempt to resolve the issue with the outstanding payments to Smart Travel Network. Mr. Hristov introduced himself as the new CEO of EZ Search LLC (the sister company of Lessno LLC) and wanted to discuss the possibility of resuming Smart Travel Network services to Lessno LLC. I asked him who is in charge of Lessno and he said that he was covering both companies. He said that he had received

(New Europe Venture Equity Fund, who is the sole owner of both Lessno and EZ Search) for the discussions.

5. Mr. Hristov said that he was pleasantly surprised that I had agreed to meet with him. I explained that Smart Travel Network will not restore access to the system because they have previously promised to pay their overdue bills, but not followed through. However, I told him that I would help with Lessno's customers if they paid in full the balance due Smart Travel.

6. Mr. Hristov said that he doesn't think they (they being Neveq, the owner of Lessno LLC) will be able to pay, because they don't have money, but that he will convey the message. I was surprised to hear that, because I know that on June 11, 2009 Neveq had put out a press release stating that they were investing substantial additional capital in Lessno. Since I did not hear from Mr. Hristov or anyone else at Lessno LLC, I have also followed through with an email to to the company's CFO outlining all outstanding payments and offering to forego interest on the overdue invoices and a reduction in the total amount due. See the Note at Exhibit "4" and outstanding invoices at Exhibit "7". However, I am yet to receive a response.

7. Based on the foregoing, I respectfully request that this Court grant the motion of the petitioning creditors for the appointment of an interim trustee.

ANNIE PETROVA

Sworn to before me this 27th day of January, 2010:

Notary Public

GEORGE J MOUSOURIS
Notary Public - State of New York
NO. 01MO6027540
Qualified in Queens County
My Commission Expires

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                                          Involuntary Chapter 7 Proceeding

LESSNO, LLC,                                                              **[PROPOSED] ORDER
                                                                                         GRANTING MOTION TO
                                                            Alleged Debtor.   APPOINT INTERIM CHAPTER 7
                                                                                         TRUSTEE**

-----------------------------------------------------------X

This matter came on for hearing on the Motion by Mario Sotirov and Smart Travel Network, Inc., seeking appointment of an interim trustee in the involuntary Chapter 7 case of Lessno, LLC (the "Debtor").

The Court considered the Motion, the affidavit of Mario Sotirov filed therewith, the affidavit of Annie Petrova, all papers filed in connection with the Motion, all other relevant documents and pleadings of record in the case, and the representations of counsel.

The Court finds that: (i) Movants have demonstrated that the immediate appointment of an Interim Trustee is necessary to preserve the property of the estate and prevent loss to the estate; and (ii) good and sufficient notice of the Motion was given under the circumstances of this case.

Based upon the foregoing, and other good cause appearing therefore,

IT IS HEREBY ORDERED:
1. That the motion is granted.
2. The Office of the United States Trustee is directed to appoint an interim trustee (the "Interim Trustee") pursuant to 11 U.S.C. §303(g) and 701.
3. The Interim Trustee is directed to: (i) work to secure possession of all assets of the estate, (ii) investigate the financial affairs of the above-captioned Debtor; and (iii) pursue assets of the estate that have been diverted or otherwise transferred

by the above-captioned debtor to any entities or individuals in the United States or abroad.

Dated:

_____
UNITED STATES BANKRUPTCY JUDGE