

# FORMAN HOLT ELIADES & RAVIN LLC
## ATTORNEYS AT LAW

Charles M. Forman**
Michael E. Holt**
Daniel M. Eliades*
Stephen B. Ravin**
Erin J. Kennedy***
Joseph M. Cerra**
Kim R. Lynch**
William L. Waldman**
David S. Catuogno***
Harry M. Gutfleish**
Kristin T. Mihelic****
Kimberly J. Salomon**
Robert H. Johnson***
Jonathan S. Bodner***
Dipesh Patel**

OF COUNSEL
Ann M. LaCarrubba***
William A. Calandra*

MEMBER NJ & PA BAR*
MEMBER NJ & NY BAR**
MEMBER NJ BAR***
MEMBER NY & PA BAR****

www.formanlaw.com
firm@formanlaw.com

REPLY TO PARAMUS

March 3, 2010

Hon. Elizabeth S. Stong, U.S.B.J.
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271 Cadman Plaza East
Suite 1595
Brooklyn, NY 11201-1800

    Re:    **In re Lessno, LLC**
             **Case No. 09-44979 (ESS)**

Dear Judge Stong:

This firm represents the involuntary debtor, Lessno, LLC in the above matter. Please accept this letter brief in opposition to the motion by Smart Travel Network, Inc. and Mario Sotirov to appoint an Interim Chapter 7 Trustee.

As Your Honor is aware, the appointment of an Interim Chapter 7 Trustee is a rare remedy. It is often not appropriate in the absence of a showing of "irreparable harm" between the hearing on an Order for Relief and the time of filing the petition. See, e.g., In re Reed, 11 B.R. 755, 757 (Bankr. S.D. W.Va. 1981).

Similarly, a Court should find that there is a reasonable likelihood, or probability, that the alleged Debtor will eventually be found to be a proper involuntary debtor under 11 U.S.C. § 303 and that an order for relief will enter. In the absence of such finding, the appointment of a trustee during the gap period would be more tenuous, probably improper, and likely an abuse of discretion. In re: Professional Accountants Referral Services, Inc., 142 B.R. 424, 429(D.Col. 1992).

Further, in a case in which the contested bankruptcy petition is to be heard and determined within a short time after the hearing on a motion that an interim trustee be appointed, the request for the trustee should not be granted in the absence of an exceptionally strong need for doing so. In re Rush, 10 B.R. 518, 523-524 (Bankr.

---

| 80 Route 4 East, Suite 290 | 888 7th Ave., Suite 4500 | 664 Chestnut Ridge Road | 1615 Jackson Street |
|---|---|---|---|
| Paramus, NJ 07652 | New York, NY 10106 | Spring Valley, NY 10977 | Philadelphia, PA 19145 |
| T 201.845.1000 | T 212.707.8500 | T 845.371.3451 | T 215.925.7191 |
| F 201.845.9112 | F 212.707.8511 | F 845.371.7667 | F 215.925.7192 |

N.D. Ala 1980). This is so because "a determination of the main question (whether to enter an order for relief on the bankruptcy petition) would eliminate any need for the Court to order that an interim trustee be appointed. If the petition is denied, the case would be dismissed, or if granted, the United States trustee, under Section 15701 of Title 11, would appoint, or would serve as, interim trustee." Id.

Here, the movants fail to satisfy the burdens necessary for the appointment of a trustee. The movants proffers consist of Mr. Sotirov's claims o his knowledge of Lessno, LLC in his role as a former CEO. However, Mr. Sotirov states that he ceased his employment with Lessno in June of 2009 --- nearly eight months ago. Mr. Sotirov also contends that Lessno closed or abandoned its website and has no other sources of revenue. That statement is inaccurate. Lessno continues to operate its business by making travel bookings over the telephone. It has not ceased operations. Further, Mr. Sotriov's statements regarding Lessno's burn rate also overlook the fact that Lessno is working to gain additional venture partners and a new management team.

Further, the loss of Lessno's website relates to the petition creditor's own actions in cutting Lessno off from accessing the Smart Travel booking system as further leverage in this case. Indeed, this fact is shown in Ms. Petrova's Affidavit which relates to the commencement of settlement discussions among the parties.

As set forth above, since the commencement of this case, Lessno has continued to operate, is engaging in cost cutting measures and is seeking new partners and a management team.

Additionally, the parties have exchanged discovery and commenced settlement discussions. While an agreement has not been reached, this Court could readily schedule this matter for a hearing on the entry for an order for relief within the next thirty days. Given that an ultimate hearing could commence shortly, the need for interim relief is both unnecessary and inappropriate.

For the foregoing reasons, it is respectfully submitted that the motion be denied.

Respectfully,

Forman Holt Eliades Ravin LLC

Michael J. Connolly

MJC/me
Cc: Joseph Sanchez, Esq. (via ECF)