UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re                                                                                    Chapter 7

      LESSNO LLC,                                          Case No. 09-44979-ess

           Alleged Debtor.

-------------------------------------------------------------------x

## MEDIATION REFERRAL ORDER

WHEREAS, on June 12, 2009, Trans Am Travel Inc., Smart Travel Network, Inc., and Mario I. Sotirov filed an involuntary petition (the "Involuntary Petition") against Lessno LLC (the "Alleged Debtor") under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on July 23, 2009, the Alleged Debtor filed an answer objecting to the Involuntary Petition; and

WHEREAS, March 3, 2010, the Court held a hearing and settlement conference at which the Alleged Debtor and counsel for Smart Travel Network, Inc. and Mario I. Sotirov appeared and were heard..

NOW THEREFORE, it is hereby

ORDERED, that the Alleged Debtor, Smart Travel Network, Inc., and Mario I. Sotirov are referred to mediation pursuant to Rule 9019-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York; and it is further

ORDERED, that on or before March 16, 2010, the parties shall select a mediator and at least two alternates, to serve pro bono, from the Mediation Register of approved mediators kept by the Clerk of Court and available on the Court's website, or from the register of approved mediators of the United States Bankruptcy Court for the Southern District of New York, or

alternatively, the parties may also consider and select a suitably qualified mediator who is not on these panels; and it is further

ORDERED, that in the event that the parties are not able jointly to select a mediator, then on or before March 16, 2010, they shall advise the Court in writing and a telephone conference with the Court shall be scheduled on March 16, 2010, at 3:30 p.m.; and it is further

ORDERED, that on or before March 19, 2010, the parties shall submit a stipulation and mediation order (a proposed form of which is annexed hereto) to be so-ordered by this Court, which authorizes the appointment of the mediator and sets forth certain terms of the mediation; and it is further

ORDERED, that an individual with final authority to settle this controversy and to bind the party shall attend the mediation on behalf of each party; and it is further

ORDERED, that the adjourned status conference and an adjourned hearing on the Motion to Appoint an Interim Chapter 7 Trustee (the "Adjourned Hearing") shall be held on March 16, 2010, at 3:30 p.m. at the United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 3585; and it is further

ORDERED, that the parties may request to appear telephonically at the Adjourned Hearing by contacting Sheree Jackson, Judge Stong's Courtroom Deputy, during business hours, at (347) 394-1864.



**Dated: Brooklyn, New York**
**March 5, 2010**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re

[Name of Debtor(s)],

        Debtor(s).

Chapter [___]

Case No. _____

-----------------------------------------------------------------x

[Name of Plaintiff(s)],

        Plaintiff(s),

   -against

[Name of Defendant(s)],

        Defendant(s).

Adv. Pro. No. _____

-----------------------------------------------------------------x

## **STIPULATION AND MEDIATION ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept _____ to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation;

        and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator's compensation shall be on such terms as are satisfactory to the Mediator and the parties, and shall be subject to Court approval if the estate is to be charged with such expense. Absent agreement or Court order to the contrary, the parties to the Mediation shall pay equal shares of the Mediator's compensation.

14. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: _____

_____        _____

Plaintiff                          Defendant

_____        _____

Attorneys for Plaintiff                Attorneys for Defendant

Consented to: _____
                        Mediator

IT IS SO ORDERED

_____
Elizabeth S. Stong
United States Bankruptcy Judge

Dated: Brooklyn, New York
          _____, 2010