Michael J. Connolly, Esq.
FORMAN, HOLT, ELIADES & RAVIN, LLC
80 Route 4 East, Suite 290
Paramus, NJ 07652
(201) 845-1000
(201) 845-9112
mconnolly@formanlaw.com
Attorneys for Alleged Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In Re:

LESSNO, LLC,

       Alleged Debtor.

-------------------------------------------------------X

Case No. 09-44979 (ESS)

Involuntary Chapter 7 Proceeding

### DECLARATION OF LESSNO LLC IN OPPOSITION
### TO MOTION TO APPOINT AN INTERIM CHAPTER 7 TRUSTEE

Petar Nedyalkov of full age, pursuant to 28 U.S.C. §1746, declares as follows:

    1.    I am employed by Lessno LLC and hold the title of Chief Executive Officer. I make this Declaration in opposition to the Motion to Appoint An Interim Trustee (the "Motion") filed by Smart Travel Network, Inc. ("Smart Travel") and Mario Sotirov ("Sotirov").

1

2.  The factual contentions in the Motion are inaccurate and based upon old information. The allegations consist of Mr. Sotirov's claims about his knowledge of Lessno, LLC ("Lessno") based upon his experiences as the prior CEO of Lessno. However, Mr. Sotirov ceased his employment with Lessno in June of 2009 ---- nearly eight months ago.

3.  Mr. Sotirov is incorrect in asserting that Lessno currently employees thirty staff members. Lessno has reduced its work force to sixteen salaried workers.

4.  Mr. Sotirov is incorrect in asserting that "the monthly 'burn rate' of Lessno, LLC, including its subsidiaries is approximately $120,000." Lessno has significantly reduced its operating expenses and costs. It is not losing $120,000 per month but times lower amounts. In fact, during the last 18 months the monthly burn rate of Lessno LLC has not been as high as $120,000 except for the last quarter of 2008 when under Mario Sotirov's management the company's burn rate reached such sizes. During this period, the huge expenses amounting $250,000 to Worldspan, through TransAm and Smart Travel Network, had been incurred. Prior to Mr Sotirov's becoming a CEO of Lessno LLC, Lessno had never experienced such expenses to Worldspan.

5.  Mr. Sotirov is incorrect in stating that Lessno has "closed or abandoned its website". Instead, Smart Travel has prevented Lessno from accessing the website Lessno maintained pre-petition unless Lessno agrees to pay, in full and with interest, invoices that Lessno disputes.

6.  Mr. Sotirov is incorrect in stating that Lessno has "no other sources of revenue". Lessno is still operating. Lessno is still receiving revenue, though significantly low, from business conducted over the telephone, but what is more important, Lessno is seeking to resume

its internet presence through other qualified partners and is currently engaged in such negotiations. Further, Lessno is also actively negotiating to gain additional venture partners and a new management team.

7. Lessno is owned by a venture capital fund called Neveq. Neveq continues to support Lessno while this case remains pending. Neveq is providing coverage for Lessno's losses (which are far less than the $120,000 per month alleged by Mr. Sotirov) by providing additional financing. Accordingly, Lessno is not depleting its assets, but rather those assets are being replenished by Neveq. Furthermore, Neveq and Lessno have reduced Lessno's outstanding liabilities significantly.

8. Lessno is otherwise managing its account payables and is not incurring additional debt beyond its ability to pay. Indeed, Lessno is on good credit terms with its vendors and suppliers. Indeed, Trans Am Travel, Inc. (the only petitioning creditor besides Mr. Sotirov and Smart Travel) has withdrawn its support for this involuntary case and supports its dismissal. A copy of an Affidavit from Trans Am Travel, Inc.'s Chief Operating Officer is attached.

9. Lessno is not paying Smart Travel and Mr. Sotirov because Lessno disputes the debts asserted by them.

10. Mr. Sotirov is the former CEO of Lessno and the principal of Smart Travel. Mr. Sotirov, while a CEO of Lessno, used his company computer to solicit creditors to join in filing an involuntary petition against Lessno. Mr. Sotirov, together with Assen Vassilev and Stanislav (Stanley) Gyoshev, also held Lessno's funds in bank accounts that they controlled and refused to allow Lessno to access the funds. Mr. Sotirov also bound Lessno to contracts with Smart Travel that were unfair to Lessno but profitable to Smart Travel. Mr. Sotirov also manipulated the timing and amount of the loans to Lessno so as to make it difficult for Lessno to oust him from

his position of management. Indeed, once it was clear that Lessno was going to remove Mr. Sotirov, he began plotting this bankruptcy filing.

I declare under penalty of perjury that the foregoing statements made by me are true and correct.

_____
Petar NEDYALKOV
CEO, LESSNO LLC

Dated: 15.03.2010.

C:\Documents and Settings\mconnolly\My Documents\Lessno Opposition to Trustee.doc

4