JOSEPH R. SANCHEZ, ESQ.‡

ATTORNEY AND COUNSELOR AT LAW

295 NORTHERN BOULEVARD

SUITE 301

GREAT NECK, NEW YORK 11021

(516) 417-8525
FACSIMILE (516) 977-3020
email: law@josephsanchez.com

‡ADMITTED IN
NEW YORK
MAINE
OREGON

May 6, 2010

*Via ECF:*
Honorable Elizabeth S. Stong
United States Bankruptcy Court
for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   Lessno LLC, Alleged Debtor
      Chapter 7 (Involuntary Proceeding), Case Number: 1-09-44979 (ESS)

Dear Judge Stong:

I write regarding two important issues that are bogging down any real progress toward settling or otherwise resolving this matter.

First, during our last Status Conference on April 27, the Court directed the parties to appear for mediation on the agreed-upon date of May 10, 2010, at the private office of Supreme Court Justice Herman Cahn (ret). The petitioners had suggested a number of dates in March, which the Alleged Debtor rejected on the pretext that it needed to make sure that a person with the power to make a decision on the settlement would be available. We then agreed on April 22nd, and booked Justice Cahn. That date was cancelled by reason of the volcano in Iceland, and we could then not reach an agreement for May 3rd or 4th, when Justice Cahn had again confirmed availability. All the parties settled on May 10th. The petitioners accepted May 10th, even though it required again changing travel plans and rescheduling with Judge Cahn.

The May 10th mediation, scheduled and confirmed with Justice Cahn and with this Court is now cancelled due to the Alleged Debtor's visa issues. In this regard, please recall that

Letter to Honorable Elizabeth S. Stong
United States Bankruptcy Judge
May 6, 2010

mediation was ordered by this Court over my client's objection as they believed that it would be used solely for the purpose of delaying the ultimate resolution of this matter.

Both my client and Justice Cahn had made other plans for May 17th, the soonest that the Alleged Debtor could fit this mediation into the schedule. Both Justice Cahn and my clients are re-arranging their plans, at great cost to my clients, provided that May 17, 2010 is "So Ordered" for mediation.

A copy of the proposed Order is attached and filed separately via ECF. In the event the Alleged Debtor does not appear on May 17, I respectfully request that the mediation be cancelled and the petitioners allowed to proceed to their remedy in Court.

Further to the mediation, my clients are concerned that the Alleged Debtor is not approaching the matter with the good faith required to settle the case. Specifically, Pavel Ezekiev, the Managing Partner of Lessno, LLC was scheduled to represent the Alleged Debtor, but counsel has advised that Mr. Ezekiev has suddenly become unavailable. What more important business could there be than the Alleged Debtor's bankruptcy? Lessno will now be represented at the mediation by its legal counsel and CFO.

Secondly, during our April 27th Status Conference, I raised the issue of incomplete discovery in this case. Promptly after the conference, I followed up with Mr. Connolly, requesting the following documents:
- Updated income statements, balance sheets, payroll reports, and ledgers from June 2009 to the present for Lessno LLC and all its subsidiaries, as specified in items 8, 9, 11, and 12 of the Document Request.
- Bank statements for the period June 2009 to present for Lessno LLC and all its subsidiaries;
- Any documents regarding the claims of incoming petitioners Stanislav Gyoshev and Assen Vassilev;

To date, I have not received any response or estimated production timeline. These documents are crucial to my clients so that they can effectively and fairly mediate a settlement of the matter.

What is emerging is a clear pattern of delay and bad faith on the part of the Alleged Debtor.

Finally, in order to accommodate the Alleged Debtor's May 17th mediation date, my clients are in the process of re-booking their flights. However, this will impact their ability to attend the next Status Conference scheduled for June 18, 2010 at 10:00am. I respectfully request that the next Status Conference date be scheduled for "in person", on any date and time between June 7, and June 11 as the Court may have available.

Letter to Honorable Elizabeth S. Stong
United States Bankruptcy Judge
May 6, 2010

In summary, I respectfully request an immediate teleconference with the Court regarding a So-Ordered mediation date of May 17th, directing the Alleged Debtor to produce the required discovery, and a rescheduled Status Conference for any date between June 7 through June 11, as the Court may allow.

Very truly yours,

Joseph Sanchez, Esq.


cc: Michael J. Connolly, Esq.

LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
Voice: 516-417-8525
Facsimile:   516-977-3020
Joseph Sanchez, Esq. (JS 6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re

                                                  CHAPTER 7

LESSNO, LLC                            Case No. 1-09-44979 (ESS)

Alleged Debtor.
-------------------------------------------------------------------X

## MEDIATION ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept Justice Herman Cahn (ret.) to provide mediation services to them (the "Mediator").

3. The mediation shall be held at Milberg, LLP, One Pennsylvania Plaza, 49th Floor, New York, New York 10119 on May 17, 2010, commencing at 9:30am. Said date and time are final, and there shall be no further adjournments thereof.

4. The Mediation shall be non-binding.

5. The Mediator shall not have the authority to render a decision that shall bind the parties.

6. The parties are not obligated to agree to any proposals which are made during the Mediation.

7. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

8. The Mediator may meet in private conference with less than all of the parties.

9. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

10. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

11. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

12. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

13. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

14. The Mediator's compensation shall be on such terms as are satisfactory to the Mediator and the parties, and shall be subject to Court approval if the estate is to be charged with such expense. Absent agreement or Court order to the contrary, the parties to the Mediation shall pay equal shares of the Mediator's compensation.

15. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: _____

Consented to: _____
         (Mediator)

IT IS SO ORDERED

_____
Elizabeth S. Stong
United States Bankruptcy Judge

Dated: Brooklyn, New York

         _____, 2010