Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    Case No. 09-44979 (ESS)

In Re:                                                          **NOTICE OF MOTION**
                                                                **TO COMPEL DISCOVERY**
LESSNO, LLC,                                                    **PRODUCTION**

                             Alleged Debtor.    Involuntary Chapter 7 Proceeding

-----------------------------------------------------------X

**PLEASE TAKE NOTICE** that movants and their attorney in the above-captioned matter will move this Court on the 17th day of June, 2010 at 11:30am before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New York 11201 pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(a), and E.D.N.Y. LBR 7007-1 for an Order compelling discovery.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9006-1 (a)(ii), any party objecting to the accompanying Motion may file and serve answering papers so as to be received not later than seven (7) days before the hearing date herein.

Dated: May 28, 2010

                                                      LAW OFFICE OF JOSEPH SANCHEZ, P.C.
                                                      *Attorney for Movants*
                                                      295 Northern Boulevard, Suite 301
                                                      Great Neck, New York 11021
                                                      Telephone: (516) 417-8525
                                                      Telecopier: (516) 977-3020

                                                      _____
                                                      JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Case No. 09-44979 (ESS)

In Re:                                                         **MOTION**
                                                               **TO COMPEL DISCOVERY**
LESSNO, LLC,                                                   **PRODUCTION**

                               Alleged Debtor.   Involuntary Chapter 7 Proceeding

-----------------------------------------------------------X

## MOTION TO COMPEL DISCOVERY

PETITIONERS[1] (collectively referred to as "Movants"), by and through their undersigned counsel, move this Court pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(a), and E.D.N.Y. LBR 7007-1, and state in support thereof as follows:

Movants and their counsel have made vigorous, good faith efforts to secure production of various documents from the Alleged Debtor since serving their demands on December 8, 2009. The Alleged Debtor made no objection to production until Friday, May 14, 2010 – three days prior to Court-Ordered mediation. Extensive, good faith efforts have been made to secure production.

## MOTION

1. The facts of this case are expressed at length in the accompanying motion to appoint an interim trustee. Thus, only those facts specifically relevant to this motion are set forth herein.

2. Specifically:

    a)    On December 8, 2009, petitioners served upon Alleged Debtor's counsel a full response to all of the Alleged Debtor's documentary demands. Simultaneously therewith, petitioners served thirteen (13) demands for production of documents upon the Alleged Debtor. Affidavit of Sanchez at ¶3 and Exhibit "1".

    b)    The Alleged Debtor made no objection to the discovery demands within the thirty (30) days provided by Fed. R. Civ. P. 34(b), or at any other time until Friday, May 14, 2010. Affidavit of Sanchez at ¶4.

    c)    Various good faith demands have been made upon the Alleged Debtor to comply with the petitioner's requests, including letters sent to Alleged Debtor's counsel and a teleconference with the Court. Affidavit of Sanchez at ¶5 and Exhibits "3" and "4".

    d)    As the Court is aware from our teleconference, these documents were required in advance of Court-Ordered mediation scheduled for May 17, 2010, so that the petitioners could fairly determine whether they should legitimately compromise their claims at the mediation.

    e)    Only as late as Friday, May 14, 2010 did counsel for the Alleged Debtor first claim that various financial records required a "mechanism for their review". Affidavit of Sanchez at ¶7 and Exhibit "5".

    f)    For instance, bank account records were available only on the day of the mediation, but could not be removed by petitioners' counsel until a purported "confidentiality stipulation" was executed. Other documents would not be provided at all until such a stipulation was executed. Affidavit of Sanchez at ¶8.

3.    **The documents which the Alleged Debtor is withholding from the petitioners include:**

    a)    Bank statements from June, 2009 to present for all accounts[2];

---

[1] All petitioners join in this motion with the exception of TransAm Travel, Inc.
[2] Alleged Debtor has produced ONLY the June, 2009 bank statement for one account, the balance are being withheld at request of Alleged Debtor's counsel's request at Justice Herman Cahn's office at Milberg, LLP.

    b)    Income statements, balance sheets[3], payroll reports, and ledgers from June, 2009 to the present for Lessno LLC and all its subsidiaries, as specified in items 8, 9, 11, and 12 of the Document Request.

