# FORMAN HOLT ELIADES & RAVIN LLC
## ATTORNEYS AT LAW

Charles M. Forman**
Michael E. Holt**
Daniel M. Eliades*
Stephen B. Ravin*˚
Erin J. Kennedy***
Joseph M. Cerra**
Kim R. Lynch**
William L. Waldman**
David S. Catuogno***
Harry M. Gutfleish**
Michelle Rosen Silverman**
Kimberly J. Salomon**
Robert H. Johnson***
Jonathan S. Bodner***
Dipesh Patel**

OF COUNSEL
Michael J. Connolly***
William A. Calandra*

MEMBER NJ & PA BAR*
MEMBER NJ & NY BAR**
MEMBER NJ BAR***

www.formanlaw.com
firm@formanlaw.com

REPLY TO PARAMUS

June 10, 2010

Hon. Elizabeth S. Stong, U.S.B.J.
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271 Cadman Plaza East
Suite 1595
Brooklyn, NY 11201-1800

    Re:    **In re Lessno, LLC**
            **Case No. 09-44979 (ESS)**

Dear Judge Stong:

This firm represents the involuntary debtor, Lessno, LLC in the above matter. Please accept this letter brief in opposition to the motion by Smart Travel Network, Inc. and Mario Sotirov to appoint an Interim Chapter 7 Trustee.

The current motion is essentially a rehash of Petitioners' earlier request for a Trustee. Petitioners submit the same certification and materials previously presented. The only new submission is an affirmation from Petitioner's counsel consisting of characterizations and conclusions and few facts if any.

Lessno's CEO previously submitted an affirmation rebutting the Petitioners arguments and further demonstrating that this involuntary petition is without merit as the claims of the Petitioners are all subject to bona fide dispute.

Accordingly, Lessno once again submits that rather than appointing a Trustee, a hearing be scheduled as to the order for relief. Given that an ultimate hearing could commence shortly, the need for interim relief is both unnecessary and inappropriate.

| 80 Route 4 East, Suite 290 | 888 7th Ave., Suite 4500 | 664 Chestnut Ridge Road | 1615 Jackson Street |
|---|---|---|---|
| Paramus, NJ 07652 | New York, NY 10106 | Spring Valley, NY 10977 | Philadelphia, PA 19145 |
| T 201.845.1000 | T 212.707.8500 | T 845.371.3451 | T 215.925.7191 |
| F 201.845.9112 | F 212.707.8511 | F 845.371.7667 | F 215.925.7192 |

Hon. Elizabeth S. Stong, U.S.B.J.
June 10, 2010
Page 2

As Your Honor is aware, the appointment of an Interim Chapter 7 Trustee is a rare remedy. It is often not appropriate in the absence of a showing of "irreparable harm" between the hearing on an Order for Relief and the time of filing the petition. See, e.g., In re Reed, 11 B.R. 755, 757 (Bankr. S.D. W.Va. 1981).

Similarly, a Court should find that there is a reasonable likelihood, or probability, that the alleged Debtor will eventually be found to be a proper involuntary debtor under 11 U.S.C. § 303 and that an order for relief will enter. In the absence of such finding, the appointment of a trustee during the gap period would be more tenuous, probably improper, and likely an abuse of discretion. In re: Professional Accountants Referral Services, Inc., 142 B.R. 424, 429(D.Col. 1992).

Further, in a case in which the contested bankruptcy petition is to be heard and determined within a short time after the hearing on a motion that an interim trustee be appointed, the request for the trustee should not be granted in the absence of an exceptionally strong need for doing so. In re Rush, 10 B.R. 518, 523-524 (Bankr. N.D. Ala 1980). This is so because "a determination of the main question (whether to enter an order for relief on the bankruptcy petition) would eliminate any need for the Court to order that an interim trustee be appointed. If the petition is denied, the case would be dismissed, or if granted, the United States trustee, under Section 15701 of Title 11, would appoint, or would serve as, interim trustee." Id.

For the foregoing reasons, it is respectfully submitted that the motion be denied.

Respectfully,

Forman Holt Eliades Ravin LLC

Michael J. Connolly
MJC/me
Cc: Joseph Sanchez, Esq. (via ECF)

C:\Documents and Settings\mconnolly\My Documents\Lessno Trustee2.doc