Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Movants

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

Alleged Debtor.

--------------------------------------------------------X

**AFFIRMATION OF JOSEPH SANCHEZ, ESQ. IN REPLY TO MOTION TO COMPEL PRODUCTION**

STATE OF NEW YORK }
} *ss.*
COUNTY OF QUEENS }

JOSEPH SANCHEZ, being duly sworn, deposes and says:

1. I am the attorney for the Movants herein, and am thus fully familiar with the facts and circumstances set forth herein.
2. This affirmation is submitted in reply to the our motion to compel production of necessary discovery materials.
3. In opposition to the motion, Alleged Debtor's counsel states:

   "Lessno remains ready, willing and able to provide the balance of the discovery provided that the Confidentiality Agreement is executed. ... Petitioners' refusal to agree that the materials will only be used for legitimate purposes related to this case raises significant questions as to Movants' true motives and good faith."
4. Movants and their counsel have no intention of using the materials other than for legitimate purposes related to this case. Indeed, I have specifically counseled each of my clients regarding the sensitive nature of the materials sought. (Alleged Debtor or its counsel remain welcome to redact sensitive

details such as account numbers, tax identification numbers, or the like per the Federal Rules).

5. Notably, counsel for the Alleged Debtor does not address his failure to object to discovery within the period required by the Federal Rules. Your undersigned was led to believe that the materials "would" be produced prior to our mediation, and on this basis, I withdrew my request for a continued telephone conference with the Court. Otherwise, this issue most certainly could have been, and likely would have been addressed then and there.

6. Alleged Debtor's counsel further states that "Lessno disagrees with the petitioners' assertion that the mediation was unsuccessful 'in part because the petitioners could not fairly determine their position.' First, Petitioner Mario Sotirov is a former Officer of Lessno and is well aware of Lessno's operations and affairs."

7. In P. Nedyalkov's affidavit of March 3, 2010, submitted in opposition to the Movants earlier motion to appoint an interim trustee, Nedyalkov states: "The factual contentions in the Motion are inaccurate and based upon old information. The allegations consist of Mr. Sotirov's claims about his knowledge of Lessno, LLC ("Lessno") based upon his experiences as the prior CEO of Lessno. However, Mr. Sotirov ceased his employment with Lessno in June of 2009 - nearly eight months ago." Three months later, they now claim that as a former officer he is well aware of it?

8. "Second, Movants were given ample opportunity to review the bulk of the confidential materials during the mediation."

9. This is not true, Movants were provided a window of about 30 minutes (give or take) to review thousands of pages of bank statements without the aid of accounting advice. The bank statements clearly showed evidence of self-dealing in the form of wire transfers from and to various investors, including Neveq, LP.

10. "Third, despite claiming not to know Lessno's 'position', petitioners make arguments about Lessno' s "position" in the very same motion!"

11. Precisely and there is no contradiction here. The bank statements showed the improper transfers referenced above. At the same time, they showed dramatic changes in the number of people being paid from Lessno. The Movants suspect that a number of people were being paid by Lessno while in fact, performing work for another Neveq-controlled company with which Lessno shares office space.

12. The Movants have learned from former Lessno employees that on June 2, all remaining Lessno employees were laid off, except for two, who were in fact working for that other company co-located on the same premises. For this reason, the Movants are requesting the full payroll history of Lessno since June 2009 to be able to get an accurate picture of which employees were legitimately being paid by Lessno, and which were, in fact working for other companies.

13. "Finally, the mediation took place over two full days with the exchange of various proposals and counter proposals between the parties."

14. Movants proceeded in good faith with the mediation even in the absence of the full set of discovery needed, in the interest of reaching a settlement, and twice thought that such settlement had been reached, only for Debtor to abruptly withdraw after the negotiation had been completed.

15. Of course, the usual purpose of such confidentiality is to protect the ongoing business against competitors that might gain unfair advantage from that public information. And the "standard form" Confidentiality Agreement of which Mr. Connolly approves is in line. Specifically, paragraph 2 of said Confidentiality Agreement only makes the following documents "confidential":

> Any Producing Party may designate as "Confidential" any nonpublic Discovery Material that the Producing Party produces which contains, reflects or reveals: (1) trade secret information (which is a formula, pattern, device or compilation of information which is used in one's business, and which gives the business an opportunity to obtain an advantage over competitors who do not know or use the trade secret information), or (2) proprietary confidential information such as development information, or commercially or competitively sensitive information, or (3) confidential, non-public personal information concerning individuals.

16. Thus, the outstanding requests for financial information would not be "confidential" even if the Confidentiality Agreement were adopted.

17. Based on the Movant's understanding that the Debtor no longer has any ongoing business and has laid off all its remaining staff and ceased operations, there is little left to protect.

18. The remaining discovery requests contain the essential information as to the Alleged Debtor's financial health and are thus material and necessary to the prosecution of this bankruptcy case.

19. Based on the foregoing, I respectfully request that this Court grant the motion of the Movants compelling the immediate production of the requested documents.

JOSEPH SANCHEZ, ESQ.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

Alleged Debtor.

---------------------------------------------------------X

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion For Appointment Of Interim Chapter 7 Trustee has been furnished by the Court's CM/ECF System to the following on the 17th day of June, 2010:

MICHAEL CONNOLLY, ESQ.
Alleged Debtor's counsel
Forman Holt Eliades & Ravin LLC, 80 Route 4 East, Suite 290
Paramus, New Jersey 07652
Email address mconnolly@formanlaw.com

EDWARD E. NEIGER, ESQ.
Counsel for Petitioner TransAm Travel, Inc.
Neiger, LLP
111 John Street, Suite 800
New York, New York 10038
Email address eneiger@neigerllp.com

US TRUSTEE DIANA G. ADAMS
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201
Email address USTPRegion02.BR.ECF@usdoj.gov

THE HONORABLE ELIZABETH S. STONG
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: ______________________
JOSEPH SANCHEZ, ESQ.