JOSEPH R. SANCHEZ, ESQ.‡

ATTORNEY AND COUNSELOR AT LAW

295 NORTHERN BOULEVARD

SUITE 301

GREAT NECK, NEW YORK 11021

(516) 417-8525
FACSIMILE (516) 977-3020
email: law@josephsanchez.com

‡ADMITTED IN
NEW YORK
MAINE
OREGON

August 26, 2010

*Via ECF:*
Honorable Elizabeth S. Stong
United States Bankruptcy Court
for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   Lessno LLC, Alleged Debtor
      Chapter 7 (Involuntary Proceeding), Case Number: 1-09-44979 (ESS)
      Request for Discovery Teleconference

Dear Judge Stong:

As discussed during our August 20 conference, the parties have been unable to resolve a discovery issue and at this time will require the Court's assistance.

On March 15, 2010, the Alleged Debtor filed with the Court the affidavit of Petar Nedyalkov which allegedly detailed business reasons that an Interim Trustee should not be appointed. On July 14, 2010, my office served counsel for the Alleged Debtor a Second Request for Discovery and Inspection. Three of the requests were as follows:

   5. All documents indicating the Alleged Debtor's negotiations with "qualified partners" to reestablish its internet presence, as set forth in the Affidavit of Petar Nedyalkov dated March 15, 2010.
   6. All documents indicating Lessno's negotiations with additional venture partners, as set forth in the Affidavit of Petar Nedyalkov dated March 15, 2010.
   7. All documents indicating Lessno's efforts to establish a new management team, as set forth in the Affidavit of Petar Nedyalkov dated March 15, 2010.

The Federal Rules of Civil Procedure require a response or objection within thirty (30) days of service. My office received no response at all until August 20, just prior to our court conference and with depositions pending.

Clearly, Nedyalkov's affidavit "opened the door" to the discovery of this material. In speaking to counsel for the Alleged Debtor, I understand that he may be concerned that

Letter to Honorable Elizabeth S. Stong
United States Bankruptcy Judge
August 26, 2010

this material is proprietary. Yet, my clients are already bound by this Court's Order of July 4, 2010 which states in part: "ORDERED, that, on consent of the parties, the Petitioning Creditors shall use any documents produced by the Alleged Debtor only for purposes related to this case and for no other purpose."

With depositions still pending, the petitioners would like to get these documents as soon as possible.

I certify that a good faith attempt has been made to resolve this matter, and appreciate any assistance the Court can provide.

Very truly yours,

Joseph Sanchez, Esq.

cc: (*Via Facsimile and Email*)  Michael J. Connolly, Esq.