Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                       **NOTICE OF MOTION**

LESSNO, LLC,

        Alleged Debtor.     Involuntary Chapter 7 Proceeding

-------------------------------------------------------X

**PLEASE TAKE NOTICE** that movants and their attorney in the above-captioned matter will move this Court on the 30th day of November, 2010 at 11:30am before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New York 11201 pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(b), and E.D.N.Y. LBR 7007-1 for an Order sanctioning the Alleged Debtor and its counsel for failing to comply with the Court's prior orders concerning discovery.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9006-1 (a)(ii), any party objecting to the accompanying Motion may file and serve answering papers so as to be received not later than seven (7) days before the hearing date herein.

Dated: November 16, 2010

                                          LAW OFFICE OF JOSEPH SANCHEZ, P.C.
                                          *Attorney for Movants*
                                          295 Northern Boulevard, Suite 301
                                          Great Neck, New York 11021
                                          Telephone: (516) 417-8525
                                          Telecopier: (516) 977-3020

                                          */s/ Joseph Sanchez*
                                          JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                                              **MOTION**
                                                                                         **FOR SANCTIONS**
LESSNO, LLC,
                                                                                         Involuntary Chapter 7 Proceeding
                                    Alleged Debtor.

------------------------------------------------------------X

## MOTION FOR SANCTIONS

PETITIONERS[1] (collectively referred to as Petitioners or Movants), by and through their undersigned counsel, move this Court pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(b), and E.D.N.Y. LBR 7007-1, and state in support thereof as follows:

Movants and their counsel have made vigorous, good faith efforts to secure production of various documents from the Alleged Debtor since serving their first demands nearly a year ago, December 8, 2009. Discovery demands have been made in writing, the Alleged Debtor has never timely objected, follow up letters were written demanding production, various teleconferences have been scheduled with the Court, indeed, a Motion to Compel Production has been brought by Petitioners and decided by this Court. The Petitioners have suffered great prejudice by the Alleged Debtor's refusal to comply, as the documents have been required in order to conclude pending depositions. Extensive, good faith efforts have been made to secure production.

### I. BACKGROUND

1. On December 8, 2009, Petitioners served upon Alleged Debtor's counsel thirteen (13) demands for production of documents in their First Discovery Demand. Affidavit of Sanchez at ¶3 and Exhibit "1".

2. The Alleged Debtor made no objection to the discovery demands within the thirty (30) days provided by Fed. R. Civ. P. 34(b), or at any other time until Friday, May 14, 2010. Affidavit of Sanchez at ¶4 and Exhibit "2".

---

[1] All Petitioners join in this motion with the exception of TransAm Travel, Inc.

3. Various good faith demands were made upon the Alleged Debtor to comply with the Petitioner's requests, including letters sent to Alleged Debtor's counsel and a teleconference with the Court. Affidavit of Sanchez at ¶5 and Exhibits "3" and "4".

4. On May 28, 2010, after over six (6) months of Alleged Debtor's failure to provide the large missing portion of the requested Discovery materials (nor any timely objection to the request pursuant to the relevant Fed. R. Civ. P.) and disregard of Petitioners repeated follow-up requests, Petitioners were forced to file a Motion to Compel production of the requested Discovery materials. Affidavit of Sanchez at ¶5 and Exhibit "5".

5. On July 4, 2010, the Court granted Petitioners Motion and issued an Order compelling Alleged Debtor to provide the requested Discovery materials. Exhibit "6". The Alleged Debtor did not appeal the Order of July 4, 2010 pursuant to Fed. R. Civ. P., but nor did Alleged Debtor comply with the Order. Despite numerous good faith demands to persuade Alleged Debtor comply with the Order of the Court, including written communications directed to Alleged Debtor's counsel, <u>over four (4) months</u> have now passed and Alleged Debtor has <u>still</u> not complied with the Court's Order. Affidavit of Sanchez at ¶6 and ¶7.

6. Petitioners have made supplemental requests for additional Discovery materials, most recently on October 12, 2010, when Petitioners delivered to Alleged Debtor its Third Supplemental Request for Discovery materials. Alleged Debtor has made no objection to the Third Supplemental Request within the thirty (30) days provided by Fed. R. Civ. P. 34(b), or at any other time. Despite failing to file a timely objection, Alleged Debtor has failed to provide the materials specified in the Third Supplemental Request. Affidavit of Sanchez at ¶8 and Exhibit "7".

