Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                         **NOTICE OF MOTION**

LESSNO, LLC,

                          Alleged Debtor.     Involuntary Chapter 7 Proceeding

--------------------------------------------------------X

**PLEASE TAKE NOTICE** that movants and their attorney in the above-captioned matter will move this Court on the 15th day of April, 2011 at 11:00am before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New York 11201 pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(b), and E.D.N.Y. LBR 7007-1 for an Order compelling Alleged Debtor to pay costs for failing to comply with the Court's prior orders concerning discovery.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9006-1 (a)(ii), any party objecting to the accompanying Motion may file and serve answering papers so as to be received not later than seven (7) days before the hearing date herein.

Dated: Great Neck, New York
       March 24, 2011

                                 LAW OFFICE OF JOSEPH SANCHEZ, P.C.
                                 *Attorney for Movants*
                                 295 Northern Boulevard, Suite 301
                                 Great Neck, New York 11021
                                 Telephone: (516) 417-8525
                                 Telecopier: (516) 977-3020

                                 JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In Re:

LESSNO, LLC,

Alleged Debtor.

-------------------------------------------------------------X

Case No. 09-44979 (ESS)

**MOTION FOR COSTS PURSUANT
TO MANDATORY PROVISIONS OF
RULE 37(b)(2)(C)**

Involuntary Chapter 7 Proceeding

## MOTION FOR COSTS

PETITIONERS[1] (collectively referred to as Petitioners or Movants), by and through their undersigned counsel, move this Court pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(b), and E.D.N.Y. LBR 7007-1, and state in support thereof as follows:

### I. TIMELINE

1. On July 4, 2010, the Court issued an Order compelling Alleged Debtor to produce certain discovery materials from Petitioners first discovery request of December 9, 2009.

2. From July 4, 2010 to November 16, 2010, Alleged Debtor produced a small, limited percentage of the materials specified under the July 4, 2010 Court Order.

3. On November 16, 2010, after repeated verbal and written requests to Alleged Debtor for compliance with the July 4, 2010 Order, Petitioners filed the Motion for Sanctions for Alleged Debtor's failure to comply with the July 4, 2010 Order.

4. On November 29, 2010 (less than 24 hours before the scheduled Sanctions Hearing) Alleged Debtor suddenly produced several hundred pages of discovery materials specifically covered by the July 4, 2010 Order, but which Alleged Debtor had refused to surrender to then.

5. On November 30, 2010, the Court issued another Order, reiterating its command to

---

[1] All Petitioners join in this motion with the exception of TransAm Travel, Inc.

Alleged Debtor to provide all as-yet undelivered *first* discovery request materials covered under the July 4, 2010 Order together with all unproduced discovery materials covered under Petitioners subsequent requests and continuing discovery obligations.

## I. SUMMARY OF FACTS

### (A)   FAILURE TO COMPLY WITH COURT ORDER IS UNDISPUTED.

It cannot realistically be disputed that Alleged Debtor failed to comply with the Order of the Court dated July 4, 2010.    To begin with, Alleged Debtor has *still* not provided, even as of the date hereof, all of the materials specified in the July 4, 2010 Order *(See "Exhibit 1", detailing materials covered by the July 4, 2010 Court Order and in possession of Alleged Debtor but never surrendered to date and materials which were surrendered only on the eve of the Sanctions Hearing)*.  Secondly, most of the discovery material covered by the Order which Alleged Debtor *did* trouble itself to produce (approximately 900 pages or so) were only delivered well *after* Petitioner filed their November 16, 2010 Motion for Sanctions, literally on the eve of the Sanctions Motion. Alleged Debtor does not and cannot dispute that it refused to deliver those (900 or so pages) of critical discovery documentation, hundreds of which were covered by the July 4, 2010 Order, until just a few hours before the Sanctions Hearing. The fact of the less-than-24 hour disgorgement is clear evidence that these improperly withheld documents were not inadvertently or mistakenly missed in the process of a good faith attempt to comply.  Furthermore, as Petitioners emphasized in their Motion for Sanctions, these were case-critical documents which included nearly all bank account records for Alleged Debtor and its subsidiaries for the period prior to the date of the Court Order.

