Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                          **NOTICE OF MOTION**

LESSNO, LLC,

                              Alleged Debtor.          Involuntary Chapter 7 Proceeding

----------------------------------------------------------X

**PLEASE TAKE NOTICE** that movants and their attorney in the above-captioned matter will move this Court on April 15, 2011 at 11:00am before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New York 11201 pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(b), and E.D.N.Y. LBR 7007-1 for an Order sanctioning the Alleged Debtor and its counsel for failing to comply with the Court's prior orders concerning discovery.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9006-1 (a)(ii), any party objecting to the accompanying Motion may file and serve answering papers so as to be received not later than seven (7) days before the hearing date herein.

Dated: March 31, 2011

                                        LAW OFFICE OF JOSEPH SANCHEZ, P.C.
                                        *Attorney for Movants*
                                        295 Northern Boulevard, Suite 301
                                        Great Neck, New York 11021
                                        Telephone: (516) 417-8525
                                        Telecopier: (516) 977-3020


                                        JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X       Case No. 09-44979 (ESS)

In Re:                                                              **MOTION**
                                                                    **FOR SANCTIONS**
LESSNO, LLC,
                                                                    Involuntary Chapter 7 Proceeding
                                        Alleged Debtor.

------------------------------------------------------------X

## MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDERS RELATING TO DISCOERY REQUESTS 1, 2, & 3, & REFUSAL TO MAKE AVAILABLE WITNESS ORBETSOVA

PETITIONERS[1] (collectively referred to as Petitioners or Movants), by and through their undersigned counsel, move this Court pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(b), and E.D.N.Y. LBR 7007-1, and state in support thereof as follows:

### I. SUMMARY OF PROCEDURAL AND FACTUAL HISTORY

**(A)     Discovery Demands Timely Submitted in Full Compliance With F.R.B.P.**

Movants and their counsel have made repeated, vigorous, good faith efforts to secure production of discovery documents from the Alleged Debtor. Movants served their first discovery demand on December 8, 2009 (over 15 months ago), their second discovery demand on July 14, 2010 their third discovery demands on October 12, 2010 and their fourth demands on February 8, 2011 *(collectively the "Petitioners' Documentary Demands", and attached hereto as "Exhibit 1")*. In addition, on July 22, 2010, and then again February 7, 2011, Movants served on Alleged Debtor their demand to make available to be deposed as a witness Ms. Antoaneta Orbetsova, who was registered as the CFO of Lessno Bulgaria Ltd., Alleged Debtor's wholly-owned subsidiary and Lessno LLC's primary operating arm *(the "Lessno CFO Witness Request", attached hereto as "Exhibit 2")*. It is undisputed that the Petitioners' Documentary Demands and the Lessno CFO Witness Request were made on a timely basis and in full compliance with all provisions of the F.R.B.P. and the Local Rules of this Court.

---

[1] All Petitioners join in this motion with the exception of TransAm Travel, Inc.

**(B)     Alleged Debtor Never Timely Objected as Required by F.R.B.P. & Local Rules**

Alleged Debtor does not dispute that it never timely objected to the Petitioners' Documentary Demands or the Lessno CFO Witness Production Request pursuant to the objection timeline requirements of F.R.C.P. 34(b) and Local Rules of this Court. The F.R.B.P. and longstanding Second Circuit precedent are clear and unambiguous on this point. Objections to discovery demands must be made on a timely basis, in the manner and within the 30 day period specified by F.R.C.P. 34(b), and the failure of a litigant to timely object serves as forfeiture of the right to so object. By failing to comply with F.R.C.P. 34(b) and submit timely objections to Petitioners' Petitioners' Documentary Demands and the Lessno CFO Witness Production Request, Alleged Debtor has forfeited the right to do so going forward. It should be noted that Alleged Debtor *did* file a timely objection to portions of Petitioners' Fourth Documentary Demand, thus showing that it can be roused to compliance with the Rules when compelled to do so. That does not, however, reverse the consequences of its failures to comply with the remaining discovery-objection provisions of the Rules.

**(C)     Orders Issued Regarding Alleged Debtor's Failure to Comply With Discovery**

When multiple follow up letters, calls and conferences failed to persuade Alleged Debtor to comply with its discovery obligations, Petitioners' sought and obtained on July 4, 2010 the First Court Order compelling production of unproduced discovery material. By November 16, 2010, Alleged Debtor had still refused to produce the all of the documents covered by the First Court Order, as well as most of the documents covered by Petitioners' second and third discovery requests, and was ignoring Petitioners' repeated requests for this material. Petitioners were therefore forced to file their First Motion for Sanctions. When facing the Sanctions Hearing of November 30, 2010, Alleged Debtor suddenly decided to deliver, *less than 24 hours before the hearing*, some but not all, of the outstanding documents, including many documents covered by the First Court Order issued 4 months previously. At the November 30, 2010 Sanctions Hearing, the Court issued its Second Court Order, which once *again* compelled production of all documents covered by the Petitioners' three discovery demands including continuing discovery obligations, together with its privilege log for withheld documents. It should be noted that the Court has never made any provisions for any of Alleged Debtor objections which were not timely raised in accordance with the requirements of F.R.C.P. 34(b)(2).

**(D)    Alleged Debtor Engaged in Procedural Slight-of-Hand to Avoid Producing De-Facto CFO Ms. Antoaneta Orbetsova for Depositions**

*1.   CFO Antoaneta Orbetsova Holds Critical Knowledge.*  In June, 2010, Petitioners submitted a request for Alleged Debtor to make Antoaneta Orbetsova, who was serving as CFO of Lessno Bulgaria, available for depositions.   By all accounts, Ms. Orbetsova is a key knowledge-holder with respect to unravelling the true financial and economic picture of Alleged Debtor and, in particular, the validity of Alleged Debtor's debt to Petitioners.  By admission of the CEOs of Alleged Debtor and Lessno Bulgaria, Ms. Orbetsova was personally in control of all bank accounts of both Alleged Debtor and Lessno Bulgaria at the time funds that are subject of this case were received by Alleged Debtor and Lessno Bulgaria from Petitioners.  Further, Ms. Orbetsova personally authorized and conducted the manual execution of payments and expenditures for all funds so received from Petitioners.

*2.   Alleged Debtor's Refusal to Make CFO Orbetsova Available for Depositions Is Act of Bad Faith.*  On February 28, 2011, after repeated notifications that Ms. Orbetsova will be called as witness in this case, Alleged Debtor failed to produce Ms. Orbetsova for a deposition that it was duly noticed and never objected to.   Previously, Alleged Debtor consistently ignored Petitioners' repeated requests to schedule Ms. Orbetsova for depositions.  Now Alleged Debtor falsely claims that Ms. Orbetsova is no longer employed by, nor controlled by, Alleged Debtor or its subsidiaries or co-owned sister-companies.  However, this claim is a transparent ruse to prevent Ms. Orbetsova from revealing information damaging to Alleged Debtor's case.  For example, Ms. Orbetsova is listed as receiving cash payments of salary from Lessno Bulgaria in August 2010, well after Alleged Debtor Petitioners' June 2010 requests to make Ms. Orbetsova available for depositions.  Alleged Debtor's ruse becomes more apparent when one looks deeper into the facts.  Shortly after receiving the request to make the Lessno CFO available for production, Alleged Debtor shifted Ms. Orbetsova's formal characterization for payroll purposes from being a Lessno Bulgaria employee to an employee of Vayant Travel Technologies.  Vayant is, just like Alleged Debtor, another wholly owned subsidiary of Travel Technologies Solutions ("TTS") and under the control of the same management as Alleged Debtor.  This transfer was simply a procedural sleight-of-hand, as Ms. Orbetsova had already been serving as the *de-facto* CFO of all three companies, Lessno LLC, Lessno Bulgaria Ltd., Vayant Travel

Technologies for the previous two years. The transparent purpose of this internal administrative reshuffling among these three wholly-owned and jointly managed subsidiaries was to subvert Petitioners' request to depose Ms. Orbetsova, thereby frustrating the purpose of obtaining the true financial picture for Alleged Debtor and the multiple questionable sister-company financial transactions executed since the filing of the involuntary petition in June 2009. Examination of the bank account records of Lessno and Lessno Bulgaria provided long after Ms. Orbetsova supposedly "left" Lessno Bulgaria supports this conclusion: Depositions of Alleged Debtor's officers have confirmed that identifier information on the Alleged Debtor and its wholly owned subsidiary's bank documentation shows that it was Ms. Orbetsova herself who pulled the banking information on behalf of Alleged Debtor and Lessno Bulgaria in November and December 2010. Furthermore, as of the date of this Motion, Ms. Orbetsova continues to have access rights for the bank accounts of Lessno LLC, Lessno Bulgaria and Vayant, and she regularly utilizes these access rights up to and through the date hereof. Such facts clearly demonstrate that Alleged Debtor's claim to be unable to produce Ms. Orbetsova is simply window-dressing on its attempt to conceal its true financial picture from Petitioners and this Court.

## III. ARGUMENT

### (A) Alleged Debtor Remains Non-Compliant With Two Court Orders on Discovery

*1. Alleged Debtor Selectively Chooses What Parts of the Orders To Obey and When to Do So.* Following the Court Hearing of November 30, 2010 and the issuance of the Second Court Order, Alleged Debtor conducted another limited, partial release of documents on December 7, 2010, surrendering 300 or so additional pages. Yet even when releasing those documents, Alleged Debtor counsel included a letter admitting that it was withholding additional critical documents in its possession, such as the Lessno Bulgaria payroll. Alleged Debtor made this decision based upon its own internal whim and without bothering to follow the mandatory objection procedures imposed by F.R.C.P. 34(b). Alleged Debtor's letter from counsel dated December 7, 2010 simply states that it refuses to surrender payroll documentation of Lessno Bulgaria, Alleged Debtor's primary operating arm, because "Information regarding Lessno Bulgarian employees contains personal bank account information and personal income information that is highly confidential." *(Letter of Alleged Debtor's counsel dated December 7,*

2010 "*Exhibit 3*"). Regardless of how it may now regret not following the mandatory objection provisions of F.R.C.P. 34(b), Alleged Debtor is still obliged by such Rules. It may not make up its own federal rules of bankruptcy procedure as it goes along in order to justify its own failure to comply with the real F.R.B.P., nor may it simply make up a brand new category of document withholding privilege out of thin air because it wishes to conceal the details of where its payroll funds have been expended. In this regard it should be noted that the July 4, 2010 Order specifically directed counsel for the Alleged Debtor to produce a "privilege log" of any such documents. None was produced. See Exhibit "4". Considering Alleged Debtor's ongoing shell game with respect to *de-facto* CFO Orbetsova's employment locale (same city, same address, same physical office, same corporate owner, even the same payroll when first noticed, but somehow as of this date, a different employer), it is no surprise that Alleged Debtor is desperate to avoid releasing this payroll information. Finally, Alleged Debtor's letter effectively admits its failure to fulfil its previous discovery obligations until after issuance of the Second Court Order, and makes weak attempt at excusing itself by stating "certain documents were <u>discovered</u> [Emphasis Added] after further review" *(See Exhibit 3" Letter of Alleged Debtor's counsel)*.

