UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Case No. 09-44979 (ESS)

In Re:                                                        **REPLY TO PETITIONERS' MOTIONS**
                                                              **FOR COSTS AND FOR SANCTIONS**
LESSNO, LLC,
                                                              Involuntary Chapter 7 Proceeding
                        Alleged Debtor.

----------------------------------------------------------X

## REPLY TO ALLEGED DEBTOR'S RESPONSE TO PETITIONER'S MOTION FOR COSTS & MOTION FOR SANCTIONS FOR FAILURE TO COMPLY[1]

PETITIONERS[2] (collectively referred to as Petitioners or Movants), by and through their undersigned counsel, move this Court pursuant to Federal Rule of Bankruptcy Procedure 7037, Fed. R. Civ. P. 37(b), and E.D.N.Y. LBR 7007-1, and state in support thereof as follows:

### I. ALLEGED DEBTOR AVOIDS ADDRESSING THE SUBSTANTIVE ISSUES RAISED IN PETITIONERS' MOTIONS FOR COSTS

**(A)   Motion for Mandatory Costs Under F.R.C.P. 37(b)(2)(C)**

In their Motion for Costs, Petitioners provided the Court with a detailed and well-substantiated legal basis for their claim for costs incurred as a result of Alleged Debtor's demonstrated failure to comply with a valid and un-appealed Court Order. In its Response, Alleged Debtor does not even try to refute Petitioners' detailed and well documented claims. This is not surprising, considering how difficult it would be under the existing facts to draft such a substantive response without either an admission of liability under F.R.C.P. 37(b)(2)(C) or submission of false statements. Unable to respond to the substantive legal issues, Alleged Debtor resorts to an *ad-hominem* attack on Petitioners. At the same time, Alleged Debtor's response conveniently ignores the documented fact that it withheld <u>hundreds of pages</u> of the discovery materials

---

[1] Immediately prior to the filing of this Reply, counsel for the Alleged Debtor served upon your affiant a quantity of discovery which is purported to be in response to Petitioners' discovery demands. Notwithstanding the late production, the Petitioners' motions are based on past misconduct and to the extent such responses continue to remain deficient.

[2] All Petitioners join in this motion with the exception of TransAm Travel, Inc.

specifically listed in the Court's July 4, 2010 Order (the "First Order") until after Petitioners filed their Motion for Sanctions.

Thus, the simple and undisputed fact remains that Alleged Debtor neither (a) timely appealed the First Order, nor (b) complied therewith providing the documents specified therein within the period established by F.R.B.P. It is also undisputed that Alleged Debtor's non-compliance with the First Order continued for over four (4) months through the second half of November 2010, at which point Petitioners had no choice but to incur the serious financial burden of filing its November 2010 Motion for Sanctions as a last resort in order obtain compliance with the First Order. This is exactly the type of deliberate delay that F.R.C.P. 37(b)(2)(C) was meant to deter. Under Second Circuit Court precedent as detailed in Petitioners' original Motion for Costs, lacking any argument that such an award would be unjust, the mandatory provisions of F.R.C.P. 37(b)(2)(C) require that Petitioners be awarded costs for Alleged Debtor's failure to comply the First Order.

Alleged Debtor continues to attempt to mislead the Court by (a) repeating over and over that it has provided numerous discovery documents, and (b) by trying to confuse the issue by conflating Petitioners' second and third discovery requests. It is correct that Petitioners' did indeed submit additional discovery requests after the issuance of the First Order. Petitioners' Motion for Costs relates exclusively to the First Order and Alleged Debtor's failure to timely produce the documents specified therein. Therefore the sole question at hand, is: "Did Alleged Debtor comply with the First Order within the period specified by F.R.B.P.?" The factual record is crystal clear that Alleged Debtor failed to do so. The following undisputed facts are instructive:

Undisputed Facts Relating to the First Order

1. The First Order mandated Alleged Debtor to produce all of the documents listed therein.
2. Alleged Debtor failed to provide hundreds of pages of documents covered by the First Order for a period of over 4 months after the First Order was issued, notwithstanding Petitioners' repeated good faith attempts to persuade Alleged Debtor to comply.
3. Petitioners' filed their Motion for Sanctions on November 16, 2010 after 4 months of non-compliance with the First Order by Alleged Debtor, in direct contravention of the F.R.B.P.
4. Literally on the eve of the November 2010 Sanctions Hearing, Alleged Debtor suddenly released hundreds of pages of documents that were specifically covered by the First

Order. These hundreds of pages of documents are all identified in detail in *Exhibit A to Petitioners' Motion for Costs.*

5. Alleged Debtor's failure to comply with the First Order forced Petitioners to incur very significant financial costs.
6. F.R.C.P. 37(b)(2)(C) requires that Alleged Debtor reimburse Petitioners for such costs unless it can be shown that such an award would be "unjust". No such showing of manifest unjustness has been made.

