Joseph Sanchez, Esq.

LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Case No. 09-44979 (ESS)

In Re:                                                        **MEMORANDUM IN**
                                                              **FURTHER SUPPORT OF**
LESSNO, LLC,                                                  **MOTIONS FOR SANCTIONS**
                                                              **AND COSTS**
                            Alleged Debtor.
                                                              Involuntary Chapter 7 Proceeding
----------------------------------------------------------X

## I. QUESTIONS SUBMITTED FOR CONSIDERATION

In the course of the May 20, 2011 Hearing relating to Petitioners' Motions for Sanctions and Costs, the Court submitted several questions to Petitioners' counsel relating to the mandatory nature of costs under Rule 37. Below are the relevant questions and a discussion of the questions submitted by the Court.

Q-1. Is an award of Costs *mandatory* under Rule 37(a)(5)(A) where it is uncontested that the Court has granted Petitioners Motion to Compel and issued an Order compelling production? *(see July 4, 2010 "First Order)*

Q-2. Is an award of Costs *mandatory* under Rule 37(a)(5)(A) in a case where it is uncontested that Alleged Debtor failed to deliver hundreds of pages of properly requested Discovery material within the period required by the Rules, but suddenly did so after the filing of each of Petitioners' November 16, 2010 Motion for Sanctions & Costs and March and April 2011 Motions for Sanctions & Costs? *(shortly before the related Hearings in both cases).*

Q-3. Under circumstances where the *mandatory* award of Costs provisions of Rule 37(a)(5)(A) have been triggered, under what circumstances does Rule 37(a)(5)(A) grant discretion to the Court to not award Costs?

Q-4. Is an award of Costs *mandatory* under Rule 37(b)(2)(C) in the case where it is uncontested that Alleged Debtor failed to deliver hundreds of pages of Discovery materials specifically covered by the Court's July 4, 2010 First Order to Produce and its November 30, 2010 Second Order to Produce until after Petitioners' had been forced to file their respective November 2010 and March/April 2011 Motions for Sanctions & Costs, in both cases over 4 months after such Orders had been issued.

Q-5. Under circumstances where the *mandatory* award of Costs provisions of Rule 37(b)(2)(C) have been triggered, under what circumstances does Rule 37(b)(2)(C) grant discretion to the Court to not award Costs?

## II. BACKGROUND

The following facts are uncontested by Alleged Debtor.

Undisputed Fact 1.    Petitioners filed their First Discovery Request on December 9, 2009.

Undisputed Fact 2.    In May 2010 (over 5 months later) Petitioners filed a Motion to Compel Production of Discovery.

Undisputed Fact 3.    On July 4, 2010, the Court granted Petitioners' May 2010 Motion and issued its First Order compelling production of the unproduced discovery requests up to that date. *("Exhibit 1")*

Undisputed Fact 4.    Alleged Debtor failed to deliver *hundreds of pages* of Discovery Materials specifically covered by the Court's July 4, 2010 First Order for over *4 months* after the First Order was issued.

Undisputed Fact 5.    On November 16, 2010, Petitioners filed their Motion for Sanctions, Costs & Court Order Compelling Production of Discovery *("Exhibit 2")* relating to the remaining unproduced discovery from the First Discovery Request as well as the unproduced discovery from Petitioners' Second and Third Discovery Requests.

Undisputed Fact 5.    On November 27, 2010, one day prior to the scheduled Hearing on the merits of Petitioners' November 16, 2010 Motion, Alleged Debtor suddenly delivered *hundreds of pages* of to-then unproduced Discovery Materials specifically covered by the Court's July 4, 2010 First Order.

Undisputed Fact 6.    On November 30, 2010, the Court issued its Second Order granting Petitioners' November 16, 2010 Motion with respect to its request for an order to compel production of remaining unproduced discovery materials from Petitioners' First, Second and Third Discovery Requests (the "Second Order"). *("Exhibit 3")*

Undisputed Fact 7.    On March 24, 2011 and April 5, 2011 respectively, Petitioners' filed their Motion for Costs and Motion for Sanctions relating to Alleged Debtor's failure to deliver *hundreds of pages* of Discovery Materials specifically covered by the Court's Second Order for over *4 months* after it was issued, as well as for the remaining unproduced discovery materials covered by the Court's First order of July 4, 2010.

Undisputed Fact 8.    After Petitioners' filed their March 24, 2011 and April 5, 2011 Motions for Costs & Motion for Sanctions and a hearing on the merits had been scheduled, Alleged Debtor on April 26, 2011 suddenly delivered *hundreds of pages* of Discovery Materials specifically covered by the Court's First & Second Orders.

