**FORMAN
HOLT
ELIADES
& RAVIN** LLC
ATTORNEYS AT LAW

Charles M. Forman**
Erin J. Kennedy***
Michael E. Holt**
Daniel M. Eliades*
Joseph M. Cerra**
Kim R. Lynch**
William L. Waldman**
David S. Catuogno***
Harry M. Gutfleish**
Stephen B. Ravin**
Andrew J. Karas**
Catherine E. Youngman**
Michael J. Connolly***
Michelle Rosen Silverman**
Robert H. Johnson***
Brigette McGrath**
Dipesh Patel**
Michael R. Herz**
Constance N. DeSena**
Matteo Percontino**

OF COUNSEL
Wendy B. Green**
William A. Calandra**

MEMBER NJ & PA BAR*
MEMBER NJ & NY BAR**
MEMBER NJ BAR***

www.formanlaw.com
firm@formanlaw.com

REPLY TO PARAMUS

June 6, 2011

**VIA ECF**
Hon. Elizabeth S. Stong, U.S.B.J.
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201-1800

Re:   Lessno, LLC
       Case No. 09-44979

Dear Judge Stong:

As Your Honor is aware this firm represents the alleged debtor in the above matter. I submit this letter brief in further opposition to the petitioning creditor's motion for sanctions.

As You Honor is aware, the principals of the alleged debtors are located in Bulgaria. Despite language barriers, time differences, and an unending litany of ongoing discovery requests, the alleged debtor has not only satisfied its discovery obligations in this case but has gone above and beyond through multiple productions of discovery in a reasonable manner.

A closer review of the history of filings by the petitioning creditors demonstrates that there is a pattern to their conduct which has exacerbated the discovery process in this matter.

The first discovery motion that was filed in this matter arose solely as a result of the petitioning creditors' refusal to enter into a standard and appropriate confidentiality agreement. On May 14, 2010, as mediation was approaching, the alleged debtor provided additional documents to the petitioning creditors and stated that several other documents were confidential and that they could be reviewed during the mediation but that copies would not be provided. During the course of the mediation, the petitioning creditors were allowed to review the information yet still refused to provide a confidentiality agreement. On May 25, 2010, the alleged debtor provided additional confidential documents indicating that they too should remain confidential. On May 26, 2010, mediator and former judge Herman Cahn provided a form protective order and stipulation which the petitioning creditors refused to sign. Thereafter, the petitioning creditors filed a motion to compel on May 28, 2010 objecting to the claim of confidentiality. The hearing on the motion was held on June 18, 2010 at which time the Court ruled that the documents should be subject to confidentiality protection and directed that a proposed order be prepared. The petitioning creditors circulated a proposed order on June 25, 2010. On June 30, 2010, the alleged debtor advised that the proposed order as acceptable and provided the documents subject to the terms of the confidentiality ruling. On July 7, 2010, the

Court entered the proposed order. Thus, by the time of the entry of the order, the issues had been resolved and the documents were supplied.

Just a week later, on July 14, 2010, the petitioning creditors issued another document demand. Petitioning creditors responded to the document demand raising certain objections on August 20, 2010. Again, the objections related to issues regarding the scope of the discovery and the confidentiality of various documents. This court held a conference with regard to same on August 31, 2010 and suggested that redacted copies of the objected documents be produced. On September 7, 2010, the alleged debtor produced those additional documents.

While litigants typically have one, but at most two, discovery demands, the petitioning creditors issued a third demand on or about October 11, 2010 initially misdirecting the mailing of same.

After serving the third request, counsel for the alleged debtor told the petitioning creditors that they were still working on responding. Nevertheless, the petitioning creditors filed a motion for sanctions on November 16, 2010. Just two days later, the responsive documents were produced with an additional production on November 29, 2010. On November 30, 2011, this court addressed the motion requesting that the alleged debtor issue a letter indicating that it would produce outstanding documents that were being withheld and the basis for same. The alleged debtor responded by letter dated December 7, 2010. Accordingly, with regard to the motion which was filed shortly after responsive documents were due (after knowing that the debtor was in the process responding to same), production was made together with additional follow up production.

On or about February 8, 2011, the petitioning creditors issued yet another request for the production of documents --- the fourth request to date. The alleged debtors complied by providing responsive documents on or about March 11, 2011. An additional production was made on April 25, 2011.

Nevertheless, the debtors rehashed their old arguments and motions with their most recent series of filings first made on March 24, 2011. At the last hearing on these motions, counsel for the alleged debtor indicated that upon receipt of an updated list of documents that the petitioning creditors claimed were still outstanding, that the alleged debtor would issue a declaration regarding same. The petitioning creditors did not provide such an updated list until prodded to do so by counsel the alleged debtor. The list was not received until Thursday, May 26, 2011 shortly before the Memorial Day weekend. Nevertheless, the alleged debtor has supplied a declaration consistent with the court's directives indicating that it has either produced the documents; previously withheld them based upon the prior objections; or in some

Hon. Elizabeth S. Stong, U.S.B.J.
June 6, 2011
Page 3

instances, viewed certain claimed "open" documents as not falling in the scope of previously demanded documents. The alleged debtor is compiling further responsive documents and intends to produce same.

In conclusion, the alleged debtor respectfully submits that the present motions have been previously decided and are without merit. The petitioning creditors have had more than their fair share of opportunities to seek and obtain documents. The alleged debtor has produced documents time and time again and has done so in a reasonably appropriate manner.

Respectfully submitted,

Michael J. Connolly

MJC:mm
m:\pet\lessno\letters\stong.6-6.doc