UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    Case No. 09-44979 (ESS)

In Re:                                                          **DECLARATION OF**
                                                                **ANI M. PETROVA-SOTIROVA**

LESSNO, LLC,

                                    Alleged Debtor.

-----------------------------------------------------------X


I, Ani M. Petrova-Sotirova do hereby declare under penalty of perjury under the
laws of the United States of America, that the following is true and correct to the
best of my knowledge and belief:

1. I am President of petitioning creditor Smart Travel Network Inc. ("Smart
   Travel"), a New York corporation, in these involuntary chapter 7 proceedings.
   I submit this Declaration in support of entry of an order for relief.

2. As of June 11, 2009, the date prior to the filing date of the instant proceedings,
   the parent company and whole owner of the Alleged Debtor, a Delaware
   limited liability company, was a Netherlands cooperative ("TTS"). TTS was
   also the whole owner of EZsearch LLC, another Delaware limited liability
   company (together with the Alleged Debtor, the "Companies"). Alleged
   Debtor wholly owned Lessno Bulgaria EOOD, a Bulgarian limited liability
   company ("Lessno Bulgaria").

3. From March 31, 2008 to June 11, 2009, Neveq S.a.r.l., a venture capital fund
   ("Neveq"), held a 55% interest in TTS. Assen Vassilev, Bojanka Gyosheva,
   Mario Sotirov and I (collectively the "Founders") together, held the
   remaining 45% interest.

4. Pursuant to the Ticketing Agreement between Alleged Debtor and Smart
   Travel dated November 11, 2006 (as identified in Section (D)(6) of the Joint

Pretrial Memorandum filed July 25, 2011 in the instant case, and referred to hereinafter as the "STN Ticketing Agreement"), Smart Travel provided Alleged Debtor with airline ticketing services and Global Distribution System (GDS) access through its Travelport and Amadeus system accounts pursuant to the STN Ticketing Agreement.

5. The terms of the STN Ticketing Agreement provide for pass-through of GDS charges based on usage of the GDS by Alleged Debtor with no surcharge on the part of Smart Travel. GDS usage charges incurred by Alleged Debtor are easily identifiable on the statements provided by the GDS. Smart Travel prepared monthly invoices for these GDS system usage charges, attaching the relevant pages of the GDS statements for reference.

6. Smart Travel also provided ARC authorized ticketing services to Alleged Debtor at a cost of $2 per ticket. All airline commissions applicable to tickets ordered by Alleged Debtor and issued by Smart Travel were passed along to Alleged Debtor in their entirety.

7. Through January 2009, Alleged Debtor paid in full all invoices presented by Smart Travel. Alleged Debtor has not paid invoices presented after January 2009 with a total outstanding amount of $118,923.02, excluding interest and penalties applicable under state law.

8. On or about May 12, 2009, Smart Travel provided a short-term loan in the amount of $40,000 to Alleged Debtor. I signed a promissory note (as identified in Section (D)(2) of the Joint Pretrial Memorandum filed July 25, 2011 in the instant case, and referred to hereinafter as the "STN Promissory Note") to that effect with the Companies. As indicated on the face, the STN Promissory Note was provided on the basis that that it would be repaid within 20 days of issuance.

9. CFO Antoaneta Orbetsova's email of June 10, 2009 (as identified in Section (D)(8) of the Joint Pretrial Memorandum filed July 25, 2011 in the instant case, and referred to hereinafter as the "CFO Orbetsova Funds Receipt

Email") acknowledges receipt of the funds relating to the STN Promissory Note. Bank records also confirm the transfer of funds to the Alleged Debtor.

10. Since June, 2009, the Alleged Debtor has refused to repay the sums owing to my company pursuant to the Promissory Note and invoices detailed above, as such debts have become due.

WHEREFORE, I respectfully request that this Court enter an order for relief and appoint a chapter 7 trustee.

IN WITNESS WHEREOF, I have executed this Declaration the 5th day of August 2011

ANI PETROVA-SOTIROVA