UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                                          **DECLARATION OF**
                                                                                      **MARIO SOTIROV**
LESSNO, LLC,

                              Alleged Debtor.

-----------------------------------------------------------X

I, Mario I. Sotirov do hereby declare under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief:

1. I am a petitioning creditor in these involuntary chapter 7 proceedings, and a minority shareholder in petitioning creditor Smart Travel Network, Inc, a New York corporation and thus have personal knowledge of the facts and circumstances set forth herein.

2. I submit this Declaration in support of entry of an order for relief.

3. I hold an MBA degree from the University of Chicago and, prior to joining the Alleged Debtor as Interim CEO, I worked for 12 years in the United Nations.

4. As of June 11, 2009, the date prior to the filing date of the instant proceedings, the parent company and whole owner of the Alleged Debtor, a Delaware limited liability company, was a Netherlands cooperative ("TTS"). TTS was also the whole owner of EZsearch LLC, another Delaware limited liability company (together with the Alleged Debtor, the "Companies"). Alleged Debtor wholly owned Lessno Bulgaria EOOD, a Bulgarian limited liability company ("Lessno Bulgaria").

5. From March 31, 2008 to June 11, 2009, Neveq S.a.r.l., a venture capital fund ("Neveq"), held a 55% interest in TTS. Assen Vassilev, Bojanka Gyosheva, Ani

Petrova-Sotirova and I (collectively the "Founders") together, held the remaining 45% interest.

6. During this period, the governing body of the Companies, their parent TTS, and the Alleged Debtor's subsidiary Lessno Bulgaria was the Advisory Board of TTS (the "Board").

7. The Board had five members. Dr. Stanislav B. Gyoshev, Assen V. Vassilev and I represented the Founders. Konstantin Petrov and Ralitsa Bobochikova, represented Neveq. Dr. Stanislav Gyoshev was Chairman of the Board; Konstantin Petrov was Deputy Chairman.

8. In early May 2009, the Companies were unable to meet their payroll obligations and pay other debts, including sums owed to key suppliers, as they became due.

9. On or about May 9, 2009, a meeting of the Board was held at the Lessno Bulgaria office located at 102 Oborishte St. in Sofia, Bulgaria. The meeting was attended telephonically by the Chairman, Dr. Stanislav Gyoshev, and in person by Konstantin Petrov, Assen Vassilev, and me.

10. During the meeting Assen Vassilev and I, in our capacities as the Chief Executive Officers of EZsearch LLC, and Alleged Debtor, respectively, reported to the Board that the Companies required immediate financing in a minimum amount of $150,000 to meet overdue payroll and pay critical suppliers so as to avoid service interruptions and disruption to the business.

11. Assen Vassilev proposed that Neveq and the Founders each make a short-term loan to the Companies to meet such obligations. Neveq, via Deputy Chairman of the Board Konstantin Petrov, declined to make a loan to the Companies. And so the Board decided that Chairman of the Board Stanislav Gyoshev, Assen Vassilev and I would seek to arrange or provide short-term unsecured loans in the amount required to meet overdue payroll payments and pay critical suppliers.

12. Pursuant to the Board's decision, we provided the approved short-term loans for the Alleged Debtor and EZsearch LLC in the form of EUR 21,500 and BGN 83,000, less bank transfer fees, ($89,333 at then-current exchange rates) provided by Assen Vassilev and me, and $40,000 provided by Smart Travel Network Inc.

13. On or about May 12, 2009, Alleged Debtor and EZsearch LLC executed two promissory notes, one in favor of Assen Vassilev and me in the amount of EUR 21,500 and BGN 83,000 ($89,333 at then-current exchange rates) and one in favor of Smart Travel Network Inc. in the amount of $40,000 (as identified in Section (D)(1) and (D)(2) of the Joint Pretrial Memorandum on July 25, 2011 in the instant case, hereinafter the "Promissory Notes"). As indicated on the face, the Promissory Notes were provided on the basis that that they would be repaid within 20 days of issuance.

14. The Promissory Notes were executed by the Alleged Debtor and EZsearch LLC following the decision by the Board, which all Board members participating in the Board meeting held on or about May 9, 2009 had approved. They were thereby in full accord with all governing corporate rules relating to transactions with interested parties. Moreover, Assen Vassilev and I voluntarily declined to accept our salaries for April, May and June 2009, and therefore did not receive funds in our personal capacities pursuant to the Promissory Notes.

15. Antoaneta Orbetsova's email of June 10, 2009 (as identified in Section (D)(8) of the Joint Pretrial Memorandum on July 25, 2011 in the instant case, hereinafter the "CFO Orbetsova Funds Receipt Email") acknowledges receipt of the funds. Bank records and receipts for the cash also confirm the transfer of funds to the Alleged Debtor.

16. Ms. Orbetsova, as part of her role as Chief Financial Officer for the Companies, had access to all the bank accounts of the Companies. She also had access to the Lessno Bulgaria payroll account. She personally disbursed all the loan

proceeds. A portion of the funds she disbursed were provided in cash in Bulgarian currency on May 12 and 13, 2009 and immediately disbursed as cash payroll to the employees.

17. On June 4, 2009, Neveq called a General Meeting of TTS to be held on June 11, 2009. At the June 11 meeting Neveq, via its representatives at the meeting Konstantin Petrov and Ivo Evgeniev voted to remove all other members from the cooperative without compensation. At the same meeting, Neveq also removed Assen Vassilev and me as CEOs of EZsearch and the Alleged Debtor, respectively.

18. Since unlawfully ousting the Founders from TTS, Neveq, claiming to be sole owner of TTS (and therefore the Companies), has at all times refused to repay the sums owing pursuant to the Promissory Notes (and other amounts owed to the Petitioning Creditors, which are detailed in the Declarations of Ani Petrova-Sotirova and Stanislav Gyoshev). The Alleged Debtor has not paid these and other debts as they have come due.

WHEREFORE, I respectfully request that this Court enter an order for relief and appoint a chapter 7 trustee.

IN WITNESS WHEREOF, I have executed this Declaration the 5th day of August, 2011

_____
MARIO SOTIROV