Michael J. Connolly, Esq.
FORMAN, HOLT, ELIADES & RAVIN, LLC
80 Route 4 East, Suite 290
Paramus, NJ 07652
(201) 845-1000
(201) 845-9112
mconnolly@formanlaw.com
Attorneys for Alleged Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In Re:

LESSNO LLC,

        Alleged Debtor.

-------------------------------------------------------X

Case No. 09-44979 (ESS)

Involuntary Chapter 7 Proceeding

## DECLARATION OF KONSTANTIN PETROV

Konstantin Petrov, of full age, pursuant to 28 U.S.C. §1746, declares as follows:

1. I am currently a Member of the Board of Managers of NEVEQ Sarl and a member of the Board of Directors of Lessno, LLC. I submit this Declaration as part of Lessno, LLC's trial submissions in this matter.

2. Lessno, LLC is a limited liability company. At the date of initial investment of Neveq in Lessno, Lessno LLC was owned by Mario Sotirov, Assen Vassilev, Bojanka Gyosheva and Ani M. Petrova-Sotirova. Assen Vassilev and Stanislav Gyoshev were the original owners of Lessno LLC but, as seen from the company share register, on 30 June 2005 Stanislav Gyoshev had transferred his shares to his mother Bojanka Gyosheva, Mario Sotirov and Ani M. Petrova - Sotirova. All these individuals, with the exception of Bojanka Gyosheva, are all petitioning creditors in this case. See Shareholders Agreement at 2.4.

3. The first contacts between Lessno and NEVEQ were in the summer of 2006.

4. NEVEQ requested full financial, legal, commercial and technical information from Lessno in order to carry out complete due diligence of the company for the purpose of potential investment in Lessno.

5. Neveq specifically requested that Lessno disclose to it all of the contracts to which Lessno was a party. Neveq considered this information significant for its investment decision.

6. Neveq was not supplied with a copy of the Ticketing Agreement with Smart Travel Network, Inc. during the due diligence period.

7. Unaware of the Ticketing Agreement, Neveq decided to invest in Lessno. Neveq agreed initially to invest $2,000,000 with possible increase of $1,000,000 thereafter. See Shareholder Agreement at p.1.

8. As part of the investment, Lessno entered into the March 27, 2008 Shareholder Agreement.

9. The Shareholder Agreement contemplated the creation of a holding company (Travel Technologies Solutions ("TTS")) to become the owner of the stock of Lessno, LLC and two other entities. The Shareholder Agreement also required the creation of a Board of Directors (called Advisory Board) of TTS to control the affairs of Lessno. The Board would consist of two members of Neveq and three members of Lessno's then existing shareholders. Board approval was required for various transactions described below by a 2/3 vote, thereby ensuring that at least one Neveq member of the Board would need to approve a transaction for which Board approval was required. Shareholder Agreement at Sections 3.01(b) and 3.02(d).

10. The Shareholder Agreement required Board approval for any contracts with Shareholders or an affiliate of a Shareholder. See Shareholder Agreement at Section 3.01 (c)(4).

11. The Shareholder Agreement also required Board approval for borrowing of funds over $100,000 (Shareholder Agreement at Section 3.01(c)(9)); entering into any contracts with material interest exceeding $50,000 (id. at Section 3.01(c)(10)); entering into any contract with a company where Neveq or any of Lessno's then existing shareholders held any controlling interest (id. at Section 3.01(c)(16)).

12. The Smart Travel Network, Inc. Ticketing Agreement was dated as of November 11, 2006 and had a term of one year. See Ticketing Agreement at Section 6.01 with an additional term of one year. Id. at 6.02.

13. The Ticketing Agreement was not disclosed to the members of the Board after the initial term expired in November of 2007. The renewal of the Ticketing Agreement (for the period of November 2007 to November 2008) was not discussed with, nor approved by, the Board. The Ticketing Agreement was not disclosed to the members of the Board at the next renewal date in November of 2008.

14. At the beginning of Neveq's investment in Lessno, Smart Travel Network, Inc. was owned and operated by Ani Petrova-Sotirova and Mario Sotirov. Accordingly, the Ticketing Agreement should have been disclosed to Neveq during the due diligence period. Additionally, any renewal of the Ticketing Agreement beyond March of 2008 should have also been disclosed to the Board and a Neveq member of the Board would have been required to approve same.

15. The Ticketing Agreement was first disclosed to me on May 26, 2009 after Neveq's explicit request.

16. The Ticketing Agreement is objectionable for numerous reasons set forth in the Declaration of Stefan Minchev.

17. All eligible investments in and loans to Lessno have been reviewed and approved by the Board or the General Meeting. As a Member of the Board I have not been acquainted with the conditions on loans by Smart Travel Network, Assen Vassilev and/or Mario Sotirov (size, interest, period, etc.), prior to their execution, and I have never approved such loans. I have not seen, prior to 11 June 2009, nor approved promissory note in the amount of $40,000 by Smart Travel Network, and/or promissory note in the amount of BGN 83,000 and €21,500 by Mario Sotirov and Assen Vassilev.

I declare under penalty of perjury that the foregoing statements made by me are true and correct.

_____
Konstantin Petrov

Dated: 08.08-2011