Joseph Sanchez, Esq.
LAW OFFICE OF JOSEPH SANCHEZ, P.C.
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
(516) 417-8525
(516) 977-3020 Facsimile
law@josephsanchez.com
Attorney for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X    Case No. 09-44979 (ESS)

In Re:                                                          **NOTICE OF MOTION**

LESSNO, LLC,

                              Alleged Debtor.         Involuntary Chapter 7 Proceeding

---------------------------------------------------------X

**PLEASE TAKE NOTICE** that movants and their attorney in the above-captioned matter will move this Court on the 16th day of August, 2011 at 9:00am before the Honorable Joel B. Rosenthal at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Courtroom 3577, Brooklyn, New York 11201 pursuant to Federal Rule of Bankruptcy Procedure 7012 for an Order for Judgment on the Pleadings.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9006-1 (a)(ii), any party objecting to the accompanying Motion may file and serve answering papers so as to be received not later than seven (7) days before the hearing date herein[1].

Dated:  August 15, 2011

                              LAW OFFICE OF JOSEPH SANCHEZ, P.C.
                              *Attorney for Movants*
                              295 Northern Boulevard, Suite 301
                              Great Neck, New York 11021
                              Telephone: (516) 417-8525
                              Telecopier: (516) 977-3020


                               /s/ Joseph Sanchez, Esq.
                              JOSEPH SANCHEZ, ESQ. (JS-6487)

---

[1] This Court's Order of August 9, 2011 denied the Alleged Debtor's late filing of affidavits in defense, absent a motion to extend, and because the motion to extend was not filed, the instant motion became ripe on the eve of trial.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X     Case No. 09-44979 (ESS)

In Re:                                                          **MOTION**
                                                                **FOR JUDGMENT ON THE**
LESSNO, LLC,                                                    **PLEADINGS**
                                                                Involuntary Chapter 7 Proceeding

                                        Alleged Debtor.

----------------------------------------------------------X


PETITIONERS[2] (collectively referred to as Petitioners or Movants), by and through their

undersigned counsel, move this Court pursuant to Federal Rule of Bankruptcy Procedure 7012 and

state in support thereof as follows:


## I . BACKGROUND


1.    On July 18, 2011, counsel for all parties appeared before the Court for a pretrial
      conference.

2.    The Court issued an Order – on consent – that all "direct testimony affidavits" are
      to be filed with the Court by August 5, 2011 at 4:30pm.   The Court's Order was
      memorialized as the Order Scheduling A Trial On Objection to Involuntary Petition,
      dated July 20, 2011 (Exhibit "1").

3.    Affidavits[3] on behalf of each petitioner were timely filed.

4.    On August 9, 2011, this Court issued a further Order, denying Alleged Debtor's letter
      request to file late, "absent an allowed motion to file them late".  (Exhibit "2").

5.    The Alleged Debtor did not file a motion, and if the Alleged Debtor had filed such a
      motion, the Petitioners would have contested any such filing as prejudicial.

---

[2] All Petitioners join in this motion with the exception of TransAm Travel, Inc.
[3] Pursuant to 28 U.S.Code Section 1746, a "declaration", such as those used by Petitioners who reside
outside the United States, may be used interchangeably with an affidavit.

6.  In adhering to the stipulated Order of this Court of July 18, 2011, the Petitioners laid bare their full claims to the Alleged Debtor.

7.  Counsel for the Alleged Debtor has claimed in their attempt to file late that there were "translation issues" – yet the affidavits which counsel for the Alleged Debtor sought to file were in English with no translation.

## II.  <u>ARGUMENT</u>

8.  The Alleged Debtor's failure to introduce direct testimony by way of affidavit forfeits the Alleged Debtor's defense, pursuant to the clear, stipulated Order of this Court, and the Petitioner's prima facie case must stand.

9.  Therefore, the presentation of evidence is unnecessary and judgment must be entered in favor of the Petitioners.

10. Rule 7012 incorporates Rule 12(c) of the Federal Rules of Civil Procedure into bankruptcy practice.  A Motion for Judgment on the Pleadings may be disposed of as a Motion for Summary Judgment pursuant to Rule 56 if materials outside the pleadings have been presented in support of either party's position.  Fed R. Civ. P. 12(c)(2000).

11. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2000).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See *Celotex Corp. v. Catrett, 477 U.S. 317 (1986)*; see also *Clark v. Coats & Clark, Inc., 929 F.2d 604, 607 (11th Cir. 1991)*.  A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case.  See *Celotex Corp., 477 U.S. at 325*.  In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to

the non-movant, and resolve all reasonable doubts in that party's favor.  See *Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989)*.

12. On each issue, "the evidence of the nonmovant is to be believed," and the court must draw all reasonable inferences in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) at 255*.  The nonmovant nonetheless "must present affirmative evidence to defeat a properly supported motionfor summary judgment," *Anderson, 477 U.S. at 257*, and must do more than rest upon mereallegations, general denials, or vague statements.  *Trap Rock Indus., Inc. v. Local 825, 982 F.2d884 (3d Cir. 1992)*.  Where the nonmovant bears the burden of persuasion at trial, the moving party may meet its burden with a showing "that there is an absence of evidence to support thenonmoving party's case." *Celotex, 477 U.S. at 325*.  However, "the mere existence of a scintilla of evidence in support of the [nonmovant]'s position will be insufficient." *Anderson, 477 U.S. at 252*.  Rather, "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)*.

13. Each of the affidavits of the Petitioners, at Exhibit "3", set forth the claims of each of the Petitioners and there is no accepted affidavit which would oppose, or motion to extend. Pursuant to the Joint Pretrial Scheduling Order of the parties, no deposition of the Petitioners was provided which could be introduced to dispute the Petitioner's claims, and indeed none were taken.

### III.    CONCLUSION

For the foregoing reasons, Petitioners respectfully requests that this Court enter an Order for Relief in favor of the Petitioners in accordance with the Petition.

As there are no novel issues of law involved, your undersigned requests that the citation of applicable authorities and argument set forth herein be deemed sufficient.

Respectfully Submitted,

LAW OFFICE OF JOSEPH SANCHEZ, P.C.
*Attorney for Movants*
295 Northern Boulevard, Suite 301
Great Neck, New York 11021
Telephone: (516) 417-8525
Telecopier: (516) 977-3020


 /s/ Joseph Sanchez, Esq.
JOSEPH SANCHEZ, ESQ. (JS-6487)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X    Case No. 09-44979 (ESS)

In Re:                                          **CERTIFICATE OF**
                                                **SERVICE**

LESSNO, LLC,

                         Alleged Debtor.

--------------------------------------------------------X

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion For Sanctions has been furnished by the Court's CM/ECF System to the following on the 15th day of August, 2011:
MICHAEL CONNOLLY, ESQ.
Alleged Debtor's counsel
Forman Holt Eliades & Ravin LLC
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
Email address mconnolly@formanlaw.com

EDWARD E. NEIGER, ESQ.
Counsel for Petitioner TransAm Travel, Inc.
Neiger, LLP
111 John Street, Suite 800
New York, New York 10038
Email address eneiger@neigerllp.com

THE HONORABLE JOEL B. ROSENTHAL
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

US TRUSTEE DIANA G. ADAMS
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201
Email address USTPRegion02.BR.ECF@usdoj.gov

LESSNO, LLC
c/o Harvard Business Services, Inc.
16192 Coastal Highway
Lewes, Delaware 19958

                         By:    /s/ Joseph Sanchez, Esq.
                                JOSEPH SANCHEZ, ESQ.