**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
– – – – – – – – – – – – – – – – – – – – – – – – – – –X

In Re:                                                                                  Case No. 09-44979 (ESS)

**LESSNO, LLC,**                                                              Chapter 7 Proceeding

          Debtor.

– – – – – – – – – – – – – – – – – – – – – – – – – – –X

**SUPPLEMENTAL ORDER CONCERNING THE DISMISSAL OF THE DEBTOR'S**
**CHAPTER 7 CASE**

      WHEREAS, on June 12, 2009, Trans Am Tavel Inc., Smart Travel Network, Inc. and Mario I. Sotirov (the ("Petitioning Creditors") commenced an involuntary Chapter 7 bankruptcy case against Lessno, LLC (the "Debtor") by filing a petition for relief under Chapter 7 of the Bankruptcy Code; and

      WHEREAS, on November 7, 2011, after trial, the Court allowed the involuntary petition, overruled the Debtor's Answer, and directed that an order for relief be entered; and

      WHEREAS, on November 8, 2011, Robert L. Geltzer was appointed as interim Chapter 7 Trustee of the Debtor, and thereafter was qualified and made permanent Trustee (the "Trustee"); and

      WHEREAS, on July 6, 2012, based upon a settlement reached among the Debtor's parent company Neveq ("Neveq"), certain entities affiliated with Neveq, and the Petitioning Creditors and certain of the their affiliated entities (the "Global Resolution"), the Debtor made a motion seeking entry of an order pursuant to Section 707 of the Bankruptcy Code approving and authorizing (a) the dismissal of the Debtor's Chapter 7 case (the "Case") and (b) procedures with respect to the dismissal and the making of distributions to the Debtor's creditors and the payment of the Chapter 7 administrative expenses in the Case (the "Motion to Dismiss"); and

- 2 -

WHEREAS, upon an Application for Allowance of Administrative Expense Claim filed by the Petitioning Creditors' attorney Tally Wiener, Esq. on July 25, 2012 (the "Wiener Application"), this Court, after review of papers submitted by Tally Wiener, Esq, in support thereof and papers submitted by the Debtor in opposition thereto, and after a hearing, entered on December 14, 2012 an Order Allowing Administrative Expense (the "Wiener Order"), allowing Tally Wiener, Esq. an administrative expense in the Case in the amount of $46,451.00; and

WHEREAS, also on December 14, 2012, this Court entered an Order Dismissing Chapter 7 Case and Marking the Motion to Compel and the Motion to Strike Off the Calendar (the "Dismissal Order") in which this Court, *inter alia,* made reference to the Global Resolution and granted the Debtor's Motion to Dismiss to the extent of dismissing this Case for cause pursuant to Section 707(a) of the Bankruptcy Code; and

WHEREAS, this Court is now issuing this Supplemental Order in order to set forth the procedures for implementation of the Global Resolution, this Court's Wiener Order, and this Court's Dismissal Order;

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. Within ten (10) days of the entry of this Supplemental Order, Neveq shall cause sufficient funds to be deposited with the Trustee to satisfy in full: (a) the $46,451.00 amount of the administrative expense claim of Tally Wiener, Esq. allowed pursuant to this Court's Wiener Order, and (b) all outstanding pre-petition priority and general, unsecured claims, in accordance with requests for payment and the proofs of claim filed in this Case, except as otherwise agreed to pursuant to the Global Resolution (the "Unsecured Claims"). Simultaneously with the deposit of said funds by Neveq with the Trustee, Neveq and/or the Debtor shall deliver to the Trustee a list, with supporting documentation (the "Unsecured Claims Documentation"), setting forth the

- 2 -

name, contact information and claim amount of each holder of an Unsecured Claim. In the event no or insufficient Unsecured Claims Documentation is provided to the Trustee with respect to any Unsecured Claim, the amount of same shall be governed by the amount of the proof of claim of the particular holder of same.

2. Within five (5) business days of the Trustee's collection of good funds to be deposited with him by Neveq in accordance with paragraph 1 above, the Trustee shall make a distribution to Tally Wiener, Esq. of the $46,451.00 amount of her allowed administrative claim, and shall make distributions in the appropriate amounts, in accordance with paragraph 1 above, to the holders of Unsecured Claims.

3. Within thirty (30) days of the entry of this Order, the Trustee, the Trustee's respective professionals, and Debtor's counsel, shall file applications, on proper notice, for payment of the Trustee's commissions and the respective fees and disbursements of the Trustee's professionals and of the Debtor's counsel, and for any other compensation to which they may be entitled, under Section 326 of the Bankruptcy Code. Neveq shall have the right to oppose the applications. Within ten (10) days of entry of an Order(s) of this Court allowing Chapter 7 Trustee commissions and the fees, disbursements and other compensation of the Trustee's professionals and of the Debtor's counsel (the "Allowed Chapter 7 Administrative Expense Amounts"), Neveq will cause sufficient funds to be deposited with the Trustee to satisfy all of the Allowed Chapter 7 Administrative Expense Amounts. Within five (5) business days of the Trustee's collection of good funds to be deposited with him by Neveq in accordance with the immediately preceding sentence, the Trustee shall make payment of the Allowed Chapter 7 Administrative Expense Amounts to the appropriate parties.

- 4 -

4. Upon payment by the Trustee of the allowed administrative claim of Tally M. Wiener, Esq., the Unsecured Claims, and the Allowed Chapter 7 Administrative Expense Amounts, the Trustee shall file with the Court a proposed order closing the case (the "Closing Order").

5. Upon entry of the Closing Order, all remaining property of the Debtor's estate shall be abandoned to the Debtor in accordance with Section 554 of the Bankruptcy Code.

6. This Court shall retain jurisdiction to enforce the terms of this Order as against all parties having obligations hereunder, including, without limitation, Neveq.

Dated: Brooklyn, New York
       March __, 2013

                                               **HONORABLE ELIZABETH S. STONG**
                                               **UNITED STATES BANKRUPTCY JUDGE**