UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                                       Case No. 09-44979-ess
                                                                                 Chapter 7
  LESSNO LLC,

                    Debtor.
-------------------------------------------------------x

### ORDER DENYING THE RELIEF SOUGHT IN THE TRUSTEE'S
### PROPOSED SUPPLEMENTAL DISMISSAL ORDER

WHEREAS, on June 12, 2009, Trans Am Travel Inc., Smart Travel Network, Inc., and Mario I. Sotirov commenced an involuntary Chapter 7 bankruptcy case against Lessno LLC by filing a petition for relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on July 31, 2009, the Debtor filed an Answer objecting to the involuntary petition and seeking dismissal of the case; and

WHEREAS, on November 7, 2011, after trial, the Court allowed the involuntary petition, overruled the Answer, and directed that an order for relief be entered; and

WHEREAS, on July 6, 2012, the Debtor moved pursuant to Bankruptcy Code Section 707(a) to dismiss this case for cause (the "Motion to Dismiss"); and

WHEREAS, on July 25, 2012, Tally M. Wiener, Esq., filed an Application for Allowance of Administrative Expense Claim, seeking the entry of an order pursuant to Bankruptcy Code Section 503(b)(3)(a) and (b)(4) granting her an allowed administrative expense; and

WHEREAS, on December 14, 2012, the Court entered an order allowing Ms. Wiener an administrative expense and denying all other relief (the "Administrative Expense Order"); and

WHEREAS, on December 14, 2012, the Court entered an order dismissing this case for cause under Bankruptcy Code Section 707(a) (the "Dismissal Order"); and

WHEREAS, on December 27, 2012, Ms. Wiener filed a Notice of Appeal from the

Dismissal Order; and

WHEREAS, on January 10, 2013, the Debtor filed a Notice of Appeal from the Dismissal Order; and

WHEREAS, on January 29, 2013, the Debtor filed a Notice of Appeal from the Administrative Expense Order; and

WHEREAS, on February 14, 2013, Robert Geltzer, the Chapter 7 Trustee, filed and served a proposed supplemental dismissal order on presentment (the "Proposed Supplemental Dismissal Order") setting forth dates by which a third party would "cause sufficient funds to be deposited with the Trustee to satisfy in full" certain claims against the former Debtor's estate; and

WHEREAS, the Proposed Supplemental Dismissal Order addresses matters that are the subject of the Administrative Expense Order and the Dismissal Order, which are presently on appeal; and

WHEREAS, the Proposed Supplemental Dismissal Order addresses administration of an estate created upon the filing of an involuntary petition that was dismissed upon entry of the Dismissal Order; and

WHEREAS, the Proposed Supplemental Dismissal Order alters or amends two orders entered by this Court on December 14, 2012, which are presently on appeal; and

WHEREAS, on April 24, 2013, the Court held a conference on the entry of the Proposed Supplemental Dismissal Order and the relief requested therein, at which Ms. Wiener, *pro se* and by her counsel Sean McGrath, Robert Geltzer, the Chapter 7 Trustee, *pro se* and by his counsel Robert Wolf, and the Debtor, by its counsel Michael Connolly, appeared and were heard; and

WHEREAS, Rule 59, made applicable to these proceedings by Bankruptcy Rule 9023, requires that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e); and

WHEREAS, Bankruptcy Rule 9023 requires that a motion "to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment," Fed. R. Bankr. P. 9023; and

WHEREAS, the Proposed Supplemental Dismissal Order was filed and served more than sixty days after the entry of the Court's orders; and

WHEREAS, a court may grant a motion to amend or alter a judgment pursuant to Rule 59(e) if "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice," *Shiboleth v. Yerushalmi (In re Yerushalmi)*, 2011 WL 2436531, at *2 (Bankr. E.D.N.Y. June 13, 2011); and

WHEREAS, a "motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked important 'matters or controlling decisions' that would have influenced the prior decision," *Ceparano v. Suffolk Cnty.*, 2013 WL 1749898, at *2 (E.D.N.Y. Apr. 17, 2013) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)); and

WHEREAS, the Trustee has not established that the Court has "overlooked important matters or controlling decisions," *Ceparano*, 2013 WL 1749898, at *2; and

WHEREAS, the Trustee has not established that relief is necessary to "correct a clear error of law or prevent manifest injustice," *Shiboleth*, 2011 WL 2436531, at *2; and

WHEREAS, the Trustee has not identified "new evidence" that was unavailable at the

time that judgment was entered or "important matters" that the Court has overlooked; and

WHEREAS, the Trustee has not otherwise established grounds for relief under Rule 59(e); and

WHEREAS, an untimely motion to amend or alter a judgment pursuant to Rule 59(e) may be considered under Rule 60(b) in certain circumstances, *In re Taub*, 421 B.R. 37, 42-43 (Bankr. E.D.N.Y. 2009) (considering an untimely motion pursuant to Rule 59(e) as a timely motion pursuant to Rule 60(b) where grounds for relief as alleged in the motion is within the scope of Rule 60(b)(6) and the motion was timely pursuant to Rule 60(c)); and

WHEREAS, Rule 60(c)(1), made applicable to these proceedings by Bankruptcy Rule 9024, states that a "motion under Rule 60(b) must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1); and

WHEREAS, the Proposed Supplemental Dismissal Order was filed and served more than sixty days after the entry of this Court's orders; and

WHEREAS, Rule 60(b), made applicable to these proceedings by Bankruptcy Rule 9024, sets forth six grounds upon which relief from a judgment or order may be granted; and

WHEREAS, Rule 60(b) provides that relief from a judgment or order may be granted based upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); and

WHEREAS, "[s]ince [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances," *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); and

WHEREAS, "Rule 60(b)(6) allows for a different outcome only when there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship," *Taub*, 421 B.R. at 42; and

WHEREAS, the Trustee has not established that relief is warranted under any of the grounds set forth in Rule 60(b)(1)-(5); and

WHEREAS, the Trustee has not established that relief is warranted as a result of extraordinary circumstances, extreme hardship, or other exceptional circumstances; and

WHEREAS, the Trustee has not otherwise established grounds for relief under Rule 60(b); and

WHEREAS, the Proposed Supplemental Dismissal Order has not been consented to by all of the parties in interest and does not address or withdraw the appeals that are presently pending; and

WHEREAS, the Trustee has not established that this Court may amend, alter, or otherwise provide relief from Orders that are presently on appeal; and

WHEREAS, the Court has considered all of the other arguments made by the parties, and concludes that they do not establish grounds for the entry of the Proposed Supplemental Dismissal Order.

NOW THEREFORE, it is hereby

ORDERED, that the relief sought in the Trustee's Proposed Supplemental Dismissal Order is denied.



Dated: Brooklyn, New York
May 3, 2013

Elizabeth S. Stong
United States Bankruptcy Judge