Robert L. Geltzer, as Chapter 7
Trustee of the Debtor
1556 Third Avenue, Suite 505
New York, NY 10128
(212) 410-0100
rgeltzer@epitrustee.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**In re**

                                               **Chapter 7**

**LESSNO, LLC,**

                                               **Case No. 09-44979 (ESS)**

                              **Debtor.**
-------------------------------------------------------------X

**APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. § 327 AND**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 AUTHORIZING**
**RETENTION OF TARTER KRINSKY & DROGIN LLP AS SUBSTITUTE**
**SPECIAL LITIGATION COUNSEL TO THE TRUSTEE**

**TO THE HONORABLE ELIZABETH S. STONG,**
**UNITED STATES BANKRUPTCY JUDGE:**

        Robert L. Geltzer, Chapter 7 trustee (the "Trustee" or the "Applicant"), of the debtor

Lessno, LLC in the above-captioned case (the "Debtor"), respectfully represents:

<b><u>RELIEF REQUESTED</u></b>

        1.    By this application (the "Application"), the Trustee seeks entry of an

order, pursuant to Section 327 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as

amended (the "Bankruptcy Code), and Rule 2014 of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules"), authorizing the retention, as of February 1, 2014, of Tarter Krinsky &

Drogin LLP ("TKD"), which maintains offices for the practice of law at 1350 Broadway, New

York, New York 10018, as substitute special litigation counsel to the Trustee, in place of Squire

Sanders (US) LLP ("Squire Sanders"), which was retained previously by the Trustee as special litigation and intellectual property counsel[1] pursuant to an order of this Court entered on February 17, 2012 [Doc. 131].[2]

2.    The basis for the Application is the fact that Robert A. Wolf, Esq., the attorney formerly with Squire Sanders who has had primary responsibility for the legal services rendered on behalf of the Trustee in this case, ceased to be a partner of Squire Sanders as of the end of the day January 31, 2014, and became a partner of TKD as of February 1, 2014.  As Mr. Wolf is the attorney with the most familiarity pertaining to the matters for which the Trustee has retained special litigation counsel, the Trustee respectfully submits that, for the sake of efficiency, continuity and economy, it is in the best interest of the estate for him to retain the firm of TKD, of which Mr. Wolf has become a partner, as substitute special litigation counsel in the place of Squire Sanders as of February 1, 2014.

3.    By a joint letter to Applicant, dated January 23, 2014, the Trustee was advised by Squire Sanders and Mr. Wolf of the latter's resignation from Squire Sanders as of January 31, 2014, and his joining TKD as of February 1, 2014, and was requested to indicate Applicant's choice as to which firm Applicant wishes to serve as the Trustee's special litigation counsel in the subject case, among others, going forward.  On the same date, for the reasons set forth above, Applicant, by completing and returning the form attached to the letter, advised Squire Sanders and Mr. Wolf of Applicant's desire that TKD provide those services upon Mr.

---

[1]    As the pertinent intellectual property matters for which Squire Sanders was retained were resolved while that firm was serving as special litigation and intellectual property counsel to the Trustee, Applicant is only seeking to retain TKD as substitute special litigation counsel.

[2]    References denoted "Doc. __" are to the relevant document number for the referenced order or pleading filed in this bankruptcy case, which document number is set forth on the docket for this case maintained on the electronic filing system for the United States Bankruptcy Court for the Southern District of New York.

Wolf's becoming a partner at that firm.  A copy of the January 23, 2014 letter, together with the form completed by Applicant, is annexed hereto as **Exhibit A**.

<u>**BACKGROUND**</u>

4.     On June 12, 2009, an involuntary petition against the Debtor under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") was filed with the Court [Doc. 1].

5.     On November 7, 2011, the Court entered an Order for Relief granting the petition [Doc. 109].  On or about November 8, 2011, the Trustee was appointed as interim chapter 7 trustee of the Debtor and subsequently became permanent chapter 7 trustee of the Debtor pursuant to Section 702(d) of the Bankruptcy Code and by operation of law.  Applicant continues to serve as such Trustee through the present.

6.     As set forth above, on February 17, 2012, this Court entered an order authorizing the retention of Squire Sanders as special litigation and intellectual property counsel to the Trustee [Doc. 131].

