**TARTER KRINSKY & DROGIN LLP**
*Proposed Substitute Special Litigation Counsel*
*to the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Robert A. Wolf, Esq.
rwolf@tarterkrinsky.com


**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**In re**

|  |  |
|---|---|
|  | **Chapter 7** |
| **LESSNO, LLC,** |  |
|  | **Case No. 09-44979 (ESS)** |
| **Debtor.** |  |

-------------------------------------------------------------X

**DECLARATION OF ROBERT A. WOLF PURSUANT TO**
**BANKRUPTCY RULE 2014 ON BEHALF OF TARTER KRINSKY & DROGIN LLP**
**AS PROPOSED SUBSTITUTE SPECIAL LITIGATION COUNSEL TO TRUSTEE AND**
**DISCLOSURE PURSUANT TO BANKRUPTCY**
**CODE SECTIONS 327 AND 329 AND BANKRUPTCY RULE 2014**

Robert A. Wolf, Esq., declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, to the best of his knowledge and based upon the documents available to him, as follows:

1.      I am an attorney duly admitted and in good standing to practice before the United States District Court for the Eastern District of New York.  Effective as of February 1, 2014, I became, and I am at present, a partner of the firm of Tarter Krinsky & Drogin LLP ("TKD").  My firm maintains an office for the practice of law at 1350 Broadway, New York, New York 10018.  I submit this Declaration in connection with the application (the "Application") of Robert L. Geltzer, the Chapter 7 trustee (the "Trustee") of the debtor Lessno, LLC (the "Debtor"), to retain TKD as his substitute special litigation counsel in the above-

captioned case in the place of Squire Sanders (US) LLP ("Squire Sanders"), the firm of which I was a partner through January 31, 2014, and which firm previously was retained by the Trustee as his special litigation and real estate counsel in this case pursuant to an Order of this Court entered on February 17, 2012.

2.     As set forth in the Trustee's accompanying Application, by virtue of the fact that I was the attorney formerly with Squire Sanders who had primary responsibility for the legal services rendered by that firm on behalf of the Trustee in this case, the Trustee, for the sake of efficiency, continuity and economy, believes it is in the best interest of the estate for him to retain TKD, the firm of which I have become a partner as of February 1, 2014, as his substitute special litigation counsel in place of Squire Sanders as of that date.

3.     As also indicated in the Application, the Trustee desires that TKD's services to be performed as his substitute special litigation counsel in this case include the following: (a) continuing discussions with Debtor's counsel and with the principals of Debtor's parent company Neveq, aimed at resolving the amounts of the payments to be made by Neveq to remaining trade creditors, the Trustee and the Trustee's professionals (collectively, "Claimants"), in accordance with a prior global settlement reached among Neveq, the Debtor's petitioning creditors and entities affiliated with each, pursuant to which Neveq agreed in principle to pay all claims of the aforesaid Claimants; (b) in the event a resolution of the foregoing matters is achieved, then consummating said resolution with the preparation of a stipulation to be executed by the pertinent parties and to be approved by the Court; and (c) providing such other litigation-related services that the Trustee may request and direct TKD to perform.

4.     I understand that any award to TKD of fees and expenses will be subject to a proper application to, and approval by, the Bankruptcy Court pursuant to Sections 330 and

331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and any fee guidelines issued by the Executive Office for United States Trustees (the "US Trustee Guidelines"). No promises have been received by TKD, nor any member, attorney who is "of counsel" to the firm, or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Neither I, my law firm, any member of the firm, attorney who is "of counsel" to the firm, nor any associate thereof, has any agreement with any other entity to share with such entity any compensation received by my firm in connection with this case or the representation of the Trustee.

5.    As set forth more fully below, neither I, my law firm, any member of the firm, attorney who is "of counsel" to the firm, nor any associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Trustee or the Debtor's estate.

6.    Additionally, neither I, TKD, any member of the firm, any attorney who is "of counsel" to the firm nor any associate thereof, to my actual knowledge:

  a.    is a creditor of the Debtor  (including by reason of unpaid fees for services rendered prior to the date of this Declaration);

  b.    presently represents a creditor of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter that is related to the Debtor or the Debtor's estate;

  e.    previously represented a creditor of the Debtor, or a person who is otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter substantially related to the Debtor's Chapter 7 case;

  f.    except as described below, has any connection with the Debtor, the Trustee, the United States Trustee or any

employee of the United States Trustee's office, or any of the Debtor's creditors; or

g.  has any other interest, direct or indirect, which may affect or be affected by the proposed representation.

To the best of my knowledge and based upon the information presently available to me, TKD is a "disinterested" person as that term is defined in Section 101(14) of the Bankruptcy Code.

7.      Concurrently with the subject Application, Robert L. Geltzer, as trustee, is making similar applications to retain TKD as substitute counsel in place of Squire Sanders in other bankruptcy cases pending in the United States Bankruptcy Courts of the Southern and Eastern Districts of New York in which Mr. Geltzer is the chapter 7 trustee, but not in the four (4) cases listed in Schedule A to the letter to the Trustee, dated January 23, 2014, which is annexed as Exhibit A to the Application.  Mr. Geltzer, as trustee, may also be making additional applications to retain TKD as counsel in other cases pending before those courts, in which cases he is the chapter 7 trustee.  In any of the cases in which TKD is retained as the trustee's counsel, any award of fees and expenses to TKD in connection with such representations will be subject to a proper application to, and approval by, the appropriate Bankruptcy Court pursuant to Sections 330 and 331 of Title 11 of the Bankruptcy Code, the Bankruptcy Rules, any pertinent Local Rules of the appropriate Bankruptcy Court, and the US Trustee Guidelines.

