**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
**In re**

**LESSNO, LLC,**

                                          **Debtor.**
---------------------------------------------------------------X

**Chapter 7**

**Case No. 09-44979 (ESS)**

### ORDER AUTHORIZING RETENTION OF TARTER KRINSKY & DROGIN LLP IN PLACE OF SQUIRE SANDERS (US) LLP AS SUBSTITUTE SPECIAL LITIGATION COUNSEL TO THE TRUSTEE PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014

Upon the application (the "Application") of Robert L. Geltzer, Chapter 7 trustee (the "Trustee") of the debtor Lessno, LLC (the "Debtor"), dated March 31, 2014, and the declaration of Robert A. Wolf, Esq., made on March 31, 2014 (the "Wolf Declaration"), seeking the entry of an order pursuant to Section 327 of Title 11 of the United States Code ("the Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules, authorizing the retention of Tarter Krinsky & Drogin LLP ("TKD") as substitute special litigation counsel to the Trustee in place of Squire Sanders (US) LLP ("Squire Sanders") as of February 1, 2014; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application and this Order having been made; and after due deliberation it being determined that the relief requested is necessary to the administration of the Debtor's estate, and this Court being satisfied that TKD (a) does not hold or represent any interest adverse to the Trustee, the Debtor, its creditors or the Debtor's estate with respect to the matters upon which TKD is to be retained; (b) is a

disinterested person with the meaning of Section 101(14) of the Bankruptcy Code; and (c) that its employment is necessary and would be in the best interests of the estate; it is

**ORDERED,** that the Trustee be, and hereby is, authorized pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014, to retain TKD as substitute special litigation counsel in place of Squire Sanders as of February 1, 2014, to perform services including the following: (a) continuing discussions with Debtor's counsel and with the principals of Debtor's parent company Neveq, aimed at resolving the amounts of the payments to be made by Neveq to remaining trade creditors, the Trustee and the Trustee's professionals (collectively, "Claimants"), in accordance with a prior global settlement reached among Neveq, the Debtor's petitioning creditors and entities affiliated with each, pursuant to which Neveq agreed in principle to pay all claims of the aforesaid Claimants; (b) in the event a resolution of the foregoing matters is achieved, then consummating said resolution with the preparation of a stipulation to be executed by the pertinent parties and to be approved by the Court; and (c) providing such other litigation-related services that the Trustee may request and direct TKD to perform; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that TKD shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for

Professionals in the Southern District of New York, dated June 17, 2013, and the fee guidelines issued by the Executive Office of United States Trustees, at 28 C.F.R., pt. 58, App. A ("<u>UST Guidelines A</u>" and together with the Court's fee guidelines, the "<u>Guidelines</u>"), and any monthly compensation orders, if any, entered by the Court; and it is further

**ORDERED**, that prior to any increases in TKD's range of rates, as set forth in the Wolf Declaration, for the categories of professionals employed by TKD and providing services in this case, TKD shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether TKD's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that TKD will not charge the estate for time spent preparing or reviewing the invoices or time records submitted in support of any monthly fee statements or monthly fee applications, if any; and it is further

**ORDERED** that: (i) any settlement of any controversy or action shall be subject to the Trustee's written consent and to the approval of this Court upon the Trustee's motion therefor; and (ii) upon settlement or other liquidation of any claims being prosecuted by TKD, the gross proceeds from said settlement or other liquidation shall be turned over to the Trustee upon receipt for distribution by the Trustee in accordance with orders of this Court and/or the Bankruptcy Code; and it is further

**ORDERED** that this Order shall be without prejudice to the right of Squire Sanders to seek compensation for its services as special litigation and intellectual property counsel to the Trustee for

services rendered prior to February 1, 2014, upon the filing of a proper application therefor to, and approval by, the Court pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, any Local Rules of this Court, and the Guidelines.

NO OBJECTION:

*/s/ Nazar Khodorovsky*
Office of the United States Trustee
Nazar Khodorovsky, Esq.
Trial Attorney
Dated: April 10, 2014



**Dated: Brooklyn, New York**
**April 14, 2014**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**