**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**In Re:** **Case No. 09-44979 (ESS)**

**LESSNO, LLC,** **Chapter 7 Proceeding**

**Debtor**.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**STIPULATION AND ORDER CONCERNING THE PAYMENT BY THE DEBTOR'S PARENT NEVEQ S.A.R.L. TO THE TRUSTEE OF FUNDS SUFFICIENT TO SATISFY THE ADMINISTRATIVE CLAIMS OF THE TRUSTEE AND HIS PROFESSIONALS THAT ULTIMATELY ARE ALLOWED BY THE COURT AND PROVIDING FOR DISMISSAL OF THE DEBTOR'S CHAPTER 7 CASE UPON THE TRUSTEE'S PAYMENT OF SAID ALLOWED ADMINISTRATIVE CLAIMS**

WHEREAS, on June 12, 2009, Trans Am Tavel Inc., Smart Travel Network, Inc., and Mario I. Sotirov (the "Petitioning Creditors") commenced an involuntary Chapter 7 bankruptcy case against Lessno, LLC (the "Debtor") by filing a petition for relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on November 7, 2011, after trial, the Court allowed the involuntary petition, overruled the Debtor's Answer, and directed that an order for relief be entered; and

WHEREAS, on November 8, 2011, Robert L. Geltzer was appointed as interim Chapter 7 trustee of the Debtor, and thereafter qualified and became permanent Trustee (the "Trustee") of the Debtor pursuant to Section 702(d) of the United States Bankruptcy Code (the "Bankruptcy Code") and by operation of law; and

WHEREAS, on July 6, 2012, the Debtor moved pursuant to Section 707(a) of the Bankruptcy Code to dismiss voluntarily this case for cause (the "Motion to Dismiss") based upon a settlement that had been reached among the Debtor's parent company Neveq S.A.R.L. ("Neveq"), certain entities affiliated with Neveq, and the Petitioning Creditors and certain of the

their affiliated entities (the "Global Resolution"), whereby, among other things, the Petitioning Creditors and others agreed to withdraw their claims against the Debtor, Neveq agreed to convert its prepetition claims to equity, rather than demand payment of those claims, and Neveq agreed to pay in full all remaining claims against the Debtor's estate, consisting of "trade creditor claims, U.S. Trustee fees, Chapter 7 trustee commissions and the fees and expenses of his professionals, the fees and costs of the Debtor's counsel, and the fees and expenses of other professionals involved in this case," Motion to Dismiss, Dkt. 132, paragraph 5; and

WHEREAS, upon an Application for Allowance of Administrative Expense Claim filed by the Petitioning Creditors' attorney Tally Wiener, Esq. on July 25, 2012 (the "Wiener Application"), this Court, after review of papers submitted by Tally Wiener, Esq, in support thereof and papers submitted by the Debtor in opposition thereto, and after a hearing, entered on December 14, 2012 an Order Allowing Administrative Expense (the "Wiener Order") allowing Tally Wiener, Esq. an administrative expense in the case in the amount of $46,451.00; and

WHEREAS, also on December 14, 2012, this Court entered an Order Dismissing Chapter 7 Case and Marking the Motion to Compel and the Motion to Strike Off the Calendar (the "Dismissal Order") in which this Court, *inter alia*, made reference to the Global Resolution and granted the Debtor's Motion to Dismiss to the extent of dismissing this Case for cause pursuant to Section 707(a) of the Bankruptcy Code; and

WHEREAS, the Debtor appealed from the Wiener Order, and Tally Wiener, Esq. appealed from the Dismissal Order; and

WHEREAS, on appeal, United States District Judge Weinstein entered on July 3, 2013 an Order Vacating the Dismissal of the Debtor's Chapter 7 Case and Remanding for Clarification (Dkt. 177]; and

WHEREAS, upon remand in accordance with Judge Weinstein's Order, this Court held several conferences among respective counsel for Ms. Wiener, the Debtor and the Trustee, and at the Court's direction, there was one in-person settlement meeting and various telephonic conferences among the parties and/or their respective counsel aimed at attempting to resolve the outstanding payment issues in the case; pursuant to the foregoing, a partial agreement was reached pursuant to which Neveq agreed to pay to Tally Wiener, Esq., and has paid to her, the amount of $50,000.00 in full satisfaction of her administrative claim against the Debtor's estate; and

