**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------- x
In re:                                            :      Case No. 09-44979-ESS
                                                  :
    LESSNO LLC,                        :
                                                  :
                                                  :      Chapter 7
                                                  :
                           Debtor.  :
---------------------------------------------------------- x

## TRUSTEE'S APPLICATION FOR
## COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO:   THE HONORABLE ELIZABETH S. STONG,
       UNITED STATES BANKRUPTCY JUDGE:

      I, ROBERT L. GELTZER, the Trustee herein, pursuant to 11 U.S.C. Section 330, requests $7,748.00 as compensation and $42.98 for reimbursement of expenses, $0.00 of which has previously been paid.

### I. COMPUTATION OF COMPENSATION

      Total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $89,960.00.  Pursuant to 11 U.S.C. Section 326, compensation should be computed in the following manner:

| | | |
|---|---|---|
| 25% of first $5,000.00 | $1,250.00 | ($1,250.00 max.) |
| 10% of next $45,000.00 | $4,500.00 | ($4,500.00 max.) |
| 5% of next $950,000.00 | $1,998.00 | ($47,500.00 max.) |
| 3% of balance | $0.00 | |
| TOTAL COMPENSATION | $7,748.00 | |

## II. TRUSTEE'S EXPENSES

| | | |
|---|---|---|
| Copies @ $.10 per page | $ | 36.20 |
| Postage | $ | 6.78 |
| **TOTAL EXPENSES** | **$** | **42.98** |

The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised in any capacity in connection with the above case.

Executed this 18th day of March, 2015.

    /s/ Robert L. Geltzer
    Robert L. Geltzer, Chapter 7 Trustee

**Debtor:**     LESSNO LLC
**Case No.:**   09-44979 (ESS)

A summary of the services of the significant matters concerning which I, as Trustee, rendered professional services is set forth below.

In connection with my administration of the Debtor's estate, I performed, among other things, the following services: reviewed petition, schedules, and statement of financial affairs, reviewed Debtor's books and records, analyzed the financial affairs and assets of the estate, marshaled assets and reduced them to cash, and reviewed claims.

In addition to the above, I maintain a computerized Bankruptcy Management System to monitor and administer estates and to comply with United States Trustee guidelines that implement the statutory requirements established by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").

On June 12, 2009, Trans Am Travel Inc., Smart Travel Network, Inc. and Mario I. Sotirov (the "Petitioning Creditors") commenced an involuntary Chapter 7 bankruptcy case against Lessno, LLC, the debtor (the "Debtor"), by filing a petition for relief under Chapter 7 of the Bankruptcy Code.  On November 7, 2011, after trial, the Court allowed the involuntary petition, overruled the Debtor's Answer, and directed that an order for relief be entered in this case.

On November 8, 2011, I was appointed as interim trustee in the Debtor's Chapter 7 case pursuant to 11 U.S.C. § 701, and thereafter became permanent trustee pursuant to 11 U.S.C. § 702(D) and by operation of law.  Virtually all of the work necessary to complete this estate has taken place.

On July 6, 2012, the Debtor moved pursuant to Section 707(a) of the Bankruptcy Code to dismiss voluntarily this case for cause (the "Motion to Dismiss") based upon a settlement (the "Global Resolution") that had been agreed to between and among the Debtor's parent company Neveq S.A.R.L. ("Neveq"), certain entities affiliated with Neveq, and the Petitioning Creditors and certain of their affiliated entities.  As set forth in the Motion to Dismiss, under the Global Resolution, among other things, the Petitioning Creditors and others agreed to withdraw their claims against the Debtor, Neveq agreed to convert its pre-petition claims to equity, rather than demand payment of those claims, and Neveq agreed to pay in full all remaining claims against the Debtor's estate, consisting of "trade creditor claims, United States Trustee fees, my commissions and expenses, Chapter 7 professionals' fees and expenses, the fees and costs of Debtor's counsel, and the fees and expenses of other professionals involved in this case" [ECF 132, ¶5].

After numerous revisions to the Stipulation and Order Concerning the Payment by the Debtor's Parent Neveq S.A.R.L. to the Trustee of Funds Sufficient to Satisfy the Administrative Claims of the Trustee and His Professionals that Ultimately are Allowed by the Court and Providing for Dismissal of the Debtor's Chapter 7 Case Upon the Trustee's Payment of Said Allowed Administrative Claims ("Stipulation"), on December 22, 2014, this Court so-ordered the Stipulation, which required, among other things, payment to me, as Trustee, the amount of $90,000.00 to cover administrative expenses.  After payment of certain banking fees, as of the date hereof, there is $89,852.17 on deposit in the Debtor's estate bank account.  After payment of my statutory commissions and expenses, Chapter 7 administrative claimants will receive a

97% distribution.

