| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>--------------------------------------------------------X<br>In Re:<br><br>**LESSNO, LLC,**<br><br>                      Debtor.<br>--------------------------------------------------------X | 13-3589448<br><br>**Chapter 7**<br><br>**Case No. 09-44979 (ESS)** |

**APPLICATION OF
THE LAW OFFICES OF ROBERT L. GELTZER FOR
FINAL COMPENSATION AS COUNSEL TO TRUSTEE**

**TO:  THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE**:

**INTRODUCTION and PRELIMINARY STATEMENT**

The Law Offices of Robert L. Geltzer, by ROBERT L. GELTZER, Esq., ("Applicant" or "Counsel for the Trustee" or "Counsel"), which maintains its office at 1556 Third Avenue, New York, New York, and is a general practice law firm, concentrating in bankruptcy law in the Eastern and Southern Districts of New York, makes this application (the "Application") pursuant to Section 330(a) of title 11 U.S. Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2016 and Local Rule 2016-1 for a final allowance, and approval of payment, of fair and reasonable compensation for professional services rendered on behalf of Robert L. Geltzer, Chapter 7 trustee (the "Trustee"), by the Applicant for the period November 21, 2011 through March 13, 2015 (the "Allowance Period") and for reimbursement of its actual and necessary out-of-pocket disbursements incurred in connection with the rendition of such professional services.

        1.     On June 12, 2009, Trans Am Travel Inc., Smart Travel Network, Inc. and Mario I. Sotirov (the "Petitioning Creditors") commenced an involuntary Chapter 7

bankruptcy case against Lessno, LLC, the debtor (the "Debtor"), by filing a petition for relief under Chapter 7 of the Bankruptcy Code.

2. On November 7, 2011, after trial, the Court allowed the involuntary petition, overruled the Debtor's Answer, and directed that an order for relief be entered in this case.

3. On November 8, 2011, the Trustee was appointed as interim trustee in the Debtor's Chapter 7 case pursuant to 11 U.S.C. § 701, and thereafter became permanent trustee pursuant to 11 U.S.C. § 702(D) and by operation of law.

4. Virtually all of the work necessary to complete this estate has taken place.

5. No prior application for allowances of compensation and reimbursement of expenses has been filed by the Applicant in the Debtor's case.

6. In accordance with Bankruptcy Rule 2016, the Applicant hereby states that all services for which compensation is sought herein were rendered to the Trustee solely in connection with the Debtor's Chapter 7 case and not on behalf of any individual creditors and/or other persons. An affidavit of Robert L. Geltzer, a member of the Applicant sworn to on March 13, 2015, and annexed hereto, confirms the foregoing.

7. Concurrently with the rendition of professional services required by the Trustee, the Applicant maintains records of time expended by entering such time and expenses into a computer, usually as the time and expenses are incurred, but no later than a few days thereafter; a copy of the computer printouts representing all such entries is annexed hereto as Exhibit "A." Further, the Applicant maintains records of all

out-of-pocket disbursements.  The total out-of-pocket disbursements are also itemized in Exhibit "A" annexed hereto.

8. By this Application, the Applicant seeks: (a) a final allowance and payment of compensation not in the amount of $7,293.00, as per Exhibit "A," for professional services rendered, but, rather, only seeks compensation in the amount of $7,064.28; and (b) reimbursement of out-of-pocket expenses incurred during the Allowance Period in the amount of $6.56 representing 100% of out-of-pocket expenses incurred during the Allowance Period.

## **SUMMARY OF LEGAL SERVICES**

9. A summary of the services of the significant matters concerning which the undersigned rendered professional services is set forth below.  The intention is to highlight certain services and not to describe exhaustively all services.  A complete listing of services and hourly billing rates are set forth in Exhibit "A":

a. Examined the Petition, Schedules, Statement of Affairs and Statement of Executory Contracts to ascertain any assets in the Debtor's estate which needed to be administered.

b. Drafted and filed applications for orders retaining the Law Offices of Robert L. Geltzer, as attorneys for the Trustee, and Davis Graber Plotzker & Ward, LLP, as accountant to the Trustee.

