**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf
rwolf@tarterkrinsky.com

*Substitute Special Litigation Counsel to*
*Robert L. Geltzer as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- --  x

In re:                                                :
                                                       :        **Chapter 7**
**LESSNO, LLC,**                                       :
                                                       :        **Case No. 09-44979 (ESS)**
                                    Debtor.             :
                                                       :
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- --  x

## APPLICATION OF TARTER KRINSKY & DROGIN LLP UNDER 11 U.S.C. §§ 330 & 331 FOR FIRST AND FINAL ALLOWANCE OF FEES INCURRED AS SUBSTITUTE SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE FROM FEBRUARY 1, 2014 THROUGH FEBRUARY 5, 2015

**TO THE HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE:**

Tarter Krinsky & Drogin LLP ("**TKD**"), submits this Application (the

"**Application**") pursuant to 11 U.S.C. §§ 330 and 331 for a first and final allowance of fees accrued

as Substitute Special Litigation Counsel to Robert L. Geltzer, as the Chapter 7 trustee (the

"**Trustee**") of the above-captioned Chapter 7 debtor, Lessno, LLC (the "**Debtor**"), for the period

February 1, 2014 through February 5, 2015 (the "**Allowance Period**"). No prior application in this

case for fees or expenses has been submitted by TKD, and TKD has received no compensation from

any source. The value of the services performed by TKD's professionals during the Allowance

Period was in the amount of at least $14,805.00 in hourly fees. TKD did not incur expenses or

disbursements for which reimbursement is sought in this matter. Accordingly, TKD requests that the

Court grant to it, at this time, an order (i) awarding a first and final fee award of $14,805.00 (the **"Allowed Fees"**); and (ii) authorizing and directing that TKD be paid the amount of $14,805.00 in Allowed Fees incurred during the Allowance Period.

## BACKGROUND

1.      On June 12, 2009, Trans Am Travel Inc., Smart Travel Network, Inc. and Mario I. Sotirov (the (**"Petitioning Creditors"**) commenced an involuntary Chapter 7 bankruptcy case against the Debtor by filing a petition for relief under Chapter 7 of the Bankruptcy Code.

2.      On November 7, 2011, after trial, the Court allowed the involuntary petition, overruled the Debtor's Answer, and directed that an order for relief be entered in this case.

3.      On November 8, 2011, the Trustee was appointed as interim trustee in the Debtor's chapter 7 case pursuant to 11 U.S.C. § 701, and thereafter became permanent trustee pursuant to 11 U.S.C. § 702(d) and by operation of law.

4.      By Order of this Court entered on February 17, 2012, Squire Sanders (US) LLP and Squire Sanders (UK) LLP (collectively, **"Squire Sanders"**) were retained as Special Litigation and Intellectual Property Counsel to the Trustee, effective as of November 18, 2011.

5.      By Order of this Court entered on April 14, 2014, TKD was retained as Substitute Special Litigation Counsel to the Trustee in place of Squire Sanders, effective as of February 1, 2014. A copy of that Order is annexed hereto as Exhibit A.

## SERVICES RENDERED BY TKD

6.      During the Allowance Period, as the Trustee's Substitute Litigation

Counsel, TKD performed various services as more fully described hereinbelow.

**Services Relating to the Global Resolution of the Case**

7.      On July 6, 2012, the Debtor moved pursuant to Section 707(a) of the

Bankruptcy Code to dismiss voluntarily this case for cause (the "**Motion to Dismiss**") based

upon a settlement (the "**Global Resolution**") that had been reached among the Debtor's parent

company Neveq S.A.R.L. ("**Neveq**"), certain entities affiliated with Neveq, and the Petitioning

Creditors and certain of the their affiliated entities.  As set forth in the Motion to Dismiss, under

the Global Resolution,  among other things, the Petitioning Creditors and others had agreed to

withdraw their claims against the Debtor, Neveq had agreed to convert its prepetition claims to

equity, rather than demand payment of those claims, and Neveq had agreed to pay in full all

remaining claims against the Debtor's estate, consisting of "trade creditor claims, U.S. Trustee

fees, chapter 7 trustee commissions and the fees and expenses of his professionals, the fees and

costs of the Debtor's counsel, and the fees and expenses of other professionals involved in this

case."  Motion to Dismiss, Doc. 132 on the docket of this case, paragraph 5.

