SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
(212) 872-9800
Nava Hazan, Esq.
(nava.hazan@squirepb.com)

*Former Special Litigation and Intellectual Property*
*Counsel to Robert L. Geltzer as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

| | |
|---|---|
| **In re** | : **Chapter 7** |
| | : |
| **LESSNO, LLC,** | : **Case No. 09-44979 (ESS)** |
| | : |
| **Debtor.** | : |
| | : |
| | : |

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

**APPLICATION OF SQUIRE SANDERS (US) LLP (NOW KNOWN**
**AS SQUIRE PATTON BOGGS (US) LLP) AND SQUIRE SANDERS (UK) LLP**
**(NOW KNOWN AS SQUIRE PATTON BOGGS (UK) LLP) UNDER 11 U.S.C.**
**§§ 330 & 331 FOR FIRST AND FINAL ALLOWANCE OF FEES**
**AND REIMBURSEMENT OF EXPENSES INCURRED AS FORMER SPECIAL**
**LITIGATION AND INTELLECTUAL PROPERTY COUNSEL TO THE CHAPTER 7**
**TRUSTEE FROM NOVEMBER 18, 2011 THROUGH JANUARY 31, 2014**

**TO THE HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE:**

Squire Sanders (US) LLP (now known as Squire Patton Boggs (US) LLP) and Squire

Sanders (UK) LLP (now known as Squire Patton Boggs (UK) LLP), ("**Squire (US)" and "Squire**

**(UK)", and collectively** "**Squire**"), submit this Application (the "**Application**") pursuant to 11

U.S.C. §§ 330 and 331 for a first and final allowance of fees accrued and reimbursement of expenses

incurred as Former Special Litigation and Intellectual Property Counsel to Robert L. Geltzer, as the

Chapter 7 trustee (the "**Trustee**") of the above-captioned Chapter 7 debtor, Lessno, LLC, (the

"**Debtor**"), for the period November 18, 2011 through January 31, 2014 (the "**Allowance Period**").

No prior application for fees or expenses has been submitted by Squire (US) or Squire (UK), and Squire has received no compensation from any source. The value of the services performed by Squire (US)'s professionals during the Allowance Period was in the amount of at least $31,710.50 in hourly fees. In addition, Squire (US) has incurred expenses and disbursements in the amount of $1,365.72. Accordingly, Squire (US) requests that the Court grant to it, at this time, an order (i) awarding a first and final fee award of $31,710.50 (the "**Allowed Fees**") and reimbursement of expenses in the amount of $1,365.72 (the "**Allowed Expenses**"); and (ii) authorizing and directing that Squire (US) be paid the amount of $31,710.50 in Allowed Fees, and $1,365.72 in Allowed Expenses, incurred during the Allowance Period. The value of the services performed by Squire (UK)'s professionals during the Allowance Period was in the amount of at least $11,742.00 in hourly fees. Accordingly, Squire (UK) requests that the Court grant to it, at this time, an order (i) awarding a first and final fee award of $11,742.00 (the "**Allowed Fees**") and (ii) authorizing and directing that Squire (UK) be paid the amount of $11,742.00 in Allowed Fees incurred during the Allowance Period.

## **BACKGROUND**

1.      On June 12, 2009, Trans Am Travel Inc., Smart Travel Network, Inc. and Mario I. Sotirov (the ("**Petitioning Creditors**") commenced an involuntary Chapter 7 bankruptcy case against the Debtor by filing a petition for relief under Chapter 7 of the Bankruptcy Code.

2.      On November 7, 2011, after trial, the Court allowed the involuntary petition, overruled the Debtor's Answer, and directed that an order for relief be entered in this case.

/1/PHOENIX

3. On November 8, 2011, the Trustee was appointed as interim trustee in the Debtor's chapter 7 case pursuant to 11 U.S.C. § 701, and thereafter became permanent trustee pursuant to 11 U.S.C. § 702(d) and by operation of law.

4. By Order of this Court entered on February 17, 2012, Squire (US) and Squire (UK), were retained as Special Litigation and Intellectual Property Counsel to the Trustee, effective as of November 18, 2011. A copy of that Order is annexed hereto as Exhibit A.

5. By Order of this Court entered on April 14, 2014, Tarter Krinsky & Drogin LLP, ("**TKD**") was retained as Substitute Special Litigation Counsel to the Trustee in place of Squire, effective as of February 1, 2014. A copy of that Order is annexed hereto as Exhibit B.

## SERVICES RENDERED BY SQUIRE (US)

6. During the Allowance Period, Squire (US) performed various services as set forth below and as more particularly described in the detailed time entries included within Exhibit E attached hereto.

### Litigation Services Relating to the Global Resolution of the Case

7. In connection with a proposed Global Resolution (as defined below) of the Debtor's bankruptcy case, Squire (US) had a lengthy telephone conference call in December 2011 with the Trustee, a principal of the Debtor, and the Debtor's counsel, Michael Connolly, Esq., in which the Debtor's principal and counsel outlined the terms of an anticipated settlement that would involve the Debtor's parent company, Neveq, S.A.R.L., paying all outstanding claims of creditors and all fees and commissions of professionals in the case. Thereafter, during the Allowance Period, Squire (US) performed, among others, the following litigation-related services in connection with the proposed Global Resolution:

3

- Review of and multiple communications with the Trustee, with Debtor's counsel and other parties regarding the interplay of a pending intellectual property proceeding in the United Kingdom (discussed further, infra), with the proposed Global Resolution as defined below.

- The review of the motion served by the Debtor in July, 2012 (the "**Motion to Dismiss**") to dismiss voluntarily this case based upon the settlement (the "**Global Resolution**") that had been reached among the Debtor's parent company Neveq, certain entities affiliated with Neveq, and the Petitioning Creditors and certain of their affiliated entities.  As set forth in the Motion to Dismiss, under the Global Resolution,  among other things, the Petitioning Creditors and others had agreed to withdraw their claims against the Debtor, Neveq had agreed to convert its prepetition claims to equity, rather than demand payment of those claims, and Neveq had agreed to pay in full all remaining claims against the Debtor's estate, consisting of "trade creditor claims, U.S. Trustee fees, chapter 7 trustee commissions and the fees and expenses of his professionals, the fees and costs of the Debtor's counsel, and the fees and expenses of other professionals involved in this case," Motion to Dismiss, Doc. 132 on the docket of this case, paragraph 5.

- The review of the Debtor's proposed form of order in connection with the Motion to Dismiss, and communications with the Debtor's counsel concerning the Trustee's proposed revisions to same.

- Review of issues concerning the fee application of the Petitioning Creditors' counsel, whose fees had not been provided for under the terms of the Global Resolution.

- Participating in numerous conference calls with the Debtor's counsel and the Petitioning Creditors' counsel aimed at attempting to resolve those fee issues.

- Review of this Court's Orders which, among other things, granted the Debtor's Motion to Dismiss and also granted an administrative expense to the Petitioning Creditors' counsel.

- Review of the respective notices of appeal filed by the Petitioning Creditors' counsel and by the Debtor from those respective Orders.

- Review of United States District Judge Weinstein's order remanding to the Bankruptcy Court the proceedings pertaining to the award of administrative expenses to the Petitioning Creditors' counsel.

- Participation in telephonic conferences with Judge Stong aimed at attempting to resolve the issues pertaining to the fees of Petitioning Creditors' counsel, and numerous conference calls and one in-person meeting with said counsel and Debtor's counsel regarding the possible resolution of issue, which ultimately was resolved.

4

**Additional Services**

8.       In addition to the foregoing, Squire (US) performed other tasks on behalf of the Trustee during the Allowance Period, including regularly updating the Trustee regarding all of the aforementioned matters, and preparing the Squire retention application.

## BILLING RECORDS AND CALCULATIONS OF SQUIRE (US)

9.       In the ordinary course of its business, Squire (US) maintains records that provide a complete accounting of the dates of professional services rendered on behalf of the Trustee, the person providing such services, a description of each such service and the amount of time spent on each service.  A schedule summarizing the time spent by each attorney, legal assistant, and other professional at Squire (US) who performed services during the Allowance Period, together with the hourly billing rates and time charges for each such attorney, legal assistant, and other professionals at Squire (US), is attached as Exhibit C.  A copy of the detailed time records maintained by Squire (US) for the Allowance Period, upon which the summary is based, is included in Exhibit E in Squire (US)'s usual chronological manner.

**Aggregate Fees For The Allowance Period**

10.       During the Allowance Period, Squire (US)'s attorneys and legal assistants rendered legal services on behalf of the Trustee, for each of the following matters, in the following aggregate amounts of hours, for the following fees (calculated by multiplying the hours worked by each attorney, legal assistant, and other professional at Squire (US), by the applicable billing rate for each such individual, as set forth in the summary attached as Exhibit C):

/1/PHOENIX

| Matter | Aggregate Hours | Aggregate Fees |
|--------|-----------------|----------------|
| Services Relating to Global Resolution | 45.10 | $27,799.00 |
| Additional Services | 8.20 | $3,911.50 |

11.    In total, during the Allowance Period, Squire (US)'s attorneys and legal assistants rendered an aggregate of 53.30 hours of legal services on behalf of the Trustee. Squire (US) presently values those services in the sum of at least $31,710.50, which is calculated by multiplying the hours worked by each attorney and legal assistant, by the applicable billing rate for each such individual, as set forth in the summary attached as Exhibit C. The blended rate for the work performed is $594.94 per hour. The billing rates represent a rate that is commensurate with usual and customary hourly billable rates for attorneys and paraprofessionals who perform services of a similar nature for other clients of Squire (US) who are billed on a non-contingent, hourly basis.

**Expenses Incurred During the Allowance Period**

12.    During the Allowance Period, Squire (US) incurred actual and necessary posted expenses in connection with its representation of the Trustee, in the following amounts:

| Expenses (Case Period) | |
|------------------------|--------|
| **Disbursement Category** | **Amount** |
| Court/Filing Fees | $213.00 |
| Pacer | $39.56 |
| Delivery Services | $53.09 |
| Local Transportation | $82.46 |
| On-line Services | $852.48 |
| Postage | $11.50 |
| Printing/Duplicating | $14.10 |
| Telephone | $99.53 |
| **TOTAL** | **$1,365.72** |

/1/PHOENIX

13.     In total, during the Allowance Period, Squire (US) incurred actual and necessary expenses in connection with its representation of the Trustee in the amount of $1,365.72.   In the ordinary course of its business, Squire (US) maintains records of such expenses, a summary of which is attached as Exhibit D, with further detail included in Exhibit E. Those expenditures were necessary and reasonable costs incident to the performance of Squire's services on behalf of the Trustee.