4. The petitioners and their counsel are unwilling to negotiate a confidentiality agreement at this late date, and we believe it is merely further dilatory tactics aimed at stalling the ultimate resolution of this matter.

5. It will place a burden on petitioners to require references to the few remaining documents to be sealed, and there is no difference between what will be "confidential" and the documents that have been previously produced.

6. More important, the documents that have been produced to date conclusively show there is no need for such a stipulation. The Alleged Debtor is functionally out of business, it has no plans to become operational, its liabilities exceed its assets, and it has a mere EU2,400 remaining in its bank accounts as of its last statement. Thus, it has no "competition" from which the discovery must be kept confidential. The sole "business" of the Alleged Debtor as borne out in all of the materials provided to date has been in the winding down of its affairs.

7. The Court's Order to mediate this matter on May 17 was an unsuccessful effort in part because the petitioners could not fairly determine their position.

8. Fed. R. Civ. P. 26(b)(1) authorizes a party to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." A party upon whom a request for production of documents has been served is required to respond or object to it within 30 days after the service of the request. See Fed. R. Civ. P. 34(b). The party submitting the request may move for an order compelling disclosure, under Fed. R. Civ. P. 37(a), with respect to a failure to respond to the request, in whole or in part, or a failure to permit the inspection as requested. See Fed. R. Civ. P. 34(b). See also, Keane v. Zitomer Pharm., 2007 U.S. Dist. LEXIS 66940.

**WHEREFORE**, the Movants respectfully request that this Honorable Court enter an Order compelling the production of remaining documents pursuant to Federal Rule of Bankruptcy

---

[3] Alleged Debtor has served only the last balance sheet.

Procedure 7037, Fed. R. Civ. P. 37(a), and E.D.N.Y. LBR 7007-1, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

LAW OFFICE OF JOSEPH SANCHEZ, P.C.
*Attorney for Movants*
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
Telephone: (516) 417-8525
Telecopier: (516) 977-3020

_____
JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Case No. 09-44979 (ESS)

In Re:                                                                              **AFFIRMATION OF**
                                                                                       **JOSEPH SANCHEZ, ESQ.**
LESSNO, LLC,

                              Alleged Debtor.

-----------------------------------------------------------X

STATE OF NEW YORK  }
                                           } ss.
COUNTY OF QUEENS   }

JOSEPH SANCHEZ, being duly sworn, deposes and says:

1. I am the attorney for the Movants herein, and am thus fully familiar with the facts and circumstances set forth herein.

2. This affidavit is provided to certify the good faith efforts made by Movant's counsel pursuant to E.D.N.Y. LBR 7007-1, in order to secure production of the documents herein.

3. On December 8, 2009, my office served upon Alleged Debtor's counsel a full response to all of the Alleged Debtor's documentary demands as well as thirteen (13) demands for production of documents from the Alleged Debtor. See Exhibit "1".

4. Counsel for the Alleged Debtor made no objection to the discovery demands within the thirty (30) days provided by Fed. R. Civ. P. 34(b), or at any other time until Friday, May 14, 2010.

5. Various good faith demands have been made upon the Alleged Debtor to comply with the petitioner's requests, including letters sent to Alleged Debtor's counsel and a teleconference with the Court. See Exhibits "3" and "4".

6. As the Court is aware from our teleconference, these documents were required in advance of Court-Ordered mediation scheduled for May 17, 2010, so that

      the petitioners could fairly determine whether they should legitimately compromise their claims at the mediation.

7. Only as late as Friday, May 14, 2010 did counsel for the Alleged Debtor first claim that various financial records required a "mechanism for their review". See Exhibit "5".

8. For instance, bank account records were available only on the day of the mediation, but could not be removed by my office until a purported "confidentiality stipulation" was executed. Other documents would not be provided at all until such a stipulation was executed.

9. My clients object to having me execute a confidentiality stipulation, and because the bulk of the production has already been provided, there is no substantive difference between a purportedly "confidential" document, and one that is not confidential.

10. Indeed, some of the bank statements have already been provided by the Alleged Debtor (not confidential), while the balance are being withheld on claim of confidentiality.

11. Based on the foregoing, I respectfully request that this Court grant the motion of the petitioners compelling the immediate production of the requested documents.

                                                                           JOSEPH SANCHEZ, ESQ.