## II. ARGUMENT

### (A) ALLEGED DEBTOR FAILED TO COMPLY WITH JULY 4, 2010 COURT ORDER

By Order of the Court dated July 4, 2010 ("Exhibit 6" hereto), Alleged Debtor was required to produce specific documents which it refused to produce or file timely objections thereto. The Order compelled Alleged Debtor to produce: "Bank statements from June 2009 to the present [the term "present" is applicable to the current date as the original discovery request was an ongoing request,] for all accounts, accounting documents including income statements, balance sheets, payroll reports, and ledgers from

June 2009 to the present for Lessno LLC and all its parents and subsidiaries, and those items specified in items 8, 9, 11, 12 of Movant's Document request dated December 8, 2009, which is attached to hereto as "Exhibit 1'"" A copy of this Court's Order on the Motion to Compel is attached hereto as Exhibit "6". To date, Alleged Debtor has chosen not comply with this Order and has not produced a significant portion of the documents set forth in the Order.

**(B)    ALLEGED DEBTOR HAS NOT PROVIDED ANY JUSTIFICATION FOR ITS FAILURE TO COMPLY WITH COURT'S ORDER**

Alleged Debtor has not provided the Court or Petitioners with any reasonable justification for its failure to comply with its Order compelling production of discovery documents, or even any explanation whatsoever. Alleged Debtor has simply disregarded the discovery demands and the Court's Order it their entirety, as if ignoring them would somehow make them go away.

**(C)    PETITIONERS HAVE MADE REPEATED GOOD FAITH ATTEMPTS TO OBTAIN ALLEGED DEBTOR'S COMPLIANCE WITH THE COURT ORDER**

Notwithstanding Alleged Debtor's independent duty to comply with Court Orders, Counsel for Petitioners have repeatedly contacted counsel for Alleged Debtor by email and by telephone to request compliance with the Court's Order compelling production of discovery documents, as set forth in more detail above in Section I "Background", Subsection 6. As of today, over four (4) months following issuance of the Court's Order compelling production, the Alleged debtor has failed to comply with the Court's Order and has still not produced the required discovery documents.

**(D)    SANCTIONS ARE APPROPRIATE RESPONSE FOR WILLFUL FAILURE TO COMPLY WITH COURT ORDER**

1.    Federal Rules of Bankruptcy Procedure provided that Federal Rules of Civil Procedure apply with respect to discovery motions. Pursuant to Fed. R. Civ. P. Rule 37, sanctions may be imposed where a party fails to comply with a discovery order entered by the Court. See Fed. R. Civ. P. 37(b)(2). Sanctions for failure to comply with a discovery order include:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>
> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)   striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) default judgment in favor of Petitioners; and

(vi) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

2. In addition, Fed. R. Civ. P. 37(b)(2)(A) provides for a <u>mandatory</u> award of reasonable expenses, including attorney's fess, unless such an award would be unjust:

"Instead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). *[Emphasis added]*

**(E) PETITIONERS HAVE SUFFERED SEVERE HARM AS A RESULT OF ALLEGED DEBTOR'S FAILURE TO COMPLY WITH THE COURT ORDER**

The discovery period began approximately one year ago and Petitioners made their First Discovery Request on December 8, 2009. Alleged Debtor's dilatory strategy, calculated to avoid fulfilling its discovery obligations has successfully worked as planned to inflict severe harm on Petitioners efforts to get to the bottom of this case. Alleged Debtor's withholding of information and refusal to obey a valid Court Order has resulted in the creditors not being able to use relevant, discoverable, and properly requested information in the depositions that have already been conducted to date. Therefore, these opportunities are forever lost to Petitioners, and the depositions of the final witnesses become interminably delayed waiting for this information. Petitioners have also been denied the right to use the improperly withheld discovery information in their motions and pleadings and to oppose Alleged Debtor's motions and pleadings. In short, Alleged Debtor's refusal to adhere to its discovery obligations and refusal obey the Court's Order has forced Petitioners to make irreversible strategy calls based on the limited information that Alleged Debtor has chosen to parcel out thus far, as opposed to the full range of information which would be provided had Alleged Debtor not defied the Court's July 4, 2010 Order compelling production of discovery materials.

**(F) SECOND CIRCUIT POLICY PROVIDES FOR SEVERE SANCTIONS**

It has been since December 8, 2009, nearly a full year, that Petitioners have been diligently attempting to obtain the discovery documentation to which it is entitled under Fed. R. Civ. P. Under longstanding 2nd Circuit policy, disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents

and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault. *(see, generally, So. New Eng. Tel. Co. v . Global Naps Inc., 2010 U.S. App. LEXIS 17747 (2d Cir. Aug. 25, 2010), and Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)).*

In the instant case, the misconduct of Alleged Debtor in failing to uphold its discovery obligations has been severe and pervasive and has continued for a disgracefully long period of time (nearly 1 full year). Furthermore, Alleged Debtor's contemptuous conduct towards Petitioners and towards the Court, as manifested by its ignoring and rebuffing all attempts to obtain discovery documentation and even ignoring a formal Order of the Court issued <u>over 4 months ago</u>, all without any explanation or appeal, has made a mockery of the current proceedings and has created great hardship for Petitioners. Given that this clearly demonstrated bad-faith conduct of Alleged Debtor has continued for nearly one (1) year, and given the failure of even the severe measure of issuing a formal Court Order to persuade Alleged Debtor to fulfil its discovery obligations, imposition of the most severe sanctions available, including default judgement in favour of Petitioners, is appropriate in this case.