### (B)   ALLEGED DEBTOR'S ACTIONS ARE A *DE-FACTO* ADMISSION OF NON-COMPLIANCE WITH THE COURT ORDER OF JULY 4, 2010

The sudden provision of the discovery materials covered by the July 4, 2010 Order just *after* the hearing on Petitioners' Motion for Sanctions, Alleged Debtor's actions constitute admission of two key facts: (1) Alleged Debtor was in possession of these items, and (2) Alleged Debtor wilfully ignored the July 4, 2010 Order of the Court for over 4 months, choosing *not* to comply until faced with defending against Petitioners' Motion for Sanctions. At that point, Alleged Debtor abruptly decided to reverse course and surrendered some, but not nearly all, of the

documents covered by the July 4, 2010 Court Order less than 24 hours before the start of the November 30, 2010 Sanctions Hearing.

## (C)  ALLEGED DEBTOR'S OPPOSTION TO SANCTIONS IS PREDICATED ON OBFUSCATION & MISLEADING STATEMENTS.

In its Opposition to Petitioners Motion for Sanctions, Alleged Debtor's defence is simply an exercise in obfuscation and distraction from the only relevant questions at hand. Alleged Debtor repeatedly makes two points, both designed to distract: First, Alleged Debtor did produce some, indeed a significant portion, of the discovery material requested, and Second, that Petitioners have continued to request additional discovery materials in addition to the materials covered by the July 4, 2010 Order. This line of argument is deliberate attempt by Alleged Debtor to confuse the Court and distract it from the undisputable fact of Alleged Debtor's non-compliance. It is not relevant that Alleged Debtor produced *some* of the required discovery materials subject to the Order or that Petitioners filed their subsequent 2nd and 3rd discovery demands based on the limited materials produced and depositions conducted. Further, Alleged Debtor does not dispute, and cannot dispute, that it failed to produce hundreds of pages of discovery materials which were specifically covered by the Order for over 4 months, and that the materials finally produced were only delivered less than 24 hours before the Sanctions Hearing. Obviously, Alleged Debtor had such materials in its possession yet it refused to produce them until it was faced with a Sanctions Hearing less than a day away. This conduct cannot be described as anything other than wilful failure to comply with a valid Court Order. Alleged Debtor also strives to confuse the Court by inaccurately conflating Petitioners *secondary and subsequent* discovery requests with the materials in the *first* request which were covered by the July 4, 2010 Order. The fact that Petitioners made additional discovery requests following issuance of the Order has absolutely no relevance whatsoever to the fact that Alleged Debtor refused to surrender the aforementioned hundreds of pages of discovery documents it had in its possession until literally the eve of the Sanctions Hearing. In addition, numerous discovery materials covered by the July 4, 2010 Order remain unproduced to this day, notwithstanding that Order and the Court's Second Order of November 30, 2010, which *again* compelled Alleged Debtor to produce the remaining missing discovery materials from Petitioners first discovery request made in 2009 (as well as unproduced material from subsequent requests).

## (D)  PLAIN TEXT OF COURT ORDER OF NOVEMBER 30, 2010 IS A CLEAR DEMONSTRATION OF ALLEGED DEBTOR'S NON-COMPLIANCE JULY 4, 2010 ORDER

If Alleged Debtor had complied with Court Order of July 4, 2010, it would obviously have been unnecessary for the Court to issue a second Order on November 30, 2010 covering materials from the very same discovery request as the first Court Order issued five months previous.

## (E)  PAYMENT OF COSTS IS MANDATORY SANCTION IN CASES OF FAILURE TO COMPLY WITH A COURT ORDER ON DISCOVERY

*1. Federal Rules of Civil Procedure Explicitly Mandate Reimbursement of Costs.*  Federal Rules of Civil Procedure apply with respect to discovery motions in US Bankruptcy Courts. Under Fed. R. Civ. P. 37, a bankruptcy court has the discretion to impose wide variety of sanctions for discovery order violations. In addition to sanctions which may be imposed at the Court's discretion, Fed. R. Civ. P. 37(b)(2)(C) provides for a mandatory award of reasonable expenses, including attorney's fess, unless such an award would be unjust:

> "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) *Emphasis added].*

Quite simply, Alleged Debtor chose not to comply with the Court's Order of July 4, 2010 within the period required by F.R.C.P., and as a result Petitioners were forced to file their Motion for Sanctions. Therefore, under Fed. R. Civ. P. 37(b)(2)(C) and longstanding Second Circuit precedent, Petitioners are entitled as a matter of law to reimbursement of reasonable costs unless Petitioners can be demonstrate that such an award would be "unjust". Considering Alleged Debtor last moment disgorgement of hundreds of pages of covered discovery documents less than 24 hours before the November 30, 2010 Sanctions Hearing, it can hardly be contended that Alleged Debtor's situation is so extraordinary that the mandatory award of costs would be "unjust" as contemplated by Fed. R. Civ. P. 37(b)(2)(C).

*2. Second Circuit Policy on Discovery Sanctions Strongly Supports Award of Costs.* Longstanding Second Circuit precedent strongly supports the granting of Petitioners Motion for Costs. Under Second Circuit precedent, Sanctions are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific

deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation and ensure <u>ongoing</u> compliance with the Fed. R. Civ. P. relating to discovery, provided that the party against whom they are imposed was, in some sense, at fault. (*See, So. New Eng. Tel. Co. v . Global Naps Inc., 2010 U.S. App. LEXIS 17747 (2d Cir. Aug. 25, 2010), and Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)).* In this case, Alleged Debtor cannot and does not dispute that it failed to produce the several hundred pages of critical discovery materials until less than 24 hours before the hearing on Sanctions. Nor does Alleged Debtor even attempt to contend that it has delivered all of the materials specified in the July 4, 2010 Order before the November 30, 2010 hearing, or even the date of this motion. Instead, Alleged Debtor's only defence is its vain attempt to distract the Court from its non-compliance by pointing out that it supplied some of the discovery materials covered by the Order – while ignoring the undisputed fact that it neither provided nor timely objected to the remaining balance of the materials covered by the Order. Accordingly, under the principles delineated in *So. New Eng. Tel. Co.,* which is binding on Second Circuit courts, it is clear that the mandatory award of costs specified in Rule 37 is the minimum sanction to be applied.

## IV. CONCLUSION

### (A)    NO EXCEPTION TO RULE 37 MANDATORY AWARD OF COSTS

For the foregoing reasons, and in particular the lack of any rational argument that the Rule 37 award of costs would be unjust, Petitioners respectfully request that the Court implement these mandatory provisions F.R.C.P. 37(b)(2)(C) which require reimbursement of a prevailing Movant's reasonable expenses, including attorney's fees, which were incurred due to a failure to comply with a Court Order related to discovery. In other words, either the Rules applicable to reimbursement of costs apply, and must be upheld, or they do not. In the case of the Second Circuit courts, longstanding precedent makes it clear that the plain meaning of the reimbursement provisions of Rule 37(B)(2) (C) are to be strictly adhered in accordance with Second Circuit precedent designed to discourage delaying tactics and shenanigans such as evidenced by Alleged Debtor.

Respectfully Submitted,

LAW OFFICE OF JOSEPH SANCHEZ, P.C.
*Attorney for Movants*
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
Telephone: (516) 417-8525
Telecopier: (516) 977-3020

JOSEPH SANCHEZ, ESQ. (JS-6487)

EXHIBIT "1"