   2. *Alleged Debtor Refuses to Produce Numerous Highly Relevant Documents Despite This Court's Orders.* In addition to the Lessno Bulgaria payroll records, Alleged Debtor will not produce a number of other critical documents, which were clearly covered by the Petitioners' Documentary Demands. Instead of producing the key documents pursuant to the two Court Orders, Alleged Debtor instead has engaged in a desperate attempt to conceal these key financial materials from the scrutiny of Petitioners and the Court. These documents are covered by the Court Orders and are indisputably in Alleged Debtor's control, but it refuses to release them. They include:

   (i) a full copy of the Software Development Agreement between TTS & Lessno Bulgaria, for which Alleged Debtor, refuses to provide more than the cover page and signature pages. Thus, nearly two years into this case, the Alleged Debtor has still not provided a meaningful description of this asset, which according to Alleged Debtor's CEO is the <u>only</u> significant asset left, i.e. the software code for its product, nor has it provided the relevant documentation that establishes the value of the software and the Alleged Debtor's ownership thereof;

(ii) all contracts of Alleged Debtor / Lessno Bulgaria with Vayant Travel Technologies (which is wholly-owned by the same party is co-located in the same office and at the same address as Alleged Debtor's operational arm, Lessno Bulgaria);

(iii) US tax returns for Lessno LLC for 2009;

(iv) Bulgarian tax returns for 2009 for Lessno Bulgaria;

(v) 2009 annual financial reports for Lessno Bulgaria filed with the Bulgarian tax authorities;

(vi) the contract between Lessno Bulgaria and Vita Health Clinic, by which Lessno Bulgaria provides health care to its employees;

(vii) phone contracts and billing records from M-Tel Bulgaria for mobile phones provided to employees of Lessno Bulgaria,

(viii); employment contract for Evelina Ivanova, the only remaining Lessno Bulgaria employee, current on maternity leave,  and

(ix) records of mandatory social insurance payment Stefan Minchev, manager of Lessno Bulgaria.


A necessarily incomplete list of discovery documents covered by the two Court Orders and under Alleged Debtor control but which it refuses to surrender is set forth in Exhibit 5 hereto.


*3.  Alleged Debtor's Actions Motivated Concealment and Obfuscation.*  Petitioners believe that production of the aforementioned documents will bring to light evidence of additional improper document withholding by Alleged Debtor, thereby further weakening its position in this case.  Thus Petitioners' believe that Alleged Debtor is attempting to distract the Court from the issue at hand, namely its compliance with previously issued Court Orders which compels it to produce all of the documents in its possession which are covered by the Orders. Alleged Debtor's tactic is to point to irrelevancies, such as the fact that it has produced many of the document requested, or that it now objects to the production of some of the documents (conveniently disregarding the fact that it forfeited its right to object to discovery requests by refusing to abide by F.R.C.P. 34(b) with respect to timely objections).  Attached as Exhibit 5 is a list of documents, which Alleged Debtor never timely objected to production of, which are covered by the two Court Orders compelling production, and for which Alleged Debtor has

never produced a privilege log. Under the plain terms of the Court Orders, Alleged Debtor was required to produce these documents and has failed to do so.

4. *Petitioners Harmed By Alleged Debtor's Refusal to Comply With the Two Court Orders.* Petitioners continue to suffer great prejudice by the Alleged Debtor's refusal to comply with the Court Orders and produce the documents in its control, as the documents are needed to develop Petitioners' case strategy and to conclude pending depositions. Despite extensive, good faith attempts by Petitioners, Alleged Debtor flatly refuses to surrender the critical documents specified in Exhibit 5 hereto notwithstanding the two Court Orders obligating it to surrender such documents immediately.

**(B)   ALLEGED DEBTOR HAS NOT PROVIDED ANY LEGITIMATE JUSTIFICATION FOR ITS FAILURE TO COMPLY WITH COURT'S ORDERS**

By letter of counsel of December 7, 2010, Alleged Debtor flatly refuses to provide the payroll records for Lessno Bulgaria Ltd. which are clearly covered by the first Court Order of July 4, 2010, as well as the Second Order of November 30, 2010. In addition, the numerous other documents specified in Exhibit 5 were clearly covered by one or both of the two Court Orders and are controlled by Alleged Debtor, yet Alleged Debtor continues to ignore its obligation to surrender them to Petitioner. Alleged Debtor has not provided Petitioners or the Court with any legitimate justification under the F.R.B.P. for its failure to comply with the two Court Orders or even any explanation whatsoever beyond the arrogant statement in the December 7, 2010 letter from counsel "Information regarding Lessno Bulgarian employees contains personal bank account information and personal income information that is highly confidential." Alleged Debtor's refusal was made notwithstanding the fact that the Court has specifically found that Alleged Debtor is obligated to provide this information for itself and its wholly-owned subsidiary (and primary operating arm) Lessno Bulgaria, and ordered it to do so its July 2010 and November 2010 Court Orders. Furthermore, it is clear that Alleged Debtor's statement is simply a bad-faith diversion intended to distract and obfuscate the issue, because the protective language in the Court's July 4, 2010 Order *specifically restricts* Petitioners' use of discovery materials to purposes related to this case and no others. Petitioners will indeed follow this admonition in both letter and spirit as they embrace their obligations to comply with all parts of the Court's Orders and do not attempt to pick-and choose the

parts they feel like obeying. Thus Alleged Debtor's feigned confidentiality concerns have been fully addressed by a binding Court Order, and are therefore a non-issue meant only to distract and delay.

## (C) SANCTIONS ARE APPROPRIATE RESPONSE FOR WILLFUL FAILURE TO COMPLY WITH TWO SEPARATE COURT ORDERS ON DISCOVERY

1.     Federal Rules of Bankruptcy Procedure provided that Federal Rules of Civil Procedure apply with respect to discovery motions. Pursuant to Fed. R. Civ. P. Rule 37, sanctions may be imposed where a party fails to comply with a discovery order entered by the Court. See Fed. R. Civ. P. 37(b)(2). Sanctions for failure to comply with a discovery order include:

- (i)     directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

- (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

- (iii)   striking pleadings in whole or in part;

- (iv)   staying further proceedings until the order is obeyed;

- (v)    default judgment in favor of Petitioners; and

- (vi)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

2.     In addition, Fed. R. Civ. P. 37(b)(2)(A) provides for a <u>mandatory</u> award of reasonable expenses, including attorney's fess, unless such an award would be unjust:

> "Instead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). *[Emphasis added]*

## (D) PETITIONERS HAVE SUFFERED SEVERE HARM AS A RESULT OF ALLEGED DEBTOR'S FAILURE TO COMPLY WITH THE COURT ORDER

The discovery period began more than one year ago and Petitioners made their First Discovery demand on December 8, 2009. Petitioners' second and third document production requests were filed in 2010 and were <u>never</u> timely objected to under F.R.C.P. 34(b). Thus far, Alleged Debtor has

engaged in a dilatory strategy calculated to avoid fulfilling its discovery obligations to the maximum extent possible, and also to massively increase the time and cost burden on Petitioners. Thus far, Alleged Debtor's strategy has successfully worked as planned to inflict severe harm on Petitioners efforts to get to the bottom of this case. Alleged Debtor's withholding of information and refusal to obey two separate Court Orders, together with its shell-game and procedural sleight of hand with respect to *de-facto* CFO Orbetsova has resulted in Petitioners being unable to use relevant, discoverable, and properly requested information in the depositions that have already been conducted to date – which constitute a majority of expected depositions. These opportunities are forever lost to Petitioners and the depositions of the final witnesses remain delayed waiting for this information. Petitioners have also been denied the right to use the improperly withheld discovery information in their motions and pleadings and to oppose Alleged Debtor's motions and pleadings. In short, Alleged Debtor's continuing refusal to adhere to its discovery obligations as directed in the two separate Court's Orders issued to date has forced Petitioners to make irreversible decisions and denied Petitioners their rights under F.R.B.P. and federal rules of evidence to utilize the full range of information available had Alleged Debtor fully complied with the Court's Orders of July 4, 2010 and November 30, 2010. The fact that Alleged Debtor provided some of the documents covered by the two Court Orders literally on the eve of the last sanctions hearing, and some after receiving issuance of the Second Court Order does not excuse the fact Alleged Debtor has still not complied fully with the two Court Orders. Alleged Debtor still blatantly refuses to produce key evidentiary materials covered by the Orders, such as Lessno Bulgaria's payroll records and the other items listed in Exhibit 5 hereto. The F.R.B.P. provide for severe sanctions for such a sustained disrespect for Petitioners' rights and this Court's Orders.

## (E)    SECOND CIRCUIT POLICY PROVIDES FOR SEVERE SANCTIONS

Under longstanding Second Circuit policy, disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault. *(See So. New Eng. Tel. Co. v . Global Naps Inc., 2010 U.S. App. LEXIS 17747 (2d Cir. Aug. 25, 2010), and Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)).*

The misconduct of Alleged Debtor in failing to fully comply with the two Court Orders and its ongoing discovery obligations has been severe and pervasive and has continued for a disgracefully long period of time. Furthermore, Alleged Debtor's continued contemptuous conduct towards Petitioners, such as its dismissal of our repeated pleas for the documents covered by the Court Orders and *de-facto* CFO Orbetsova has made a mockery of the current proceedings and has created great hardship for Petitioners. Given that this clearly demonstrated bad-faith conduct of Alleged Debtor has continued for nearly one (1) year, and given the failure of even the severe measure of issuing two separate Court Orders and one previous Sanctions Hearing has failed to persuade Alleged Debtor to fully adhere to its discovery obligations, not simply the ones it chooses to obey, imposition of the most severe sanctions available, including default judgement in favour of Petitioners, is appropriate in this case.

## IV. CONCLUSION

### (A) RELIEF SOUGHT

For the foregoing reasons, Petitioners respectfully request that the Court impose sanctions on Alleged Debtor pursuant to F.R.C.P. 37(b) as follows:

Requested Relief.

1. Grant of default judgment in favor of Petitioners pursuant to F.R.C.P. 37(b)(2)(A)(vi); and

2. Implement the provisions F.R.C.P. 37(b)(2)(C) which, with certain very limited exceptions, mandates reimbursement of a prevailing Movant's reasonable expenses, including attorney's fees, incurred due to a failure to comply with a Court Order related to discovery.

In the alternative, Petitioners respectfully request relief and sanctions as follows:

1. That the facts presented by Petitioners be taken as established for purposes of this action pursuant to F.R.C.P. 37(b)(2)(A)(i); and

2. Alleged Debtor be Ordered to immediately comply with this Court's Orders of July 4, 2010 and November 30, 2010, and to certify, under oath, that it has complied with such Orders in all respects and provide the details of all actions taken to comply with both Orders; and

3. Implement the provisions F.R.C.P. 37(b)(2)(C) which, with certain very limited exceptions, <u>mandates</u> reimbursement of a prevailing Movant's reasonable expenses, including attorney's fees, incurred due to a failure to comply with a Court Order related to discovery; and

4. Finding Alleged Debtor in contempt of the Court's Orders of July 4, 2010 and November 30, 2010 pursuant to F.R.C.P. 37(b)(2)(A)(vii).

5. Issue an Order compelling Alleged Debtor, which is 100% owned and managed by TTS, which is also the 100% owner of Vayant Travel Technologies LLC, the (paper) employer of *de-facto* Lessno CFO Antoaneta Orbetsova, to make her available for deposition.

Respectfully Submitted,

LAW OFFICE OF JOSEPH SANCHEZ, P.C.
*Attorney for Movants*
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
Telephone: (516) 417-8525
Telecopier: (516) 977-3020

JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                           **AFFIRMATION OF**
                                                                 **JOSEPH SANCHEZ, ESQ.**

LESSNO, LLC,

                              Alleged Debtor.