Therefore under the F.R.C.P. and Second Circuit precedent, Petitioners are clearly entitled to reimbursement of their costs, as requested in their Motion for Costs. Accordingly, Petitioners' Motion should be granted.

## II. ALLEGED DEBTOR'S RESPONSE TO PETITIONERS' MOTION FOR SANCTIONS IS UTTERLY DEVOID OF SUBSTANTIVE LEGAL ARGUMENT

### (A) Petitioners' Motion Clearly Demonstrates That Sanctions Are Justified

Discovery is an established and relatively stable area of federal civil and bankruptcy procedure practice. Petitioners' Motion for Sanctions (i) clearly summarizes existing law with respect to Sanctions under F.R.C.P and Second Circuit precedent for failure to meet discovery obligations, (ii) provides ample facts establishing that Alleged Debtor repeatedly and wilfully failed to meet its discovery obligations, (iii) summarizes the Second Circuit's well-established policy goal of deterrence with respect to discovery sanctions for non-compliance, and (iv) demonstrates that the imposition of Sanctions for Alleged Debtor's continuing failure to fulfil its discovery obligations fits squarely within Rules and precedent governing this Circuit.

### (B) Alleged Debtor's Response Lacks Legal Argument.

Similar to its Response to the Motion for Costs, Alleged Debtor again makes no attempt to even try to refute Petitioners' argument. Clearly Alleged Debtor has no response whatsoever, other than resort to its discredited tactic which involves repeating over and over in its pleadings and to the Court that it has produced many discovery documents thus far. Petitioners do not dispute this. This does not change the fact that Alleged Debtor simply refuses to produce the remaining hundreds of pages of properly requested documents which are in its control. These documents are listed in detail on *Exhibit 5 to Motion for Sanctions*. Alleged Debtor cannot and does not provide any valid legal excuse for its failure to produce such documents. It cannot claim that it does not possess items on this list (for example its 2009 Bulgarian Tax Return Filings for Lessno Bulgaria). Even more instructive to the Court, we note that Alleged Debtor's own

counsel blatantly refused *in writing* to produce other properly requested discovery documents which it had never timely objected to, including payroll records for employees of Lessno Bulgaria, because counsel decided to fabricate a brand new class of discovery withholding rights, one entirely of his own creation *(see Exhibit 3 to Motion for Sanctions, Letter of Counsel for Alleged Debtor dated December 7, 2010)*.

**(C) Alleged Debtor Falsely Claims It Has Complied With Discovery Requests & Orders.**
In its Response, Alleged Debtor makes the demonstrably false claim *"the only discovery left outstanding is the final round of discovery served by the petitioning creditors on the alleged Debtor."* Exhibit 5 to Petitioners Motion for Sanctions lists literally dozens upon dozens of pages of unproduced documents which are under Alleged Debtor's control and which are specifically listed by Petitioners' December 2009 and September 2010 discovery demands. The production of these documents was required by the Court's July 2010 and November 2010 Orders. Worse still, Alleged Debtor does not even deny that the listed documents are under its control and that they were covered by the First and Second Court Orders, nor does it deny the hard truth, that has failed to produce them. Clearly Alleged Debtor's demonstrated failure to produce these dozens of documents from the First and Second discovery requests disproves, and further makes a mockery of Alleged Debtor's claim that *"the only discovery left outstanding is the final round"*. Petitioners' simply cannot accept counterparty pleadings where, to paraphrase Lewis Carrol in *Alice and Wonderland*, words mean exactly what Alleged Debtor decides that they mean, no more and no less. In contrast, Petitioners insist that all parties remain in a world governed by the F.R.B.P and the clear precedent established by the Second Circuit, both of which plainly require that Alleged Debtor must either have timely objected to discovery requests (it failed to do so) or produce the requested documents (which it has also failed to do). The fact that the Court has been thus far extremely lenient and forgiving with respect to Alleged Debtor failure to comply does not mean that it can continue to evade its discovery obligations by simply ignoring the Rules and the First and Second Court Orders.

**(D) Alleged Debtor Completely Ignores Its Obligation to Produce CFO Orbetsova**
Antoaneta Orbetsova continues to be a Lessno-group employee and thereby hold full bank account access and control for Lessno, Lessno Bulgaria and Vayant, the three wholly-owned sister-company subsidiaries of TTS (which is also 100% owner of Lessno, Vayant and Lessno

Bulgaria). Nonetheless, Alleged Debtor refuses to address or explain its repeated refusal to produce Ms. Orbetsova for her scheduled depositions, despite the fact that Ms. Orbetsova was Lessno Bulgaria CFO at the time of the original request for her deposition was received by Alleged Debtor, and despite the fact that her personal CFO bank access codes continue to be the ones used by Alleged Debtor to download and produce those Lessno financial records which have been provided thus far.