### III.  MANDATORY AWARD OF COSTS UNDER RULE 37(a)(5)(A)

1. Questions Presented

*Q-1.    Is an award of Costs mandatory under Rule 37(a)(5)(A) where it is uncontested that the Court has <u>granted</u> Petitioners' Motion to Compel and issued its July 4, 2010 Order compelling production?*

*Q-2.    Is an award of Costs mandatory under Rule 37(a)(5)(A) in a case where it is uncontested that Alleged Debtor failed to deliver hundreds of pages of properly requested Discovery material within the period required by the Rules, but suddenly did so <u>after</u> the filing of each of Petitioners' November 16, 2010 Motion for Sanctions & Costs and March and April 2011 Motions for Costs & Sanctions?*

2. Governing Law

The current version of the Federal Rules of Civil Procedure control the two questions posed above.  The current version of Federal Rule of Civil Procedure 37(a) provides in relevant part:

> *Rule 37(a) Motion for an Order Compelling Disclosure or Discovery.*
>
> *(1) In General.*
>
> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> *(5) Payment of Expenses; Protective Orders.*
>
> (A) *<u>If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing</u>*. If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *[Emphasis Added]*

(A)   Rule 37(a)(5)(A) Changed "Shall" to "Must" to Clarify the Mandatory Nature of Costs Award.

The 1993 version of the Rule 37(a)(5)(A) *(which was formerly numbered as Rule 37(a)(4)(A))* is virtually *identical* to the current Rule with one very important and notable change.

> *1993 Version*: "…the court ***shall***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses…" [Emphasis Added]
>
> *Current Version*: "…the court ***must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses…" [Emphasis Added]

The former 1993 version used the clear and strong imperative command "shall". In contrast, the current version employs the word "must" – which is the single strongest imperative command available in the entire English language. It is very difficult to imagine how or why the United States Supreme Court would have *Ordered* this one-word change in the language of Rule 37(a)(5)(A) if it were not to clarify the *mandatory* nature of a lower court's obligation to award costs under Rule 37(a)(5)(A).

(B)   Facts Clearly Establish That Multiple Rule 37(a)(5)(A) Violations Occurred.

*(i) Mandatory Costs Triggered by Issuance of Court Order.* The uncontested facts of this case (as set forth in the section above entitled "Uncontested Facts 1-8" and this Case Docket) clearly show that Petitioners have indisputably prevailed on two separate motions to compel production and the Court has issued two separate Orders compelling production of unproduced material. Under the plain terms of Rule 37(a)(5)(A), this is all that is required to trigger the mandatory reimbursement of costs to Petitioners *("If the Motion is Granted…the court must, after giving an opportunity to be heard, require the party…to pay the movant's reasonable expenses incurred in making the motion, including attorneys fees." [Emphasis Added])*

*(ii) Mandatory Costs Triggered by Delivery of Discovery After Sanctions Filings.* Furthermore, the facts also clearly establish that Alleged Debtor belatedly produced hundreds of pages of critical discovery materials *after* the Petitioners' had filed their November 16, 2010 Motion for Sanctions & Costs and their April 5, 2011 Motion for Sanctions. Under Rule 37(a)(5)(A), this also is all that is needed to trigger the *mandatory* reimbursement of costs to Petitioners *("If the motion is granted – or if discovery is provided after filing, the court must, after giving an*

*opportunity to be heard, require the party…to pay the movant's reasonable expenses incurred in making the motion, including attorneys fees." [Emphasis Added])* The undisputed facts of the present case clearly demonstrate that this provision has been triggered and mandatory reimbursement of costs applies. On November 27, 2010, 11 days after Petitioners November 16, 2010 Motion for Sanctions and Costs, Alleged Debtor surrendered *hundreds of pages* of long-delayed discovery materials covered by Petitioner's Motion. On April 26, 2011, 21 days after Petitioners had filed their Motion for Sanctions, Alleged Debtor surrendered a batch of *hundreds of pages* of unproduced discovery materials covered by Petitioners Motion.

C.  Exceptions -- Discretion Granted to the Court to Not Award Costs.

*Q-3.    Where the mandatory award of Costs provisions of Rule 37(a)(5)(A) have been triggered, under what circumstances does Rule 37(a)(5)(A) grant discretion to the Court to not award Costs?*

Rule 37(a)(5)(A) establishes that a court must not order costs <u>only</u> under the following circumstances.