7.     On July 6, 2012, the Debtor moved for a voluntary dismissal of this case [Docket 132].  As stated by the Debtor in that motion, the cause for the request for dismissal was that a "global settlement" had been reached among the Debtor's parent company Neveq, certain entities affiliated with Neveq, the petitioning creditors, and entities affiliated with the latter, pursuant to which, among other things, Neveq had agreed to pay in full all remaining claims against the Debtor's estate, consisting of trade creditor claims, U.S. Trustee fees, chapter 7 trustee commissions, and the fees and expenses of the Trustee's professionals, of Debtor's counsel and of other professionals involved in the case.

8.    On July 25, 2012, Tally Wiener, Esq., who had rendered services on behalf of the petitioning creditors in the case, made a motion [Doc. 133] for allowance of her alleged administrative expense in excess of $46,000.00, and in said motion, objected to the Debtor's motion to dismiss without satisfactory resolution of her administrative claim.   On December 14, 2012, this Court entered two orders:   (a) one allowing Ms. Wiener an administrative expense in the amount of $46,451.00 [Doc. 146]; and (b) the second one, dismissing the case for cause [Doc.147].   Subsequently, the Debtor appealed from the administrative expense order, and Ms. Wiener appealed from the dismissal order.   On appeal, United States District Judge Weinstein entered, on July 3, 2013, an Order Vacating the Dismissal of the Debtor's Chapter 7 Case and Remanding for Clarification [Doc. 177].

9.    Upon remand in accordance with Judge Weinstein's Order, this Court held several conferences among respective counsel for Ms. Wiener, the Debtor and the Trustee, and at the Court's direction, there was one in-person settlement meeting and various telephonic conferences among the parties and/or their respective counsel aimed at attempting to resolve the outstanding payment issues in the case. Pursuant to the foregoing, a partial agreement was reached with regard to Neveq's payment of an administrative claim of $50,000 to Ms. Wiener, and discussions have continued between Debtor's counsel and, since Mr. Wolf became a partner of TKD, Applicant's proposed substitute special litigation counsel, regarding a hopeful resolution of the amounts of the payments to be made by the Debtor's parent company Neveq to remaining trade creditors, the Trustee, and the Trustee's professionals.

## SERVICES TO BE RENDERED BY TKD

10.     By virtue of Mr. Wolf having become a partner of TKD as of February 1, 2014, the services which I desire TKD to perform as my substitute special litigation counsel include the following:  (a) continuing the aforesaid discussions with Debtor's counsel and with, if necessary, Neveq's principals aimed at resolving the amounts of the payments to be made by Neveq to remaining trade creditors, the Trustee, and the Trustee's professionals; (b) in the event a settlement of these matters is reached, then consummating the settlement with the preparation of a stipulation to be executed by the pertinent parties and to be approved by the Court; and (c) providing such other litigation-related services that I, as Trustee, may request and direct TKD to perform.

11.     Applicant is advised that Mr. Wolf and a number of other attorneys at TKD are duly admitted to practice before, and have extensive experience appearing before, this Court.  Accordingly, I respectfully submit that TKD is well qualified to represent Applicant as the Trustee's substitute special litigation counsel in the Debtor's case.  Applicant respectfully requests that the effective commencement date of TKD's representation of the Trustee as substitute special litigation counsel be February 1, 2014, upon which date Mr. Wolf commenced working as a partner at TKD.

12.     In the declaration of Robert A. Wolf, Esq. (the "Wolf Declaration") annexed hereto, Mr. Wolf, now a partner of TKD, represents that to the best of his knowledge, after due inquiry, TKD does not hold or represent any interest adverse to any interest of the Trustee, the Debtor or its creditors with respect to the matters upon which TKD is to be engaged, and that TKD is a "disinterested person," as that term is defined by Bankruptcy Code § 101(14). As set forth in the Wolf Declaration, concurrently herewith, Applicant is making similar

applications to retain TKD as substitute counsel in place of Squire Sanders in other bankruptcy cases pending in the United States Bankruptcy Courts of the Southern and Eastern Districts of New York in which Applicant is the chapter 7 trustee, but not in the four (4) cases listed in Schedule A to the aforementioned joint letter to Applicant, dated January 23, 2014, which is annexed to this Application as Exhibit A. Applicant may also be making additional applications to retain TKD as counsel to Applicant in other cases pending before those courts, in which cases Applicant is the trustee. In any of the cases in which TKD is retained as the trustee's counsel, any award of fees and expenses to TKD in connection with such representation will be subject to a proper application to, and approval by, the appropriate Bankruptcy Court pursuant to Sections 330 and 331 of Title 11 of the Bankruptcy Code, the Bankruptcy Rules, any pertinent Local Rules of the appropriate Bankruptcy Court, and any fee guidelines issued by the Executive Office for United States Trustees.