8.      In addition, there are the following "connections" of TKD and/or one of its partners, none of which, I submit, constitutes a conflict or precludes TKD from being disinterested in representing the Trustee in this case.  When she was a partner at the firm of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Deborah J. Piazza, Esq., a present partner of TKD, was counsel to the debtor, Seasons Industrial Contracting Corp., and filed a chapter 7 case on behalf of that entity in the United States Bankruptcy Court for the

Southern District of New York (Chapter 7 Case No. 11-10590 [JMP]) for which Mr. Geltzer is the trustee.  However, Ms. Piazza ceased performing any services for the debtor in that case prior to the time she joined TKD as a partner on June 4, 2012.  Also, pursuant to an order of the Honorable Nancy Hershey Lord, TKD was authorized to serve as counsel to the debtors in the Eastern District of New York Bankruptcy Court case captioned *In re Cross Island Plaza, Inc.* (Case No. 12-42491 [NHL]) and *Block 12892 Realty Corp.* (Case No. 12-42493 [NHL]), two procedurally-consolidated, related, single asset real estate cases, for the limited purpose of opposing the United States Trustee's motion to convert the debtors' cases from Chapter 11 cases to Chapter 7 cases.  Upon the Court's granting of the motion and the conversion of the cases to ones under Chapter 7 on December 18, 2012, and Mr. Geltzer's appointment as chapter 7 trustee therein, TKD ceased performing any substantive wok on behalf of the debtors, and ceased performing any ministerial work on behalf of the debtors in January 2013, after the initial 341 meeting in the converted cases.  Rocco Cavaliere, an attorney at TKD, also performed services on behalf of Cross Island Plaza Inc. and Block 12892 Realty Corp. during the aforesaid time. TKD will not have any involvement in these Chapter 7 cases in the future, other than perhaps filing a final fee application for services rendered during the Chapter 11 phase of the cases.

       9.     In November 2013, TKD filed a chapter 7 petition in the Southern District of New York Bankruptcy Court on behalf of the debtor Michael Murphy (Case No. 13-13798 [SCC] for whom Mr. Geltzer was appointed as trustee.  Upon Mr. Geltzer learning in January 2014 that I had accepted an offer to become a partner at TKD as of February 1, and in his exercise as trustee therein of extreme caution in order to avoid even any appearance of impropriety, Mr. Geltzer requested the Office of the United States Trustee (the "UST Office") to

accept his resignation as trustee in that case.  The UST Office accepted Mr. Geltzer's resignation as trustee and appointed a successor trustee to serve as chapter 7 trustee.

        10.     I, individually, and on behalf of my firm, agree that:

        (a)     any settlement of any controversy or action shall be subject to the Trustee's written consent and to the approval of this Court upon the Trustee's motion therefor; and

        (b)     upon settlement or other liquidation of any claims being prosecuted by the firm, the gross proceeds from said settlement or other liquidation shall be turned over to the Trustee upon receipt for distribution by the Trustee in accordance with orders of this Court and/or the Bankruptcy Code.

        11.     TKD will charge rates for its services comparable to those charged by other firms for comparable services to be rendered.  To the extent a partner renders certain legal services on behalf of the Trustee, the hourly rate for such partner during the year 2014 will be in the range of $495 - $775.  To the extent an associate(s) or an attorney of this firm with the designation of "Associate" or "Counsel" renders certain legal services on behalf of the Trustee in this case, the hourly rate for such Associate(s) or Counsel(s) during the year 2014 will be in the range of $295 - $515.  To the extent that a legal assistant renders legal services on behalf of the Trustee, the hourly rate for such legal assistant during the year 2014 shall be in the range of $175 - $265.  Prior to implementing any increases in the aforesaid range of rates, TKD shall file a supplemental affidavit or declaration with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit or

declaration shall explain the basis for the requested rate increase(s) in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the rate increase(s). It is understood that the United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase(s) pursuant to Section 330 of the Bankruptcy Code.

12.    TKD shall apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of the Court, including, but not limited to, provisions relating to the keeping of accurate time and disbursement records, and the US Trustee Guidelines.

13.    No agreement or understanding exists between TKD and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this case, nor shall TKD share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by Section 504 of the Bankruptcy Code.

**WHEREFORE**, it is respectfully requested that TKD be retained as substitute special litigation counsel to Robert L. Geltzer, as Chapter 7 Trustee of the Debtor, as of February 1, 2014, in place of Squire Sanders, with TKD's fees to be subject to a proper application to, and approval thereof by, the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, any Local Rules of this Court, and the US Trustee Guidelines.

Dated:  New York, New York
          March 31, 2014

/s/  Robert A. Wolf
Robert A. Wolf
rwolf@tarterkrinsky.com