WHEREAS, as a result of continued discussions among the Trustee, the Trustee's counsel, the Debtor's counsel and Neveq, the parties hereto have agreed that: (a) Neveq, in accordance with the Global Resolution, shall pay to the Trustee the amount of $90,000.00 (the "Neveq Payment Amount"), from which the Trustee is to distribute to the administrative claimants listed on Exhibit A to this Stipulation, namely, the Trustee and the Trustee's professionals (the "Administrative Claimants"), the respective amounts as are allowed by the Court upon applications for commissions, fees and reimbursement of expenses by the Administrative Claimants; (b) the Trustee shall remit to Neveq the excess, if any, of the Neveq Payment Amount over the aggreagate amount of the aforesaid commissions, fees and reimbursement of expenses allowed to the Administrative Claimants; and (c) the Trustee then shall file with this Court a proposed order closing this case;

NOW THEREFORE, IT IS HEREBY STIPULATED AND ORDERED THAT:

1. Within ten (10) days of the (a) so ordering of this Stipulation by the Court, or (b) this Court's entry of an Order approving this Stipulation, Neveq shall cause the Neveq Payment Amount in good funds to be deposited into the account which the Trustee is maintaining on

behalf of the Debtor's estate (the "Trustee's Account"), pursuant to the Trustee's wire transfer instructions to be given to Neveq.

2. Upon the Trustee's collection of the Neveq Payment Amount, the Administrative Claimants shall file with the Court and serve upon Neveq, Debtor's counsel and the Office of the United States Trustee their respective applications for allowance and payment of their respective commissions, fees and reimbursement of expenses.

3. Within five (5) days of the date upon which an order(s) (the "Fee Order") of this Court providing for allowance and payment to the respective Administrative Claimants of the respective amounts (the "Allowed Amounts") set forth in the Fee Order becomes a Final Order, the Trustee shall make distributions by checks drawn on the Trustee's Account and made payable to the respective Administrative Claimants in the respective amounts allowed in the Court's Fee Order. As used in this Stipulation and Order, the term "Final Order" means an order that has been duly entered on the docket of the Court, and the time for any party in interest to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such events have occurred, such reargument, if any, has been denied, all appeals taken have been finally resolved, and the time to take any further appeals, file a motion for further permission to appeal, or seek certiorari has expired without the Approval Order being vacated, reversed or modified.

4. Upon the Trustee's completion of his distributions to each of the Administrative Claimants in accordance with paragraph 3 of this Stipulation, the Trustee shall file with the Court a proposed order closing the case (the "Closing Order").

5. Upon entry of the Closing Order, all remaining property of the Debtor's estate shall be abandoned to the Debtor in accordance with Section 554 of the Bankruptcy Code.

6. In accordance with the Global Resolution and/or the agreement of the parties hereto, pursuant to which the respective claimants enumerated below have agreed to withdraw their claims against the Debtor's estate in this case: (a) Claim No. 1 of Stanislav B. Gyoshev, (b) Claim No. 2 of Assen V. Vassilvev, and (c) Claim No. 3 of Forman Holt Eliades Ravin & Youngman, LLC, are hereby withdrawn with prejudice and deemed extinguished.

7. This Court shall retain jurisdiction to enforce the terms of this Order as against all parties having obligations hereunder, including, without limitation, Neveq.

Dated: New York, New York
October 28, 2014

TARTER KRINSKY & DROGIN LLP
*Substitute Special Litigation Counsel*
*for Robert L. Geltzer as Chapter 7 Trustee*

By: /s/ Robert A. Wolf
Robert A. Wolf, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

FORMAN, HOLT, ELIADES
RAVIN & YOUNGMAN LLC
*Attorneys for the Debtor*

By: /s/ Michael J. Connolly
Michael J. Connolly, Esq.
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
(201) 845-1000

NEVEQ S.A.R.L.
*Parent Company of the Debtor*

By: /s/ Konstantin Petrov
Name: Konstantin Petrov
Title: Director
Route d'Esch 412F, Luxembourg

**IT IS SO ORDERED.**

United States Bankruptcy Court
Eastern District of New York

**Dated: Brooklyn, New York**
**December 22, 2014**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**

**EXHIBIT A – SCHEDULE OF ADMNISTRATIVE CLAIMANTS**

| | |
|---|---|
| **Robert L. Geltzer, as Chapter 7 Trustee** | |
| **Law Offices of Robert L. Geltzer** | **General Counsel to the Trustee** |
| **Squire Sanders (US) LLP** | **Special Litigation Counsel to the Trustee** |
| **Davis Graber Plotzker & Ward LLP** | **Accountant to the Trustee** |
| **Tarter Krinsky & Drogin LLP** | **Substitute Special Litigation Counsel to the Trustee** |