In addition, upon completion of the above distributions to administrative claimants, pursuant to the Stipulation, I shall filed with the Court a proposed order closing the case. A copy of the Stipulation is annexed hereto.

The commissions requested in my final report are $7,748.00 and are calculated based upon the statutory commission structure specified in §326 of the Bankruptcy Code. Albeit maintenance of Trustee time records are no longer required, annexed hereto are my time entries in connection with the administration of this estate. I performed my fiduciary services as Trustee in accordance with United Stated Trustee guidelines, the Local Rules of this Court and the responsibilities imposed by BAPCPA which requires:

> In determining the amount of reasonable
> compensation to be awarded to a trustee,
> the court shall treat such compensation as
> a commission, based on section 326.
> 11 U.S.C. §330(a)(7).

Therefore, there is every reason to adhere to the statutory commission structure prescribed by Congress.

**Debtor:**     **LESSNO LLC**
**Case No.:**   **09-44979 (ESS)**

## TRUSTEE TIME RECORD

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 11/15/11 | review docket and various documents, in chapter 11 phase, t/c attorney for debtor re conversion; t/c attorney for petitioning creditors re same | 2.9 |
| 11/17/11 | read memo from Wolf re conference call with debtor and t/c with him re same | .2 |
| 11/18/11 | prepare for and t/c with Wolf and attorney for debtor and its general counsel and investment manager re assets, conversion issues, claims, etc. | 1.1 |
| 12/21/11 | meet with Plotzker and Wolf re status and t/c attorney for creditors re scheduling and position re dismissal | .3 |
| 2/16/12 | t/c Wolf and Plotzker re dismissal of London Proceeding and 341 and structured dismissal here | .3 |
| 3/12/12 | read memo from debtor representative re 341 by skype and t/c Wolf and UST | .2 |
| 3/15/12 | met with Plotzkre and Wolf re stip to pay all claims and 341 date | .2 |
| 5/10/12 | read email re wire transfer and send instructions to investment manager | .2 |
| 5/11/12 | read memo re authority to wire and contact bank to open up account; generate and file W9 | .3 |
| 5/15/12 | read memo re transfer of funds from Bulgaria | .1 |
| 6/1/12 | various emails to and from bank and Minchev re wire transfer and review documents re same | .3 |
| 6/26/12 | read memo and t/c Wolf re renewal of domain names | .2 |
| 4/24/13 | conference call with parties and court re proposed order | 1.3 |
| 7/22/13 | review signed prder re payment to Weiner and t/c Wolf re same | .2 |
| 9/18/13 | meet with Plotzker and Wolf re conference with court | .2 |
| 10/1/13 | t/c Wolf re meeting yesterday re debtor and read letter from him to court re adjourn date | .3 |
| 10/30/13 | t/c Wolf re update on status conference and adjournment of conference | .2 |

| 11/20/13 | read memo to attorney for debtor re his fees needed for settlement discussions | .1 |
|---|---|---|
| 12/13/13 | t/c Wolf and Gavin, clerk of the court, re note not to close case | .1 |
| 2/28/14 | read memo from debtor's attorney re funds transfer | .1 |
| 5/2/14 | t/c Wolf re whether stip was signed | .1 |
| 12/29/14 | read stipulation and order re payment to professionals and creditors, closing of case, open bank account and transmit information to bank and t/c with Wolf re same | .5 |
| 1/6/15 | send email to Wolf re receipt of funds per court order, read response and send email to bank re same | .2 |
| 1/8/15 | review banking information re wire transfer per court order and t/c with Wolf re same | .1 |
| 2/20/15 | bank reconciliation | .1 |
| 3/12/15 | review professional fee applications | .5 |
| 3/13/15 | Prepare proposed distribution analysis and import and reconcile professional claims in system; bank reconciliation | .7 |
| 3/18/15 | Draft Trustee's application | .8 |
| 3/20/15 | Draft Notice of Final Hearing | 1.5 |
| | | |
| | **ESTIMATED TIME TO CLOSE CASE** | |
| | | |
| | Serve Applications and File Same with Court | .8 |
| | Attend Final Hearing | 2.0 |
| | Prepare Disbursements and File Closing Order | 2.0 |
| | | |
| | **TOTAL** | **18.1** |