c. On July 6, 2012, the Debtor moved pursuant to Section 707(a) of the Bankruptcy Code to dismiss voluntarily this case for cause (the "Motion to Dismiss") based upon a settlement (the "Global Resolution") that had been agreed to between and among the Debtor's parent company Neveq S.A.R.L. ("Neveq"), certain entities

affiliated with Neveq, and the Petitioning Creditors and certain of their affiliated entities. As set forth in the Motion to Dismiss, under the Global Resolution, among other things, the Petitioning Creditors and others agreed to withdraw their claims against the Debtor, Neveq agreed to convert its pre-petition claims to equity, rather than demand payment of those claims, and Neveq agreed to pay in full all remaining claims against the Debtor's estate, consisting of "trade creditor claims, United States Trustee fees, Chapter 7 Trustee's commissions and expenses, Chapter 7 professionals' fees and expenses, the fees and costs of Debtor's counsel, and the fees and expenses of other professionals involved in this case" [ECF 132, ¶5].

        d.      After numerous revisions to the Stipulation and Order Concerning the Payment by the Debtor's Parent Neveq S.A.R.L. to the Trustee of Funds Sufficient to Satisfy the Administrative Claims of the Trustee and His Professionals that Ultimately are Allowed by the Court and Providing for Dismissal of the Debtor's Chapter 7 Case Upon the Trustee's Payment of Said Allowed Administrative Claims ("Stipulation"), on December 22, 2014, this Court so-ordered the Stipulation, which required, among other things, payment to the Trustee the amount of $90,000.00 to cover administrative expenses [ECF 198].

        10.      As set forth above, Applicant also seeks reimbursement of its out-of-pocket disbursements Applicant has disbursed the sums described in Exhibit "A" for actual and necessary expenses incurred in connection with the rendition of professional services on behalf of the Debtor.

        11.      Applicant has not received any reimbursement from any source

whatsoever on account of the disbursements described in Exhibit "A". Accordingly, Applicant requests the reimbursement for 100% of its expenses at this time in the amount of $6.56.

12. The actual and necessary expenses incurred by Applicant in connection with this Chapter 7 case are reasonable in light of the services rendered as described herein. As regards bankruptcy matters, Applicant's fee structure is based upon the practice of charging separately for out-of-pocket disbursements directly applicable to a particular matter and such disbursements are not figured into its hourly time charges for the rendition of professional services by attorneys.

## **CONCLUSION**

13. It is respectfully submitted that all of the work necessary to complete this estate has taken place.

14. The professional services rendered by Applicant have required the expenditure of time and effort. Furthermore, the Applicant rendered extensive professional services in this matter during the Allowance Period without receiving any compensation or payment for its professional services.

15. Any increase in rates of compensation from those initially charged at the time of making the application for the retention order in this case are attributable to an enhanced expertise, an increase in overhead, and commensurate rates and increases for compensation charged by comparably skilled practitioners in cases other than cases under title 11.

16. The professional services rendered by Applicant on behalf of the

Trustee have been necessary and appropriate in furtherance of the interests of the Estate.

17.     Section 330(a) of the Bankruptcy Code describes the general standards for determining the amount of compensation. It is to be:

> "[R]easonable compensation for actual, necessary services rendered by the trustee, . . . professional person, or attorney . . . and by any paraprofessional person employed by ant such person; . . . [based on]. . . the nature, the extent, and the value of such services, taking into account all relevant factors, including - (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title."

18.     Applicant submits that considering (a) the time and labor required of Applicant; (b) the skill required of Applicant to perform the services involved; (c) Applicant's customary fees for such work; (d) the contingency of the fees for any work performed in a case under the Bankruptcy Code; (e) the size of the Debtor's estate; (f) Applicant's experience, reputation and ability; (g) the awards under similar circumstances; and (h) the results obtained, the compensation sought in this Application is fair and reasonable.

19.     No novel issues of law are presented by this Application and the grounds for relief requested are set forth in the Application.

20. The Applicant will provide notice of the Application to (i) the United States Trustee; (ii) each person listed in its Schedule of Assets and Liabilities as creditor of or as having an interest in the Debtor; (iii) all persons who filed a notice of claim or interest in this case; and (iv) all persons who have filed a request for notice in this case pursuant to Bankruptcy Rule 2002. The Applicant submits that no other notice is necessary.