8.      Upon being retained as substitute special litigation counsel to the

Trustee, TKD had a number of telephonic and email communications with the Debtor's counsel

(including one conference call to which Neveq's representatives were also party), to discuss the

implementation of the Global Resolution within the context of this bankruptcy case.  Those

discussions centered around the structure and the timing within which to effectuate Neveq's

obligations under the Global Resolution to pay the administrative expenses of the Debtor's estate

as a prerequisite to the closing of the case.

9.      Pursuant to those discussions, TKD drafted a proposed Stipulation and Order Concerning the Payment by the Debtor's Parent Neveq S.A.R.L. to the Trustee of Funds Sufficient to Satisfy the Administrative Claims of the Trustee and His Professionals That Ultimately Are Allowed by the Court and Providing for Dismissal of the Debtor's Chapter 7 Case Upon the Trustee's Payment of Said Allowed Administrative Claims (the "**Stipulation**").

10.     TKD transmitted to the Trustee and to the Debtor's counsel (who in turn transmitted the same to Neveq) the draft of the proposed Stipulation for review and comment, along with an estimate of the administrative expenses which Neveq would be obligated to pay.

11.     Upon receiving comments, including proposed changes, to the draft, TKD incorporated same into a revised version of the Stipulation which it circulated for approval and execution.

12.     Once TKD, as the Trustee's substitute special litigation counsel, the Debtor's counsel, and Neveq had executed the Stipulation, TKD prepared, filed and served a Notice of Presentment of the Stipulation for so ordering by this Court.  The Stipulation was so ordered by this Court on December 22, 2014.

13.     Upon the so ordering of the Stipulation, TKD had communications with the Debtor's counsel to arrange for Neveq's wire transfer to the Trustee of the required payment of $90,000 to cover administrative expenses that ultimately would be allowed by the Court.


**Additional Services**

14.     In addition to the foregoing, TKD performed other tasks on behalf of the Trustee during the Allowance Period, including regularly updating and consulting with the

Trustee regarding all of the aforementioned matters, preparing the TKD retention application and drafting the instant Application.

## BILLING RECORDS AND CALCULATIONS

15.     In the ordinary course of its business, TKD maintains records that provide a complete accounting of the dates of professional services rendered on behalf of the Trustee, the person providing such services, a description of each such service and the amount of time spent on each service. A schedule summarizing the time spent by each attorney, legal assistant, and other professional at TKD who performed services during the Allowance Period, together with the hourly billing rates and time charges for each such attorney, legal assistant, and other professionals at TKD, is attached as Exhibit B. A copy of the detailed time records maintained by TKD for the Allowance Period, upon which the summary is based, is included in Exhibit C in TKD's usual chronological manner.

### Aggregate Fees For The Allowance Period

16.     During the Allowance Period, TKD's attorneys and legal assistants rendered legal services on behalf of the Trustee, for each of the following matters, in the following aggregate amounts of hours, for the following fees (calculated by multiplying the hours worked by each attorney, legal assistant, and other professional at TKD, by the applicable billing rate for each such individual, as set forth in the summary attached as Exhibit B):

| Matter | Aggregate Hours | Aggregate Fees |
|--------|-----------------|----------------|
| Services Relating to Global Resolution | 14.8 | $9,170.00 |
| Additional Services | 15.2 | $5,635.00 |

17.     In total, during the Allowance Period, TKD's attorneys, legal assistants, rendered an aggregate of 30.0 hours of legal services on behalf of the Trustee. TKD presently values those services in the sum of at least $14,805.00, which is calculated by multiplying the hours worked by each attorney and legal assistant, by the applicable billing rate for each such individual, as set forth in the summary attached as Exhibit B. The blended rate for the work performed is $493 per hour. The billing rates represent a rate that is commensurate with usual and customary hourly billable rates for attorneys and paraprofessionals who perform services of a similar nature for other clients of TKD who are billed on a non-contingent, hourly basis.

**Expenses**

18.     There were no expenses of significance incurred by TKD in connection with its services provided in this case. Accordingly, in this Application, TKD is not seeking reimbursement for any expenses.

## STANDARDS FOR ALLOWANCE OF COMPENSATION

19.     TKD submits that for the reasons set forth more fully above, the professional services rendered by TKD to and on behalf of the Trustee during the Allowance Period were reasonable and necessary to the Trustee and to creditors generally, and have resulted in substantial benefit to the Debtor's estate.