## SERVICES RENDERED BY SQUIRE (UK)

14.     During the Allowance Period, Squire (UK) performed various services as set forth below and as more particularly described in the detailed time entries included within Exhibit F attached hereto.

### Services Relating to the UK Intellectual Property Litigation Case

15.     The underlying UK litigation was an intellectual property case related to a copyright infringement and breach of confidential information case in the Chancery Division of the UK court. The claimants (one of which was Lessno) claimed that the Defendants (some of which were ex-employees of the Claimants) had infringed the Claimant's copyright in the Vayant system (airline search and booking software) and also used confidential information belonging to the Claimants to create their own system, referred to as "Haystack". The Claimants were seeking, amongst other things, an injunction to prevent the copyright infringement and the breach of confidential information.   Thereafter, during the Allowance Period, Squire (UK) performed, among others, the following litigation-related services:

- Considerations as to impact, and potential deferral of, the security for costs order against Lessno in the UK.

- Considering and advising upon issues surrounding the proposed global settlement, specifically concerning the relative merits of discontinuing or dismissing the UK claim.

7

- Corresponding with Olswang regarding the UK litigation.

- Liaising with Debtor's counsel.

- Internal communications with attorneys in London and Bob Wolf in the US.

- Considering papers relating to the UK intellectual property claim and the security of costs documentation.

- Discussing the variation/deferral of the security of costs order with internal colleagues in London and the US.

- Considerations as dismissing/discontinuing/striking out claims in the UK.

- Communicating with Robert Wolf and Olswang in the UK with respect to an extension of time to comply with the security of costs order.

- Discussing the consequences of a dismissal/discontinuance/striking out of the claim with internal colleagues in London and the US and agreeing on a strategy.

## BILLING RECORDS AND CALCULATIONS OF SQUIRE (UK)

16.    In the ordinary course of its business, Squire (UK) maintains records that provide a complete accounting of the dates of professional services rendered on behalf of the Trustee, the person providing such services, a description of each such service and the amount of time spent on each service.    A schedule summarizing the time spent by each attorney, legal assistant, and other professional at Squire (UK) who performed services during the Allowance Period, together with the hourly billing rates and time charges for each such attorney, legal assistant, and other professionals at Squire (UK), is attached as Exhibit F.    A copy of the detailed time records maintained by Squire (UK) for the Allowance Period, upon which the summary is based, is included in Exhibit G in Squire (UK)'s usual chronological manner.

## Aggregate Fees For The Allowance Period

17.    During the Allowance Period, Squire (UK)'s attorneys and legal assistants rendered legal services on behalf of the Trustee, for each of the following matters, in

the following aggregate amounts of hours, for the following fees (calculated by multiplying the hours worked by each attorney, legal assistant, and other professional at Squire (UK), by the applicable billing rate for each such individual, as set forth in the summary attached as Exhibit F:

| Matter | Aggregate Hours | Aggregate Fees |
|---|---|---|
| Services Relating to UK Intellectual Property Litigation | 22.20 | $11,742.00 |

18.    In total, during the Allowance Period, Squire (UK)'s attorneys, legal assistants, rendered an aggregate of 22.20 hours of legal services on behalf of the Trustee. Squire (UK) presently values those services in the sum of at least $11,742.00, which is calculated by multiplying the hours worked by each attorney and legal assistant, by the applicable billing rate for each such individual, as set forth in the summary attached as Exhibit C.  The blended rate for the work performed is $528.92 per hour.   The billing rates represent rates that are commensurate with usual and customary hourly billable rates for attorneys and paraprofessionals who perform services of a similar nature for other clients of Squire (UK) who are billed on a non-contingent, hourly basis.

**Expenses Incurred During the Allowance Period**

19.    There were no expenses of significance incurred by Squire (UK) in connection with its services provided in this case.   Accordingly, Squire (UK) is not seeking reimbursement for any expenses.

## STANDARDS FOR ALLOWANCE OF COMPENSATION

20.    Squire submits that for the reasons set forth more fully above, the professional services rendered by Squire to and on behalf of the Trustee during the Allowance

Period were reasonable and necessary to the Trustee and to creditors generally, and have resulted

in substantial benefit to the Debtor's estate.

      21.     Section 330(a)(1) of the Bankruptcy Code provides that,

(a)(1)  After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103-

      (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

      (B) reimbursement for actual, necessary expenses....

      (a)(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

      (A) the time spent on such services;

      (B) the rates charged for such services;

      (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

      (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

      (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

      22.     Because Congress intended the Court to be responsible for the payment

of professionals' fees from a debtor's estate, the Court is required, with or without objection, to

among other things, examine the reasonableness of the requested fees.  See In re Wilde Horse

Enterprises, Inc., 136 B.R. 830, 839 (Bankr. C.D. Ca. 1991).  It is well settled that the first step

in calculating whether the fees sought are reasonable is to determine the so-called lodestar

amount.  See Pennsylvania v. Delaware Valley Citizen's Council For Clean Air, 483 U.S. 711, at

725-26, 107 S. Ct. 3078, 3086-87, 97 L. Ed. 2d 585 (1987) ("Delaware Valley II"); U.S. Football

League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied at 493 U.S.

1071, 110 S. Ct. 1116, 107 L. Ed. 2d 1022 (1990); In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 22 (Bankr. S.D.N.Y. 1991) ("It is now settled that the 'lodestar' method of fee calculation . . . is the method to be used to determine a 'reasonable' attorney fee in all the federal courts, including the bankruptcy courts."); Matter of Cena's Fine Furniture, Inc., 109 B.R. 575, 581 (E.D.N.Y. 1990).  The lodestar amount represents "the number of hours reasonably worked on a case multiplied by the reasonable hourly rate."  Wells v. Bowen, 855 F.2d 37, 43 (2d Cir. 1988).  Accordingly, the Court will ordinarily review whether the hourly rates charged by the applicant are consistent with those charged in this district.  It must also examine the number of hours expended by the applicant to determine whether, on that basis, the Court "is convinced it is readily apparent that no reasonable attorney should have undertaken that activity or project or where the time devoted was excessive."  In re Drexel Burnham Lambert, 133 B.R. at 23.

23.    In addition to the qualification of board certification and demonstration of skill and experience in the bankruptcy field as set forth in Section 330(3)(E) of the Bankruptcy Code, both of which are satisfied by Squire's attorneys, the general criteria examined for allowance of compensation for professionals are:  (a) time and labor required, (b) novelty and difficulty of questions involved, (c) requisite skill, (d) customary fee, (e) whether fee is fixed or contingent, (f) results obtained, (g) nature and length of professional relationship, (h) awards in similar cases, and (i) professional standing, ability and expertise of the law firm.  See, e.g., Matter of Cena's Fine Furniture, Inc., 109 B.R. 575, 580-581 (E.D.N.Y. 1990); In re Wonder Corp. of America, 82 B.R. 186, 191 (D. Conn. 1988).  Each of these criteria is satisfied here.

(a)    Time and Labor Required.  The time and labor expended by Squire to assist the Trustee were comparable to that spent by counsel in other cases of similar size.

(b)    <u>Novelty and Difficulty of Questions Involved</u>.  The Global Resolution raised particular issues as to how Neveq's obligations thereunder should be dealt with in the context of this case.

(c)    <u>Skill Requisite to Perform Legal Services, Experience, Reputation and Ability of Squire</u>.  Squire believes that its expertise in the areas of bankruptcy and litigation was particularly helpful in connection with the implementation of Neveq's obligations under the Global Resolution and the resolution of the intellectual property litigation in the United Kingdom.

(d)    <u>The Customary Fee</u>.  Squire submits that the fee it seeks is not unusual given the very beneficial Global Resolution it helped procure on behalf of the Trustee in this case, the benefits conferred upon the estate as a result of its services, the time expended and the monetary amounts involved, and is not at all unusual taking into account fees Squire has been awarded in other cases and what other attorneys of comparable experience and expertise charge on a regular basis.

(e)    <u>Whether Fee is Fixed or Contingent</u>.  Pursuant to sections 330 and 331 of the Code, all fees sought by professionals employed under section 327 of the Code are contingent upon approval by the Court and may be dependent largely upon the results obtained.

(f)    <u>Results Obtained</u>.  Squire's services contributed to the ultimate implementation of the Global Resolution, whereby the administrative expenses of the estate can be satisfied in full and the Trustee can then close the case.

(g)    <u>Nature and Length of Professional Relationship</u>.  Squire continually counseled, advised and represented the Trustee during the Allowance Period.

/1/PHOENIX

(h)    <u>Awards in Similar Cases</u>.  Squire  and comparable firms have been awarded fees in numerous cases under the Bankruptcy Code by this and other bankruptcy courts, predicated upon the same criteria involved here.

(i)    <u>Professional Standing, Ability and Expertise of Squire (US)</u>.  Set forth below is a brief description of the backgrounds and positions of the attorneys and the other professionals at Squire (US) who rendered services to the Trustee during the Allowance Period:

> Robert A. Wolf is a former partner of Squire (US) in the firm's Bankruptcy & Restructuring and Litigation practice groups. He has been a member of the New York Bar since 1977, specializing in the areas of bankruptcy litigation, real estate litigation, and commercial litigation.  Mr. Wolf has extensive experience representing Chapter 11 and Chapter 7 trustees as special litigation and real estate counsel, primarily in the Southern and Eastern Districts of New York, and has served as Court-appointed Examiner in a Chapter 11 case in the Eastern District of New York.

> Peter A. Zisser is a former Of Counsel at Squire (US) in the Bankruptcy & Restructuring practice group and is a member of the Bars of New York State and Connecticut, the Southern and Eastern Districts of New York, the District of Connecticut and the Eastern District of Michigan.  Mr. Zisser has extensive experience representing Chapter 7 and Chapter 11 trustees as counsel and has written extensively on bankruptcy-related issues.

> Andrea K. Fisher is a former associate of Squire (US) in the firm's Bankruptcy and Litigation practice groups who performed various services.