### III.  CONCLUSION

**(A)     RELIEF SOUGHT**

For the foregoing reasons, Petitioners respectfully request that the Court impose sanctions on Alleged Debtor pursuant to F.R.C.P. 37(b) as follows:

<u>Requested Relief</u>.

1. Grant of default judgment in favor of Petitioners pursuant to F.R.C.P. 37(b)(2)(A)(vi); and

2. Implement the provisions F.R.C.P. 37(b)(2)(C) which, with certain very limited exceptions, <u>mandates</u> reimbursement of a prevailing Movant's reasonable expenses, including attorney's fees, incurred due to a failure to comply with a Court Order related to discovery.

<u>In the alternative</u>, Petitioners respectfully request relief and sanctions as follows:

1. That the facts presented by Petitioners be taken as established for purposes of this action pursuant to F.R.C.P. 37(b)(2)(A)(i); and

2. Alleged Debtor be Ordered to immediately comply with this Court's Order of July 4, 2010 and to certify, under oath, that it has complied with such Order in all respects and provide the details of all actions taken to comply with the Order; and

3. Implement the provisions F.R.C.P. 37(b)(2)(C) which, with certain very limited exceptions, <u>mandates</u> reimbursement of a prevailing Movant's reasonable expenses, including attorney's fees, incurred due to a failure to comply with a Court Order related to discovery; and

4. Finding Alleged Debtor in contempt of the Court's Order of July 4, 2010 pursuant to pursuant to F.R.C.P. 37(b)(2)(A)(vii).

Respectfully Submitted,

LAW OFFICE OF JOSEPH SANCHEZ, P.C.
*Attorney for Movants*
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
Telephone: (516) 417-8525
Telecopier: (516) 977-3020

JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No. 09-44979 (ESS)

In Re:                                                          **AFFIRMATION OF**
                                                                **JOSEPH SANCHEZ, ESQ.**
LESSNO, LLC,

                              Alleged Debtor.

------------------------------------------------------------X

STATE OF NEW YORK  }
                          } *ss.*
COUNTY OF QUEENS  }

JOSEPH SANCHEZ, being duly sworn, deposes and says:

1. I am the attorney for the Movants herein, and am thus fully familiar with the facts and circumstances set forth herein.

2. This affidavit is provided to certify the good faith efforts made by Movant's counsel pursuant to E.D.N.Y. LBR 7007-1.

3. On December 8, 2009, my office served upon Alleged Debtor's counsel a full response to all of the Alleged Debtor's documentary demands as well as thirteen (13) demands for production of documents from the Alleged Debtor. See Exhibit "1".

4. Counsel for the Alleged Debtor made no objection to the discovery demands within the thirty (30) days provided by Fed. R. Civ. P. 34(b), or at any other time until Friday, May 14, 2010. See Exhibit "2".

5. On May 28, 2010 after numerous good-faith attempts of Petitioner to obtain Alleged Debtor's compliance with Petitioner's discovery demands including written communications and telephone calls to counsel for Alleged Debtor, Petitioners filed a Motion to Compel production of the requested Discovery materials. See Exhibits "3", "4", and "5".

6. On July 4, 2010, the Court granted Petitioner's Motion to Compel and issued an Order compelling Alleged Debtor to produce comply with Petitioner's discovery demands. Alleged Debtor did not appeal the Order of July 4, 2010 pursuant to Fed. R. Civ. P. and it is remains in effect. See Exhibit "6".

7. Alleged Debtor has still not complied with the Court's Order of July 4, 2010. Despite numerous good faith demands to persuade Alleged Debtor comply with the Order, including written communications directed to Alleged Debtor's counsel, over four (4) months have now passed and Alleged Debtor has still not complied.

8. Petitioners have made supplemental requests for additional Discovery materials, most recently on October 12, 2010, when Petitioners delivered to Alleged Debtor its Third Supplemental Request for Discovery materials. Alleged Debtor has made no objection to the Third Supplemental Request within the thirty (30) days provided by Fed. R. Civ. P. 34(b), or at any other time. Despite numerous good-faith attempts of Petitioner to obtain Alleged Debtor's compliance with the Third Supplemental Request, including written communications and telephone calls to counsel for Alleged Debtor Alleged Debtor has failed to provide the materials specified in the Third Supplemental Request.

9. Based on the foregoing, I respectfully request that this Court grant Petitioners' Motion for Sanctions against Alleged Debtor as specified therein.

_____
JOSEPH SANCHEZ, ESQ.