| Name of Document | Relevant Period | Never Produced Despite July 4, 2010 and December 8, 2010 Orders | Only Produced After Nov 16, 2010 Motion For Sanctions Filed | Produced 16 Hours Prior to Nov 30, 2010 Sanctions Hearing | Produced 1 week after Nov 30, 2010 Second Order Compelling Production |
|---|---|---|---|---|---|
| 1. Lessno LLC Monthly Bank Statement(s) | May-10 | | | X | X |
| 2. Lessno Bulgaria Monthly Bank Statement(s) | May-10 | | | X | X |
| 3. Lessno LLC Monthly Bank Statement(s) | Jun-10 | | | X | X |
| 4. Lessno Bulgaria Monthly Bank Statement(s) | Jun-10 | | | X | X |
| 5. Lessno LLC Monthly Income Statement | May-10 | | X | | |
| 6. Lessno LLC Monthly Income Statement | Jun-10 | | X | | |
| 7. Lessno Bulgaria Monthly Income Statement | May-10 | | | | X |
| 8. Lessno Bulgaria Monthly Income Statement | Jun-10 | | | | X |
| 9. Lessno LLC Monthly Balance Sheet | May-10 | | | | |
| 10. Lessno Bulgaria Monthly Balance Sheet | May-10 | | | | X |
| 11. Lessno LLC Monthly Balance Sheet | Jun-10 | | | | |
| 12. Lessno Bulgaria Monthly Balance Sheet | Jun-10 | | | | X |
| 13. Lessno LLC General Ledger | May-10 | | | | |
| 14. Lessno Bulgaria General Ledger | May-10 | | | | X |
| 15. Lessno LLC General Ledger | Jun-10 | | | | |
| 16. Lessno Bulgaria General Ledger | Jun-10 | | | | X |
| 17. Lessno LLC Payroll Reports | May-10 | | | | |
| 18. Lessno Bulgaria Payroll Reports | May-10 | X | | | |
| 19. Lessno LLC Payroll Reports | Jun-10 | | | | |
| 20. Lessno Bulgaria Payroll Reports | Jun-10 | X | | | |
| 21. Lessno LLC Revenue & Sources | May-10 | | X | | |
| 22. Lessno Bulgaria Revenue & Sources | May-10 | | | | X |
| 23. Lessno LLC Revenue & Sources | Jun-10 | | X | | |
| 24. Lessno Bulgaria Revenue & Sources | Jun-10 | | | | X |
| 25. Lessno LLC Expenses & Sources | May-10 | | X | | |
| 26. Lessno Bulgaria Expenses & Sources | May-10 | | | | X |
| 27. Lessno LLC Expenses & Sources | Jun-10 | | X | | |
| 28. Lessno Bulgaria Expenses & Sources (#9) | Jun-10 | | | | X |
| 29. Lessno LLC Total Assets (#11) | May-10 | | | | X |
| 30. Lessno Bulgaria Total Assets (#11) | May-10 | | | | X |
| 31. Lessno LLC Total Assets (#11) | Jun-10 | | | | X |

| Item | Date | | | | |
|---|---|---|---|---|---|
| 32. Lessno Bulgaria Total Assets (#11) | Jun-10 | | | | X |
| 33. Lessno LLC Total Liabilities (#12) | May-10 | | | | X |
| 34. Lessno Bulgaria Total Liabilities (#12) | May-10 | | | | X |
| 35. Lessno LLC Total Liabilities (#12) | Jun-10 | | | | X |
| 36. Lessno Bulgaria Total Liabilities (#12) | Jun-10 | | | | X |
| 37. Contract for Lessno Bul. Empl on Maternity (Evelina Ivanova) | All | X | | | X |
| 38. Records for Stefan Minchev Mandatory Social Insurance Pmts. | All | X | | | |
| 39. Annual Tax Filings & Registry Agency Filings Lessno 1/2 for 2009 | 2009 | X | | | |
| 40. Antoaneta Orbetsova Powers of Atty for Lessno 1/2 | All | X | | | |
| 41. All Contracts Between Lessno, Lessno Bulgaria & Vayant | All | X | | | |
| 42. List of Payments by Lessno 1/2 on behalf of Vayant | All | X | | | |
| 43. Contract Between Lessno LLC and Internap | All | X | | | |
| 44. Contract Between Lessno 1/2 and SBND Technologies | All | X | | | |
| 45. Contract Between Lessno Bulgaria and Korekt Leasing | All | X | | | |
| 46. Contract Between Lessno Bulgaria and Orbitel | All | X | | | |
| 47. Contract Between Lessno Bulgaria & Vita Clinic for Health Srvcs | All | X | | | |
| 48. Fin. Records on Payments By Lessno Bulgaria to Vita Clinic | All | X | | | |
| 49. Lessno Bulgaria Phone Services Contract with Mtel | All | X | | | |
| 50. List of Telephone Numbers Under Mtel Mobile Contract | All | X | | | |
| 51. Full Software Dev & Assigment Agmt(s) Lessno 1/2 & TTS | All | X | | | |

*"Lessno 1/2" = Lessno LLC and/or Lessno Bulgaria Ltd*

EXHIBIT "2"

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X      Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

Alleged Debtor.