-----------------------------------------------------------X

STATE OF NEW YORK   }
                     } *ss.*
COUNTY OF QUEENS    }

JOSEPH SANCHEZ, being duly sworn, deposes and says:

1.   I am the attorney for the Movants herein, and am thus fully familiar with the facts and circumstances set forth herein.

2.   This affidavit is provided to certify the good faith efforts made by Movant's counsel pursuant to E.D.N.Y. LBR 7007-1.

3.   On December 8, 2009, my office served upon Alleged Debtor's counsel a full response to all of the Alleged Debtor's documentary demands as well as thirteen (13) demands for production of documents from the Alleged Debtor. Additional documentary demands were served on July 14, 2010, October 12, 2010, and upon this Court's Order of January 25, 2011, a fourth and final request was made on February 8, 2011. See Exhibit "1" and Exhibit "6".

4.   On July 22, 2010, and again (pursuant to this Court's Order) on February 8, 2011, your undersigned served upon Alleged Debtor's counsel Notices for Deposition of Antoaneta Orbetsova by videophone.

5.   As to each and every documentary demand, and both deposition notices, counsel for the Alleged Debtor made no objection to the discovery demands within the thirty (30) days provided by Fed. R. Civ. P. 34(b).

6.   On May 28, 2010 after numerous good-faith attempts of Petitioner to obtain Alleged Debtor's compliance with Petitioner's discovery demands including written communications and telephone calls to counsel for Alleged Debtor,

Petitioners filed a Motion to Compel production of the requested Discovery materials.

7.  On July 4, 2010, the Court granted Petitioner's Motion to Compel and issued an Order compelling Alleged Debtor to produce comply with Petitioner's discovery demands. Alleged Debtor did not appeal the Order of July 4, 2010 pursuant to Fed. R. Civ. P. and it remains in effect. See Exhibit 7.

8.  Alleged Debtor has still not complied with the Court's Order of July 4, 2010, despite numerous good faith demands to persuade Alleged Debtor to comply with the Order, including written communications, phone calls, and emails.

9.  Petitioners have made supplemental requests for additional Discovery materials, most recently on October 12, 2010 and February 8, 2011. See Exhibit "1". Alleged Debtor has made no objection to any of the discovery demands within the thirty (30) days provided by Fed. R. Civ. P. 34(b). As of this date, the documents referenced in Exhibit "5" hereto remain due and outstanding, with no objections raised as to their production.

10. On November 30, 2010, the parties appeared before the Court on the Petitioner's motion for sanctions. That motion was 'granted on consent ... Debtor directed to confirm that all responsive documents, not objected to, identified after a reasonable search have either been provided [or] are being withheld on grounds of privilege and directed to provide a privilege log in accordance with EDNY LR 26.2'. See this Court's Order attached hereto as Exhibit 4.

11. As of the date hereof, the Alleged Debtor and its counsel have failed to produce the documents referenced at Exhibit "5", and yet have tendered no objection the production of these documents within a timely manner.

12. Based on the foregoing, I respectfully request that this Court grant Petitioners' Motion for Sanctions against Alleged Debtor as specified therein.

JOSEPH SANCHEZ, ESQ.

EXHIBIT "1"

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

Alleged Debtor.

--------------------------------------------------------X

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:        Michael J. Connolly, Esq.
                Bressler, Amery & Ross, P.C.
                17 State Street
                New York, New York 10004

COUNSEL:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 7034 and
Federal Rule of Civil Procedure 34, Alleged Debtor is requested to produce the documents
described in the Schedule annexed hereto for inspection and copying at the Law Office of
Joseph Sanchez, P.C., 295 Northern Boulevard, Suite 301, Great Neck, New York 11021.

Yours Very Truly,

JOSEPH SANCHEZ, ESQ.

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

Alleged Debtor.

---------------------------------------------------------X

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:     Michael J. Connolly, Esq.
        Bressler, Amery & Ross, P.C.
        17 State Street
        New York, New York 10004

COUNSEL:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34, Alleged Debtor is requested to produce the documents described in the Schedule annexed hereto for inspection and copying at the Law Office of Joseph Sanchez, P.C., 295 Northern Boulevard, Suite 301, Great Neck, New York 11021.

Yours Very Truly,

JOSEPH SANCHEZ, ESQ.

## SCHEDULE "A"

### General Definitions and Instructions

1. "Alleged Debtor" or "Lessno" means Lessno, LLC, its parents, subsidiaries, affiliates, its present and former officers, employees, agents, representatives, and assigns and all other persons acting on its behalf.

2. "Petitioning Creditor" means any of the following: Smart Travel Network, Inc., Mario I. Sotirov, and/or Trans Am Travel, Inc.

3. "Bankruptcy Case" means this instant matter pending in the United States Bankruptcy Court for the Eastern District of New York, Case No. 09-44979.

4. "Document" is to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes any tangible thing from or on which information can be obtained, translated, inscribed or memorialized in any way, by any means, regardless of technology or form. A draft or non-identical copy is a separate document within the meaning of the term "document."

5. Notwithstanding the foregoing, "Document" is inclusive to mean any writing (whether handwritten, typed, printed or otherwise made), drawing, graph, chart, photograph (negatives or prints), phono-record, or electronic or mechanical matter (including email, website, microfilm of any kind or nature, tape, recordings or tape recordings, archived media, and databases), or other data compilations from which information can be obtained or are subject to visual inspection or auditory examination or reproduction, and shall include, without limiting the generality of the foregoing, originals, copies and drafts of all correspondence, telegrams, teletypes, agreements, contracts, studies, reports, price lists, quotations, memoranda, reports and recordings of telephone or other conversations, or of conferences or meetings, minutes, journal entries, notes and notations (whether separate or added to another document), desk calendars, appointment books, diaries, work papers, summaries, opinions, analyses, evaluations, agendas, bulletins, brochures, manuals, schedules, books, accounts, ledgers, invoices, bills of lading, transcripts, newspaper clippings, and all other writings, papers or electronic documents of any kind, and information stored in

computers or other data storage or processing equipment, which are or were in plaintiff's possession, custody or control, or are known by plaintiff to exist or to have existed.

6. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) indicated or blind copies; (c) date; (d) subject matter; (e) number of pages; (f) attachments or appendices; (g) all persons to whom distributed or shown; (h) date of destruction or other disposition; (i) manner of destruction or other disposition; (j) reason for destruction or other disposition; (k) person authorizing destruction or other disposition; (l) person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

7. No part of a document demand shall be left unanswered merely because an objection is interposed to another part of the document demand.

8. "Person" means any natural person or any business, legal or governmental entity or association.

9. "Concerning" means relating to, referring to, describing, evidencing, constituting or in any manner arising from or in connection with.

10. "All" and "each" shall be construed as all and each.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. In responding to these discovery requests, furnish all information that is available to you, including information in the possession of your attorneys, and not merely such information known of your own knowledge. If you are unable to answer any request in full after exercising due diligence to secure the requested information, so state, and answer to the extent possible.

## Documents to be Produced

1. All documents between the Alleged Debtor and any Petitioning Creditor.

2. Notwithstanding the above, any and all documents between the Alleged Debtor and any Petitioning Creditor that relate, refer to, support, or contradict the allegations in the Involuntary Petition filed in the Bankruptcy Case.

3. Notwithstanding the above, any and all documents between the Alleged Debtor any Petitioning Creditor subsequent to the filing of the Bankruptcy Case.

4. Any and all documents, including accounting documents such as ledgers, balance sheets and including computer records and data, indicating any amount due to any creditor, supplier, lender or any other Person asserting a claim or demand against the Alleged Debtor as of June 12, 2009.

5. As to paragraph 4, for any amount claimed due from the Alleged Debtor in excess of $500.00, indicate the name, address and alleged due date claimed by said Person.

6. As to paragraph 4, for any amount claimed due from the Alleged Debtor in excess of $500.00, any and all documents between the Alleged Debtor and said Person.

7. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total assets of the Alleged Debtor as of June 12, 2009.

8. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, which indicate the revenue(s) and sources of revenue(s) of the Alleged Debtor from January, 2008 to the date of this request.

9. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, which indicate the expense(s) and sources of expense(s) of the Alleged Debtor from January, 2008 to the date of this request.

10. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total liabilities of the Alleged Debtor as of June 12, 2009.

11. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total assets of the Alleged Debtor as of the date of this request.

12. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total liabilities of the Alleged Debtor as of the date of this request.

13. Any and all documents of whatever date, which assign any valuation to any software code, website(s) or intellectual property, including patent(s), trademark(s) or copyright(s).

This request shall be deemed continuing so as to require further and supplemental production if you discover, create or come into possession, custody or control of additional responsive documents from the time of the original production to the time of final judgment of this action.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X    Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

              Alleged Debtor.

-----------------------------------------------------------X

I hereby certify that on the **&** th day of December, 2009, I served the following:
**RESPONSE TO ALLEGED DEBTOR'S REQUEST FOR PRODUCTION OF
DOCUMENTS and PETITIONER'S REQUEST FOR PRODUCTION OF
DOCUMENTS** on the following attorney(ies) by mailing to said attorney a copy of same to
the address below, contained in a sealed envelope, with postage prepaid, and deposited in
the United States Post Office at Great Neck, New York:

TO:           Michael J. Connolly, Esq.
              Bressler, Amery & Ross, P.C.
              17 State Street
              New York, New York 10004

              Joseph Sanchez, Esq.
              Attorney for Petitioners Smart Travel Network, Inc. and Mario I. Sotirov
              295 Northern Boulevard, Suite 301
              Great Neck, New York 11021
              (516) 417-8525

### JOSEPH R. SANCHEZ, ESQ.¹

ATTORNEY AND COUNSELOR AT LAW

295 NORTHERN BOULEVARD

SUITE 301

GREAT NECK, NEW YORK 11021

(516) 417 - 8525
FACSIMILE (516) 977 - 3020
email: law@josephsanchez.com

¹ADMITTED IN
NEW YORK
MAINE
OREGON

April 28, 2010

*Via Facsimile and Email:*
Michael J. Connolly, Esq.
Forman Holt Eliades & Ravin LLC
80 Route 4 East - Suite 290
Paramus, New Jersey 07652

Re: Lessno, LLC, Alleged Debtor
US Bankruptcy Court, Case No. 09-44979 (ESS)

Dear Mr. Connolly:

Per Judge Stong's directive, and in advance of our mediation on May 10th, I re-enclose a copy of the Petitioner's December 8, 2009 Request for Production of Documents, and ask you to please produce on or before Monday, May 3rd, at least the following:

- Any documents regarding the claims of incoming petitioners Stanislav Gyoshev and Assen Vassilev;

- Bank statements were provided for the sole month of June, 2009, please provide June, 2009 to present;

- Updated income statements, balance sheets, payroll reports, and ledgers from June, 2009 to the present for Lessno LLC and all its subsidiaries, as specified in items 8, 9, 11, and 12 of the Document Request.

These are the minimal responses required to productively mediate and move this case forward. Please immediately let me know if there will be any issues in obtaining any particular response, so that we can confer with Judge Stong as to next steps.

Very truly yours,

Joseph Sanchez, Esq.

Encl.