### III. PETITIONERS FULLY COMPLIED WITH THEIR OBLIGATIONS TO CONFER WITH ALLEGED DEBTOR PRIOR TO FILING

Notwithstanding Alleged Debtor's unsubstantiated allegations, Petitioners have demonstrably met their obligation to confer with Alleged Debtor prior to filing their Motion for Costs and Motion for Sanctions. Petitioners attempted to confer with Alleged Debtor following the issuance of the Court's Second Order of November 30, 2010 which compelled Alleged Debtor to produce all as-yet unproduced material covered by the First Order and the Second and Third Discovery Requests. Alleged Debtor responded to Petitioners contact by its Letter of December 7, 2010 in which it stated that it refused to surrender the records of Lessno Bulgaria because such documents contained "confidential information". Alleged Debtor has no basis in law to create its own self-defined class of discovery withholding privilege, especially considering unambiguous language of the Court's First Order which mandates that Petitioner to use discovery materials received for the purposes of this case and no others. Furthermore, since November 2010, Petitioners counsel has made repeated written and verbal requests to Alleged Debtors counsel for the production of CFO Orbetsova – all of which were simply ignored by Alleged Debtor. Finally, during February 2011 hearings before this Court, Petitioners clearly stated that additional motions were forthcoming in light of Alleged Debtor's discovery conduct. Thus, it is clearly inaccurate to claim that Petitioners failed to uphold their obligations attempt to resolve these outstanding discovery issues with Alleged Debtor prior to filing.

### IV. CONCLUSION

#### (A) RELIEF SOUGHT

For the foregoing reasons, Petitioners respectfully request that the Court impose sanctions on Alleged Debtor pursuant to F.R.C.P. 37(b) as follows:

Requested Relief.

1. Grant of default judgment in favor of Petitioners pursuant to F.R.C.P. 37(b)(2)(A)(vi); and

2. Implement the provisions F.R.C.P. 37(b)(2)(C) which, with certain very limited exceptions, <u>mandates</u> reimbursement of a prevailing Movant's reasonable expenses, including attorney's fees, incurred due to a failure to comply with a Court Order related to discovery.

<u>In the alternative</u>, Petitioners respectfully request relief and sanctions as follows:

1. That the facts presented by Petitioners be taken as established for purposes of this action pursuant to F.R.C.P. 37(b)(2)(A)(i); and

2. Alleged Debtor be Ordered to immediately comply with this Court's Orders of July 4, 2010 and November 30, 2010, and to certify, under oath, that it has complied with such Order in all respects and provide the details of all actions taken to comply with the Order; and

3. Implement the binding provisions F.R.C.P. 37(b)(2)(C) which, with certain very limited exceptions, <u>mandates</u> reimbursement of a prevailing Movant's reasonable expenses, including attorney's fees, incurred due to a failure to comply with a Court Order related to discovery;

4. Finding Alleged Debtor in contempt of the Court's Order of July 4, 2010 and in contempt of the Court's order of November 30, 2010 pursuant to F.R.C.P. 37(b)(2)(A)(vii); and

5. Issue an Order compelling Alleged Debtor and its true management, TTS, to make Antoaneta Orbetsova available for deposition.

Respectfully Submitted,

LAW OFFICE OF JOSEPH SANCHEZ, P.C.
*Attorney for Movants*
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
Telephone: (516) 417-8525
Telecopier: (516) 977-3020

JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No. 09-44979 (ESS)

In Re:                                                          **CERTIFICATE OF SERVICE**

LESSNO, LLC,

                      Alleged Debtor.

------------------------------------------------------------X

**I HEREBY CERTIFY** that a true and correct copy of the foregoing REPLY has been furnished by the Court's CM/ECF System to the following on April 26, 2011:

MICHAEL CONNOLLY, ESQ.
Alleged Debtor's counsel
Forman Holt Eliades & Ravin LLC
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
Email address mconnolly@formanlaw.com

EDWARD E. NEIGER, ESQ.
Counsel for Petitioner TransAm Travel, Inc.
Neiger, LLP
111 John Street, Suite 800
New York, New York 10038
Email address eneiger@neigerllp.com

THE HONORABLE ELIZABETH S. STONG
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

US TRUSTEE DIANA G. ADAMS
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201
Email address USTPRegion02.BR.ECF@usdoj.gov

LESSNO, LLC
c/o Harvard Business Services, Inc.
16192 Coastal Highway
Lewes, Delaware 19958

                              By: _____
                                     JOSEPH SANCHEZ, ESQ.