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

In the present case, none of the three exceptions to the mandatory natures of costs applies. *Exception (i).*  As noted in the relevant motions and pleadings, it is well documented that Petitioners' counsel has made great efforts to obtain disclosure from Alleged Debtor. Petitioners' motions were only filed after dozens of calls and emails were made to Alleged Debtor's counsel and repeated verbal follow-ups, both in court and out. In fact, prior to the filing of the most recent Motion for Sanctions and Motion for Costs, Petitioners' counsel plainly stated to the Court and opposing counsel that discovery obligations had <u>still</u> not been fulfilled and therefore additional motions would be forthcoming  *Exception (ii).*  It is the clear burden of Alleged Debtor to show that its failure to produce discovery was substantially justified. It has made no such showing. In fact, Alleged Debtor has done just the opposite. By producing

hundreds of pages of properly requested discovery material <u>after</u> Petitioners had filed their May 2010 Motion to Compel and November 2010 and April 2011 Motions for Sanctions respectively, Alleged Debtor has effectively admitted that it has no justification whatsoever for its 4+ month failure in each case, but chose to reverse its position after facing the threat of sanctions. *Exception (iii).* It is the clear burden of Alleged Debtor to demonstrate that the award of mandatory costs under Rule 37(a)(5)(A) would be unjust. Alleged Debtor has made no such showing. In fact it has not even attempted to do so. It has filed no responses, no motions and no briefs making any argument to the Court as to why the imposition of costs under Rule 37(a)(5)(A) would be unjust.

## IV. MANDATORY AWARD OF COSTS UNDER RULE 37(b)(2)(C)

<u>1. Question Presented.</u>

> *Q-4. Is an award of Costs mandatory under Rule 37(b)(2)(C) in the case where it is uncontested that Alleged Debtor failed to deliver hundreds of pages of Discovery materials specifically covered by the Court's July 4, 2010 First Order to Produce and its November 30, 2010 Second Order to Produce until after Petitioners' had been forced to file their respective November 2010 and March/April 2011 Motions for Costs & Sanctions, in both cases over 4 months <u>after</u> such Orders had been issued.*

Federal Rule of Civil Procedure 37(b)(2) provides in relevant part:

> <u>Sanctions by Court in Which Action is Pending</u>. *If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: [listing five possible sanctions, including an order "rendering a judgment by default"].*

> Rule 37(b)(2)(C) *Payment of Expenses*.

> Instead of or in addition to the orders above, the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. [Emphasis Added]

It should be noted that the operative word in the *current* Rule 37(b)(2)(C) is once again "must" – not "shall". Rule 37(b)(2)(A) is quite clear about the Court's discretion to order sanctions under Rule 7(b)(2). The Court has wide latitude to administer any or all of the 7 serious sanctions

listed in Rule 37(b)(2)(A)(i)-(vii) – or none at all, at its discretion.  However, should a violation of Rule 37(b)(2) have occurred and the Court exercises its discretion <u>not</u> to administer any of the 7 prescribed sanctions, it then <u>must</u> require Alleged Debtor to pay Petitioners' attorneys' fees and costs caused by Alleged Debtor's failure to comply with discovery orders <u>unless</u> the violating party has met the very high burden of <u>affirmatively showing</u> that the award of costs would be unjust *(as discussed below)*.

2. <u>Exceptions -- Discretion Granted to the Court to Not Award Costs.</u>

*Q-5.   Where the mandatory award of Costs provisions of Rule 37(b)(2)(C) have been triggered, under what circumstances does Rule 37(b)(2)(C) grant discretion to the Court to not award Costs?*

A.  <u>Costs Mandatory If Court Chooses to Not Impose Sanctions Specified in Rule 37 (b)(2)(A).</u>

Where the Court has declined to administer any of the 7 enumerated sanctions set forth in subsection (b)(2)(A), a violating party can avoid Rule 37(b)(2)(C) costs only upon meeting the very high burden of <u>affirmatively showing</u> that the award of costs would be unjust.  It is the clear burden of Alleged Debtor to demonstrate that the award of mandatory costs under Rule 37(b)(2)(C) would be unjust.  In the present case, Alleged Debtor has made no such showing, nor has it even attempted to do so.  It has filed no responses, no motions and no briefs making any argument to the Court as to why the imposition of costs under Rule 37(b)(2)(C) would be unjust. Considering the fact that the Court issued two separate Orders which Alleged Debtor refused to comply with for over 4 months in the case of the First Order, and 4 months with respect to the Second Order, and the fact that Alleged Debtor has failed to meet its burden of showing unjustness, it is very difficult to contemplate how the imposition of mandatory sanctions required by Rule 37(b)(2)(C) could possibly be "unjust" as contemplated by the solitary exception to the mandatory nature of Rule 37(b)(2)(C) costs.