13.     The Wolf Declaration also makes mention of the following "connections" of TKD and/or one of its partners, none of which, I submit, constitutes a conflict or precludes TKD from being disinterested in representing me in these cases. When she was a partner at the firm of Abrams Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Deborah J. Piazza, Esq., a present partner of TKD, was counsel to the debtor Seasons Industrial Contracting Corp. and filed a chapter 7 on behalf of that entity in the United States Bankruptcy Court for the Southern District of New York (Chapter 7 Case No. 11-10590 (JMP) in which I am the trustee. However, as I have been advised by the Wolf Declaration, Ms. Piazza ceased performing any services for the debtor in that case prior to the time she joined TKD as a partner on June 4, 2012. As also indicated in the Wolf Declaration, pursuant to an order of the Honorable Nancy Hershey Lord, TKD was authorized to serve as counsel to the debtors in the Eastern District of New York

Bankruptcy Court case captioned *In re Cross Island Plaza, Inc.* (Case No. 12-42491 (NHL)) *and Block 12892 Realty Corp.* (Case No. 12-42493 (NHL)), two procedurally-consolidated, related, single asset real estate cases, for the limited purpose of opposing the United States Trustee's motion to convert the debtors' cases from Chapter 11 cases to Chapter 7 cases. Upon the Court's granting of the motion and conversion of the cases to cases under Chapter 7 on December 18, 2012, and my appointment as chapter 7 trustee, TKD ceased performing any substantive work on behalf of the debtors, and ceased performing any ministerial work on behalf of the debtors in January 2013, after the initial 341 meeting in the converted cases. I am also informed that Rocco Cavaliere, an attorney at TKD, also performed services on behalf of Cross Island Plaza Inc. and Block 12892 Realty Corp. TKD will not have any involvement in those Chapter 7 cases in the future, other than perhaps filing a final fee application for services rendered during the Chapter 11 phase of the cases.

14.    In November 2013, TKD filed a chapter 7 petition in the Southern District of New York Bankruptcy Court on behalf of the debtor Michael Murphy (Case No. 13-13798 (SCC)) and I was then appointed as trustee. Upon my learning in January 2014 that Mr. Wolf had accepted an offer to become a partner at TKD as of February 1, 2014, and in my exercise of extreme caution in order to avoid even any appearance of impropriety, I requested the office of the United States Trustee (the "UST Office") to accept my resignation as trustee in that case. The UST Office accepted my resignation and appointed a successor trustee to serve as chapter 7 trustee.

15.    TKD informs me that it has conducted the internal firm conflict check which is standard as a matter of course for proposed Section 327 retentions like the subject one, which includes inputting the list of all creditors, entities, or individuals who filed proofs of claim

in the Debtor's case. TKD has further advised me that it will charge for services rendered on an hourly basis at the rates set forth in the Wolf Declaration, and will seek reimbursement for reasonable expenses incurred in connection with performing such services. Such compensation will be paid, and expenses reimbursed, solely upon application to this Court and upon such notice and hearing as provided by the Bankruptcy Code and the Bankruptcy Rules.

      16.    No prior application for the relief requested herein has been made.

      **WHEREFORE**, the undersigned, as Trustee, respectfully requests the entry of an order authorizing the Trustee to retain TKD in the place and stead of Squire Sanders as substitute special litigation counsel to the Trustee for the purposes summarized herein and further detailed in the Wolf Declaration, and for such other relief as is just.

Dated: New York, New York
      March 31, 2014

                             */s/ Robert L. Geltzer*
                             Robert L. Geltzer
                             Chapter 7 Trustee of the Debtor
                             1556 Third Avenue, Suite 505
                             New York, New York 10128
                             (212) 410-0100
                             rgeltzer@epitrustee.com