21. No previous application has been made by the undersigned in regard to attorney's fees and disbursements.

**WHEREFORE**, as a result of the foregoing, Applicant requests: (i) a final allowance and payment of compensation not in the amount of $7,293.00, as per Exhibit "A" for professional services rendered, but, rather, only seeks compensation in the amount of $7,064.28; (ii) an allowance and payment of actual and necessary costs and expenses incurred and to be incurred during the Allowance Period in the amount of $6.56; and (iii) such other relief as is just.

DATED:   New York, New York
         March 13, 2015

                LAW OFFICES OF ROBERT L. GELTZER
                *Counsel to Chapter 7 Trustee*

                By: /s/ Robert L. Geltzer
                    ROBERT L. GELTZER
                    A Member of the Firm
                    1556 Third Avenue
                    New York, New York  10128
                    (212) 410-0100

**The Law Offices of Robert L. Geltzer**
1556 Third Avenue
New York, New York 10128
(212) 410-0100
Robert L. Geltzer
Mark E. Bruh

*Counsel to Robert L. Geltzer, as Chapter 7 Trustee of Lessno, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- x

| | |
|---|---|
| In re: : | |
| : | Chapter 7 |
| LESSNO, LLC, : | Case No.  09-44979 (ESS) |
| : | |
| Debtor. : | |

-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- x

**AFFIRMATION OF ROBERT L. GELTZER IN SUPPORT OF APPLICATION
FOR FIRST AND FINAL ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE LAW OFFICES OF
<u>ROBERT L. GELTZER, AS COUNSEL TO THE TRUSTEE</u>**

**ROBERT L. GELTZER** hereby affirms and declares under the penalty of perjury as follows:

1. I am an attorney admitted to practice before the courts of the State of New York and the District Courts of the Southern and Eastern Districts of New York, and am a member of The Law Offices of Robert L. Geltzer ("RLG").  RLG maintains offices for the practice of law at 1556 Third Avenue, New York, New York 10128.  I submit this Affirmation pursuant to 11 U.S.C. § 504, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases (the "Fee Guidelines"), and the guidelines promulgated by the Office of the United States Trustee (the "UST Guidelines"), in connection with RLG's

Application (the "Application"), under 11 U.S.C. § 330, for a first and final allowance of fees and reimbursement of expenses incurred as Counsel to Robert L. Geltzer, as the Chapter 7 Trustee (the "Trustee") of the debtor, Lessno, LLC, for the period November 21, 2011 through March 13, 2015 (the "Allowance Period").

    2.    I certify that:

    (a)    I have read the Application, and each statement contained therein is true to the best of my knowledge, information and belief formed after reasonable inquiry.

    (b)    To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory guidelines set forth in the Fee Guidelines and the UST Guidelines.

    (c)    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the guidelines set forth in the Fee Guidelines and the UST Guidelines.

    (d)    Except to the extent that fees or disbursements are prohibited by the Fee Guidelines and the UST Guidelines, the fees and disbursements sought are billed at rates, and in accordance with practices, customarily employed by RLG and would generally be billed to similarly situated clients.

    (e)    RLG does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay.

    (f)    RLG does not make a profit on the reimbursable expenses set forth in the Application.

    (g)    <u>Photocopying</u>:  Reimbursement for photocopying is requested at $.10 per page.

      (h)  <u>Postage</u>:  The costs of postage were reasonably incurred and minimized whenever possible.

      (i)  <u>Trustee</u>:  The Trustee has been provided with a copy of the Application papers prior to the filing thereof, which was at least 14 days before the date set by the court for filing this application.  In addition, the Trustee has been provided not later than 21 days after the end of each month with a statement of fees and disbursements accrued during such month.

   3.  Although we have utilized facsimile transmissions and cellular telephones in this case, and have incurred overtime expenses and expenses for daytime meals, no reimbursement for those expenses is being sought.

   4.  No promise has been received by RLG nor by any member or associate thereof as to compensation in connection with this case.  RLG has no agreement to share with any other entity any compensation which has been or may be received by the law firm in connection with this case.