20.    Section 330(a)(1) of the Bankruptcy Code provides that,

(a)(1)  After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103-

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses....

(a)(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

21.    Because Congress intended the Court to be responsible for the payment of professionals' fees from a debtor's estate, the Court is required, with or without objection, to among other things, examine the reasonableness of the requested fees. See In re Wilde Horse Enterprises, Inc., 136 B.R. 830, 839 (Bankr. C.D. Ca. 1991).  It is well settled that the first step in calculating whether the fees sought are reasonable is to determine the so-called lodestar amount. See Pennsylvania v. Delaware Valley Citizen's Council For Clean Air, 483 U.S. 711, at 725-26, 107 S. Ct. 3078, 3086-87, 97 L. Ed. 2d 585 (1987) ("Delaware Valley II"); U.S. Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied at 493 U.S.

1071, 110 S. Ct. 1116, 107 L. Ed. 2d 1022 (1990); In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 22 (Bankr. S.D.N.Y. 1991) ("It is now settled that the 'lodestar' method of fee calculation . . . is the method to be used to determine a 'reasonable' attorney fee in all the federal courts, including the bankruptcy courts."); Matter of Cena's Fine Furniture, Inc., 109 B.R. 575, 581 (E.D.N.Y. 1990). The lodestar amount represents "the number of hours reasonably worked on a case multiplied by the reasonable hourly rate." Wells v. Bowen, 855 F.2d 37, 43 (2d Cir. 1988). Accordingly, the Court will ordinarily review whether the hourly rates charged by the applicant are consistent with those charged in this district. It must also examine the number of hours expended by the applicant to determine whether, on that basis, the Court "is convinced it is readily apparent that no reasonable attorney should have undertaken that activity or project or where the time devoted was excessive." In re Drexel Burnham Lambert, 133 B.R. at 23.

22.    In addition to the qualification of board certification and demonstration of skill and experience in the bankruptcy field as set forth in Section 330(3)(E) of the Bankruptcy Code, both of which are satisfied by TKD's attorneys, the general criteria examined for allowance of compensation for professionals are: (a) time and labor required, (b) novelty and difficulty of questions involved, (c) requisite skill, (d) customary fee, (e) whether fee is fixed or contingent, (f) results obtained, (g) nature and length of professional relationship, (h) awards in similar cases, and (i) professional standing, ability and expertise of the law firm. See, e.g., Matter of Cena's Fine Furniture, Inc., 109 B.R. 575, 580-581 (E.D.N.Y. 1990); In re Wonder Corp. of America, 82 B.R. 186, 191 (D. Conn. 1988). Each of these criteria is satisfied here.

(a)    Time and Labor Required. The time and labor expended by TKD to assist the Trustee were comparable to that spent by counsel in other cases of similar size.

(b)  Novelty and Difficulty of Questions Involved. The Global Resolution raised particular issues as to how to effectuate Neveg's obligations thereunder in the context of this case.

(c)  Skill Requisite to Perform Legal Services, Experience, Reputation and Ability of Squire Sanders. TKD believes that its expertise in the areas of bankruptcy and litigation was particularly helpful in connection with its preparation of the Stipulation and the consummation of Neveg's obligations thereunder.

(d)  The Customary Fee. TKD submits that the fee it seeks is not unusual given the size of the monetary settlements it procured on behalf of the Trustee in this case, the benefits conferred upon the estate as a result of its services, the time expended and the monetary amounts involved, and is not at all unusual taking into account fees TKD has been awarded in other cases and what other attorneys of comparable experience and expertise charge on a regular basis.

(e)  Whether Fee is Fixed or Contingent. Pursuant to sections 330 and 331 of the Code, all fees sought by professionals employed under section 327 of the Code are contingent upon approval by the Court and may be dependent largely upon the results obtained.

(f)  Results Obtained. TKD's services resulted in the successful execution and Court approval of the Stipulation, whereby the administrative expenses of the estate can be satisfied in full and the Trustee can then close the case.

(g)  Nature and Length of Professional Relationship. TKD continually counseled, advised and represented the Trustee during the Allowance Period.