> Patricia L. Bradley is a former paralegal of Squire (US) in the Bankruptcy and Litigation practice groups who performed various case administrative services in connection with the case.

> Wilfred Lancaster, a former paralegal of Squire (US) in the Restructuring and Insolvency practice group who performed certain case administrative services in connection with the case.

(j)    <u>Professional Standing, Ability and Expertise of Squire (UK)</u>.  Set forth below is a brief description of the backgrounds and positions of the attorneys at Squire (UK) who rendered services to the Trustee during the Allowance Period:

> Stephen J. Cole is a senior associate of Squire (UK) in the firm's Litigation practice group, specializing in all areas of commercial dispute resolution and

13

management, with extensive experience in the United Kingdom's High Court proceedings.

Lianne K. Shaw-Grey is a senior associate of Squire (UK) in the firm's Intellectual Property and Technology practice group, specializing in Intellectual Property litigation before the United Kingdom High Court.

Henrietta M. Watchorn is an associate of Squire (UK) in the firm's Labor and Employment practice group.

24.    No agreement or understanding exists between Squire and any other person with respect to sharing the compensation to be received by Squire in connection with the legal services rendered on behalf of the Trustee.

25.    The Trustee has reviewed this Application and has advised Squire that he wholeheartedly supports same.

26.    The Affirmations of Nava Hazan, Esq., the responsible partner at Squire (US) in connection with this Application, and Stephen S. Cole, the responsible attorney at Squire (UK) in connection therewith, certifying that this Application complies with 11 U.S.C. § 504, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Amended Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, are annexed hereto as Exhibits H and I respectively.

## CONCLUSION

27.    By virtue of all the foregoing, Squire (US) respectfully submits that it is entitled to an order awarding the firm (a) a first and final fee award of $31,710.50 in Allowed Fees and (ii) reimbursement of Allowed Expenses in the amount of $1,365.72; and (ii) authorizing and directing the Trustee's payment to Squire (US) of the respective amounts of $31,710.50 in Allowed Fees, and $1,365.72 in Allowed Expenses.

28.    By virtue of all the foregoing, Squire (UK) respectfully submits that it is entitled to an order (i) awarding the firm a first and final fee award of $11,742.00 in Allowed

14

Fees, and (ii) authorizing and directing the Trustee's payment to Squire (UK) of the amount of

$11,742.00 in Allowed Fees.

Dated:    New York, New York
          March __, 2015

                              SQUIRE SANDERS (US) LLP
                              (now known as Squire Patton Boggs (US) LLP)


                              By:/s/  Nava Hazan
                                  Nava Hazan, Esq
                                  nava.hazan@squirepb.com
                              30 Rockefeller Plaza, 23rd Floor
                              New York, New York 10112
                              (212) 872-9800 telephone
                              (212) 872-9815 facsimile

                              And

                              SQUIRE SANDERS (UK) LLP
                              (now known as Squire Patton Boggs (UK) LLP)

                              By:    /s/  Stephen C. Cole
                                     Stephen J. Cole, Esq.
                                     stephen.cole@squirepb.com
                              7 Devonshire Square
                              London EC2M4YH England
                              +44 20 7655 1106

                              *Former Special Real Estate Litigation Counsel to
                              Robert L. Geltzer, as Chapter 7 Trustee*

# **EXHIBIT A**

Squire Retention Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
− − − − − − − − − − − − − − − − − − − − − − − − − − − x
In re                                                                     : **Chapter 7**
                                                                            :
**LESSNO, LLC,**                                                 : **Case No. 09-44979 (ESS)**
                                                                            :
                            **Debtor.**                           :
                                                                            :
− − − − − − − − − − − − − − − − − − − − − − − − − − − x

### ORDER AUTHORIZING THE RETENTION OF SQUIRE SANDERS (US) LLP AND SQUIRE SANDERS (UK) LLP AS SPECIAL LITIGATION AND INTELLECTUAL PROPERTY COUNSEL TO THE TRUSTEE

Upon the application of Robert L. Geltzer, Esq., Chapter 7 Trustee (the "Trustee")

of the debtor Lessno, LLC (the "Debtor"), dated January 23, 2012, and the accompanying

declaration of Robert A. Wolf, Esq., dated January 23, 2012 ("the "Wolf Declaration"), seeking

the entry of an order pursuant to § 327 of title 11 of the United States Code (the "Bankruptcy

Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

authorizing the retention of Squire Sanders (US) LLP and Squire Sanders (UK) LLP (together,

"Squire Sanders") as Special Litigation and Intellectual Property Counsel to the Trustee (the

"Application")[1]; and the Court having jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157

(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

notice of the Application and this Order having been given to the Office of the United States

Trustee; and it appearing that no other or further notice need be given; and after due deliberation

it being determined that the relief requested is necessary to the administration of this estate, and

this Court being satisfied that Squire Sanders (a) does not hold or represent any interest adverse

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

NEWYORK/147429.2

to the Trustee, the Debtor, its creditors or the estate with respect to the matters upon which it is

to be retained; (b) is "disinterested" within the meaning of § 101(14) of the Bankruptcy Code;

and (c) that its employment is necessary and would be in the best interest of the estate; it is

      **ORDERED** that the Trustee be, and he hereby is, authorized to retain Squire Sanders as

his Special Litigation and Intellectual Property Counsel pursuant to § 327 of the Bankruptcy

Code and Bankruptcy Rule 2014(a), as of November 18, 2011, to perform services of Special

Litigation and Intellectual Property Counsel to the Trustee with respect to the following matters:

(a) to represent the interests of the Debtor's estate in the Intellectual Property Case; (b) if a

global resolution of the case is reached, to negotiate the written terms of same and to be involved

in the drafting of any settlement and attendant motion documents; (c) if such a global resolution

is not reached and/or the Trustee deems it appropriate, (i) to take a Bankruptcy Rule 2004

examination(s) of the Debtor's principal(s) for the purposes, among others, of investigating the

accuracy of the Debtor's schedules, to ascertain the nature and value of the Debtor's assets, and

to inquire into any other matters affecting the Debtor's financial condition and the administration

of the estate, (ii) to take any other Bankruptcy Rule 2004 examination, as the Trustee may deem

appropriate and as this Court approves, of any individuals or entities, to further investigate the

foregoing matters, (iii) to commence and/or prosecute any adversary proceedings which the

Trustee may deem appropriate for Squire Sanders to pursue; and (d) to provide such other

litigation-related services and intellectual property-related services that the Trustee may request

and direct Squire Sanders to perform;  and it further

      **ORDERED** that Squire Sanders will be compensated for services it provides upon the

filing of a proper application therefor to, and approval thereof by, this Court pursuant to §§ 330

and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any Local Bankruptcy Rules; and it is further

     **ORDERED** that: (i) any settlement of any controversy or action shall be subject to the Trustee's written consent and to the approval of this Court upon the Trustee's motion therefor; and (ii) upon settlement or other liquidation of any claims being prosecuted by Squire Sanders, the gross proceeds from said settlement or other liquidation shall be turned over to the Trustee upon receipt for distribution by the Trustee in accordance with Orders of this Court and/or the Bankruptcy Code.

NO OBJECTION:

*/s/ Marylou Martin   2/14/12*
UNITED STATES TRUSTEE



**Dated: Brooklyn, New York**
     **February 17, 2012**

                                  **Elizabeth S. Stong**
                        **United States Bankruptcy Judge**

# **EXHIBIT B**

TDK Retention Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**In re**


                                                    **Chapter 7**

**LESSNO, LLC,**
                                                    **Case No. 09-44979 (ESS)**



                              **Debtor.**
-----------------------------------------------------------------X


### ORDER AUTHORIZING RETENTION OF TARTER KRINSKY & DROGIN LLP IN PLACE OF SQUIRE SANDERS (US) LLP AS SUBSTITUTE SPECIAL LITIGATION COUNSEL TO THE TRUSTEE PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014

Upon the application (the "Application") of Robert L. Geltzer, Chapter 7 trustee (the "Trustee") of the debtor Lessno, LLC (the "Debtor"), dated March 31, 2014, and the declaration of Robert A. Wolf, Esq., made on March 31, 2014 (the "Wolf Declaration"), seeking the entry of an order pursuant to Section 327 of Title 11 of the United States Code ("the Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules, authorizing the retention of Tarter Krinsky & Drogin LLP ("TKD") as substitute special litigation counsel to the Trustee in place of Squire Sanders (US) LLP ("Squire Sanders") as of February 1, 2014; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application and this Order having been made; and after due deliberation it being determined that the relief requested is necessary to the administration of the Debtor's estate, and this Court being satisfied that TKD (a) does not hold or represent any interest adverse to the Trustee, the Debtor, its creditors or the Debtor's estate with respect to the matters upon which TKD is to be retained; (b) is a

disinterested person with the meaning of Section 101(14) of the Bankruptcy Code; and (c) that its employment is necessary and would be in the best interests of the estate; it is

**ORDERED,** that the Trustee be, and hereby is, authorized pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014, to retain TKD as substitute special litigation counsel in place of Squire Sanders as of February 1, 2014, to perform services including the following:   (a) continuing discussions with Debtor's counsel and with the principals of Debtor's parent company Neveq, aimed at resolving the amounts of the payments to be made by Neveq to remaining trade creditors, the Trustee and the Trustee's professionals (collectively, "Claimants"), in accordance with a prior global settlement reached among Neveq, the Debtor's petitioning creditors and entities affiliated with each, pursuant to which Neveq agreed in principle to pay all claims of the aforesaid Claimants; (b) in the event a resolution of the foregoing matters is achieved, then consummating said resolution with the preparation of a stipulation to be executed by the pertinent parties and to be approved by the Court; and (c) providing such other litigation-related services that the Trustee may request and direct TKD to perform; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that TKD shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for

Professionals in the Southern District of New York, dated June 17, 2013, and the fee guidelines issued by the Executive Office of United States Trustees, at 28 C.F.R., pt. 58, App. A ("UST Guidelines A" and together with the Court's fee guidelines, the "Guidelines"), and any monthly compensation orders, if any, entered by the Court; and it is further

**ORDERED**, that prior to any increases in TKD's range of rates, as set forth in the Wolf Declaration, for the categories of professionals employed by TKD and providing services in this case, TKD shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether TKD's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that TKD will not charge the estate for time spent preparing or reviewing the invoices or time records submitted in support of any monthly fee statements or monthly fee applications, if any; and it is further

**ORDERED** that: (i) any settlement of any controversy or action shall be subject to the Trustee's written consent and to the approval of this Court upon the Trustee's motion therefor; and (ii) upon settlement or other liquidation of any claims being prosecuted by TKD, the gross proceeds from said settlement or other liquidation shall be turned over to the Trustee upon receipt for distribution by the Trustee in accordance with orders of this Court and/or the Bankruptcy Code; and it is further

**ORDERED** that this Order shall be without prejudice to the right of Squire Sanders to seek compensation for its services as special litigation and intellectual property counsel to the Trustee for

services rendered prior to February 1, 2014, upon the filing of a proper application therefor to, and

approval by, the Court pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, any Local Rules of this Court, and the Guidelines.