-----------------------------------------------------------X

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:      Michael J. Connolly, Esq.
         Bressler, Amery & Ross, P.C.
         17 State Street
         New York, New York 10004

COUNSEL:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 7034 and
Federal Rule of Civil Procedure 34, Alleged Debtor is requested to produce the documents
described in the Schedule annexed hereto for inspection and copying at the Law Office of
Joseph Sanchez, P.C., 295 Northern Boulevard, Suite 301, Great Neck, New York 11021.

Yours Very Truly,

JOSEPH SANCHEZ, ESQ.

## General Definitions and Instructions

1. "Alleged Debtor" or "Lessno" means Lessno, LLC, its parents, subsidiaries, affiliates, its present and former officers, employees, agents, representatives, and assigns and all other persons acting on its behalf.

2. "Petitioning Creditor" means any of the following: Smart Travel Network, Inc., Mario I. Sotirov, and/or Trans Am Travel, Inc.

3. "Bankruptcy Case" means this instant matter pending in the United States Bankruptcy Court for the Eastern District of New York, Case No. 09-44979.

4. "Document" is to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes any tangible thing from or on which information can be obtained, translated, inscribed or memorialized in any way, by any means, regardless of technology or form. A draft or non-identical copy is a separate document within the meaning of the term "document."

5. Notwithstanding the foregoing, "Document" is inclusive to mean any writing (whether handwritten, typed, printed or otherwise made), drawing, graph, chart, photograph (negatives or prints), phono-record, or electronic or mechanical matter (including email, website, microfilm of any kind or nature, tape, recordings or tape recordings, archived media, and databases), or other data compilations from which information can be obtained or are subject to visual inspection or auditory examination or reproduction, and shall include, without limiting the generality of the foregoing, originals, copies and drafts of all correspondence, telegrams, teletypes, agreements, contracts, studies, reports, price lists, quotations, memoranda, reports and recordings of telephone or other conversations, or of conferences or meetings, minutes, journal entries, notes and notations (whether separate or added to another document), desk calendars, appointment books, diaries, work papers, summaries, opinions, analyses, evaluations, agendas, bulletins, brochures, manuals, schedules, books, accounts, ledgers, invoices, bills of lading, transcripts, newspaper clippings, and all other writings, papers or electronic documents of any kind, and information stored in

computers or other data storage or processing equipment, which are or were in plaintiff's possession, custody or control, or are known by plaintiff to exist or to have existed.

6. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) indicated or blind copies; (c) date; (d) subject matter; (e) number of pages; (f) attachments or appendices; (g) all persons to whom distributed or shown; (h) date of destruction or other disposition; (i) manner of destruction or other disposition; (j) reason for destruction or other disposition; (k) person authorizing destruction or other disposition; (l) person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

7. No part of a document demand shall be left unanswered merely because an objection is interposed to another part of the document demand.

8. "Person" means any natural person or any business, legal or governmental entity or association.

9. "Concerning" means relating to, referring to, describing, evidencing, constituting or in any manner arising from or in connection with.

10. "All" and "each" shall be construed as all and each.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. In responding to these discovery requests, furnish all information that is available to you, including information in the possession of your attorneys, and not merely such information known of your own knowledge. If you are unable to answer any request in full after exercising due diligence to secure the requested information, so state, and answer to the extent possible.

## Documents to be Produced

1. All documents between the Alleged Debtor and any Petitioning Creditor.

2. Notwithstanding the above, any and all documents between the Alleged Debtor and any Petitioning Creditor that relate, refer to, support, or contradict the allegations in the Involuntary Petition filed in the Bankruptcy Case.

3. Notwithstanding the above, any and all documents between the Alleged Debtor any Petitioning Creditor subsequent to the filing of the Bankruptcy Case.

4. Any and all documents, including accounting documents such as ledgers, balance sheets and including computer records and data, indicating any amount due to any creditor, supplier, lender or any other Person asserting a claim or demand against the Alleged Debtor as of June 12, 2009.

5. As to paragraph 4, for any amount claimed due from the Alleged Debtor in excess of $500.00, indicate the name, address and alleged due date claimed by said Person.