JOSEPH R. SANCHEZ, ESQ.[1]

ATTORNEY AND COUNSELOR AT LAW

295 NORTHERN BOULEVARD

SUITE 301

GREAT NECK, NEW YORK 11021

(516) 417-8525
FACSIMILE (516) 977-3020
email: law@josephsanchez.com

[1]ADMITTED IN
NEW YORK
MAINE
OREGON

April 28, 2010

*Via Facsimile and Email:*
Michael J. Connolly, Esq.
Forman Holt Eliades & Ravin LLC
80 Route 4 East - Suite 290
Paramus, New Jersey 07652

Re:  Lessno, LLC, Alleged Debtor
    US Bankruptcy Court, Case No. 09-44979 (ESS)

Dear Mr. Connolly:

Per Judge Stong's directive, and in advance of our mediation on May 10th, I re-enclose a copy of the Petitioner's December 8, 2009 Request for Production of Documents, and ask you to please produce on or before Monday, May 3rd, at least the following:

- Any documents regarding the claims of incoming petitioners Stanislav Gyoshev and Assen Vassilev;

- Bank statements were provided for the sole month of June, 2009, please provide June, 2009 to present;

- Updated income statements, balance sheets, payroll reports, and ledgers from June, 2009 to the present for Lessno LLC and all its subsidiaries, as specified in items 8, 9, 11, and 12 of the Document Request.

These are the minimal responses required to productively mediate and move this case forward. Please immediately let me know if there will be any issues in obtaining any particular response, so that we can confer with Judge Stong as to next steps.

Very truly yours,

Joseph Sanchez, Esq.

Encl.

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X          Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

                                    Alleged Debtor.

---------------------------------------------------------X

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:          Michael J. Connolly, Esq.
             Bressler, Amery & Ross, P.C.
             17 State Street
             New York, New York 10004

COUNSEL:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 7034 and
Federal Rule of Civil Procedure 34, Alleged Debtor is requested to produce the documents
described in the Schedule annexed hereto for inspection and copying at the Law Office of
Joseph Sanchez, P.C., 295 Northern Boulevard, Suite 301, Great Neck, New York 11021.

Yours Very Truly,

JOSEPH SANCHEZ, ESQ.

## SCHEDULE "A"

### General Definitions and Instructions

1. "Alleged Debtor" or "Lessno" means Lessno, LLC, its parents, subsidiaries, affiliates, its present and former officers, employees, agents, representatives, and assigns and all other persons acting on its behalf.

2. "Petitioning Creditor" means any of the following: Smart Travel Network, Inc., Mario I. Sotirov, and/or Trans Am Travel, Inc.

3. "Bankruptcy Case" means this instant matter pending in the United States Bankruptcy Court for the Eastern District of New York, Case No. 09-44979.

4. "Document" is to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes any tangible thing from or on which information can be obtained, translated, inscribed or memorialized in any way, by any means, regardless of technology or form. A draft or non-identical copy is a separate document within the meaning of the term "document."

5. Notwithstanding the foregoing, "Document" is inclusive to mean any writing (whether handwritten, typed, printed or otherwise made), drawing, graph, chart, photograph (negatives or prints), phono-record, or electronic or mechanical matter (including email, website, microfilm of any kind or nature, tape, recordings or tape recordings, archived media, and databases), or other data compilations from which information can be obtained or are subject to visual inspection or auditory examination or reproduction, and shall include, without limiting the generality of the foregoing, originals, copies and drafts of all correspondence, telegrams, teletypes, agreements, contracts, studies, reports, price lists, quotations, memoranda, reports and recordings of telephone or other conversations, or of conferences or meetings, minutes, journal entries, notes and notations (whether separate or added to another document), desk calendars, appointment books, diaries, work papers, summaries, opinions, analyses, evaluations, agendas, bulletins, brochures, manuals, schedules, books, accounts, ledgers, invoices, bills of lading, transcripts, newspaper clippings, and all other writings, papers or electronic documents of any kind, and information stored in

computers or other data storage or processing equipment, which are or were in plaintiff's possession, custody or control, or are known by plaintiff to exist or to have existed.

6. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) indicated or blind copies; (c) date; (d) subject matter; (e) number of pages; (f) attachments or appendices; (g) all persons to whom distributed or shown; (h) date of destruction or other disposition; (i) manner of destruction or other disposition; (j) reason for destruction or other disposition; (k) person authorizing destruction or other disposition; (l) person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

7. No part of a document demand shall be left unanswered merely because an objection is interposed to another part of the document demand.

8. "Person" means any natural person or any business, legal or governmental entity or association.

9. "Concerning" means relating to, referring to, describing, evidencing, constituting or in any manner arising from or in connection with.

10. "All" and "each" shall be construed as all and each.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. In responding to these discovery requests, furnish all information that is available to you, including information in the possession of your attorneys, and not merely such information known of your own knowledge. If you are unable to answer any request in full after exercising due diligence to secure the requested information, so state, and answer to the extent possible.

## Documents to be Produced

1. All documents between the Alleged Debtor and any Petitioning Creditor.

2. Notwithstanding the above, any and all documents between the Alleged Debtor and any Petitioning Creditor that relate, refer to, support, or contradict the allegations in the Involuntary Petition filed in the Bankruptcy Case.

3. Notwithstanding the above, any and all documents between the Alleged Debtor any Petitioning Creditor subsequent to the filing of the Bankruptcy Case.

4. Any and all documents, including accounting documents such as ledgers, balance sheets and including computer records and data, indicating any amount due to any creditor, supplier, lender or any other Person asserting a claim or demand against the Alleged Debtor as of June 12, 2009.

5. As to paragraph 4, for any amount claimed due from the Alleged Debtor in excess of $500.00, indicate the name, address and alleged due date claimed by said Person.

6. As to paragraph 4, for any amount claimed due from the Alleged Debtor in excess of $500.00, any and all documents between the Alleged Debtor and said Person.

7. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total assets of the Alleged Debtor as of June 12, 2009.

8. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, which indicate the revenue(s) and sources of revenue(s) of the Alleged Debtor from January, 2008 to the date of this request.

9. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, which indicate the expense(s) and sources of expense(s) of the Alleged Debtor from January, 2008 to the date of this request.

10. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total liabilities of the Alleged Debtor as of June 12, 2009.

11. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total assets of the Alleged Debtor as of the date of this request.

12. Any and all documents, including accounting documents, such as ledgers, balance sheets and including computer records and data, indicating the total liabilities of the Alleged Debtor as of the date of this request.

13. Any and all documents of whatever date, which assign any valuation to any software code, website(s) or intellectual property, including patent(s), trademark(s) or copyright(s).

This request shall be deemed continuing so as to require further and supplemental production if you discover, create or come into possession, custody or control of additional responsive documents from the time of the original production to the time of final judgment of this action.

## JOSEPH R. SANCHEZ, ESQ.[1]

ATTORNEY AND COUNSELOR AT LAW

295 NORTHERN BOULEVARD

SUITE 301

GREAT NECK, NEW YORK 11021

(516) 417-8525
FACSIMILE (516) 977-3020
email: law@josephsanchez.com

[1] ADMITTED IN
NEW YORK
MAINE
OREGON

May 12, 2010

*Via ECF:*
Honorable Elizabeth S. Stong
United States Bankruptcy Court
for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:    Lessno LLC, Alleged Debtor
       Chapter 7 (Involuntary Proceeding), Case Number: 1-09-44979 (ESS)

Dear Judge Stong:

I write to advise that the Alleged Debtor has agreed to provide all of the requested discovery responses by Friday, April 15th, and to produce Mr. Pavel Ezekiev for the mediation. Thus, we understand that all of the pre-mediation issues raised in our letter to the Court of May 6th appear to be adequately addressed, and the continued teleconference regarding these matters scheduled for May 12th at 3:30pm is no longer necessary.

Thank you in advance for your assistance, we look forward to a productive mediation with Justice Cahn on Monday, May 17th.

Very truly yours,

Joseph Sanchez, Esq.

cc: Michael J. Connolly, Esq.

**JOSEPH R. SANCHEZ, ESQ.¹**

ATTORNEY AND COUNSELOR AT LAW

295 NORTHERN BOULEVARD

SUITE 301

GREAT NECK, NEW YORK 11021

(516) 417-8525
FACSIMILE (516) 977-3020
email: law@josephsanchez.com

¹ADMITTED IN
NEW YORK
MAINE
OREGON

May 12, 2010

*Via ECF:*
Honorable Elizabeth S. Stong
United States Bankruptcy Court
for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:     Lessno LLC, Alleged Debtor
         Chapter 7 (Involuntary Proceeding), Case Number: 1-09-44979 (ESS)

Dear Judge Stong:

I write to advise that the Alleged Debtor has agreed to provide all of the requested discovery responses by Friday, April 15th, and to produce Mr. Pavel Ezekiev for the mediation. Thus, we understand that all of the pre-mediation issues raised in our letter to the Court of May 6th appear to be adequately addressed, and the continued teleconference regarding these matters scheduled for May 12th at 3:30pm is no longer necessary.

Thank you in advance for your assistance, we look forward to a productive mediation with Justice Cahn on Monday, May 17th.

Very truly yours,

Joseph Sanchez, Esq.

cc: Michael J. Connolly, Esq.

### JOSEPH R. SANCHEZ, ESQ.[†]

ATTORNEY AND COUNSELOR AT LAW

295 NORTHERN BOULEVARD

SUITE 301

GREAT NECK, NEW YORK 11021

(516) 417 · 8525
FACSIMILE (516) 977 · 3020
email: law@josephsanchez.com

†ADMITTED IN
NEW YORK
MAINE
OREGON

May 14, 2010

*Via ECF:*
Honorable Elizabeth S. Stong
United States Bankruptcy Court
for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   Lessno LLC, Alleged Debtor
      Chapter 7 (Involuntary Proceeding), Case Number: 1-09-44979 (ESS)

Dear Judge Stong:

On May 12th, I wrote to Your Honor to advise that a continued teleconference regarding outstanding discovery was not required.

Unfortunately, although counsel for the Alleged Debtor produced several responsive documents, the most relevant financial information was withheld. Mr. Connolly stated that he had in his possession "bank account, payables, financial statements and payroll information", but wanted to keep the information confidential until a "mechanism could be established for their review." No mechanism was proposed, so I immediately wrote to advise him that my clients required the information prior to the mediation, and noted that he could redact account information per FRCivPro 5.2(a). I further note that Mr. Connolly had previously provided June, 2009 bank account information, so there is no legitimate privilege.

My clients still plan to attend the mediation on May 17th, but asked that I note the Alleged Debtor's non-compliance with our discovery demands and your Orders.

Thank you in advance for your continued assistance.

Very truly yours,

Joseph Sanchez, Esq.

cc: Michael J. Connolly, Esq.

# Lessno

Michael J. Connolly <mconnolly@formanlaw.com>
To: Joseph Sanchez <josephrsanchez@gmail.com>

Fri, May 14, 2010 at 10:16 AM

JOE ---

Here are additional documents that I have received from my client.

Please note that I have also received bank account, payables, financial statements and payroll information.   My client would like to keep these confidential.  I will bring copies with me to the mediation and we can discuss an appropriate mechanism for their review.

Michael J. Connolly, Esq.