## V.  <u>STRICT SECOND CIRCUIT POLICY STRONGLY COUNSELS THAT UNTIMELY RESPONSE TO REQUESTS OR ORDERS MERITS SEVERE SANCTIONS.</u>

1. <u>Policy on Discovery in General</u>.

The Second Circuit has made clear that where a litigant fails to timely respond to discovery demands as required by Rule 26(a) or 26(e)(2), significant sanctions are warranted. In a ruling directly applicable to this case, the Second Circuit has specifically emphasized to lower courts that Rule 37 violations necessarily include a party's <u>untimely</u> production of documents and information required to be produced "…we are uncertain whether the District Court appreciated that as a discovery deadline or trial date draws near, discovery conduct that might have been considered "merely" discourteous at an earlier point in the litigation may well breach a party's duties to its opponent and to the court. In the circumstances presented here, trial was imminent and [litigant] had repeatedly missed deadlines to produce." *Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99 at 70 (2d Cir. 2002).*

2. <u>Second Circuit Precedent Strongly Discourages Discovery Leniency</u>.

The Second Circuit has repeatedly cautioned lower courts about the dangers of leniency with respect to discovery sanctions, pointing out that willful disregard by a litigant or its counsel of their discovery obligations has harmful effects extending far beyond the frustration of justice in the particular lawsuits involved. Such willful defaults also undermine the administration of justice generally, by subverting the efficiency of the judicial process and diminishing the respect it is accorded. *See Goodsons & Co., Inc. v. National American Corp. 78 F.R.D. 721, 722 (S.D.N.Y. 1978); see also Kihl v. Pfeffer, 94 N.Y.2d 118, 123 (1999)* ("If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity"). "in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where ... they are clearly warranted." *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979)*

Second Circuit precedent is crystal clear: No party may with impunity ignore duly served discovery demands, miss deadlines established by the F.R.C.P. relating to discovery, fail to timely comply with a valid discovery order, or adhere to established discovery schedules: "…all litigants … have an obligation to comply…When they flout that obligation they … must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 123 (2d Cir. 1988).*

A litigant's noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control. *See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers* 357 U.S. 197, 212-213 (1958); *Jones v. Niagara Frontier Transp. Authority,* 836 F.2d 731 (2d Cir. 1987) (holding plaintiff's behavior to be willful when plaintiff ignored his counsel's advice, refused to answer deposition questions, and obstructed progress on litigation that had been pending for seven years).

## VI.  SUMMARY

Alleged Debtor actions have clearly and indisputably triggered the <u>mandatory</u> provisions of both Rule 37(a)(5)(A) and Rule 37(b)(2)(C) requiring reimbursement of Petitioners' costs. Furthermore, Alleged Debtor has not made any attempt to meet its burden to show that it falls under the very limited exceptions granting the Court discretion to not award costs under such provisions.  Finally, even without the mandatory provisions, binding Second Circuit precedent strongly encourages strict sanctions in cases of repeated or inordinate delays, or multiple failures to timely produce documents.

      /s/ Joseph Sanchez
      JOSEPH SANCHEZ, ESQ.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                          **CERTIFICATE OF SERVICE**

LESSNO, LLC,

         Alleged Debtor.

----------------------------------------------------------X

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion For Sanctions has been furnished by the Court's CM/ECF System to the following on the 4th day of June, 2011:

MICHAEL CONNOLLY, ESQ.
Alleged Debtor's counsel
Forman Holt Eliades & Ravin LLC
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
Email address mconnolly@formanlaw.com

EDWARD E. NEIGER, ESQ.
Counsel for Petitioner TransAm Travel, Inc.
Neiger, LLP
111 John Street, Suite 800
New York, New York 10038
Email address eneiger@neigerllp.com

THE HONORABLE ELIZABETH S. STONG
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

US TRUSTEE DIANA G. ADAMS
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201
Email address USTPRegion02.BR.ECF@usdoj.gov

LESSNO, LLC
c/o Harvard Business Services, Inc.  By:  /s/ Joseph Sanchez
16192 Coastal Highway          JOSEPH SANCHEZ, ESQ.
Lewes, Delaware 19958