   5.  No division of compensation shall be made and no agreement prohibited by 18 U.S.C. § 155 has been made by RLG.

Dated: New York, New York  
   March 13, 2015

                /s/  Robert L. Geltzer  
                Robert L. Geltzer

<u>      Salutation - none      </u>

Invoice submitted to:
LESSNO, LLC


March 13, 2015

In Reference To:Estate of:    LESSNO, LLC   09-44979-ESS

Invoice #10698


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| | Asset Analysis and Recovery | | | |
| 11/22/2011 RLG | read memo from attorney in london re infringement suit and Telephone call- robert wolf, esq. re same | | 0.40<br>675.00/hr | 270.00 |
| 12/6/2011 RLG | read memo from minchev re settlement | | 0.10<br>675.00/hr | 67.50 |
| 12/8/2011 RLG | Telephone call- robert wolf, esq., and attorney for debtor and general counsel re global settlement possibility | | 0.60<br>675.00/hr | 405.00 |
| 1/11/2012 RLG | Read letter re: order from clifford chance and send to and Telephone call- with robert wolf, esq. re same | | 0.10<br>695.00/hr | 69.50 |
| 1/27/2012 RLG | Telephone call- robert wolf, esq., re proposed settlement stip | | 0.40<br>695.00/hr | 278.00 |
| 6/19/2012 RLG | read memo re: foreign bank account and Telephone call- robert wolf, esq., and andrew plotzker, cpa. re same | | 0.30<br>695.00/hr | 208.50 |
| 6/22/2012 RLG | review foreign bank account form and Telephone call- andrew plotzker, cpa. re same | | 0.20<br>695.00/hr | 139.00 |
| 10/11/2013 RLG | read memo to attorney for debtor re settlement offer | | 0.10<br>705.00/hr | 70.50 |
| 10/16/2013 RLG | meet with andrew plotzker, cpa. and robert wolf, esq., re settlement offer and response from attorney for debtor | | 0.30<br>705.00/hr | 211.50 |
| 10/23/2013 RLG | Read settlement proposal and Telephone call- robert wolf, esq. re fees to attorney for debtor | | 0.20<br>705.00/hr | 141.00 |
| 11/13/2013 RLG | meet with andrew plotzker, cpa. and robert wolf, esq., re settlement offers and fees of connely | | 0.30<br>705.00/hr | 211.50 |

LESSNO, LLC                                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/2/2013 | RLG | Telephone call- robert wolf, esq., re offer of weiner to setlle and Telephone call- with connely and updating conference call re sale | 0.20 705.00/hr | 141.00 |
| 10/22/2014 | RLG | Telephone call- robert wolf, esq. re stipulation resolving claims | 0.10 735.00/hr | 73.50 |
|  | SUBTOTAL: |  | [     3.30 | 2,286.50] |

Case Administration

|  |  |  |  |  |
|---|---|---|---|---|
| 1/4/2012 | RLG | Telephone call- robert wolf, esq., and attorney for debtor re proposed dismissal | 0.10 695.00/hr | 69.50 |
| 1/23/2012 | RLG | meet with andrew plotzker, cpa., and robert wolf, esq., re possible dismissal of debtor, asset issues, documents, and 2004order | 0.40 695.00/hr | 278.00 |
| 2/1/2012 | RLG | read memo re: dimiss or discontinuance of british proceeding and Telephone call- robert wolf, esq. re same | 0.30 695.00/hr | 208.50 |
| 2/3/2012 | RLG | Read proposed --incorrect--structured dismissal order | 0.10 695.00/hr | 69.50 |
| 4/18/2012 | RLG | meet with andrew plotzker, cpa. and robert wolf, esq., re stip for dismissal | 0.20 695.00/hr | 139.00 |
| 6/13/2012 | RLG | rev dismissal motion and order and advise Peter Zisser, Esq. re same | 0.20 695.00/hr | 139.00 |
| 9/5/2012 | RLG | Read and respond and deny request for payment re tax issue | 0.20 695.00/hr | 139.00 |
| 10/10/2012 | RLG | Telephone call- Peter Zisser, Esq. re tally fee claim | 0.20 695.00/hr | 139.00 |
| 2/27/2013 | RLG | meet with andrew plotzker, cpa., and robert wolf, esq., re dismissal issues | 0.20 705.00/hr | 141.00 |
| 5/6/2013 | RLG | review signed order re: denial of dismissal order | 0.10 705.00/hr | 70.50 |
| 7/11/2013 | RLG | Read disc. court opinion re dismissal and claims | 1.00 705.00/hr | 705.00 |
| 12/11/2013 | RLG | meet with andrew plotzker, cpa., and robert wolf, esq., re conf call yesterday with court re settlement with weiner, and remaining issues as to ch 7 admin | 0.20 705.00/hr | 141.00 |
| 1/8/2014 | RLG | meet with andrew plotzker, cpa., and robert wolf, esq., re payment to weiner and Telephone call- to connely re same | 0.20 735.00/hr | 147.00 |