(h)  Awards in Similar Cases. TKD and comparable firms have been awarded fees in numerous cases under the Bankruptcy Code by this and other bankruptcy courts, predicated upon the same criteria involved here.

(i)    <u>Professional Standing, Ability and Expertise of Squire Sanders</u>. Set forth below is a brief description of the backgrounds and positions of the attorney and the other professionals who rendered services to the Trustee during the Allowance Period:

Robert A. Wolf is a partner of TKD in the firm's Bankruptcy & Restructuring and Litigation practice groups. He has been a member of the New York Bar since 1977, specializing in the areas of bankruptcy litigation, real estate litigation, and commercial litigation. Mr. Wolf has extensive experience representing Chapter 11 and Chapter 7 trustees as special litigation and real estate counsel, primarily in the Southern and Eastern Districts of New York, and has served as Court-appointed Examiner in a Chapter 11 case in the Eastern District of New York.

Cliff Roca and Cecilia Vazquez are paralegals in the Bankruptcy Restructuring practice group at TKD who performed various services in this case that are more particularly described in Exhibit C hereto.

23.    No agreement or understanding exists between TKD and any other person with respect to sharing the compensation to be received by TKD in connection with the legal services rendered on behalf of the Trustee.

24.    The Trustee has reviewed this Application and has advised TKD that he wholeheartedly supports same.

25.    The Certification of Robert A. Wolf, Esq., the responsible partner at TKD with respect to the firm's representation of the Trustee in the subject bankruptcy case, certifying that this Application complies with 11 U.S.C. § 504, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Amended Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, is annexed hereto as Exhibit D.

## CONCLUSION

26.    By virtue of all the foregoing, TKD respectfully submits that it is entitled to an order (i) awarding the firm a first and final fee award of $14,805.00 in Allowed

Fees, and (ii) authorizing and directing the Trustee's payment to Tarter Krinsky of the amount of

$14,805.00 in Allowed Fees.

Dated:    New York, New York
          February 20, 2015

                          TARTER KRINSKY & DROGIN LLP

                          By: /s/ Robert A. Wolf
                              Robert A. Wolf, Esq.
                              rwolf@tarterkrinsky.com
                          1350 Broadway, 11th Floor
                          New York, New York 10018
                          (212) 216-8000 telephone
                          (212) 216-8001 facsimile

                          *Substitute Special Litigation Counsel to Robert L.
                          Geltzer, as Chapter 7 Trustee*

## EXHIBIT A

### ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re

                                           **Chapter 7**

**LESSNO, LLC,**

                                           **Case No. 09-44979 (ESS)**

                                 **Debtor.**
-----------------------------------------------------------------X

## ORDER AUTHORIZING RETENTION OF TARTER KRINSKY & DROGIN LLP IN PLACE OF SQUIRE SANDERS (US) LLP AS SUBSTITUTE SPECIAL LITIGATION COUNSEL TO THE TRUSTEE PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014

Upon the application (the "Application") of Robert L. Geltzer, Chapter 7 trustee (the "Trustee") of the debtor Lessno, LLC (the "Debtor"), dated March 31, 2014, and the declaration of Robert A. Wolf, Esq., made on March 31, 2014 (the "Wolf Declaration"), seeking the entry of an order pursuant to Section 327 of Title 11 of the United States Code ("the Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules, authorizing the retention of Tarter Krinsky & Drogin LLP ("TKD") as substitute special litigation counsel to the Trustee in place of Squire Sanders (US) LLP ("Squire Sanders") as of February 1, 2014; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application and this Order having been made; and after due deliberation it being determined that the relief requested is necessary to the administration of the Debtor's estate, and this Court being satisfied that TKD (a) does not hold or represent any interest adverse to the Trustee, the Debtor, its creditors or the Debtor's estate with respect to the matters upon which TKD is to be retained; (b) is a

disinterested person with the meaning of Section 101(14) of the Bankruptcy Code; and (c) that its employment is necessary and would be in the best interests of the estate; it is