NO OBJECTION:

*/s/ Nazar Khodorovsky*
Office of the United States Trustee
Nazar Khodorovsky, Esq.
Trial Attorney
Dated: April 10, 2014



**Dated: Brooklyn, New York**
**April 14, 2014**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

## EXHIBIT C

## SQUIRE (US)

| Name | Aggregate Hours | Hourly Rate | Aggregate Fees |
|------|-----------------|-------------|----------------|
| Robert A. Wolf | 29.40 | $695.00 | $20,433.00 |
| Zisser | 16.80 | $560.00 | $9,408.00 |
| Andrea K. Fisher (former associate) | .30 | $500.00 | $150.00 |
| Patricia Bradley (former paralegal) | 6.30 | $254.00 | $1,599.50 |
| Wilfred Lancaster | .50 | $240.00 | $120.00 |

**EXHIBIT D**

| Expenses (Case Period) | |
|---|---|
| **Disbursement Category** | **Amount** |
| Court/Filing Fees | $213.00 |
| Pacer | $39.56 |
| Delivery Services | $53.09 |
| Local Transportation | $82.46 |
| On-line Services | $852.48 |
| Postage | $11.50 |
| Printing/Duplicating | $14.10 |
| Telephone | $99.53 |
| **TOTAL** | **$1,365.72** |

/1/PHOENIX

# **EXHIBIT E**

Time Narratives Squire (US)

# SQUIRE PATTON BOGGS (US) LLP

Geltzer, Robert L. as Chapter 7 Trustee
Robert L. Geltzer, Esq.
1556 Third Avenue, Suite 505
New York, New York 10128

Invoice Number:     8913062
Invoice Date:        02/24/15
Matter Number:     103032.00063

**Lessno LLC**

## INVOICE SUMMARY

| | |
|---|---|
| Fees: | $ 31,710.50 |
| Disbursements: | $ 1,365.72 |
| **Amount Due for this Invoice:** | **$ 33,076.22** |

## PAYMENT INSTRUCTIONS

| *Remit Check Payments to:* | *Remit Wire Payments to:* | *Direct Billing Inquiries to:* |
|---|---|---|
| Squire Patton Boggs (US) LLP | Squire Patton Boggs (US) LLP | Robert A. Wolf |
| P.O. Box 643051 | US Bank | 30 Rockefeller Plaza |
| Cincinnati, OH 45264 | 425 Walnut St. Cincinnati, OH 45264 | New York, NY 10112 |
| Phone: 216.687.3400 | Bank Routing #042000013 | United States |
| Fax: 216.687.3401 | Bank Account #576762314 | Phone: +1.212.872.9800 |
| | | Fax: +1.212.872.9815 |
| | **For Wires outside the US:** | email: Diana.Foster@squiresanders.com |
| | US Bank, USA | |
| | SWIFT Code: USBKUS44IMT | |
| | Bank Account #576762314 | |

**Please Include Reference Number 8913062.103032 with all Payments**
Tax Identification Number 34-0648199

# SQUIRE PATTON BOGGS (US) LLP

Geltzer, Robert L. as Chapter 7 Trustee
Robert L. Geltzer, Esq.
1556 Third Avenue, Suite 505
New York, New York 10128

Invoice Number:     8913062
Invoice Date:       02/24/15
Matter Number:      103032.00063

## REMITTANCE COPY

**Lessno LLC**

### INVOICE SUMMARY

| | |
|---|---|
| Fees: | $ 31,710.50 |
| Disbursements: | $ 1,365.72 |
| **Amount Due for this Invoice:** | **$ 33,076.22** |

### PAYMENT INSTRUCTIONS

| *Remit Check Payments to:* | *Remit Wire Payments to:* | *Direct Billing Inquiries to:* |
|---|---|---|
| Squire Patton Boggs (US) LLP<br>P.O. Box 643051<br>Cincinnati, OH 45264<br>Phone: 216.687.3400<br>Fax: 216.687.3401 | Squire Patton Boggs (US) LLP<br>US Bank<br>425 Walnut St. Cincinnati, OH 45264<br>Bank Routing #042000013<br>Bank Account #576762314<br><br>**For Wires outside the US:**<br>US Bank, USA<br>SWIFT Code: USBKUS44IMT<br>Bank Account #576762314 | Robert A. Wolf<br>30 Rockefeller Plaza<br>New York, NY 10112<br>United States<br>Phone: +1.212.872.9800<br>Fax: +1.212.872.9815<br>email: Diana.Foster@squiresanders.com |

**Please Include Reference Number 8913062.103032 with all Payments**
Tax Identification Number 34-0648199

# SQUIRE PATTON BOGGS (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 1

Invoice Number: 8913062

**Additional Services**

## TIME SUMMARY

| DATE | HOURS | TIMEKEEPER | NARRATIVE |
|------|-------|------------|-----------|
| 11/21/11 | 0.60 | P. Bradley | Review documents for initial conflict check. |
| 11/28/11 | 0.30 | P. Bradley | Review documents for additional conflict checks. |
| 11/29/11 | 0.90 | P. Bradley | Review documents for additional conflict checks. |
| 12/08/11 | 2.00 | P. Bradley | Review conflict check results (.80). Draft SSD retention application (1.2). |
| 01/19/12 | 0.60 | R. Wolf | Drafted inserts and revisions to retention papers regarding intellectual property case and additional services to be performed (.60). |
| 01/23/12 | 0.30 | A. Fisher | Update Trustee re case status. |
| 02/16/12 | 0.30 | R. Wolf | Telephone conference with Trustee regarding communications on UK IP dismissal (.20); e-mail with Trustee's accountant and Lessno representatives in Sofia regarding tax filings (.10). |
| 03/08/12 | 0.20 | R. Wolf | Review of issues regarding 341 meeting and e-mails to Debtor's counsel regarding same. |
| 03/12/12 | 0.20 | R. Wolf | E-mails with Trustee and Lessno GC regarding 341 meeting. |
| 04/12/12 | 0.10 | R. Wolf | Telephone conference with Alicia Leonard regarding doing telephone connection for 341 meeting. |
| 04/18/12 | 0.20 | R. Wolf | Conference with Trustee regarding status and regarding 341 meeting. |
| 05/07/12 | 1.20 | R. Wolf | Email with M. Connolly and teleconference with Trustee regarding 341 meeting tomorrow (.10); review of various documents and pleadings in preparation for 341 meeting tomorrow (.80); began to prepare outline of certain questions (.30). |
| 05/08/12 | 1.30 | R. Wolf | Attendance at Debtor 341 meeting and examined principals of Debtor telephonically (1.30). |

TOTAL HOURS FOR THIS MATTER:                    **8.20**
TOTAL SERVICES FOR THIS MATTER:            **$ 3,911.50**

# Squire Patton Boggs (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 2

Invoice Number: 8913062

## TIME SUMMARY

| TIMEKEEPER | HOURLY RATE | HOURS | TOTAL |
|---|---|---|---|
| Patricia Bradley | 240.00 | 3.80 | 912.00 |
| Andrea Fisher | 500.00 | 0.30 | 150.00 |
| Robert Wolf | 695.00 | 4.10 | 2,849.50 |
| **TOTAL SERVICES:** | | **8.20** | **$ 3,911.50** |

# SQUIRE PATTON BOGGS (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 3

Invoice Number: 8913062

## Litigation Services Relating to the Global Resolution

### TIME SUMMARY

| DATE | HOURS | TIMEKEEPER | NARRATIVE |
|------|-------|-----------|-----------|
| 11/18/11 | 1.10 | R. Wolf | Review of joint pre-trial memorandum submitted by petitioning creditors and debtor (.30); lengthy conference call with Trustee, Debtor's counsel and principals of parent company Neveq (.80). |
| 11/23/11 | 0.40 | R. Wolf | Review of status of intellectual property claim in UK lawsuit. |
| 12/07/11 | 0.50 | R. Wolf | Telephone conference with IP attorney in UK regarding lawsuit in UK (.30); telephone conference with Trustee regarding same (.10); e-mail regarding same (.10). |
| 12/08/11 | 0.30 | R. Wolf | Telephone conference with Trustee , Debtor principal Olga Shishkova and Debtor's counsel M Connolly, Esq. regarding terms of a potential structured settlement. |
| 12/21/11 | 0.30 | R. Wolf | Conference with Trustee regarding case status (.30). |
| 01/05/12 | 0.20 | R. Wolf | Review of letter from Debtor's counsel Michael Connolly, Esq. outlining terms of proposed global settlement. |
| 01/17/12 | 0.20 | R. Wolf | Telephone conference with Trustee regarding issues concerning proposed settlement and intellectual property case. |
| 01/19/12 | 0.20 | R. Wolf | Review of intellectual property case issues (.20). |
| 01/20/12 | 0.70 | R. Wolf | Continued review of issues regarding UK intellectual property case (.20); telephone conference with Andrew Wilkinson, Esq. regarding same (.30); telephone conference with M. Connelly, Esq. Debtor's counsel regarding proposed global settlement of case (.20). |
| 01/23/12 | 0.80 | R. Wolf | Telephone conference with UK office and with C. Chance's lawyer and Wendy Rosenthal regarding security for costs order and regarding potential resolution of IP lawsuit (.50); review of November 4 order in IP case and e-mails to UK office and Debtor's counsel regarding same (.30). |
| 01/24/12 | 0.50 | R. Wolf | Telephone conference with Paul Sterns, Esq. attorney for defendants in IP litigation (.30); written update re same for Trustee (.20). |