6. As to paragraph 4, for any amount claimed due from the Alleged Debtor in excess of $500.00, any and all documents between the Alleged Debtor and said Person.

7. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total assets of the Alleged Debtor as of June 12, 2009.

8. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, which indicate the revenue(s) and sources of revenue(s) of the Alleged Debtor from January, 2008 to the date of this request.

9. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, which indicate the expense(s) and sources of expense(s) of the Alleged Debtor from January, 2008 to the date of this request.

10. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total liabilities of the Alleged Debtor as of June 12, 2009.

11. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total assets of the Alleged Debtor as of the date of this request.

12. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total liabilities of the Alleged Debtor as of the date of this request.

13. Any and all documents of whatever date, which assign any valuation to any software code, website(s) or intellectual property, including patent(s), trademark(s) or copyright(s).

This request shall be deemed continuing so as to require further and supplemental production if you discover, create or come into possession, custody or control of additional responsive documents from the time of the original production to the time of final judgment of this action.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

Alleged Debtor.

------------------------------------------------------------X

I hereby certify that on the **9** th day of December, 2009, I served the following:
**RESPONSE TO ALLEGED DEBTOR'S REQUEST FOR PRODUCTION OF DOCUMENTS and PETITIONER'S REQUEST FOR PRODUCTION OF DOCUMENTS** on the following attorney(ies) by mailing to said attorney a copy of same to the address below, contained in a sealed envelope, with postage prepaid, and deposited in the United States Post Office at Great Neck, New York:

TO:        Michael J. Connolly, Esq.
           Bressler, Amery & Ross, P.C.
           17 State Street
           New York, New York 10004


           Joseph Sanchez, Esq.
           Attorney for Petitioners Smart Travel Network, Inc. and Mario I. Sotirov
           295 Northern Boulevard, Suite 301
           Great Neck, New York 11021
           (516) 417-8525

EXHIBIT "3"

# Lessno

Michael J. Connolly <mconnolly@formanlaw.com>
To: Joseph Sanchez <josephrsanchez@gmail.com>

Fri, May 14, 2010 at 10:16 AM

JOE ---

Here are additional documents that I have received from my client.

Please note that I have also received bank account, payables, financial statements and payroll information. My client would like to keep these confidential. I will bring copies with me to the mediation and we can discuss an appropriate mechanism for their review. �direccional

**Michael J. Connolly, Esq.**

**Forman Holt Eliades & Ravin LLC**

**80 Route 4 East - Suite 290**

**Paramus, NJ 07652**

**(201) 845-1000 Ext. 340**

**(201) 845-9112 Fax**

**(201) 919-2084 Cell**

mconnolly@formanlaw.com

www.formanlaw.com

THIS E-MAIL MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL AND SUBJECT TO LEGAL RESTRICTIONS REGARDING ITS UNAUTHORIZED DISCLOSURE OR OTHER USE. YOU ARE PROHIBITED FROM COPYING, DISTRIBUTING OR

OTHERWISE USING THIS INFORMATION IF YOU ARE NOT THE INTENDED RECIPIENT. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THIS E-MAIL AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

18 attachments

TransAm - Lessno Tickteting Agent Agreement.pdf
342K

(2008-03-27) Shareholders' Agreement.pdf
6488K

(2008-03-31) Lessno LLC shares transfer to TTS.pdf
659K

Affidavit to withdraw Lessno.pdf
34K

Connectivity software Addendum.pdf
647K

eStmt_05_31_2009.pdf
54K

Forensic report - evidence MS.pdf
443K

Inducement Addendum.pdf
224K

Lessno Charts.doc
100K

Letter to Assen Vassilev.pdf
777K

Letter to Assen Vassilev - return firm belongings.pdf
561K

Letter to Mario Sotirov.pdf
578K

MIAA EZsearch - signed by TTS.pdf
349K

Promissory Note_Mario.pdf
194K

Stanislav Gyoshev_PERSONAL trips.doc
36K

STN Lessno ticketing agreement.pdf
1982K

 **STN Promissory Note.pdf**
720K

**Subscriber agreement.pdf**
590K

EXHIBIT "4"