Forman Holt Eliades & Ravin LLC

80 Route 4 East - Suite 290

Paramus, NJ 07652

(201) 845-1000 Ext.  340

(201) 845-9112 Fax

(201) 919-2084 Cell

mconnolly@formanlaw.com

www.formanlaw.com

THIS E-MAIL MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL AND SUBJECT TO LEGAL RESTRICTIONS REGARDING ITS UNAUTHORIZED DISCLOSURE OR OTHER USE. YOU ARE PROHIBITED FROM COPYING, DISTRIBUTING OR

# Lessno

Michael J. Connolly <mconnolly@formanlaw.com>  Fri, May 14, 2010 at 10:16 AM
To: Joseph Sanchez <josephrsanchez@gmail.com>

JOE ---

Here are additional documents that I have received from my client.

Please note that I have also received bank account, payables, financial statements and payroll information. My client would like to keep these confidential. I will bring copies with me to the mediation and we can discuss an appropriate mechanism for their review. ✳

Michael J. Connolly, Esq.

Forman Holt Eliades & Ravin LLC

80 Route 4 East - Suite 290

Paramus, NJ 07652

(201) 845-1000 Ext. 340

(201) 845-9112 Fax

(201) 919-2084 Cell

mconnolly@formanlaw.com

www.formanlaw.com

THIS E-MAIL MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL AND SUBJECT TO LEGAL RESTRICTIONS REGARDING ITS UNAUTHORIZED DISCLOSURE OR OTHER USE. YOU ARE PROHIBITED FROM COPYING, DISTRIBUTING OR

OTHERWISE USING THIS INFORMATION IF YOU ARE NOT THE INTENDED RECIPIENT. IF YOU HAVE RECEIVED THIS E-MAIL IN
ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THIS E-MAIL AND ALL ATTACHMENTS FROM YOUR
SYSTEM. THANK YOU.

**18 attachments**



TransAm - Lessno Tickteting Agent Agreement.pdf
342K

(2008-03-27) Shareholders' Agreement.pdf
6488K

(2008-03-31) Lessno LLC shares transfer to TTS.pdf
659K

Affidavit to withdraw Lessno.pdf
34K

Connectivity software Addendum.pdf
647K

eStmt_05_31_2009.pdf
54K

Forensic report - evidence MS.pdf
443K

Inducement Addendum.pdf
224K

Lessno Charts.doc
100K

Letter to Assen Vassilev.pdf
777K

Letter to Assen Vassilev - return firm belongings.pdf
561K

Letter to Mario Sotirov.pdf
578K

MIAA EZsearch - signed by TTS.pdf
349K

Promissory Note_Mario.pdf
194K

Stanislav Gyoshev_PERSONAL trips.doc
36K

STN Lessno ticketing agreement.pdf
1982K

**STN Promissory Note.pdf**
720K

**Subscriber agreement.pdf**
590K

EXHIBIT "6"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In Re:

LESSNO, LLC,

Alleged Debtor.

-----------------------------------------------------------X

Case No. 09-44979 (ESS)

Involuntary Chapter 7 Proceeding

[PROPOSED] ORDER
GRANTING MOTION TO
COMPEL PRODUCTION OF
DOCUMENTS

*WHEREAS, on May 28, 2010, the Petitioning Creditors filed a motion seeking the entry of an Order compelling the Alleged Debtor to produce certain items in connection with discovery demands dated December 8, 2009 (the "Motion"); and*

*WHEREAS, on June 10, 2010, the Alleged Debtor filed opposition to the Motion; and*

*WHEREAS, on June 17, 2010, the Petitioning Creditors filed a reply in further support of the Motion; and*

*WHEREAS, on June 18, 2010, the Court held a hearing on the Motion at which the Alleged Debtor and the Petitioning Creditors appeared and were heard, and on consent of the parties, the Court granted the Motion to the extent set forth below.*

*NOW, THEREFORE, it is hereby*

*ORDERED, that, on consent of the parties, the Alleged Debtor shall produce*

This matter came on for hearing on the Motion by Movants to compel production of certain outstanding discovery due from the Alleged Debtor.

The Court considered the Motion, and the papers filed in connection therewith, all other relevant documents and pleadings of record in the case, and the representations of counsel.

~~The Court heard and determined that the parties have consented and agreed that the Alleged~~ ~~Debtor shall produce, forthwith,~~ the following documents:  Bank statements from June, 2009 to present for all accounts; income statements, balance sheets, payroll reports, and ledgers from June, 2009 to the present for Lessno LLC and all its subsidiaries, and those items specified in items 8, 9, 11, and 12 of the Movant's Document Request *dated December 8, 2009, which is attached to the Motion as "Exhibit 1"; and it is further ORDERED, that, on consent of the parties, the Petitioning Creditors*

~~The parties further consented and agreed that the Movants~~ shall use *any* ~~such~~ documents *produced by the Alleged Debtor* only for ~~legitimate~~ purposes related to ~~the~~ *this* case and for no other purpose.

~~Based upon the foregoing, and other good cause appearing therefore,~~

~~IT IS HEREBY ORDERED that the motion is granted as set forth herein.~~



Dated: Brooklyn, New York
July 4, 2010

**Elizabeth S. Stong**
**United States Bankruptcy Judge**

EXHIBIT "7"

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

Alleged Debtor.

----------------------------------------------------------X

## THIRD REQUEST FOR PRODUCTION OF DOCUMENTS
### - DUPLICATE COPY -

TO:  Michael J. Connolly, Esq.
     Forman Holt Eliades & Ravin LLC
     80 Route 4 East - Suite 290
     Paramus, New Jersey 07652

COUNSEL:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 7034 and

Federal Rule of Civil Procedure 34, Alleged Debtor is requested to produce the documents

described in the Schedule annexed hereto for inspection and copying at the Law Office of

Joseph Sanchez, P.C., 295 Northern Boulevard, Suite 301, Great Neck, New York 11021.

Yours Very Truly,

JOSEPH SANCHEZ, ESQ.

## SCHEDULE "A"

### General Definitions and Instructions

1. "Alleged Debtor" or "Lessno" means Lessno, LLC, its parents, subsidiaries, affiliates, its present and former officers, employees, agents, representatives, and assigns and all other persons acting on its behalf.

2. "Petitioning Creditor" means any of the following: Smart Travel Network, Inc., Mario I. Sotirov, Stanislav B. Gyoshev, Assen V. Vassilev and/or Trans Am Travel, Inc.

3. "Bankruptcy Case" means this instant matter pending in the United States Bankruptcy Court for the Eastern District of New York, Case No. 09-44979.

4. "Document" is to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes any tangible thing from or on which information can be obtained, translated, inscribed or memorialized in any way, by any means, regardless of technology or form. A draft or non-identical copy is a separate document within the meaning of the term "document."

5. Notwithstanding the foregoing, "Document" is inclusive to mean any writing (whether handwritten, typed, printed or otherwise made), drawing, graph, chart, photograph (negatives or prints), phono-record, or electronic or mechanical matter (including email, website, microfilm of any kind or nature, tape, recordings or tape recordings, archived media, and databases), or other data compilations from which information can be obtained or are subject to visual inspection or auditory examination or reproduction, and shall include, without limiting the generality of the foregoing, originals, copies and drafts of all correspondence, telegrams, teletypes, agreements, contracts, studies, reports, price lists, quotations, memoranda, reports and recordings of telephone or other conversations, or of conferences or meetings, minutes, journal entries, notes and notations (whether separate or added to another document), desk calendars, appointment books, diaries, work papers, summaries, opinions, analyses, evaluations, agendas, bulletins, brochures, manuals, schedules, books, accounts, ledgers, invoices, bills of lading, transcripts, newspaper clippings, and all other

writings, papers or electronic documents of any kind, and information stored in computers or other data storage or processing equipment, which are or were in plaintiff's possession, custody or control, or are known by plaintiff to exist or to have existed.

6. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) indicated or blind copies; (c) date; (d) subject matter; (e) number of pages; (f) attachments or appendices; (g) all persons to whom distributed or shown; (h) date of destruction or other disposition; (i) manner of destruction or other disposition; (j) reason for destruction or other disposition; (k) person authorizing destruction or other disposition; (l) person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

7. No part of a document demand shall be left unanswered merely because an objection is interposed to another part of the document demand.

8. "Person" means any natural person or any business, legal or governmental entity or association.

9. "Concerning" means relating to, referring to, describing, evidencing, constituting or in any manner arising from or in connection with.

10. "All" and "each" shall be construed as all and each.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. In responding to these discovery requests, furnish all information that is available to you, including information in the possession of your attorneys, and not merely such information known of your own knowledge. If you are unable to answer any request in full after exercising due diligence to secure the requested information, so state, and answer to the extent possible.

## Documents to be Produced

1. All documents pertaining to any contracts, agreements, understandings, settlements and/or licenses concerning any software or intellectual property owned or controlled by the Alleged Debtor, including its parents, subsidiaries and affiliates.

2. Bylaws, shareholder agreement(s) and other governing documents of Lessno, LLC, including but not limited to such documents in effect as at May 31, 2007, March 31 2008, June 11, 2009, and as of the date of this request.

3. Bylaws, shareholder and/or membership agreements, and other governing documents of Travel Technologies Solutions Cooperatief (TTS), a Dutch Cooperative including but not limited to such documents in effect as at June 11, 2009, and as of the date of this request.

4. Any and all contracts and/or agreements between the Alleged Debtor, including its parents, subsidiaries and affiliates, and EZ Search and/or Vayant. If not in writing, the sum and substance thereof.

5. All documents, including contracts and agreements, including without limitation, loan agreements and/or financing agreements, between the Alleged Debtor, including its parents, subsidiaries and affiliates and Neveq, LP. If not in writing, the sum and substance thereof.

6. Any and all documents regarding meetings noticed to the shareholder or cooperative members, or the directors of Travel Technologies Solutions, a Dutch Cooperative, from the date of its inception to present, including notices of meetings, agendas, minutes, and/or resolutions of such meetings.

7. Any and all documents regarding meetings noticed to the shareholders and/or directors of the Alleged Debtor, including its parents, subsidiaries and affiliates from the date of its inception to present, including notices of meetings, agendas, minutes, and/or resolutions of such meetings.

8. Ledgers and financial statements, and certified financial statements of the Alleged Debtor including its parents, subsidiaries and affiliates from the date of its inception to the date of this request.

9. Tax Returns of the Alleged Debtor including its parents, subsidiaries and affiliates in all of their respective tax jurisdictions, from the date of its inception to the date of this request.

10. Accounting records from and related documents from the year 2008.

11. Monthly income and expense statements and continuing financial statements for May, June, July, and August, 2010 and thereafter.

12. Any and all preliminary agreements, term sheets or other offering agreements between Neveq, LP and the Alleged Debtor, including its parents, subsidiaries and affiliates from the inception of the Alleged Debtor and thereafter.

13. Offer letter, resignation letter, resolution of directors, and/or any other document(s) indicating the hiring, employment role with Alleged Debtor including its parents, subsidiaries and affiliates, and subsequent discharge of Antoaneta Orbetsova.

14. Sources and uses of revenue, including ticket sales, invoices to EZ Search, Vayant, including their parents and subsidiaries, and all other sources of income.

15. Documents detailing the employee(s) and role(s) of the Alleged Debtor including its parents, subsidiaries and affiliates, from the date of inception and thereafter.

This request shall be deemed continuing so as to require further and supplemental production if you discover, create or come into possession, custody or control of additional responsive documents from the time of the original production to the time of final judgment of this action.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

                Alleged Debtor.