LESSNO, LLC                                                                                                           Page     3

|            |     |                                                                                                                                                                                                                                     | Hrs/Rate       | Amount    |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------------|-----------|
| 2/26/2014  | RLG | Telephone call- attorney for debtor and robert wolf, esq. re payment per order (.5) ;and read memo to them re same (.1)                                                                                                                           | 0.60 735.00/hr | 441.00    |
| 3/7/2014   | RLG | Telephone call- robert wolf, esq., re payments to weiner and stip to pay administrative claims                                                                                                                                                    | 0.20 735.00/hr | 147.00    |
| 4/3/2014   | RLG | Review and revise settlement stip                                                                                                                                                                                                                 | 0.20 735.00/hr | 147.00    |
| 4/8/2014   | MEB | review dismissal papers and t/c with Wolf re calculations                                                                                                                                                                                         | 0.20 495.00/hr | 99.00     |
| 4/9/2014   | MEB | t/c with wolf re comments to dismissal stip                                                                                                                                                                                                       | 0.10 495.00/hr | 49.50     |
|            |     | SUBTOTAL:                                                                                                                                                                                                                                         | [   4.70       | 3,269.50] |

Fee/Employment Applications

|            |     |                                                                                                                                                                                                                                                  | Hrs/Rate       | Amount    |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------------|-----------|
| 11/21/2011 | RLG | Preparation of application, affidavit, and order to retain attorney for trustee, together with cover letter .9; Preparation of application, affidavit and order to appoint accountant to trustee, and cover letter .8                            | 1.70 675.00/hr | 1,147.50  |
| 1/12/2012  | RLG | review signed order re: attorney retention                                                                                                                                                                                                        | 0.10 695.00/hr | 69.50     |
| 3/13/2015  | MEB | prepare final fee application                                                                                                                                                                                                                     | 1.00 520.00/hr | 520.00    |
|            |     | SUBTOTAL:                                                                                                                                                                                                                                         | [   2.80       | 1,737.00] |
|            |     | **For professional services rendered**                                                                                                                                                                                                            | **10.80**      | **$7,293.00** |

Additional Charges :

Duplication

| 11/21/2011 | RLG | Duplication | 4.80 |
|---|---|---|---|
| | | Preparation of application, affidavit, and order to retain attorney for trustee, together with cover letter ; Preparation of application, affidavit and order to appoint accountant to trustee, and cover letter | |

|  |  | SUBTOTAL: | [   4.80] |
|---|---|---|---|

Postage

| 11/21/2011 | RLG | Postage | 1.76 |
|---|---|---|---|
| | | Preparation of application, affidavit, and order to retain attorney for trustee, together | |

LESSNO, LLC                                                                                                          Page    4

                                                                                                                     Amount

    with cover letter ; Preparation of application, affidavit and order to appoint accountant
    to trustee, and cover letter

SUBTOTAL:                                                                                                     [        1.76]

**Total costs**                                                                                                    **$6.56**

**Total amount of this bill**                                                                                  **$7,299.56**

Balance due                                                                                                     $7,299.56

Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Mark E. Bruh - MEB 2014 | 0.30 | 495.00 | $148.50 |
| Mark E. Bruh - MEB 2015 | 1.00 | 520.00 | $520.00 |
| Robert L. Geltzer - RLG 2011 | 2.80 | 675.00 | $1,890.00 |
| Robert L. Geltzer - RLG 2012 | 2.80 | 695.00 | $1,946.00 |
| Robert L. Geltzer - RLG 2013 | 2.60 | 705.00 | $1,833.00 |
| Robert L. Geltzer - RLG 2014 | 1.30 | 735.00 | $955.50 |