ORDERED, that the Trustee be, and hereby is, authorized pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014, to retain TKD as substitute special litigation counsel in place of Squire Sanders as of February 1, 2014, to perform services including the following:   (a) continuing discussions with Debtor's counsel and with the principals of Debtor's parent company Neveq, aimed at resolving the amounts of the payments to be made by Neveq to remaining trade creditors, the Trustee and the Trustee's professionals (collectively, "Claimants"), in accordance with a prior global settlement reached among Neveq, the Debtor's petitioning creditors and entities affiliated with each, pursuant to which Neveq agreed in principle to pay all claims of the aforesaid Claimants; (b) in the event a resolution of the foregoing matters is achieved, then consummating said resolution with the preparation of a stipulation to be executed by the pertinent parties and to be approved by the Court; and (c) providing such other litigation-related services that the Trustee may request and direct TKD to perform; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

ORDERED, that TKD shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for

Professionals in the Southern District of New York, dated June 17, 2013, and the fee guidelines issued by the Executive Office of United States Trustees, at 28 C.F.R., pt. 58, App. A ("UST Guidelines A" and together with the Court's fee guidelines, the "Guidelines"), and any monthly compensation orders, if any, entered by the Court; and it is further

ORDERED, that prior to any increases in TKD's range of rates, as set forth in the Wolf Declaration, for the categories of professionals employed by TKD and providing services in this case, TKD shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether TKD's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED, that TKD will not charge the estate for time spent preparing or reviewing the invoices or time records submitted in support of any monthly fee statements or monthly fee applications, if any; and it is further

ORDERED that: (i) any settlement of any controversy or action shall be subject to the Trustee's written consent and to the approval of this Court upon the Trustee's motion therefor; and (ii) upon settlement or other liquidation of any claims being prosecuted by TKD, the gross proceeds from said settlement or other liquidation shall be turned over to the Trustee upon receipt for distribution by the Trustee in accordance with orders of this Court and/or the Bankruptcy Code; and it is further

ORDERED that this Order shall be without prejudice to the right of Squire Sanders to seek compensation for its services as special litigation and intellectual property counsel to the Trustee for

services rendered prior to February 1, 2014, upon the filing of a proper application therefor to, and

approval by, the Court pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, any Local Rules of this Court, and the Guidelines.

NO OBJECTION:

*/s/ Nazar Khodorovsky*
Office of the United States Trustee
Nazar Khodorovsky, Esq.
Trial Attorney
Dated: April 10, 2014



**Dated: Brooklyn, New York**
**April 14, 2014**

Elizabeth S. Stong
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

# EXHIBIT B

## TIME KEEPER SUMMARY

| Name of Professional(s) | Date Admitted | Hours Engaged Total | Average Rate(s) | Total |
|---|---|---|---|---|
| Robert A. Wolf Partner | 1977 | 17.0 | $695 | $11,815.00 |
| Cliff Roca Paralegal | N/A | 12.8 | $230 | $2,944.00 |
| Cecilia Vazquez Paralegal | N/A | 0.20 | $230 | $46.00 |
| | | | | |
| | | | | |
| | | | | |
| TOTAL | | 30.00 | | $14,805.00 |

## **EXHIBIT C**

### TIME RECORD DETAIL

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001

Robert L. Geltzer                                        February 6, 2015
Chapter 7 Trustee of Lessno LLC

File #:BANK823
Inv #:    85567

RE:        Lessno/Special Litigation Counsel to the Trustee
           Litigation

**FOR PROFESSIONAL SERVICES RENDERED including the following:**

| DATE | DESCRIPTION | HOURS | FEE | LAWYER |
|------|-------------|-------|-----|--------|
| Feb-18-14 | [Litigation] Review of Tally Wiener's email to M. Connolly and written update to Trustee re: same | 0.20 | $139.00 | RAW |
| Feb-19-14 | [Litigation] Conference with Trustee re: failure of Debtor's parent Neveq to make payments (.20); telephone conference with M. Connolly re: same (.10). | 0.30 | $208.50 | RAW |
| Feb-24-14 | [Litigation] Emails with M. Connolly re: conference call with Neveq representatives this Wednesday and with Wiener re: same (.10). | 0.10 | $69.50 | RAW |
| Feb-25-14 | [Litigation] In preparation for conference call with Debtor/Neveq principals tomorrow, read transcript of November 7, 2011 hearing at which Judge Rosenthal adjudged Lessno a debtor | 0.30 | $208.50 | RAW |