# Squire Patton Boggs (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 4

Invoice Number: 8913062

## Time Summary

| | | | |
|---|---|---|---|
| 01/25/12 | 0.40 | R. Wolf | Conference with Trustee regarding status of case and of IP litigation and strategized regarding same. |
| 01/27/12 | 0.60 | R. Wolf | Read lengthy letter from claimant's counsel in UK IP case (.20); e-mails with UK counsel and Debtor's counsel regarding same (.20); telephone conference with M. Connelly regarding same (.20). |
| 01/30/12 | 0.40 | R. Wolf | Review of proposed order of dismissal prepared by Debtor's counsel (.20); e-mail with Trustee and strategized regarding same (.20). |
| 01/31/12 | 0.20 | R. Wolf | Review of analysis regarding effect of UK IP case being dismissed for failure to post security for costs (.10); e-mails regarding same (.10). |
| 02/01/12 | 0.10 | R. Wolf | E-mail with Debtor's counsel regarding need for Stipulation of Settlement. |
| 02/14/12 | 0.30 | R. Wolf | Review of Olswang and our office's letters regarding dismissal of UK IP case (.20); telephone conference with M. Connolly, Esq. regarding proposed dismissal Stipulation and timing (.10). |
| 03/15/12 | 0.30 | R. Wolf | Conference with Trustee regarding upcoming 341 meeting and regarding Stipulation to pay creditors and dismiss case. |
| 05/08/12 | 0.80 | R. Wolf | Conference with Debtor's counsel M. Connolly before and after meeting to discuss proposed structured dismissal of case (.80). |
| 05/15/12 | 0.40 | R. Wolf | Review of matters to be covered under proposed stipulated dismissal. |
| 05/22/12 | 2.00 | P. Zisser | Review of voluntary dismissal issues under section 707(a). |
| 05/23/12 | 5.20 | P. Zisser | Research on and drafting of motion to dismiss. |
| 05/29/12 | 1.50 | P. Zisser | Drafting of motion to dismiss. |
| 05/30/12 | 0.50 | W. Lancaster | Shepard case law cited in motion to dismiss debtor's case (.5). |
| 05/31/12 | 0.20 | R. Wolf | Review of initial draft of motion and proposed order for dismissal of case and payment of all creditors. |

Squire Patton Boggs (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 5

Invoice Number: 8913062

---

## Time Summary

| | | | |
|---|---|---|---|
| 06/05/12 | 1.50 | P. Zisser | Revisions to motion to dismiss. |
| 06/08/12 | 0.30 | R. Wolf | Editing of dismissal motion and of proposed Order. |
| 06/21/12 | 0.40 | R. Wolf | Telephone conference with Trustee regarding proposed changes to dismissal order and e-mail and voicemail regarding same (.20); review of revised Order (.20). |
| 06/25/12 | 0.30 | P. Zisser | Final revisions to Motion to Dismiss and email to Michael Connolly. |
| 07/10/12 | 0.30 | R. Wolf | Read debtor's motion to dismiss (.20); updated status report for Trustee. |
| 07/12/12 | 0.10 | R. Wolf | Conference with Trustee regarding structured dismissal motion. |
| 07/31/12 | 0.10 | R. Wolf | Telephone conference with Trustee regarding motion filed by Petitioning Creditors' attorney. |
| 08/07/12 | 0.10 | R. Wolf | Review of proposed revision to order. |
| 08/07/12 | 0.80 | P. Zisser | Revisions to amended order to include non-trustee administrative claims and email correspondence regarding same. |
| 08/08/12 | 1.00 | P. Zisser | Review of revised order dismissing case (.70) and correspondence with M. Connelly regarding inability of the Trustee to go along with terms of revised order (.30). |
| 08/10/12 | 0.10 | R. Wolf | Review of continued issues regarding Fee Application of petitioning creditors' counsel. |
| 08/14/12 | 0.20 | R. Wolf | Review of issues regarding Petitioning Creditor Counsel's Fee Application. |
| 08/14/12 | 1.00 | P. Zisser | Teleconference with petitioning creditor's counsel regarding refusal to pay her fees (.60); teleconference with M. Connelly regarding same (.40). |
| 08/15/12 | 0.20 | R. Wolf | Conference with Trustee regarding issues posed by counsel for Petitioning Creditors. |
| 08/16/12 | 0.20 | R. Wolf | Conference with Trustee regarding hearing this morning regarding Tally request for attorney's fees. |

# SQUIRE PATTON BOGGS (US) LLP

103032.00063

02/24/15                                                          Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 6                                                                       Invoice Number: 8913062

---

## TIME SUMMARY

---

| Date | Hours | Person | Description |
|---|---|---|---|
| 08/16/12 | 2.90 | P. Zisser | Preparation for (1.0) and participation in court conference on counsel's application for fees (1.40); teleconference with Trustee and R. Wolf regarding results of hearing and strategy going forward (.50). |
| 08/23/12 | 0.30 | P. Zisser | Email correspondence with M. Connolly and teleconference with M. Connolly and Tally regarding possible settlement. |
| 08/30/12 | 0.30 | P. Zisser | Teleconference with M. Connolly and creditor counsel regarding discussing settlement. |
| 09/12/12 | 0.20 | R. Wolf | Conference with Trustee re status of dismissal motion. |
| 10/16/12 | 0.30 | R. Wolf | Conference with Trustee regarding status and hearing this morning on motion to dismiss and Wiener claim. |
| 12/14/12 | 0.20 | R. Wolf | Read Judge Stong's Order granting Wiener administrative claim and dismissing Lessno's case. |
| 12/26/12 | 0.20 | R. Wolf | Telephone conference with Debtor's counsel and Trustee regarding Court's dismissal order and administrative expenses order. |
| 12/27/12 | 0.10 | R. Wolf | Telephone conference with Trustee's office regarding need for an amended dismissal order. |
| 01/10/13 | 0.20 | R. Wolf | Review of Wiener Notice of Appeal (.10); lenthy e-mail to M. Connolly regarding same and regarding supplementing dismissal order (.10). |
| 01/11/13 | 0.20 | R. Wolf | Telephone conference with M. Connolly, Esq. regarding need for supplemental dismissal order. |
| 01/13/13 | 1.20 | R. Wolf | Did initial draft of supplemental dismissal order. |
| 01/14/13 | 0.50 | R. Wolf | Telephone conference with Trustee regarding proposed Supplemental Dismissal Order (.20); .revised same (.20); e-mail to M. Connolley, Esq. transmitting same (.10). |
| 01/28/13 | 0.20 | R. Wolf | Review of Wiener's mark-up of our prosed supplemental dismissal order and e-mail to Trustee regarding same. |
| 02/11/13 | 0.90 | P. Bradley | Draft notice of presentment re supplemental order dismissing chapter 7 case. |

# Squire Patton Boggs (US) LLP

103032.00063

02/24/15                                      Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 7                                                          Invoice Number: 8913062

## TIME SUMMARY

| | | | |
|---|---|---|---|
| 02/13/13 | 0.80 | P. Bradley | Prepare service list for notice of presentment. |
| 02/13/13 | 0.30 | R. Wolf | Revised draft of Notice of Presentment and proposed Supplemental Order. |
| 02/14/13 | 0.80 | P. Bradley | E-file Notice of Presentment (.40) and service of same on parties (.40). |
| 02/27/13 | 0.20 | R. Wolf | Conference with Trustee regarding dismissal of issues. |
| 04/23/13 | 0.30 | R. Wolf | Telephone conference with Trustee to strategize regarding call to Court tomorrow on proposed supplemental order. |
| 04/24/13 | 1.10 | R. Wolf | Conference call with Judge regarding our proposed supplemental Dismissal Order (.60); conference call with other counsel to seek to resolve dispute (.50). |
| 07/11/13 | 0.20 | R. Wolf | Review of Judge Weinstein's Remand Order and telephone conference with Trustee re same. |
| 09/12/13 | 0.10 | R. Wolf | Telephone conference with M. Connolly's office re adjournment of court conference to Tuesday. |
| 09/16/13 | 0.20 | R. Wolf | Telephone conference with M. Connelly, Esq., Debtor's counsel, re alternatives to propose for court hearing tomorrow. |
| 09/17/13 | 0.70 | R. Wolf | Telephone conference with Court re remand by District Court (.50); e-mails re scheduling, meet and confer with other counsel (.10); written update to Trustee re same (.10). |
| 09/18/13 | 0.10 | R. Wolf | Conference with Trustee re strategy in light of yesterday's court hearing. |
| 09/30/13 | 2.30 | R. Wolf | Meeting with respective counsel for Debtor and Wiener and with Wiener to discuss possible resolution of case dispute (2.10); drafted letter to Judge Stong requesting adjournment of Oct. 4 conference in light of continued settlement talks (.20). |
| 10/01/13 | 0.40 | R. Wolf | E-mails with counsel for other parties re preferred adjourned date for conference and re proposed letter to Judge (.10); telephone conference with S. Jackson re adjourned conferences date (.10); revised letter to Judge Stong and e-mailed same to all counsel (.20). |
| 10/07/13 | 0.10 | R. Wolf | E-mail correspondence with respective counsel for other parties re information needed pertaining to settlement proposal. |