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X       Case No. 09-44979 (ESS)

In Re:                                                                      **NOTICE OF MOTION**
                                                                            **TO COMPEL DISCOVERY**
LESSNO, LLC,                                                                 **PRODUCTION**

                                        Alleged Debtor.          Involuntary Chapter 7 Proceeding

------------------------------------------------------------X

**PLEASE TAKE NOTICE** that movants and their attorney in the above-captioned matter will move this Court on the 17th day of June, 2010 at 11:30am before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New York 11201 pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(a), and E.D.N.Y. LBR 7007-1 for an Order compelling discovery.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9006-1 (a)(ii), any party objecting to the accompanying Motion may file and serve answering papers so as to be received not later than seven (7) days before the hearing date herein.

Dated: May 28, 2010

                                        LAW OFFICE OF JOSEPH SANCHEZ, P.C.
                                        *Attorney for Movants*
                                        295 Northern Boulevard, Suite 301
                                        Great Neck, New York 11021
                                        Telephone: (516) 417-8525
                                        Telecopier: (516) 977-3020


                                        JOSEPH SANCHEZ, ESQ. (JS-6487)

EXHIBIT "5"

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

In Re:

LESSNO, LLC,

                                  Alleged Debtor.

----------------------------------------------------------X

Case No. 09-44979 (ESS)

**NOTICE OF MOTION**

Involuntary Chapter 7 Proceeding

**PLEASE TAKE NOTICE** that movants and their attorney in the above-captioned matter will move this Court on the 30th day of November, 2010 at 11:30am before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New York 11201 pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(b), and E.D.N.Y. LBR 7007-1 for an Order sanctioning the Alleged Debtor and its counsel for failing to comply with the Court's prior orders concerning discovery.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9006-1 (a)(ii), any party objecting to the accompanying Motion may file and serve answering papers so as to be received not later than seven (7) days before the hearing date herein.

Dated: November 16, 2010

                                     LAW OFFICE OF JOSEPH SANCHEZ, P.C.
                                     *Attorney for Movants*
                                     295 Northern Boulevard, Suite 301
                                     Great Neck, New York 11021
                                     Telephone: (516) 417-8525
                                     Telecopier: (516) 977-3020

                                     JOSEPH SANCHEZ, ESQ. (JS-6487)

EXHIBIT "6"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X    Case No. 09-44979 (ESS)

In Re:                                                                    Involuntary Chapter 7 Proceeding

LESSNO, LLC,                                                          [PROPOSED] ORDER
                                                                              GRANTING MOTION TO
                                     Alleged Debtor.               COMPEL PRODUCTION OF
                                                                              DOCUMENTS

------------------------------------------------------------X

_____ *WHEREAS, on May 28, 2010, the Petitioning Creditors filed a motion seeking the entry of*

*an Order compelling the Alleged Debtor to produce certain items in connection with discovery*

*demands dated December 8, 2009 (the "Motion"); and*

_____ *WHEREAS, on June 10, 2010, the Alleged Debtor filed opposition to the Motion; and*

_____ *WHEREAS, on June 17, 2010, the Petitioning Creditors filed a reply in further support of*

*the Motion; and*

_____ *WHEREAS, on June 18, 2010, the Court held a hearing on the Motion at which the*

*Alleged Debtor and the Petitioning Creditors appeared and were heard, and on consent of the*

*parties, the Court granted the Motion to the extent set forth below.*

_____ *NOW, THEREFORE, it is hereby*

_____ *ORDERED, that, on consent of the parties, the Alleged Debtor shall produce*

~~This matter came on for hearing on the Motion by Movants to compel production of certain~~

~~outstanding discovery due from the Alleged Debtor.~~

~~The Court considered the Motion, and the papers filed in connection therewith, all other~~

~~relevant documents and pleadings of record in the case, and the representations of counsel.~~

~~The Court heard and determined that the parties have consented and agreed that the Alleged Debtor shall produce, forthwith,~~ the following documents:  Bank statements from June, 2009 to present for all accounts; income statements, balance sheets, payroll reports, and ledgers from June, 2009 to the present for Lessno LLC and all its subsidiaries, and those items specified in items 8, 9, 11, and 12 of the Movant's Document Request *dated December 8, 2009, which is attached to the Motion as "Exhibit 1"; and it is further*

*ORDERED, that, on consent of the parties, the Petitioning Creditors*

~~The parties further consented and agreed that the Movants~~ shall use *any* ~~such~~ documents *produced by the Alleged Debtor* only for ~~legitimate~~ purposes related to ~~the~~ *this* case and for no other purpose.