-----------------------------------------------------------X

I hereby certify that on the 12th day of October, 2010, I served the following:

**THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** on the following attorney(ies) by mailing to said attorney a copy of same to the address below, contained in a sealed envelope, with postage prepaid, and deposited in the United States Post Office at Great Neck, New York:

TO:    Michael J. Connolly, Esq.
        Forman Holt Eliades & Ravin LLC
        80 Route 4 East - Suite 290
        Paramus, New Jersey 07652

Joseph Sanchez, Esq.
Attorney for Petitioners*
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525

---

* This request made by all petitioners with the exception of TransAm Travel, Inc.

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X                Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

                              Alleged Debtor.

-------------------------------------------------------X

## FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Michael J. Connolly, Esq.
       Forman Holt Eliades & Ravin LLC
       80 Route 4 East - Suite 290
       Paramus, New Jersey 07652

COUNSEL:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 7034 and

Federal Rule of Civil Procedure 34, Alleged Debtor is requested to produce the documents

described in the Schedule annexed hereto for inspection and copying at the Law Office of

Joseph Sanchez, P.C., 295 Northern Boulevard, Suite 301, Great Neck, New York 11021.

                                                    Yours Very Truly,


                                                    JOSEPH SANCHEZ, ESQ.

## SCHEDULE "A"

## General Definitions and Instructions

1. "Alleged Debtor" or "Lessno" means Lessno, LLC, its parents, subsidiaries, affiliates, its present and former officers, employees, agents, representatives, and assigns and all other persons acting on its behalf.

2. "Petitioning Creditor" means any of the following: Smart Travel Network, Inc., Mario I. Sotirov, Stanislav B. Gyoshev, Assen V. Vassilev and/or Trans Am Travel, Inc.

3. "Bankruptcy Case" means this instant matter pending in the United States Bankruptcy Court for the Eastern District of New York, Case No. 09-44979.

4. "Document" is to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes any tangible thing from or on which information can be obtained, translated, inscribed or memorialized in any way, by any means, regardless of technology or form. A draft or non-identical copy is a separate document within the meaning of the term "document."

5. Notwithstanding the foregoing, "Document" is inclusive to mean any writing (whether handwritten, typed, printed or otherwise made), drawing, graph, chart, photograph (negatives or prints), phono-record, or electronic or mechanical matter (including email, website, microfilm of any kind or nature, tape, recordings or tape recordings, archived media, and databases), or other data compilations from which information can be obtained or are subject to visual inspection or auditory examination or reproduction, and shall include, without limiting the generality of the foregoing, originals, copies and drafts of all correspondence, telegrams, teletypes, agreements, contracts, studies, reports, price lists, quotations, memoranda, reports and recordings of telephone or other conversations, or of conferences or meetings, minutes, journal entries, notes and notations (whether separate or added to another document), desk calendars, appointment books, diaries, work papers, summaries, opinions, analyses, evaluations, agendas, bulletins, brochures, manuals, schedules, books, accounts, ledgers, invoices, bills of lading, transcripts, newspaper clippings, and all other

writings, papers or electronic documents of any kind, and information stored in computers or other data storage or processing equipment, which are or were in plaintiff's possession, custody or control, or are known by plaintiff to exist or to have existed.

6. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) indicated or blind copies; (c) date; (d) subject matter; (e) number of pages; (f) attachments or appendices; (g) all persons to whom distributed or shown; (h) date of destruction or other disposition; (i) manner of destruction or other disposition; (j) reason for destruction or other disposition; (k) person authorizing destruction or other disposition; (l) person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

7. No part of a document demand shall be left unanswered merely because an objection is interposed to another part of the document demand.

8. "Person" means any natural person or any business, legal or governmental entity or association.

9. "Concerning" means relating to, referring to, describing, evidencing, constituting or in any manner arising from or in connection with.

10. "All" and "each" shall be construed as all and each.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. In responding to these discovery requests, furnish all information that is available to you, including information in the possession of your attorneys, and not merely such information known of your own knowledge. If you are unable to answer any request in full after exercising due diligence to secure the requested information, so state, and answer to the extent possible.

## Documents to be Produced

1. Bylaws, shareholder agreement(s) and other governing documents of Lessno, LLC, including but not limited to such documents in effect as at May 31, 2007, March 31 2008, June 11, 2009, and as of the date of this request.

2. Bylaws, shareholder and/or membership agreements, and other governing documents of Travel Technologies Solutions Cooperatief (TTS), a Dutch Cooperative including but not limited to such documents in effect as at June 11, 2009, and as of the date of this request.

3. Any and all contracts and/or agreements between the Alleged Debtor, including its parents, subsidiaries and affiliates, and EZ Search and/or Vayant. If not in writing, the sum and substance thereof.

4. All documents, including contracts and agreements, including without limitation, loan agreements and/or financing agreements, between the Alleged Debtor, including its parents, subsidiaries and affiliates and Neveq, LP. If not in writing, the sum and substance thereof.

5. Any and all documents regarding meetings noticed to the shareholder or cooperative members, or the directors of Travel Technologies Solutions Cooperatief, a Dutch Cooperative, from the date of its inception to present, including notices of meetings, agendas, minutes, and/or resolutions of such meetings.

6. Any and all documents regarding meetings noticed to the shareholders and/or directors of the Alleged Debtor, including its parents, subsidiaries and affiliates

from the date of its inception to present, including notices of meetings, agendas, minutes, and/or resolutions of such meetings, including emails of such notices.

7. Monthly income and expense statements to the date of this request, not previously produced.

8. Any and all preliminary agreements, term sheets or other offering agreements between Neveq, LP and the Alleged Debtor, including its parents, subsidiaries and affiliates from the inception of the Alleged Debtor and thereafter, including, without limitation, that certain "offer letter" of April, 2009, as testified by Konstantin Petrov on January 19, 2011.

9. Offer letter, resignation letter, resolution of directors, and/or any other document(s) indicating the hiring, employment role with Alleged Debtor including its parents, subsidiaries and affiliates, and subsequent discharge of Antoaneta Orbetsova.

10. Sources and uses of revenue, including ticket sales, invoices to EZ Search, Vayant, including their parents and subsidiaries, and all other sources of income.

11. Documents detailing the employee(s) and role(s) of the Alleged Debtor including its parents, subsidiaries and affiliates, from the date of inception and thereafter.

12. That certain Resolution of the Meeting of Travel Technology Solutions of October, 2008, translated into Bulgarian (equivalent to Petitioner's Exhibit "3" for Identification, and as testified by Kontantin Petrov on January 19, 2011).

13. Reports of Lessno, LLC, containing "financial reports and income expenditures" generated by Antoeneta Orbetsova from October, 2009 until May, 2009.

14. All documents (including emails) submitted to or exchanged with shareholders between October 2008 and April 2009 relating to discussions of the LESSNO, LLC business plan, and/or potential investments by Neveq.

This request shall be deemed continuing so as to require further and supplemental production if you discover, create or come into possession, custody or control of additional responsive documents from the time of the original production to the time of final judgment of this action.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

LESSNO, LLC,

Alleged Debtor.

------------------------------------------------------------X

I hereby certify that on the 8th day of February, 2011, I served the following:

**FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS** on the following attorney(ies) by mailing to said attorney a copy of same to the address below, contained in a sealed envelope, with postage prepaid, and deposited in the United States Post Office at Great Neck, New York:

TO:    Michael J. Connolly, Esq.
       Forman Holt Eliades & Ravin LLC
       80 Route 4 East - Suite 290
       Paramus, New Jersey 07652

Joseph Sanchez, Esq.
Attorney for Petitioners*
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525

---

* This request made by all petitioners with the exception of TransAm Travel, Inc.

**EXHIBIT "2"**

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                            **NOTICE OF DEPOSITION
                                                                  BY VIDEOPHONE**

LESSNO, LLC,

                              Alleged Debtor.

------------------------------------------------------------X

TO:     Michael J. Connolly, Esq.
        Forman Holt Eliades & Ravin LLC
        80 Route 4 East - Suite 290
        Paramus, New Jersey 07652


PLEASE TAKE NOTICE that pursuant to Rules 30(b)(4) and 30(b)(6) of the Federal

Rules of Civil Procedure, petitioners will take the deposition by videophone upon oral

examination of Antoaneta Orbetsova, 1 Cherni Vruh Blvd, 6th Floor, Sofia 1000,

Bulgaria on August 20, 2010 at 64, Tsarigradsko Shose Blvd., Sofia 1784, Bulgaria,

beginning at 3:00pm EEST (8:00am EST). Said deposition shall be taken remotely via

Webex.com and before a person authorized to administer oaths pursuant to the

provision of Rule 28(b)(1)(C). The deposition will commence at the time, date and

location as herein stated, and will continue from day to day until completed.


Dated:     July 22, 2010

                                        _____
                                        JOSEPH SANCHEZ, ESQ.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

**CERTIFICATE OF SERVICE**

LESSNO, LLC,

Alleged Debtor.

-----------------------------------------------------------X

I hereby certify that on the 28th day of July, 2010, I served the foregoing:

**NOTICES OF DEPOSITION** on the following attorney(ies) by mailing to said attorney a copy of same to the address below, contained in a sealed envelope, with postage prepaid, and deposited in the United States Post Office at Great Neck, New York:

MICHAEL CONNOLLY, ESQ.
Alleged Debtor's counsel
Forman Holt Eliades & Ravin LLC, 80 Route 4 East, Suite 290
Paramus, New Jersey 07652
Email address mconnolly@formanlaw.com

EDWARD E. NEIGER, ESQ.
Counsel for Petitioner TransAm Travel, Inc.
Neiger, LLP
111 John Street, Suite 800
New York, New York 10038
Email address eneiger@neigerllp.com

By: _____

JOSEPH SANCHEZ, ESQ.

Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X        Case No. 09-44979 (ESS)

In Re:                                                         **NOTICE OF DEPOSITION
                                                               BY VIDEOPHONE**

LESSNO, LLC,

                          Alleged Debtor.

-------------------------------------------------------X

TO:     Michael J. Connolly, Esq.
        Forman Holt Eliades & Ravin LLC
        80 Route 4 East - Suite 290
        Paramus, New Jersey 07652


PLEASE TAKE NOTICE that pursuant to Rules 30(b)(4) and 30(b)(6) of the Federal

Rules of Civil Procedure, petitioners will take the deposition by videophone upon oral

examination of Antoaneta Orbetsova, 1 Cherni Vruh Blvd, 6th Floor, Sofia 1000,

Bulgaria on February 28, 2011 at 64, Tsarigradsko Shose Blvd., Sofia 1784, Bulgaria,

beginning at 3:00pm EEST (8:00am EST). Said deposition shall be taken remotely via

Skype.com and before a person authorized to administer oaths pursuant to the

provision of Rule 28(b)(1)(C). The deposition will

location as herein stated, and will continue from day t

Dated:     February 7, 2010


                                    JOSEPH SANCHE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                        **CERTIFICATE OF**
                                                              **SERVICE**
LESSNO, LLC,

                        Alleged Debtor.

--------------------------------------------------------X

I hereby certify that on the 7th day of February, 2010, I served the foregoing:

**NOTICES OF DEPOSITION** on the following attorney(ies) by mailing to said attorney a
copy of same to the address below, contained in a sealed envelope, with postage prepaid, and
deposited in the United States Post Office at Great Neck, New York:

MICHAEL CONNOLLY, ESQ.
Alleged Debtor's counsel
Forman Holt Eliades & Ravin LLC, 80 Route 4 East, Suite 290
Paramus, New Jersey 07652
Email address mconnolly@formanlaw.com

EDWARD E. NEIGER, ESQ.
Counsel for Petitioner TransAm Travel, Inc.
Neiger, LLP
111 John Street, Suite 800
New York, New York 10038
Email address eneiger@neigerllp.com

By: _____
        JOSEPH SANCHEZ, ESQ.