| | | | | |
|---|---|---|---|---|
| Feb-26-14 | [Litigation] Telephone conference with Trustee to prepare for conference call with Neveq, Debtor's parent, re: outstanding claims Neveq is obligated to pay (.10); conference call with Neveq representatives, Debtor's counsel and Trustee regarding the aforesaid issue (.50); follow-up emails with Debtor's counsel re: all of foregoing (.20); follow-up telephone conference with Trustee re: same (.20); sent detailed email to Neveq principals to confirm demand made by Trustee in conference call for payment by next Tuesday (.20). | 1.20 | $834.00 | RAW |
| Feb-28-14 | [Litigation] Email communications with Debtor's counsel and telephone conference with Trustee re: amounts of Chapter 7 administrative claims and Neveq's impending payment of $50,000 to Tally Wiener, Esq (.20); sent emails to M. Connolly, enclosing Squire Sanders's and General Counsel's pre-bills for purposes of Neveq's intended payment of same (.10); telephone conference with Trustee re: language to accompany transmission of pre-bills (.10) | 0.40 | $278.00 | RAW |
| Mar-04-14 | [Litigation] Email communications with M. Connolly and Davis Graber re: invoices needed to send to Connolly who in turn will send to Neveq (.10); telephone conference with M. Bru re: issues pertaining to Neveq payments and distributions (.20) | 0.30 | $208.50 | RAW |
| Mar-24-14 | [Litigation] Telephone conference with M. Connolly re: payment of $50,000 having been made to Tally Wiener and re: my proposal of Stipulation to deal with Chapter 7 | 0.20 | $139.00 | RAW |

|  |  |  |  |
|---|---|---|---|
|  | administrative claims and remaining unsecured claims to be paid by Neveq |  |  |
| Mar-26-14 | [Litigation] Outlined and drafted proposed Stipulation and Order to provide for Neveq's payment to Trustee of aggregate amount of remaining claims and Trustee's distribution of same to claimants | 1.80  $1,251.00 | RAW |
| Apr-01-14 | [Litigation] Drafted additional provision for proposed Stipulation with Neveq (.20); written update to Trustee re: status of Stipulation (.10). | 0.30  $208.50 | RAW |
| Apr-02-14 | [Litigation] Conference with Trustee re: case status and proposed Stipulation re: payment by Neveq. | 0.20  $139.00 | RAW |
| Apr-08-14 | [Litigation] Revisions and inserts to draft of Stipulation of Settlement among Trustee, Debtor and Debtor's parent Neveq. | 1.40  $973.00 | RAW |
| Apr-09-14 | [Litigation] Telephone conference with Trustee's office re: Trustee commission numbers for inclusion in Stipulation for Neveq's payment of remaining claims (.10); revised Stipulation (.30); email to M. Connolly transmitting Stipulation with explanation (.10). | 0.50  $347.50 | RAW |
| May-06-14 | [Litigation] Email communications with M. Connolly re: status of proposed Stipulation for Neveq's payment of remaining admin claims (.10); written update to Trustee re: foregoing (.10). | 0.20  $139.00 | RAW |
| May-07-14 | [Litigation] Conference with Trustee re: status of discussions with M. Connolly re: proposed Stipulation by which Neveq would deliver money to Trustee to | 0.10  $69.50 | RAW |