# Squire Patton Boggs (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 8

Invoice Number: 8913062

## TIME SUMMARY

| | | | |
|---|---|---|---|
| 10/10/13 | 0.30 | R. Wolf | Review of Global Settlement Agreement. |
| 10/11/13 | 0.20 | R. Wolf | Drafted and sent to Debtor's counsel a settlement proposal. |
| 10/14/13 | 0.10 | R. Wolf | Telephone conference with M. Connolly and e-mails with all parties re status of settlement talks. |
| 10/15/13 | 0.10 | R. Wolf | Drafted written status update for Trustee re talks. |
| 10/17/13 | 0.20 | R. Wolf | Telephone conference with Court and e-mails with counsel re rescheduling telephonic conference and re status of settlement proposal. |
| 10/23/13 | 0.50 | R. Wolf | Telephone conference with M. Connolly re Neveq proposal (.30); detailed e-mail to Trustee re same (.20). |
| 10/25/13 | 0.20 | R. Wolf | Telephone conference with S. McGrath re Neveq settlement proposal. |
| 10/29/13 | 0.50 | R. Wolf | Telephone conference with M. Connolly re Wiener's counter-proposal and re issue of mediation (.20); telephone conference call with Court (.30). |
| 10/30/13 | 0.10 | R. Wolf | Telephone conference with Trustee re phone conferences with Court yesterday. |
| 11/06/13 | 0.10 | R. Wolf | Detailed e-mail to M. Connolly, Esq. re fees of Squire Sanders and questions re his firm's fees. |
| 11/07/13 | 0.10 | R. Wolf | E-mails with Wiener's counsel and M. Connolly re where things stand on settlement. |
| 11/13/13 | 0.20 | R. Wolf | Conference with Trustee re: status on settlement talks. |
| 11/19/13 | 0.10 | R. Wolf | Email with M. Connolly re: settlement status. |
| 11/20/13 | 0.10 | R. Wolf | Email communications with M. Connolly re: settlement status (.10). |
| 12/02/13 | 0.90 | R. Wolf | Telephone conference with M. Connolly, Esq. re Neveq position on settlement (.20); settlement conferences with Wiener, McGrath & Connolly (.60); telephone conference with Trustee re same (.10). |

Squire Patton Boggs (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 9

Invoice Number: 8913062

---

## TIME SUMMARY

| | | | |
|---|---|---|---|
| 12/03/13 | 0.50 | R. Wolf | Telephone conference with T. Wiener re her settlement position (.20); telephonic court conference (.30). |
| 12/10/13 | 0.40 | R. Wolf | Telephone conference with M. Connolly re working out Wiener issue and leaving open issues re Chapter 7 admin claims and unsecured claims (.20); conference with Court re foregoing (.20). |
| 12/11/13 | 0.10 | R. Wolf | Conference with Trustee re status of settlement negotiations. |
| 12/16/13 | 0.10 | R. Wolf | Telephone conference with Clerk of Court re issues still outstanding in case. |
| 01/08/14 | 0.30 | R. Wolf | Conference with Trustee and M. Connolly re issues with Neveq and payments it is supposed to make. |

**TOTAL HOURS FOR THIS MATTER:**                                      **45.10**
**TOTAL SERVICES FOR THIS MATTER:**                                  **$ 27,799.00**

## TIME SUMMARY

| TIMEKEEPER | HOURLY RATE | HOURS | TOTAL |
|---|---|---|---|
| Patricia Bradley | 275.00 | 2.50 | 687.50 |
| Wilfred Lancaster | 240.00 | 0.50 | 120.00 |
| Robert Wolf | 695.00 | 25.30 | 17,583.50 |
| Peter Zisser | 560.00 | 16.80 | 9,408.00 |
| **TOTAL SERVICES:** | | **45.10** | **$ 27,799.00** |

# SQUIRE PATTON BOGGS (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 10

Invoice Number: 8913062

---

## DISBURSEMENT SUMMARY

| | | |
|---|---|---|
| Court Costs | VENDOR: Petty Cash; INVOICE#: 20153; DATE: 5/16/2013  -  Ny - 05/16/13 - R Green/04-29-13/Fee for telephone apperance on April 24th - $51.00 | 51.00 |
| Court Costs | VENDOR: Petty Cash; INVOICE#: 20199; DATE: 10/14/2013  -  NY -09/26/2013 - R Green/09-26-13/Fees to CourtCall for telephone appearance for RAW for September 17th hearing - $30.00 | 30.00 |
| Court Costs | VENDOR: Petty Cash; INVOICE#: 20207; DATE: 11/13/2013  -  NY - 10/29/2013 - R Green/10-29-13/Fees for telephone conference before Judge Stron on October 29th - $37.00 | 37.00 |
| Court Costs | VENDOR: Green, Rudy D.; INVOICE#: 12032013; DATE: 12/3/2013  -  NY - 12/03/2013 - RG/12-03-13/Fees for telephone conference | 65.00 |
| Court Costs | VENDOR: Petty Cash; INVOICE#: 20226; DATE: 12/31/2013  -  NY - 12/31/2013 - NAC/12-24-13/Replenish NY Office petty cash -R Green/12-20-13/Fees for telephone conference _ $30.00 | 30.00 |
| Delivery Services | Courier - Federal Express Europe Inc Federal Express Europe Inc - Rajani Associates Mumbai - 13.01.12 | 53.09 |
| Local Transportation | Taxi Fares - To/From Home - Datacab LTD 10-02-12 23-55 FZ3650 Leo Elghareeb Taxi 58 Dean Street - Iverna Court W8 | 40.21 |
| Local Transportation | VENDOR: Petty Cash; INVOICE#: 200078; DATE: 10/24/2012  -  NY - 10/24/12 - NAC/10-24-12/Replenish NY Office petty cash- J Levin/10-16-12/taxi from grand central to court in brooklyn - 40.00 | 40.00 |
| Local Transportation | VENDOR: Petty Cash; INVOICE#: 200078; DATE: 10/24/2012  -  NY - 10/24/12 - NAC/10-24-12/Replenish NY Office petty cash J levin/10-16-12/Subway from Court back to office  2.25 | 2.25 |
| Miscellaneous | VENDOR: BB&T Financial FSB INVOICE#: 86507_30513_WAPACER DATE: 3/5/2013  Pacer court record - Invoice #ss0035-Q42012 | 8.30 |
| Miscellaneous | VENDOR: Pacer Service Center INVOICE#: SS0035Q12012 DATE: 3/31/2012  wsh - SDB /03-31-12/ Pacer On-line document search | 1.76 |
| Miscellaneous | VENDOR: BB&T Financial FSB INVOICE#: 86507_60513_BAILEY DATE: 6/5/2013  PACER800-676-6856IR/ SDB Court documents pulled | 2.90 |
| Miscellaneous | VENDOR: Pacer Service Center INVOICE#: SS0035Q22012 DATE: 7/6/2012  wsh - SDB 7-6-12/Pacer On-line document search | 26.60 |

**SQUIRE PATTON BOGGS (US) LLP**

103032.00063

02/24/15                                                          Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 11                                                                      Invoice Number: 8913062

| | | |
|---|---|---:|
| Online services - Lexis/Nexis | | 14.49 |
| Online services - Lexis/Nexis | | 13.50 |
| Online services - Lexis/Nexis | | 67.50 |
| Online services - Lexis/Nexis | | 70.96 |
| Online services - Lexis/Nexis | | 0.05 |
| Online services - Lexis/Nexis | | 1.79 |
| Online services - Lexis/Nexis | | 6.98 |
| Online services - Lexis/Nexis | | 1.92 |
| Online services - Lexis/Nexis | | 13.50 |
| Online services - Lexis/Nexis | | 13.50 |
| Online services - Lexis/Nexis | | 0.04 |
| Online services - Lexis/Nexis | | 13.50 |
| Online services - Lexis/Nexis | | 13.50 |
| Online services - Lexis/Nexis | | 13.50 |
| Online services - Lexis/Nexis | | 13.50 |
| Online services - Lexis/Nexis | | 28.75 |
| Online services - Lexis/Nexis | | 108.00 |
| Online services - Lexis/Nexis | | 94.50 |
| Online services - Lexis/Nexis | | 182.97 |
| Online services - Lexis/Nexis | | 3.50 |
| Online services - Lexis/Nexis | | 6.98 |
| Online services - Lexis/Nexis | | 0.51 |
| Online services - Lexis/Nexis | | 4.26 |
| Online services - Lexis/Nexis | | 13.50 |
| Online services - Lexis/Nexis | | 81.00 |
| Online services - Lexis/Nexis | | 62.78 |
| Online Services - Other | VENDOR: Pacer Service Center INVOICE#: SS0035Q22013 DATE: 7/3/2013 wsh - SDB/ PACER - Court documents | 0.70 |
| Online Services - Other | VENDOR: Pacer Service Center INVOICE#: SS0035Q32013 DATE: 10/4/2013 wsh - SDB/ PACER- Court documents. | 4.20 |
| Online Services - Other | VENDOR: BB&T Financial FSB INVOICE#: 86507_120512_PACER DATE: 12/5/2012 SDBPacer: July - Sept- 2012 | 2.60 |

# Squire Patton Boggs (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 12

Invoice Number: 8913062

| | |
|---|---|
| Postage | 11.50 |
| Printing/duplicating-in-house | 14.10 |
| Telephone | 99.53 |
| **Total Disbursements:** | **$ 1,365.72** |

## Matter Total

| | |
|---|---|
| **Total Services:** | **$ 31,710.50** |
| **Total Disbursements:** | **$ 1,365.72** |
| **Total Amount Due for this Matter:** | **$ 33,076.22** |

## Previous Invoices Outstanding as of this Date

| Invoice Number | Invoice Date | Amount Billed | Amount Paid | Balance Due |
|---|---|---|---|---|
| **Total:** | | | | **$ 0.00** |

## EXHIBIT F

## SQUIRE (UK)

| Name | Aggregate Hours | Hourly Rate | Aggregate Fees |
|------|-----------------|-------------|----------------|
| Stephen J. Cole | 7.90 | $605.00 | $4,779.50 |
| Lianne K. Shaw-Grey | 9.70 | $585.00 | $5,674.50 |
| Henrietta M. Watchhorn | 4.60 | $280.00 | $1,288.00 |

## **EXHIBIT G**

Time Narratives Squire (UK)

# SQUIRE PATTON BOGGS (US) LLP

Geltzer, Robert L. as Chapter 7 Trustee
Robert L. Geltzer, Esq.
1556 Third Avenue, Suite 505
New York, New York 10128

| | |
|---|---|
| Invoice Number: | 8913439 |
| Invoice Date: | 02/24/15 |
| Matter Number: | 103032.00063 |

**Lessno LLC**

## INVOICE SUMMARY

| | |
|---|---|
| Fees: | $ 11,742.00 |
| Disbursements: | $ 0.00 |
| **Amount Due for this Invoice:** | **$ 11,742.00** |