~~Based upon the foregoing, and other good cause appearing therefore,~~

~~IT IS HEREBY ORDERED that the motion is granted as set forth herein.~~



Dated: Brooklyn, New York
July 4, 2010

Elizabeth S. Stong
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X    Case No. 09-44979 (ESS)

In Re:                                                           **AFFIRMATION OF**
                                                                 **JOSEPH SANCHEZ, ESQ.**

LESSNO, LLC,

                                    Alleged Debtor.

------------------------------------------------------------X

STATE OF NEW YORK   }
                    }  *ss.*
COUNTY OF QUEENS    }

JOSEPH SANCHEZ, being duly sworn, deposes and says:

1.  I am the attorney for the Movants herein, and am thus fully familiar with the facts and circumstances set forth herein.

2.  This affidavit is provided to certify the good faith efforts made by Movant's counsel pursuant to E.D.N.Y. LBR 7007-1.

3.  On December 8, 2009, my office served upon Alleged Debtor's counsel a full response to all of the Alleged Debtor's documentary demands as well as thirteen (13) demands for production of documents from the Alleged Debtor. See Exhibit "2".

4.  Counsel for the Alleged Debtor made no objection to the discovery demands within the thirty (30) days provided by Fed. R. Civ. P. 34(b), or at any other time until Friday, May 14, 2010. See Exhibit "3".

5.  On May 28, 2010 after numerous good-faith attempts of Petitioner to obtain Alleged Debtor's compliance with Petitioner's discovery demands including written communications and telephone calls to counsel for Alleged Debtor, Petitioners filed a Motion to Compel production of the requested Discovery materials – and later for sanctions. See Exhibits "4" and "5" – notice of each motion enclosed, motions redacted for brevity.

6.  On July 4, 2010, the Court granted Petitioner's Motion to Compel and issued an Order compelling Alleged Debtor to produce comply with Petitioner's

discovery demands. Alleged Debtor did not appeal the Order of July 4, 2010. See Exhibit "6".

7. Alleged Debtor has still not complied with the Court's Order of July 4, 2010. Despite numerous good faith demands to persuade Alleged Debtor comply with the Order, including written communications directed to Alleged Debtor's counsel, over four (4) months have now passed and Alleged Debtor has still not complied.

8. A summary of the provided and outstanding responses are detailed in Exhibit "1".

9. Petitioners have made supplemental requests for additional Discovery materials, most recently on October 12, 2010, when Petitioners delivered to Alleged Debtor its Third Supplemental Request for Discovery materials. Alleged Debtor made no objection to the Third Supplemental Request within the thirty (30) days provided by Fed. R. Civ. P. 34(b), or at any other time. Despite numerous good-faith attempts of Petitioner to obtain Alleged Debtor's compliance with the Third Supplemental Request, including written communications and telephone calls to counsel for Alleged Debtor Alleged Debtor has failed to provide the materials specified in the Third Supplemental Request.

10. On November 29, 2010, nearly two weeks after Petitioner filed its Motion for Sanctions and less than 24 hours prior to the Court's Hearing thereon, Alleged Debtor provided some, though certainly still not nearly all, of the missing materials from Petitioners' first discovery request of December 9, 2009.

11. On November 30, 2010, this Court Ordered that the Alleged Debtor was "directed to provide a privilege log in accordance with EDNY LR 26.2". No such privilege log was provided, and any claimed privilege should be held waived at this point.

12. Movants and its counsel have made a good faith, indeed, exhausting attempt to secure the requested documents. Indeed, the Alleged Debtor's counsel has

repeatedly promised to provide these documents and has been Ordered by this Court to provide these documents and has failed to do so.

13. Based on the foregoing, I respectfully request that this Court grant Petitioners' Motion for Costs against Alleged Debtor as specified therein.

JOSEPH SANCHEZ, ESQ.