EXHIBIT "3"

# FORMAN HOLT ELIADES & RAVIN LLC
## ATTORNEYS AT LAW

December 7, 2010

Charles M. Forman**
Michael E. Holt**
Daniel M. Eliades*
Stephen B. Ravin**
Erin J. Kennedy***
Joseph M. Cerra**
Kim R. Lynch**
William L. Waldman**
David S. Catuogno***
Harry M. Gutfleish**
Michelle Rosen Silverman**
Kimberly J. Salomon**
Robert H. Johnson***
Dipesh Patel**
Constance DeSena**

OF COUNSEL
Michael J. Connolly***
William A. Calandra*

MEMBER NJ & PA BAR*
MEMBER NJ & NY BAR**
MEMBER NJ BAR***

www.formanlaw.com
firm@formanlaw.com

REPLY TO PARAMUS

**Via E-Mail (law@josephsanchez.com)**

Joseph Sanchez, Esq.
Law Office of Joseph Sanchez, P.C.
295 Northern Boulevard, Suite 301
Great Neck, NY 11021

Re:    In re: Lessno, LLC
        Case No. 09-44979-ess

Dear Joe:

I am writing consistent with the ruling of the Court on the Motion for Sanctions. Please be advised that, with the exception of the documents described below, after conducting a reasonable search, all documents responsive to your requests have been produced or are being withheld on the grounds of privilege.

During the hearing you presented me with a spreadsheet reciting certain categories of documents that you claim were not produced. I reviewed the list with my client. I have been advised that certain of the documents were discovered after further review and but that the majority of the documents did not exist in the native form requested. However, my client has created many of those documents now by extracting information from the other documents that were previously produced to you.

In that regard, balance sheets and cash flow statements are enclosed. This appears to be information that was written for the income statements previously supplied. Similarly, general ledger information from May and June 2010 is being produced although it appears that the general ledgers previously provided did contain this information. Similarly, my client has extracted information regarding assets and liabilities which was also reflected in the prior production of general ledgers. Similarly, it appears that the request for a document outlining "revenues and sources" was not a document independently existing. However, my client has extracted the information from previously produced bank statements and ledgers and prepared a document.

Finally as to payroll, I am advised that the alleged debtor does not have payroll as the only person with a contract with the company is the CEO, who is not compensated. Information regarding the Lessno Bulgarian employees contains

80 Route 4 East, Suite 290
Paramus, NJ 07652
T 201.845.1000
F 201.845.9112

888 7th Ave., Suite 4500
New York, NY 10106
T 212.707.8500
F 212.707.8511

664 Chestnut Ridge Road
Spring Valley, NY 10977
T 845.371.3451
F 845.371.7667

1615 Jackson Street
Philadelphia, PA 19145
T 215.925.7191
F 215.925.7192

personal bank account information and personal income information which is highly confidential.

I also asked that my client confirm again, any documents being withheld on any grounds of privilege. My client advises that the only documents that have not been provided relate to those of the parent companies Travel Technologies Solutions and any affiliates to the alleged debtor, meaning Vayant Travel Technologies LLC, Neveq Sarl and Neveq LP. We previously addressed these issues before Judge Stong regarding revelation of non-debtor entities information and certain other information was produced in a redacted form, including the commercial agreement between Lessno LLC and Vayant Travel Technologies, under which Lessno was contracted to develop and optimize software.

I believe that this should satisfy all of your concerns. If not, I would appreciate the courtesy of you advising me in writing prior to the submission of additional motions.

Very truly yours,

Michael J. Connolly

MJC:jj
Enc.
cc:     Lessno, LLC
        Stefan Minchev
m:\pet\lessno\letters\sanchez.ruling.doc

EXHIBIT "4"

Joseph Sanchez <josephrsanchez@gmail.com>

# Ch-7 1-09-44979-ess Hearing Held - Text Orders(Document BK & AP) -Lessno LLC

BKECF_LiveDB@nyeb.uscourts.gov <BKECF_LiveDB@nyeb.uscourts.gov>

Tue, Dec 7, 2010 at 7:10 PM

To: CourtMail@nyeb.uscourts.gov

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

## Eastern District of New York

Notice of Electronic Filing

The following transaction was received from sej entered on 12/07/2010 at 6:56 PM EST and filed on 11/30/2010

**Case Name:**      Lessno LLC

**Case Number:**      1-09-44979-ess

**Document Number:**

**Docket Text:**
Hearing Held; (related document(s): [54] Motion for Sanctions) Appearance by Debtor - Motion Granted on consent as reflected in the record Debtor directed to confirm that all repsonsive documents, not objected to, identified after a reasonable searchhave either been provided are being withheld on grounds of privilege and directed to provide a privilege log in accordance with EDNY LR 26.2 IT IS SO ORDERED BY s/Elizabeth S. Stong. Endorsed on Calender dated 11/30/10. (This is a text Order, no document is attached) (sjackson)

The following document(s) are associated with this transaction:

**1-09-44979-ess Notice will be electronically mailed to:**

Michael J Connolly on behalf of Debtor Lessno LLC
mconnolly@formanlaw.com

Edward E Neiger on behalf of Petitioning Creditor Trans Am Travel Inc.
eneiger@neigerllp.com

Joseph Sanchez on behalf of Petitioning Creditor Smart Travel Network, Inc.
law@josephsanchez.com

United States Trustee
USTPRegion02.BR.ECF@usdoj.gov

**1-09-44979-ess Notice will not be electronically mailed to:**

Herman Cahn
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119-0165

EXHIBIT "5"

| Name of Document | Relevant Period | Never Produced Despite July 4, 2010 and December 8, 2010 Orders | Only Produced After Nov 16, 2010 Motion For Sanctions Filed | Produced 16 Hours Prior to Nov 30, 2010 Sanctions Hearing | Produced 1 week after Nov 30, 2010 Second Order Compelling Production |
|---|---|---|---|---|---|
| 1. Annual Tax Filings & Registry Agency Filings Lessno 1/2 | 2009 | X | | | |
| 2. Antoaneta Orbetsova Powers of Attorney for Lessno 1/2 | All | X | | | |
| 3. All Contracts Between Lessno, Lessno Bulgaria & Vayant | All | X | | | |
| 4. List of Payments by Lessno 1/2 on behalf of Vayant | All | X | | | |
| 5. Contract Between Lessno LLC and Internap | All | X | | | |
| 6. Invoices and payments pursuant to contract with Internap | All | X | | | |
| 7. Contract Between Lessno 1/2 and SBND Technologies | All | X | | | |
| 8. Invoices and pmnts pursuant to contract w/ SBND Technologies | All | X | | | |
| 9. Contract Between Lessno Bulgaria and Korekt Leasing | All | X | | | |
| 10. Invoices and payments pursuant to contract with Korekt Leasing | All | X | | | |
| 11. Contract Between Lessno Bulgaria and Orbitel | All | X | | | |
| 12. Invoices and payments pursuant to contract with Orbitel | All | X | | | |
| 13. Contract Between Lessno Bul. & Vita Clinic for Health Srvcs | All | X | | | |
| 14. Invoices and pmnts pursuant to contract with Vita Health Clinic | All | X | | | |
| 15. Lessno Bulgaria Phone Services Contract with M-Tel Mobile | All | X | | | |
| 16. List of Telephone Numbers Under M-tel Mobile Contract | All | X | | | |
| 17. Invoices and payments pursuant to contract with M-tel | All | X | | | |
| 18. Full Software Dev & Assigment Agreement(s) Lessno 1/2 & TTS | All | X | | | |
| 19. Contract for Lessno Bul. Empl. on Maternity (Evelina Ivanova) | All | X | | | |
| 20. Records for Stefan Minchev Mandatory Social Insurance Pmnts | All | X | | | |
| 21. Lessno Bulgaria Payroll Reports | Jun-09 - present | X | | | |
| 22. Offer letter, resignation letter, resolution of Directors, and/or any other documents indicating the hiring, employment role with Lessno 1/2, and subsequent discharge of Antoaneta Orbetsova. | All | X | | | |
| 23. Offer letter, resolution of Directors, and/or any other documents indicating the hiring, employment role with Vayant and/or Vayant Bulgaria, of Antoaneta Orbetsova. | All | X | | | |
| 24. Sources and uses of revenue, including ticket sales, invoices to EZ Search, Vayant, their parents and subsidiaries, and other sources of income. | Jun-09 - present | X | | | |

| Name of Document | Relevant Period | Never Produced Despite July 4, 2010 and December 8, 2010 Orders | Only Produced After Nov 16, 2010 Motion For Sanctions Filed | Produced 16 Hours Prior to Nov 30, 2010 Sanctions Hearing | Produced 1 week after Nov 30, 2010 Second Order Compelling Production |
|---|---|---|---|---|---|
| 25. Documents detailing the employee(s) and role(s) of the AD including its parents, subsidiaries and affiliates, from the date of inception and thereafter. | All | X | | | |
| 26. Lessno LLC Monthly Bank Statement(s) | Nov-10 | X | | | |
| 27. Lessno Bulgaria Monthly Bank Statement(s) | Nov-10 | X | | | |
| 28. Lessno LLC Monthly Bank Statement(s) | Dec-10 | X | | | |
| 29. Lessno Bulgaria Monthly Bank Statement(s) | Dec-10 | X | | | |
| 30. Lessno LLC Monthly Bank Statement(s) | Jan-11 | X | | | |
| 31. Lessno Bulgaria Monthly Bank Statement(s) | Jan-11 | X | | | |
| 32. Lessno LLC Monthly Bank Statement(s) | Feb-11 | X | | | |
| 33. Lessno Bulgaria Monthly Bank Statement(s) | Feb-11 | X | | | |
| 34. Lessno LLC Monthly Income Statement | Nov-10 | X | | | |
| 35. Lessno Bulgaria Monthly Income Statement | Nov-10 | X | | | |
| 36. Lessno LLC Monthly Income Statement | Dec-10 | X | | | |
| 37. Lessno Bulgaria Monthly Income Statement | Dec-10 | X | | | |
| 38. Lessno LLC Monthly Income Statement | Jan-11 | X | | | |
| 39. Lessno Bulgaria Monthly Income Statement | Jan-11 | X | | | |
| 40. Lessno LLC Monthly Income Statement | Feb-11 | X | | | |
| 41. Lessno Bulgaria Monthly Income Statement | Feb-11 | X | | | |
| 42. Lessno LLC Monthly Balance Sheet | Nov-10 | X | | | |
| 43. Lessno Bulgaria Monthly Balance Sheet | Nov-10 | X | | | |
| 44. Lessno LLC Monthly Balance Sheet | Dec-10 | X | | | |
| 45. Lessno Bulgaria Monthly Balance Sheet | Dec-10 | X | | | |
| 46. Lessno LLC Monthly Balance Sheet | Jan-11 | X | | | |
| 47. Lessno Bulgaria Monthly Balance Sheet | Jan-11 | X | | | |
| 48. Lessno LLC Monthly Balance Sheet | Feb-11 | X | | | |
| 49. Lessno Bulgaria Monthly Balance Sheet | Feb-11 | X | | | |
| 50. Lessno LLC General Ledger | Nov-10 | X | | | |
| 51. Lessno Bulgaria General Ledger | Nov-10 | X | | | |
| 52. Lessno LLC General Ledger | Dec-10 | X | | | |