| | | | | |
|---|---|---|---|---|
| | distribute to outstanding admin creditors. | | | |
| May-14-14 | [Litigation] Review of M. Connolly's email re: Neveq's position on proposed Stipulation and global settlement documents (.20); detailed email response to Connolly's email (.10). | 0.30 | $208.50 | RAW |
| Jun-16-14 | [Litigation] Prepared written status update of case for Trustee. | 0.20 | $139.00 | RAW |
| Jun-17-14 | [Litigation] Conference with Trustee re: how to structure settlement stipulation and presentation of fee applications. | 0.20 | $139.00 | RAW |
| Jul-09-14 | [Litigation] Email communications with M. Connolly and attorney for Trustee of petitioning creditor Sotirov re: status of case and re: proposed stipulation with Neveq. | 0.20 | $139.00 | RAW |
| Jul-10-14 | [Litigation] Conference with Trustee and A. Plotzker re: need to file fee applications and getting Debtor's parent Neveq to deposit with Trustee funds sufficient to cover fee awards. | 0.10 | $69.50 | RAW |
| Sep-13-14 | [Litigation] Revised proposed Stipulation for payment by Debtor's parent Neveq of administrative claims. | 1.10 | $764.50 | RAW |
| Sep-18-14 | [Litigation] Further revisions to Stipulation re: payments to be made by Neveq (.60); telephone conferences with and emails with various of the professionals' firms for fee amounts for which parent Neveq will be responsible (.30). | 0.90 | $625.50 | RAW |
| Sep-19-14 | [Litigation] Finalized proposed Stipulation with Neveq (.10); gathered attachments to be sent to M. Connolly along with proposed | 0.60 | $417.00 | RAW |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Stipulation (.30); detailed email to Connolly re: how Neveq payment amount in Stipulation is calculated (.20). |  |  |  |
| Sep-22-14 | [Litigation] Prepared written status update for Trustee re: Neveq stipulation. | 0.10 | $69.50 | RAW |
| Oct-03-14 | [Litigation] Review of email from M. Connolly re: Stipulation to be signed by Neveq and telephone conference with Connolly re: same. | 0.20 | $139.00 | RAW |
| Oct-27-14 | [Litigation] Emails with Debtor's counsel re: Neveq Stipulation (.10); prepared written status update for Trustee re: same (.10). | 0.20 | $139.00 | RAW |
| Oct-28-14 | [Litigation] Emails with Debtor's counsel exchanging each other's signatures on Stipulation with Neveq. | 0.10 | $69.50 | RAW |
|  | [Litigation] Review and revision of draft of Notice of Presentment of Stipulation with Neveq. | 0.40 | $278.00 | RAW |
|  | [Litigation] Review and analysis of stipulation and order (0.4) and draft notice of presentment for same (0.9); review and revision of notice of presentment (0.4); scan notice of presentment and Stipulation into PDF files to prep for filing (0.2); e-file notice of presentment and stipulation (0.3). | 2.20 | $506.00 | CR |
| Nov-18-14 | [Litigation] Prepared updated status report for Trustee re: notice of presentment of Neveq Stipulation. | 0.10 | $69.50 | RAW |
| Nov-19-14 | [Litigation] Conference with Trustee re: status of Neveq stipulation submitted to Judge Stong to be so ordered. | 0.10 | $69.50 | RAW |
| Dec-03-14 | [Litigation] Review of email from | 0.10 | $69.50 | RAW |

|           |                                                                                                      |       |          |    |
|-----------|------------------------------------------------------------------------------------------------------|-------|----------|----|
|           | Judge Stong's Courtroom Deputy re: Neveq Stipulation and Order.                                       |       |          |    |
| Dec-04-14 | [Litigation] Prepare pdf of Stipulation Order and upload same on ECF.                                 | 0.20  | $46.00   | CV |
|           | **Totals**                                                                                           | 14.80 | $9,170.00 |    |

FEE SUMMARY

| Attorney | Hours | Effective Rate | Amount |
|---|---|---|---|
| Robert A. Wolf | 12.40 | $695.00 | $8,618.00 |
| Cliff Roca | 2.20 | $230.00 | $506.00 |
| Cecilia Vazquez | 0.20 | $230.00 | $46.00 |
| Total Fees & Disbursements | | | $9,170.00 |
| Balance Due Now | | | $9,170.00 |

*For billing inquiries, please contact our Controller,
Stephen Monahan at extension 8013. If you prefer
to wire payment, please call for instructions. Tax
ID 13-4160916*



Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001

Robert L. Geltzer                                    February 6, 2015
Chapter 7 Trustee of Lessno LLC
                                                    File #:BANK823
                                                    Inv #:    85738

RE:         **Lessno/Special Litigation Counsel to the Trustee**
            **Additional**

**FOR PROFESSIONAL SERVICES RENDERED including the following:**

| DATE | DESCRIPTION | HOURS | FEE | LAWYER |
|------|-------------|-------|-----|--------|
| Mar-25-14 | [Additional] Drafted substitute retention application | 1.10 | $764.50 | RAW |
| Mar-26-14 | [Additional] Prepared Declaration and proposed Order re: substitute retention | 0.50 | $347.50 | RAW |
| Apr-09-14 | [Additional] Review and revise retention application (1.1); review and revise declaration in support of application (0.8); review and revise proposed retention order (0.5); scan application, exhibit A to application, and declaration into PDF files to prep for filing (0.2); e-file substitute retention application (0.4); draft email to Nazar Khodorovsky attaching proposed retention order for uploading (0.3). | 3.30 | $759.00 | CR |