## PAYMENT INSTRUCTIONS

| *Remit Check Payments to:* | *Remit Wire Payments to:* | *Direct Billing Inquiries to:* |
|---|---|---|
| Squire Patton Boggs (US) LLP | Squire Patton Boggs (US) LLP | Robert A. Wolf |
| P.O. Box 643051 | US Bank | 30 Rockefeller Plaza |
| Cincinnati, OH 45264 | 425 Walnut St. Cincinnati, OH 45264 | New York, NY 10112 |
| Phone: 216.687.3400 | Bank Routing #042000013 | United States |
| Fax: 216.687.3401 | Bank Account #576762314 | Phone: +1.212.872.9800 |
| | | Fax: +1.212.872.9815 |
| | **For Wires outside the US:** | email: Diana.Foster@squiresanders.com |
| | US Bank, USA | |
| | SWIFT Code: USBKUS44IMT | |
| | Bank Account #576762314 | |

**Please Include Reference Number 8913439.103032 with all Payments**
Tax Identification Number 34-0648199

# SQUIRE PATTON BOGGS (US) LLP

Geltzer, Robert L. as Chapter 7 Trustee
Robert L. Geltzer, Esq.
1556 Third Avenue, Suite 505
New York, New York 10128

| | |
|---|---|
| Invoice Number: | 8913439 |
| Invoice Date: | 02/24/15 |
| Matter Number: | 103032.00063 |

## REMITTANCE COPY

**Lessno LLC**

### INVOICE SUMMARY

| | |
|---|---|
| Fees: | $ 11,742.00 |
| Disbursements: | $ 0.00 |
| **Amount Due for this Invoice:** | **$ 11,742.00** |

### PAYMENT INSTRUCTIONS

| *Remit Check Payments to:* | *Remit Wire Payments to:* | *Direct Billing Inquiries to:* |
|---|---|---|
| Squire Patton Boggs (US) LLP | Squire Patton Boggs (US) LLP | Robert A. Wolf |
| P.O. Box 643051 | US Bank | 30 Rockefeller Plaza |
| Cincinnati, OH 45264 | 425 Walnut St. Cincinnati, OH 45264 | New York, NY 10112 |
| Phone: 216.687.3400 | Bank Routing #042000013 | United States |
| Fax: 216.687.3401 | Bank Account #576762314 | Phone: +1.212.872.9800 |
| | | Fax: +1.212.872.9815 |
| | **For Wires outside the US:** | email: Diana.Foster@squiresanders.com |
| | US Bank, USA | |
| | SWIFT Code: USBKUS44IMT | |
| | Bank Account #576762314 | |

**Please Include Reference Number 8913439.103032 with all Payments**
Tax Identification Number 34-0648199

# SQUIRE PATTON BOGGS (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 1

Invoice Number: 8913439

## Intellectual property litigation in the UK

### TIME SUMMARY

| DATE | HOURS | TIMEKEEPER | NARRATIVE |
|---|---|---|---|
| 01/23/12 | 0.30 | S. Cole | Preparation for review of UK issues with Lianne. |
| 01/23/12 | 0.60 | S. Cole | Preparation for review papers concerning secuirty for costs and correspondence and evidence from Clifford Chance. |
| 01/23/12 | 0.20 | S. Cole | Telephone to Lianne re UK matter. |
| 01/23/12 | 0.20 | S. Cole | Preparation for emails to from Lianne re UK matter. |
| 01/23/12 | 0.50 | S. Cole | Telephone to Bob Wolf re status and next steps re security for costs order (.20); conferencing in Wendy Rosenfall from Clifford Chance in New York (.30). |
| 01/23/12 | 0.20 | S. Cole | Preparation for review and consider papers in from Clifford Chance including the 2 November Order. |
| 01/23/12 | 0.10 | S. Cole | Email re Order. |
| 01/23/12 | 3.30 | L. Shaw-Gray | Consider papers and secuity of costs section (1.20). Discussion with CAR, AW and Stephen Cole about UK matter (.40); instructions re calling Clifford Chance (.10). Consider SJC email and call to SJC (.20). Draft and send email to Bob Wolf (.10). Consider email re CC and from Bob Wolf and send emails to SJC (.20). Call with Bob Wolf, Clifford Chance in the US and Stephen Cole (.50). Consider email from A. Blest at Clifford Chance UK and send to Stephen Cole (.20). Consider Stephen Cole response re documents we would need to see from Clifford Chance (.10). Draft email re CC response of documents (.20). Call to Anna Blest at CC re further documentation required (.10). |
| 01/23/12 | 0.20 | H. Watchorn | Telephone call to Anna Blest at Clifford Chance to ask for a copy of the 2/11/11 Order, whether they would be in a position to release their files and what date they were served with the 21/12/11 Order. |
| 01/23/12 | 0.10 | H. Watchorn | Considering the email received from Anna Blest and sending this onto LKB1. |
| 01/24/12 | 0.30 | S. Cole | Preparation for various emails to/from Bob Wolf and Lianne Bulger. |

**Squire Patton Boggs (US) LLP**

103032.00063

02/24/15                                                          Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 2                                                                        Invoice Number: 8913439

---

### TIME SUMMARY

---

| | | | |
|---|---|---|---|
| 01/24/12 | 0.20 | S. Cole | Review of Clifford Chance stance re release of papers. |
| 01/24/12 | 0.10 | S. Cole | Preparation for further with Lianne. |
| 01/24/12 | 1.40 | L. Shaw-Gray | Consider emails from BW and between SJC re 2 November Order and further questions to Clifford Chance (.20). Call with Anna Blest at Clifford Chance (.30). Draft and send updating email to SJC and BW (.40).Call to BW and then conference in with Paul Stevens at Olswang (.40). Consider SJC email (.10). |
| 01/25/12 | 0.30 | S. Cole | Preparation for re IP litigation next steps and update on current position. |
| 01/25/12 | 0.10 | S. Cole | Review emails re IP litigation. |
| 01/25/12 | 0.70 | L. Shaw-Gray | Update SJC on call with CC and call with Olswang (.30). Consider email from BW and draft and send response with comments on next steps (.40). |
| 01/26/12 | 0.10 | S. Cole | Emails re IP litigation. |
| 01/26/12 | 0.10 | S. Cole | Email re notice of acting. |
| 01/26/12 | 0.80 | L. Shaw-Gray | Consider email from BW regarding papers from Lessno GC etc. (.10). Call to Paul Stevens at Olswang re update on instructions (.10). Update BW and SJC by email on current position with Olswang (.10). Further call to PS at Olswang (.10). Draft email to P Stevens and send to BW for confirmation (.20). Consider BW and SJC emails and send email to P Stevens and respond to email from SJC (.20). |
| 01/27/12 | 0.10 | S. Cole | Review email exchange with Lianne re IP matter. |
| 01/27/12 | 0.20 | S. Cole | Preparation of letter in from Olswang and consider. |
| 01/27/12 | 0.10 | S. Cole | Preparation of email to Bob and Lianne re IP matter. |
| 01/27/12 | 0.10 | S. Cole | Review of Bob's email to Lessno's GC. |
| 01/27/12 | 0.60 | S. Cole | Re IP matter preparation (.20); for telecon with Lianne (.20); email in from Bob (.20); email to Bob. |

# SQUIRE PATTON BOGGS (US) LLP

103032.00063

02/24/15                                    Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 3                                                          Invoice Number: 8913439

---

## TIME SUMMARY

| 01/27/12 | 1.70 | L. Shaw-Gray | Send email to SJC with question regarding client (.10). Consider SJC email responding to email re client (.10). Consider Paul Stevens letter and email (.20). Consider SJC email in response (.10). Consider BW email to Lessco GC (.10). Consider BW email and attachment in detail (.20). Call with SJC to discuss dismissal (.10). Further consideration of SJC and BW email exchange (.10). |
|---|---|---|---|
| 01/27/12 | 0.80 | H. Watchorn | Looking at the CPR (Rule and PD 42) to see if we need to file a notice of change of solicitor. |
| 01/27/12 | 1.60 | H. Watchorn | Research into discontinuance and dismissal re IP litigation. |
| 01/30/12 | 0.30 | S. Cole | Preparation for review and consider note re discontinuance and dismissal (.20); email to follow up queries (.10). |
| 01/30/12 | 0.20 | S. Cole | Further exchange of emails with Henrietta. |
| 01/30/12 | 0.30 | S. Cole | Review of various PLC articles on the bringing of subsequent proceedings post dismissal. |
| 01/30/12 | 0.30 | S. Cole | Preparation for email exchange with Bob advising on prejudice issues. |
| 01/30/12 | 1.90 | H. Watchorn | Further research into strike out and bringing a new claim. |
| 01/31/12 | 0.20 | S. Cole | Exchange of emails re dismissal. |
| 01/31/12 | 0.10 | S. Cole | Correspondence with letter to Olswang. |
| 02/01/12 | 0.10 | S. Cole | Review of email in from Bob Wolf re IP matter. |
| 02/06/12 | 0.10 | S. Cole | Email to Paul Stevens re IP matter. |
| 02/14/12 | 0.20 | S. Cole | Review of correspondence re IP matter. |
| 02/14/12 | 0.20 | S. Cole | Review Olswang witness statement re IP matter. |
| 02/14/12 | 0.10 | S. Cole | Correspondence with letter to Olswang. |

# Squire Patton Boggs (US) LLP

103032.00063

02/24/15
Page 4

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC
Invoice Number: 8913439

---

## TIME SUMMARY

---

| | | | |
|---|---|---|---|
| 02/14/12 | 0.10 | S. Cole | Proof/amend letter re IP matter. |
| 02/14/12 | 0.10 | S. Cole | Emails re IP litigation. |
| 02/14/12 | 1.40 | L. Shaw-Gray | Review of papers from Olswang. Draft and send papers with explanatory email to R Wolf (.80). Consider SJC letter and send email with comments (.20). Consider further emails from SJC (.30). Consider response confirmatory email from R Wolf (.10). |
| 02/15/12 | 0.10 | S. Cole | Communication re IP matter. |
| 02/15/12 | 0.10 | S. Cole | Preparation of amended letter re IP matter. |
| 02/15/12 | 0.10 | S. Cole | Review of claim values. |
| 02/15/12 | 0.10 | S. Cole | Email to Bob Wolf re IP matter. |
| 02/15/12 | 0.10 | S. Cole | Email to Olswang re IP matter. |
| 02/17/12 | 0.40 | L. Shaw-Gray | Receive email from SJC re Olswang (.10). Consider papers and draft response email to SJC (.10). Draft and send email to R Wolf (.20). |
| 02/20/12 | 0.20 | S. Cole | Review letter and witness statement in from Olswang. |
| 02/20/12 | 0.10 | S. Cole | Correspondence with letter to Olswang |
| 02/20/12 | 0.10 | S. Cole | Emails with Lianne re IP matter. |
| 02/20/12 | 0.10 | S. Cole | Amend draft letter re IP matter. |
| 02/20/12 | 0.10 | S. Cole | Preparation of email to Bob Wolf re IP matter. |
| 02/20/12 | 0.10 | S. Cole | Preparation of email to Olswang re IP matter. |