| Name of Document | Relevant Period | Never Produced Despite July 4, 2010 and December 8, 2010 Orders | Only Produced After Nov 16, 2010 Motion For Sanctions Filed | Produced 16 Hours Prior to Nov 30, 2010 Sanctions Hearing | Produced 1 week after Nov 30, 2010 Second Order Compelling Production |
|---|---|---|---|---|---|
| 53 .  Lessno Bulgaria General Ledger | Dec-10 | X | | | |
| 54 .  Lessno LLC General Ledger | Jan-11 | X | | | |
| 55 .  Lessno Bulgaria General Ledger | Jan-11 | X | | | |
| 56 .  Lessno LLC General Ledger | Feb-11 | X | | | |
| 57 .  Lessno Bulgaria General Ledger | Feb-11 | X | | | |
| 58 .  Lessno LLC Revenue & Sources | Nov-10 | X | | | |
| 59 .  Lessno Bulgaria Revenue & Sources | Nov-10 | X | | | |
| 60 .  Lessno LLC Revenue & Sources | Dec-10 | X | | | |
| 61 .  Lessno Bulgaria Revenue & Sources | Dec-10 | X | | | |
| 62 .  Lessno LLC Revenue & Sources | Jan-11 | X | | | |
| 63 .  Lessno Bulgaria Revenue & Sources | Jan-11 | X | | | |
| 64 .  Lessno LLC Revenue & Sources | Feb-11 | X | | | |
| 65 .  Lessno Bulgaria Revenue & Sources | Feb-11 | X | | | |
| 66 .  Lessno LLC Expenses & Sources | Nov-10 | X | | | |
| 67 .  Lessno Bulgaria Expenses & Sources | Nov-10 | X | | | |
| 68 .  Lessno LLC Expenses & Sources | Dec-10 | X | | | |
| 69 .  Lessno Bulgaria Expenses & Sources | Dec-10 | X | | | |
| 70 .  Lessno LLC Expenses & Sources | Jan-11 | X | | | |
| 71 .  Lessno Bulgaria Expenses & Sources | Jan-11 | X | | | |
| 72 .  Lessno LLC Expenses & Sources | Feb-11 | X | | | |
| 73 .  Lessno Bulgaria Expenses & Sources | Feb-11 | X | | | |
| 74 .  Lessno LLC Total Assets | Nov-10 | X | | | |
| 75 .  Lessno Bulgaria Total Assets | Nov-10 | X | | | |
| 76 .  Lessno LLC Total Assets | Dec-10 | X | | | |
| 77 .  Lessno Bulgaria Total Assets | Dec-10 | X | | | |
| 78 .  Lessno LLC Total Assets | Jan-11 | X | | | |
| 79 .  Lessno Bulgaria Total Assets | Jan-11 | X | | | |
| 80 .  Lessno LLC Total Assets | Feb-11 | X | | | |
| 81 .  Lessno Bulgaria Total Assets | Feb-11 | X | | | |

| Name of Document | Relevant Period | Never Produced Despite July 4, 2010 and December 8, 2010 Orders | Only Produced After Nov 16, 2010 Motion For Sanctions Filed | Produced 16 Hours Prior to Nov 30, 2010 Sanctions Hearing | Produced 1 week after Nov 30, 2010 Second Order Compelling Production |
|---|---|---|---|---|---|
| 82. Lessno LLC Total Liabilities | Nov-10 | X | | | |
| 83. Lessno Bulgaria Total Liabilities | Nov-10 | X | | | |
| 84. Lessno LLC Total Liabilities | Dec-10 | X | | | |
| 85. Lessno Bulgaria Total Liabilities | Dec-10 | X | | | |
| 86. Lessno LLC Total Liabilities | Jan-11 | X | | | |
| 87. Lessno Bulgaria Total Liabilities | Jan-11 | X | | | |
| 88. Lessno LLC Total Liabilities | Feb-11 | X | | | |
| 89. Lessno Bulgaria Total Liabilities | Feb-11 | X | | | |
| 90. Lessno LLC Monthly Bank Statement(s) | May-10 | | | | X |
| 91. Lessno Bulgaria Monthly Bank Statement(s) | May-10 | | | | X |
| 92. Lessno LLC Monthly Bank Statement(s) | Jun-10 | | | | X |
| 93. Lessno Bulgaria Monthly Bank Statement(s) | Jun-10 | | | | X |
| 94. Lessno LLC Monthly Income Statement | May-10 | | X | | |
| 95. Lessno LLC Monthly Income Statement | Jun-10 | | X | | |
| 96. Lessno Bulgaria Monthly Income Statement | May-10 | | | | X |
| 97. Lessno Bulgaria Monthly Income Statement | Jun-10 | | | | X |
| 98. Lessno LLC Monthly Balance Sheet | May-10 | | | | |
| 99. Lessno Bulgaria Monthly Balance Sheet | May-10 | | | | X |
| 100. Lessno LLC Monthly Balance Sheet | Jun-10 | | | | |
| 101. Lessno Bulgaria Monthly Balance Sheet | Jun-10 | | | | X |
| 102. Lessno LLC General Ledger | May-10 | | | | |
| 103. Lessno Bulgaria General Ledger | May-10 | | | | X |
| 104. Lessno LLC General Ledger | Jun-10 | | | | |
| 105. Lessno Bulgaria General Ledger | Jun-10 | | | | X |
| 106. Lessno LLC Revenue & Sources | May-10 | | X | | |
| 107. Lessno Bulgaria Revenue & Sources | May-10 | | | | X |
| 108. Lessno LLC Revenue & Sources | Jun-10 | | X | | |
| 109. Lessno Bulgaria Revenue & Sources | Jun-10 | | | | X |
| 110. Lessno LLC Expenses & Sources | May-10 | | X | | |

| Name of Document | Relevant Period | Never Produced Despite July 4, 2010 and December 8, 2010 Orders | Only Produced After Nov 16, 2010 Motion For Sanctions Filed | Produced 16 Hours Prior to Nov 30, 2010 Sanctions Hearing | Produced 1 week after Nov 30, 2010 Second Order Compelling Production |
|---|---|---|---|---|---|
| 111 . Lessno Bulgaria Expenses & Sources | May-10 | | | | X |
| 112 . Lessno LLC Expenses & Sources | Jun-10 | | X | | |
| 113 . Lessno Bulgaria Expenses & Sources (#9) | Jun-10 | | | | X |
| 114 . Lessno LLC Total Assets (#11) | May-10 | | | | X |
| 115 . Lessno Bulgaria Total Assets (#11) | May-10 | | | | X |
| 116 . Lessno LLC Total Assets (#11) | Jun-10 | | | | X |
| 117 . Lessno Bulgaria Total Assets (#11) | Jun-10 | | | | X |
| 118 . Lessno LLC Total Liabilities (#12) | May-10 | | | | X |
| 119 . Lessno Bulgaria Total Liabilities (#12) | May-10 | | | | X |
| 120 . Lessno LLC Total Liabilities (#12) | Jun-10 | | | | X |
| 121 . Lessno Bulgaria Total Liabilities (#12) | Jun-10 | | | | X |

"Lessno 1/2" = Lessno LLC and/or Lessno Bulgaria Ltd

EXHIBIT "6"

# Ch-7 1-09-44979-ess Hearing Held and Adjourned (Case Owned BK) -Lessno LLC

BKECF_LiveDB@nyeb.uscourts.gov <BKECF_LiveDB@nyeb.uscourts.gov>

Tue, Jan 25, 2011 at
5:10 PM

To: CourtMail@nyeb.uscourts.gov

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

### U.S. Bankruptcy Court

### Eastern District of New York

Notice of Electronic Filing

The following transaction was received from sej entered on 01/25/2011 at 4:15 PM EST and filed on 01/25/2011

**Case Name:**    Lessno LLC
**Case Number:**    <u>1-09-44979-ess</u>
**Document Number:**

**Docket Text:**
Hearing Held and Adjourned; (related document(s): [45] Scheduling Order) Appearance by Debtor and Petitioning Creditor - On consent, parties to complete noticing and requesting all discovery by 2/8/2011 - IT IS SO ORDERED BY s/Elizabeth S. Stong. Endorsed on Calendar dated 1/25/11. (This is a text Order, no document is attached) Pre-Trial Conference to be held on 02/25/2011 at 10:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson)

The following document(s) are associated with this transaction:

**1-09-44979-ess Notice will be electronically mailed to:**

Michael J Connolly on behalf of Debtor Lessno LLC
mconnolly@formanlaw.com

Edward E Neiger on behalf of Petitioning Creditor Trans Am Travel Inc.
eneiger@neigerllp.com

Joseph Sanchez on behalf of Petitioning Creditor Smart Travel Network, Inc.
law@josephsanchez.com

United States Trustee
USTPRegion02.BR.ECF@usdoj.gov

**1-09-44979-ess Notice will not be electronically mailed to:**

Herman Cahn
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119-0165

---

EXHIBIT "7"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

Case No. 09-44979 (ESS)

In Re:

Involuntary Chapter 7 Proceeding

LESSNO, LLC,

[PROPOSED] ORDER
GRANTING MOTION TO
COMPEL PRODUCTION OF
DOCUMENTS

Alleged Debtor.

---------------------------------------------------------X

*WHEREAS, on May 28, 2010, the Petitioning Creditors filed a motion seeking the entry of an Order compelling the Alleged Debtor to produce certain items in connection with discovery demands dated December 8, 2009 (the "Motion"); and*

*WHEREAS, on June 10, 2010, the Alleged Debtor filed opposition to the Motion; and*

*WHEREAS, on June 17, 2010, the Petitioning Creditors filed a reply in further support of the Motion; and*

*WHEREAS, on June 18, 2010, the Court held a hearing on the Motion at which the Alleged Debtor and the Petitioning Creditors appeared and were heard, and on consent of the parties, the Court granted the Motion to the extent set forth below.*

*NOW, THEREFORE, it is hereby*

*ORDERED, that, on consent of the parties, the Alleged Debtor shall produce*

~~This matter came on for hearing on the Motion by Movants to compel production of certain outstanding discovery due from the Alleged Debtor.~~

~~The Court considered the Motion, and the papers filed in connection therewith, all other relevant documents and pleadings of record in the case, and the representations of counsel.~~

~~The Court heard and determined that the parties have consented and agreed that the Alleged Debtor shall produce, forthwith,~~ the following documents:  Bank statements from June, 2009 to present for all accounts~~;~~ income statements, balance sheets, payroll reports, and ledgers from June, 2009 to the present for Lessno LLC and all its subsidiaries, and those items specified in items 8, 9, 11, and 12 of the Movant's Document Request ***dated December 8, 2009, which is attached to the Motion as "Exhibit 1"; and it is further ORDERED, that, on consent of the parties, the Petitioning Creditors***

~~The parties further consented and agreed that the Movants~~ shall use ***any*** ~~such~~ documents ***produced by the Alleged Debtor*** only for ~~legitimate~~ purposes related to ~~the~~ ***this*** case and for no other purpose.

~~Based upon the foregoing, and other good cause appearing therefore,~~

~~IT IS HEREBY ORDERED that the motion is granted as set forth herein.~~



Dated: Brooklyn, New York
        July 4, 2010

Elizabeth S. Stong
United States Bankruptcy Judge