| | | | | |
|---|---|---|---|---|
| Dec-29-14 | [Additional] Telephone conference with Trustee's office re: wiring instructions for Neveq payment and email to Debtor's counsel re: same. | 0.10 | $69.50 | RAW |
| Jan-14-15 | [Additional] Conference with Trustee re: Neveq payment and re: administrative claims. | 0.10 | $69.50 | RAW |
| Jan-16-15 | [Additional] In connection with preparation of fee application, review of time entry document that will be exhibit to application. | 0.60 | $417.00 | RAW |
| Jan-23-15 | [Additional] Drafted narrative portion of fee application. | 1.80 | $1,251.00 | RAW |
| Jan-27-15 | [Additional] Drafted inserts to fee application. | 0.40 | $278.00 | RAW |
| Feb-05-15 | [Additional] Review and revision of final fee application (3.1); draft certification regarding final fee application (0.9); draft summary cover sheet for final fee application (1.5). | 5.50 | $1,265.00 | CR |
| Feb-06-15 | Review final fee statement and review and revise final fee application (1.2); prepare exhibits to final fee application (0.6). | 1.80 | $414.00 | CR |
| | **Totals** | **15.20** | **$5,635.00** | |

## FEE SUMMARY

| Attorney | Hours | Effective Rate | Amount |
|---|---|---|---|
| Robert A. Wolf | 4.60 | $695.00 | $3,197.00 |
| Cliff Roca | 10.60 | $230.00 | $2,438.00 |
| Total Fees & Disbursements | | | $5,635.00 |

*For billing inquiries, please contact our Controller, Stephen Monahan at extension 8013.  If you prefer to wire payment, please call for instructions.  Tax ID 13-4160916*

**EXHIBIT D**

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf
rwolf@tarterkrinsky.com

*Substitute Special Litigation Counsel to*
*Robert L. Geltzer as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- --  x

| | |
|---|---|
| In re: | : |
| | :    **Chapter 7** |
| **LESSNO, LLC,** | : |
| | :    **Case No. 09-44979 (ESS)** |
|            **Debtor.** | : |

-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- --  x

**CERTIFICATION PURSUANT TO GUIDELINES**
**FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN**
**EASTERN DISTRICT OF NEW YORK BANKRUPTCY CASES**

1.       I, Robert A. Wolf, am a partner in the law firm of Tarter Krinsky & Drogin LLP

("**Applicant**") and have been designated as Applicant's certifying professional with

responsibility for compliance with the Guidelines for Fees and Disbursements for Professionals

in Eastern District of New York Bankruptcy Cases.

2.       I have read the Guidelines for Fees and Disbursements for Professionals in the

Eastern District of New York Bankruptcy Cases, as amended by General Order 613, dated June

4, 2013 (the "**EDNY Guidelines**"), and am familiar with same.  I have also read the United

States Trustee Guidelines Regarding Fee Applications (the "**UST Guidelines**" and together with

the EDNY Guidelines, the "**Guidelines**").

3.     Pursuant to the Guidelines, I certify that:   (a) I have read the accompanying application of Tarter Krinsky & Drogin, LLP, as substitute special litigation counsel to Robert L. Geltzer as the Chapter 7 trustee (the "**Trustee**"), for a final award of compensation of fees (the "**Application**"); (b) to the best of my knowledge, information and belief formed after reasonable inquiry, the fees sought fall within the Guidelines; and (c) except to the extent that the fees are prohibited by the Guidelines, the fees sought are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients.

4.     Pursuant to the Guidelines, I certify that I shall cause a copy of the Application to be served upon the Office of the United States Trustee, the Trustee, and the Debtor's counsel at least twenty-one (21) days before the date to be scheduled by the Court for the hearing on the Application.

5.     Pursuant to the Guidelines, I certify that, to the best of my knowledge:   (a) Applicant does not make a profit in providing any reimbursable services chargeable to the Debtor's estate; and (b) in charging for a particular service, Applicant has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

6.     The Application has been provided to the Trustee, and the Trustee has not advised Applicant of any objection to the Application.

Dated: New York, New York
      February 20, 2015

                                    /s/ Robert A. Wolf
                                    Robert A. Wolf