**TOTAL HOURS FOR THIS MATTER:**                                                                **22.20**
**TOTAL SERVICES FOR THIS MATTER:**                                                           **$ 11,742.00**

SQUIRE PATTON BOGGS (US) LLP

103032.00063

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Invoice Number: 8913439

### TIME SUMMARY

| TIMEKEEPER | HOURLY RATE | HOURS | TOTAL |
|---|---|---|---|
| Stephen J Cole | 605.00 | 7.90 | 4,779.50 |
| Lianne Shaw-Gray | 585.00 | 9.70 | 5,674.50 |
| Henrietta Watchorn | 280.00 | 4.60 | 1,288.00 |
| **TOTAL SERVICES:** | | **22.20** | **$ 11,742.00** |

# SQUIRE PATTON BOGGS (US) LLP

103032.00063

02/24/15

Geltzer, Robert L. as Chapter 7 Trustee / Lessno LLC

Page 6

Invoice Number: 8913439

## MATTER TOTAL

| | |
|---|---|
| TOTAL SERVICES: | $ 11,742.00 |
| TOTAL DISBURSEMENTS: | $ 0.00 |
| TOTAL AMOUNT DUE FOR THIS MATTER: | $ 11,742.00 |

## PREVIOUS INVOICES OUTSTANDING AS OF THIS DATE

| Invoice Number | Invoice Date | Amount Billed | Amount Paid | Balance Due |
|---|---|---|---|---|
| TOTAL: | | | | $ 0.00 |

## **EXHIBIT H**

Affirmation of Nava Hazan

23

SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
(212) 872-9800
Nava Hazan, Esq.
(nava.hazan@squirepb.com)

*Former Special Litigation and Intellectual Property*
*Counsel to Robert L. Geltzer as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x
In re                                            : **Chapter 7**
                                                 :
**LESSNO, LLC,**                                 : **Case No. 09-44979 (ESS)**
                                                 :
                          **Debtor.**            :
                                                 :
                                                 :
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

**AFFIRMATION OF NAVA HAZAN IN SUPPORT OF APPLICATION OF SQUIRE
SANDERS (US) LLP (NOW KNOWN AS SQUIRE PATTON BOGGS (US) LLP) UNDER
11 U.S.C. §§ 330 & 331 FOR FIRST AND FINAL ALLOWANCE OF FEES AND
REIMBURSEMENT OF EXPENSES INCURRED AS FORMER SPECIAL LITIGATION
AND INTELLECTUAL PROPERTY COUNSEL TO THE CHAPTER 7 TRUSTEE
FROM NOVEMBER 18, 2011 THROUGH JANUARY 31, 2014**

NAVA HAZAN, ESQ. hereby affirms and declares under the penalty of
perjury as follows:

I am an attorney admitted to practice before the courts of the State of New York
and the United States District Court for the Eastern District of New York, and am a partner at the
firm of Squire Patton Boggs (US) LLP ("Squire (US)"). Squire (US) maintains offices for the
practice of law at 30 Rockefeller Plaza, 23rd Floor, New York, New York 10112. I submit this
affirmation pursuant to 11 U.S.C. § 504, Rule 2016 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules") and the Amended Guidelines for Fees and
Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the

"Fee Guidelines") in connection with the Application (the "Application"), under 11 U.S.C. §§ 330 and 331 for first and final allowance of fees and reimbursement of expenses incurred as Former Special Litigation and Intellectual Property Counsel to Robert L. Geltzer, the Chapter 7 Trustee (the "Trustee") of the above-captioned debtor from November 18, 2011 through January 31, 2014.

    1.    I certify that:

    (a)    I have read the Application, and each statement contained therein is true to the best of my knowledge, information and belief formed after reasonable inquiry.

    (b)    To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory guidelines set forth in the Fee Guidelines.

    (c)    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the guidelines set forth in the Fee Guidelines.

    (d)    Except to the extent that fees or disbursements are prohibited by the Fee Guidelines, the fees and disbursements sought are billed at or below rates, and in accordance with practices, customarily employed by Squire (US) and generally accepted by similarly situated clients of the firm.

    (e)    Squire (US) does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay.

    (f)    Squire (US) does not make a profit on the reimbursable expenses set forth in the Application.

2

(g)      <u>Photocopying</u>:  Reimbursement for photocopying is requested at $.10 per page.

(h)      <u>Postage, Telephone, Courier and Freight</u>:  The costs of postage, freight, overnight delivery and/or courier services were reasonably incurred and minimized whenever possible.  Overnight delivery and/or courier services were used only when first-class mail was impracticable. Reimbursement for charges for international telephone exchange service were reasonably incurred and minimized whenever possible.

(i)      <u>Local Transportation</u>:  Taxi usage was minimized to the extent possible, and was used as the most efficient method of travel under the circumstances, namely, where the Squire (US) attorney was traveling to New York City to participate in a key deposition in the adversary proceeding and a Court hearing.

(j)      <u>Court Costs</u>:  Charges for telephonic appearances, such as Court Call, were reasonably incurred and minimized whenever possible.

(k)      <u>Computerized Research</u>:  Charges for the use of computer research services, such as Lexis/Nexis were reasonably incurred and minimized whenever possible.

(l)      <u>Out-of-town Travel</u>:  Squire (US) does not seek reimbursement for expenses related to out-of-town travel in this Application.

(m)      <u>Proofreading</u>:  Squire (US) does not seek reimbursement for the proofreading of typographical or similar errors, whether such services were performed by an attorney, a paralegal, a secretary or temporary staff.

(n)      <u>Meals</u>:  Squire (US) does not seek reimbursement for expenses related to meals in this Application.

(o)    <u>Word Processing and Secretarial Services</u>:  No charges for secretarial or word processing services have been requested in this Application.

(p)    <u>Trustee</u>:  The Trustee has been provided with a copy of the Application papers prior to the filing thereof.

2.    No agreement or understanding exists between Squire (US) and any other person with respect to sharing the compensation to be received by Squire (US) in connection with the legal services rendered on behalf of the Trustee that is not in conformity with Section 504(b) of the Bankruptcy Code or that is prohibited by Title 18, Section 155 of the United States Code.  In conformity with Section 504(b)(1) of the Bankruptcy Code, as part of the compensation still due to Robert A. Wolf, Esq. from Squire (US) for the time he was a partner of the firm and rendered services on behalf of the Trustee in connection with the Debtor's case, Mr. Wolf will be receiving from Squire (US) an amount equal to one-third of the fees awarded to Squire (US) in this case.

Dated: New York, New York
        March ___, 2015

/s/ Nava Hazan
Nava Hazan

4

## <u>EXHIBIT I</u>

Affirmation of Stephen C. Cole

SQUIRE PATTON BOGGS (UK) LLP
7 Devonshire Square
London EC2M4YH England
+44 20 7655 1106
Stephen J. Cole, Esq.
(stephen.cole@squirepb.com)

*Former Special Litigation and Intellectual Property*
*Counsel to Robert L. Geltzer as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

| | |
|---|---|
| In re | **: Chapter 7** |
| | : |
| **LESSNO, LLC,** | **: Case No. 09-44979 (ESS)** |
| | : |
| **Debtor.** | : |
| | : |
| | : |

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

**AFFIRMATION OF STEPHEN J. COLE IN SUPPORT OF APPLICATION OF SQUIRE
SANDERS (UK) LLP (NOW KNOWN AS SQUIRE PATTON BOGGS (UK) LLP)
UNDER 11 U.S.C. §§ 330 & 331 FOR FIRST AND FINAL ALLOWANCE OF FEES
INCURRED AS FORMER SPECIAL LITIGATION AND INTELLECTUAL PROPERTY
COUNSEL TO THE CHAPTER 7 TRUSTEE FROM NOVEMBER 18, 2011 THROUGH
JANUARY 31, 2014**

STEPHEN J. COLE, ESQ. hereby affirms and declares under the penalty of

perjury as follows:

I am a solicitor admitted to practice before the High Court of the England and

Wales and am a senior associate at the firm of Squire Patton Boggs (UK) LLP ("Squire (UK)").

Squire (UK) maintains offices for the practice of law at 7 Devonshire Square, London

EC2M4YH England.  I submit this affirmation pursuant to 11 U.S.C. § 504, Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases (the "Fee Guidelines") in connection with the Application (the

"Application"), under 11 U.S.C. §§ 330 and 331 for first and final allowance of fees incurred as Former Special Litigation and Intellectual Property Counsel to Robert L. Geltzer, the Chapter 7 Trustee (the "Trustee") of the above-captioned debtor from November 18, 2011 through January 31, 2014.

       1.     I certify that:

       (a)     I have read the Application insofar as it relates to the services rendered by Squire (UK), and each statement contained therein is true to the best of my knowledge, information and belief formed after reasonable inquiry.

       (b)     I have been informed that the Application complies with the mandatory guidelines set forth in the Fee Guidelines.

       (c)     I have been informed that the fees sought fall within the guidelines set forth in the Fee Guidelines.

       (d)     Except to the extent that fees are prohibited by the Fee Guidelines, the fees sought are billed at or below rates, and in accordance with practices, customarily employed by Squire (UK) and generally accepted by similarly situated clients of the firm.

       (e)     Squire (UK) does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay.

       (f)     Squire (UK) did not incur any expenses in this case

       (g)     The Trustee has been provided with a copy of the Application papers prior to the filing thereof.

       2.     No agreement or understanding exists between Squire (UK) and any other person with respect to sharing the compensation to be received by Squire (UK) in connection

2

with the legal services rendered on behalf of the Trustee that is not in conformity with Section

504(b) of the Bankruptcy Code or that is prohibited by Title 18, Section 155 of the United States

Code.

Dated: New York, New York
       March ___, 2015


                                        /s/ Stephen J. Cole_____
                                        Stephen J. Cole